UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 28  A 10: 26

| | | |
|---|---|---|
| CANDI McCULLOCH | § | CIVIL ACTION NO.: |
| Plaintiff, | § | 301CV1115(AHN) |
| | § | |
| vs. | § | |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY AND | § | |
| EDUCATORS MUTUAL LIFE | § | |
| INSURANCE COMPANY | § | |
| Defendants. | § | October 27, 2003 |

**DEFENDANT EDUCATORS MUTUAL LIFE INSURANCE COMPANY'S
MOTION TO QUASH AND FOR A PROTECTIVE ORDER
AND SUPPORTING MEMORANDUM**

Defendant Educators Mutual Life Insurance Company ("Educators") seeks an order protecting Educators from duplicative, unduly burdensome, and harassing discovery in the form of Plaintiff's second Notice of Deposition Duces Tecum directed to a corporate representative Educators.[1] The notice seeks discovery regarding a 1999 reinsurance agreement between Educators and Hartford. The deposition sought is cumulative and duplicative of prior discovery, Plaintiff has had ample opportunity to take depositions and conduct written discovery regarding the reinsurance agreement, and the deposition will place undue burden and expense on Educators. Plaintiff did not seek leave to take a second deposition of Educators pursuant to Federal Rule of Civil Procedure 30(a)(2)(B). Educators requests that the Court grant this Motion to Quash and for Protective Order and deny Plaintiff a second bite at the apple.

---

[1] The Notice of Deposition Duces Tecum of the corporate representative of Educators Mutual Life Insurance Company is attached as Exhibit A.

## ARGUMENT

I. **THE DISCOVERY TO DATE HAS PROVIDED FULL AND COMPLETE DISCLOSURE REGARDING THE REINSURANCE AGREEMENT.**

Plaintiff first sought discovery from Educators regarding the reinsurance agreement on December 6, 2002, in her Interrogatories and Requests for Production.[2] Educators produced numerous documents responsive to these requests.

On April 15, 2003, Plaintiff noticed the deposition of Educators' corporate representative with knowledge of the "negotiation and execution of the reinsurance agreement signed in July, 1999 between the defendants, including the selection of claimants subject to the agreement."[3] Educators designated two corporate representatives to testify regarding these topics. On May 13, 2003, Plaintiff deposed Kimberly Rankin, a vice president and corporate secretary for Educators, and Kenneth Wasnock, the life and disability claim manager for Educators.

Mr. Wasnock testified regarding Educator's transfer of the physical claim files and responsibility for the administration of the claims subject to the reinsurance agreement to Hartford.[4] He also testified that Educators advised Plaintiff and other claimants subject to the reinsurance agreement that Hartford would be responsible for the administration of their claims after August 1999.[5] He further testified that Educators had no communications with Hartford regarding Plaintiff's specific claim.[6]

Ms. Rankin testified that by executing the reinsurance agreement Educators ceded 100 percent of the liability for and the administration of the block of claims subject to the agreement

---

[2] A true and correct copy of Plaintiff's Interrogatories and Requests for Production are attached as Exhibit B.

[3] A true and correct copy of the April 15, 2003 Notice of Deposition is attached as Exhibit C.

[4] True and correct copies of excerpts from Kenneth Wasnock's deposition, taken on May 13, 2003, at 45:16-23, 69:7-70:4, is attached as Exhibit D.

[5] *Id.* at 69:24- 72:8.

[6] *Id.* at 74:9-23.

to Hartford.[7] She also testified that Plaintiff's claim was not specifically chosen to be part of the reinsurance agreement; instead, Educators sold all of its professional association claims to Hartford, regardless of the size of the claims.[8]

On May 24, 2003, Plaintiff served Hartford with a Notice of Deposition for Hartford's Corporate Representative.[9] In the deposition notice, Plaintiff requested that Hartford designate a person to testify to "due diligence review and actuarial review and claim review of the Educators Mutual files which were subject to the bid submitted by the plaintiff, including all actions taken after August 1999" and "the relationship with Educators Mutual and the preparation of the bid to enter into the "Reinsurance Agreement" of July, 1999, as well as "any communications with insureds about the relationship after July 1999." Hartford designated Pamela Mormino, who gave her deposition on July 28, 2003. At that deposition, Ms. Mormino testified that under the reinsurance agreement Hartford had 100 percent of the liability and the risk on the claims subject to the agreement and that Educators had zero liability for the claims.[10] Ms. Mormino also testified that Hartford informed the claimants subject to the reinsurance agreement that Hartford was administering claims on behalf of Educators because the claims were still on Educators' paper—i.e., subject to Educators' disability policy.[11]

On September 13, 2003, Plaintiff served Educators with Requests for Admissions seeking admissions regarding topics relating to the reinsurance agreement.[12] Educators responded to the requests on October 13, 2003.[13]

---

[7] True and correct copies of excerpts of Kimberly Rankin's deposition, taken on May 13, 2003, at 13:17-14:7, 19:3-11, 50:2-51:22, are attached as Exhibit E..

[8] *Id.* at 33:22-35:3.

[9] A copy of the Amended Notice of Deposition is attached as Exhibit F.

[10] True and correct copies of excerpts from Pamela Mormino's July 28, 2003 deposition, at 98:23-100:12, are attached as Exhibit G.

[11] *Id.* at 99:5-100:12.

[12] A true and correct copy of Plaintiff's Request for Admissions is attached as Exhibit H.

On October 16, 2003, Plaintiff noticed yet another deposition of a corporate representative of Educators with knowledge of the basis for Educators' denials to Plaintiff's Requests for Admissions.[14] Plaintiff's requests seek admissions regarding the nature of the reinsurance agreement, the transfer of files from Educators to Hartford, and communications between Educators and Plaintiff or Educators and Hartford, all topics upon which Mr. Wasnock and Ms. Rankin were previously designated to testify or for which they have already given testimony. Plaintiff had the opportunity to obtain testimony from these individuals regarding these topics; she is not entitled to a second bite at the apple.

## II. GOOD CAUSE EXISTS FOR PREVENTING PLAINTIFF FROM CONDUCTING A SECOND DEPOSITION OF EDUCATORS.

Good cause exists for a protective order preventing Plaintiff from conducting a second deposition of Educators because the deposition will be duplicative of discovery previously taken and the burden and expense of the deposition outweighs any benefit Plaintiff may. FED. R. CIV. P. 26(c); FED. R. CIV. P. 26(b)(2).

Educators and Hartford have produced all the documents relevant to the reinsurance agreement in their possession; both defendants responded to written discovery about the reinsurance agreement; both defendants designated witnesses who testified regarding the reinsurance agreement.

Plaintiff seeks to depose Educators a second time regarding denials made in response to her Requests for Admissions, which encompass topics relevant to the reinsurance agreement. These are the same topics Educators' corporate representatives have already testified about or about which they were designated by Educators to testify. Plaintiff is not entitled to take

---

[13] A true and correct copy of Educators' Answers and Objections to Plaintiff's Request for Admission is attached as Exhibit I.

[14] See Exhibit A.

cumulative and duplicative depositions merely because she did not avail herself of the opportunity to fully question these witnesses in their depositions.[15]

Ms. Rankin and Mr. Wasnock testified for an entire day on Educator's behalf on May 24, 2003. Now Plaintiff seeks to depose Educators on topics that were covered, or could have been covered, in the first depositions. Plaintiff has offered no justification for requiring defendants to bear the burden or expense of discovery Plaintiff could have taken but did not. Permitting Plaintiff to re-depose Educators under these circumstances would set a precedent permitting any party to redepose a witness on the thin ground that he or she wants to ask more questions. The Federal Rules do not permit a party to shift the burden of its own oversight to another party.

### III. THE DEPOSITION NOTICE SHOULD BE QUASHED BECAUSE PLAINTIFF DID NOT SEEK LEAVE TO RE-DEPOSE EDUCATORS.

Plaintiff did not seek leave from the Court to re-depose Educator's corporate representatives. FED. R. CIV. P. 30(a)(2)(B). Rule 30(a)(2)(B) provides: "a party must obtain leave of Court . . . if, without written stipulation of the parties . . . (B) the person to be examined already has been deposed in the case."

On May 24, 2003, Educators presented two witnesses to testify on its behalf in response to Plaintiff's 30(b)(6) deposition notice. On October 16, 2003, Plaintiff noticed Educators' deposition yet again, on topics upon which Educators had already designated its corporate representatives to testify in the previous deposition. Plaintiff failed to seek leave of court before noticing the second deposition, and therefore, the notice should be quashed. *Ameristar Jet*

---

[15] Plaintiff's counsel asserts he is seeking a deposition regarding the admission responses because Educators objected to responding to his Fourth Set of Interrogatories. A true and correct copy of the October 16, 2003 letter is attached as Exhibit J. Educators objected, in part, to responding to Plaintiff's Fourth Set of Interrogatories, which sought information regarding Educators' denials to Plaintiff's Request for Admissions, because Plaintiff had already served Educators with 44 Interrogatories prior to her Fourth Set. This number far exceeds the 25 interrogatories allowed by Rule 33 of the Federal Rules of Civil Procedure. Further, Plaintiff never sought leave from the Court to serve interrogatories upon Educators in excess of the number allowed by the rules. In any event, Plaintiff could have questioned Educator's corporate representatives in their depositions regarding the question on which she now seeks discovery.

*Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192-93 (1st Cir. 2001) (upholding district court's order quashing second deposition notice issued to corporate defendant because plaintiff failed to seek leave of court); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240-41 (S.D.N.Y. 2002) (quashing deposition notice issued to corporate defendant for failure to seek leave).

## IV.  CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 37(a)(2), counsel for Educators attempted to confer with Plaintiff's counsel in connection with the subject matter of this motion.[16] The parties could not reach an agreement as to the subject matter of this motion.

## CONCLUSION

Educators requests the Court enter an order quashing the deposition and a protective order preventing Plaintiff from re-deposing Educator's corporate representative. Educators also requests any further relief to which it may be entitled.

---

[16] Educators' counsel discussed this motion with Plaintiff's counsel in person on October 22, 2003, and by letter dated October 23, 2003. A true and correct copy of the letter is attached as Exhibit K.

By: /s/ Roberta J. Sharp

Barry A. Chasnoff (ct11162)
Roberta J. Sharp (ct24407)
Jessica S. Taylor (ct24408)
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

AND

Donald E. Frechette (ct 08930)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANT
HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent via facsimile and certified mail, return receipt requested to the following attorney on the 27th day of October, 2003:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106
Phone (860) 527-7044
Facsimile (860) 527-4968

ROBERTA J. SHARP
JESSICA S. TAYLOR