OCT-17-2003 12:41    GERSTEN & CLIFFORD                     860 527 4968    P.02
Case 3:01-cv-01115-AHN    Document 127-2    Filed 10/28/2003    Page 1 of 19

A.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
## (BRIDGEPORT)

| | |
|---|---|
| CANDI McCULLOCH<br>Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY, and EDUCATORS<br>MUTUAL LIFE INSURANCE COMPANY<br>Defendants. | CIVIL ACTION NO. 301CV1115(AHN)<br><br><br><br><br><br>October 16, 2003 |

### NOTICE OF DEPOSITION DUCES TECUM

**PLEASE TAKE NOTICE THAT**, pursuant to Rule 30 (b) (6) of the Federal Rules of Civil Procedure, the Plaintiff will take the deposition, upon oral examination, of the **corporate representative(s) of the defendant Educators Mutual Life Insurance Company**, designated by the defendant as the individual(s) most knowledgeable to testify in the above-referenced matter on its behalf, on **Thursday, October 30, 2003 at 11:00 a.m.** at the law offices of **Berger & Montague, P.C.**, 1622 Locust Street, Philadelphia, Pennsylvania 19103 or such other place that the parties can agree on, before a court reporter or other authority competent to administer an oath. This deposition is being taken for the purpose of discovery or for use at trial (or both), or for such purposes as are permitted under the Federal Rules of Civil Procedure. The corporate representative(s) should be someone knowledgeable with respect to the factual basis for any responses filed by this defendant (dated October 13, 2003) in the form of a denial to the plaintiff's requests for admissions. A copy of the responses is attached hereto as Exhibit A.



EXHIBIT A

The deponent should bring with him/her/them any documents in possession or control of the defendant relating to the factual basis for any responses (dated October 13, 2003) in the form of a denial to the plaintiff's requests for admissions, as set forth in Exhibit A attached hereto.

You are invited to attend and cross-examine.

                PLAINTIFF,

                CANDI McCULLOCH

By    _____
        Eliot B. Gersten, Esq.
        Fed. Bar No. ct05213
        GERSTEN & CLIFFORD
        214 Main Street
        Hartford, CT 06106
        (860) 527-7044
        Her Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Deposition was mailed, via regular U.S. Mail, postage prepaid, on ~~July 2, 2003~~ *Oct 16, 2003* to all counsel and pro se parties of record, as follows:

Roberta J. Sharp, Esq.
Barry A. Chasnoff, Esq.
Jessica Spangler Taylor, Esq.
Akin Gump Strauss Hauer & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205
*Tel: 210-281-7146*
*Fax: 210-224-2035* — faxed as well as mailed

Donald E. Frechette, Esq
Joshua L. Milrad, Esq.
Charles F. Gfeller, Esq.
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
*Tel: (860) 525-5065*
*Fax: (860) 527-4198*

Eliot B. Gersten

-3-

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CANDI MCCULLOCH,

  Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY,

  Defendants.

:
: CIVIL ACTION NO.
: 3:01CV1115 (AHN)
:
:
:
:
:
:
: October 13, 2003

---

### DEFENDANT EDUCATORS MUTUAL LIFE INSURANCE COMPANY'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

---

Defendant Educators Mutual Life Insurance Company ("Educators") provides the following objections and responses to Plaintiff's Request for Admissions.

### REQUESTS FOR ADMISSIONS

#### REQUEST FOR ADMISSION NO. 1:

Admit that after November 30, 1999, Educators Mutual did not keep or maintain records relating to the plaintiff within its possession or control.

#### RESPONSE:

Educators objects to this request on grounds that it is vague and ambiguous. Subject to the foregoing objection, Educators admits that it did not keep or maintain Plaintiff's claim file within its possession or control after November 30, 1999. However, Educators Mutual denies that it did not keep or maintain surveillance videos of Plaintiff after that date. To the extent this request seeks the admission of anything further, denied.

#### REQUEST FOR ADMISSION NO. 2:

Admit that during the period of July, 1999 to November, 1999, Educators transferred all of its files to Hartford relating to the plaintiff.

063670.0229 WEST 5370331 v2  1  Exhibit A to Notice of Deposition

RESPONSE:

Educators objects to this request on grounds that it is vague and ambiguous. Subject to the foregoing objection, Educators admits it sent Plaintiff's original claim file to Hartford. To the extent this request seeks the admission of anything further, denied.

## REQUEST FOR ADMISSION NO. 3:

Admit that between November, 1999 and February, 2001, Educators had no contact with the plaintiff.

RESPONSE:

Educators admits that it did not have any direct contact with the Plaintiff after November 1999. To the extent this request seeks the admission of anything further, denied.

## REQUEST FOR ADMISSION NO. 4:

Admit that between November, 1999 and February, 2001 Educators did not request that plaintiff supply proof of a continued disability.

RESPONSE:

Educators admits that after November 1999, Educators did not request that Plaintiff supply proof of continued disability directly to Educators. To the extent this request seeks the admission of anything further, denied.

## REQUEST FOR ADMISSION NO. 5:

Admit that Educators did not receive a written agreement from the policy owner to change any terms of the policy.

RESPONSE:

Educators objects to this request on the grounds that is vague, ambiguous, and does not adequately define the information sought. Educators further objects that this request is overly broad in time. Subject to the foregoing objections, denied.

## REQUEST FOR ADMISSION NO. 6:

Admit that between June, 1999 to February 2001, Educators did not obtain a consent of any policy holder to change the policy or terms of the policy.

063870.0229 WEST 5370351 v2                    2

**RESPONSE:**

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objections, denied.

## REQUEST FOR ADMISSION NO. 7:

Admit that after November, 1999, Educators did not participate in the review of the claim submitted by plaintiff.

**RESPONSE:**

Educators objects to this request on grounds that it is vague and ambiguous. Subject to the foregoing objections, Educators admits that Educators did not participate in Hartford's handling of Plaintiff's disability claim after November 1999. To the extent this request seeks the admission of anything further, denied.

## REQUEST FOR ADMISSION NO. 8:

Admit that the attached Exhibit 1 is a true and correct copy of the letter terminating benefits to Candi McCulloch.

**RESPONSE:**

After making a reasonable inquiry, Educators states that the information known or readily obtainable by it is insufficient to enable it to admit or deny this request.

## REQUEST FOR ADMISSION NO. 9:

Admit that after November, 1999 to September, 2001, Educators had no contact with the Hartford regarding Candi McCulloch.

**RESPONSE:**

Admit.

## REQUEST FOR ADMISSION NO. 10:

Admit that after November, 1999 to September, 2001, Educators was not aware that the Hartford issued a termination of benefits letter (Exhibit 1) to Candi McCulloch.

RESPONSE:

Educators admits that it was not aware that Hartford terminated Plaintiff's benefits until this lawsuit was filed. To the extent this request seeks the admission of anything further, denied.

REQUEST FOR ADMISSION NO. 11:

Admit that after November, 1999, Educators had no participation in any processing of the claim of Candi McCulloch.

RESPONSE:

Educators objects to this request on grounds that it is vague and ambiguous. Subject to the foregoing objections, Educators admits that Educators did not participate in Hartford's handling of Plaintiff's disability claim after November 1999.

REQUEST FOR ADMISSION NO. 12:

Admit that after November, 1999 to September, 2001, Educators had no communication with Hartford regarding Candi McCulloch.

RESPONSE:

Admit.


REQUEST FOR ADMISSION NO. 13:

Admit that after July 30, 1999, Educators surrendered to Hartford all of its responsibilities it owed to plaintiff under the insurance policy.

RESPONSE:

Educators objects to this request on grounds that this request is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, Educators admits that it ceded 100 percent of the liability for and administration of the open claims subject to the Reinsurance Agreement to Hartford. To the extent that this request seeks the admission of anything further, denied.


REQUEST FOR ADMISSION NO. 14:

Admit that after July 30, 1999, Educators relinquished to Hartford all of its responsibilities it owed to plaintiff under the insurance policy.

063670.0229 WEST 5370351 v2                    4

RESPONSE:

Educators objects to this request on grounds that it vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection Educators admits that it ceded 100 percent of the liability for and the administration of the open claims subject to the insurance agreement to Hartford. To the extent that this request seeks the admission of anything further, denied.

### REQUEST FOR ADMISSION NO. 15:

Admit that after July 30, 1999, Educators assigned all of its rights and responsibilities it had to plaintiff under the insurance policy to Hartford.

RESPONSE:

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection Educators admits that it ceded 100 percent of the liability for and the administration of the open claims subject to the Reinsurance Agreement to Hartford. To the extent that this request seeks the admission of anything further, denied.

### REQUEST FOR ADMISSION NO. 16:

Admit that the plaintiff did not provide consent to the assignment of the policy to Hartford.

RESPONSE:

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, denied.

### REQUEST FOR ADMISSION NO. 17:

Admit that neither of the defendants advised the plaintiff of the assignment of the policy from Educators to Hartford.

RESPONSE:

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, denied.

### REQUEST FOR ADMISSION NO. 18:

Admit that neither of the defendants advised the plaintiff of the assignment of the "master contract" from Educators to Hartford.

RESPONSE:

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI McCULLOCH,<br>    Plaintiff, | : CIVIL ACTION NO.: 301CV1115(AHN)<br>:<br>: |
| vs. | :<br>: |
| HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY and EDUCATORS<br>MUTUAL LIFE INSURANCE COMPANY<br>    Defendants. | :<br>:<br>:<br>: DECEMBER 6, 2002 |

### PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff Candi McCulloch hereby requests that the Defendant, Educators Mutual Life Insurance Company, answer the Interrogatories and Requests for Production set forth herein, separately, fully, in writing and under oath within thirty days (January 2, 2003).

### DEFINITIONS

As used in these interrogatories and production requests, the terms listed below are defined as follows:

1.  The terms "you" and "your" mean the entity to which these interrogatories are addressed, including any divisions, departments, subsidiaries, affiliates, or predecessors, present or former officers, directors, employees, owners or agents of each such entity and all other persons acting or purporting to act on behalf of each such entity or person, as well as each partnership in which that entity or person is a partner.

2.  The term "document" means all writings of any kind, including the originals and identical copies, whether different from the originals by reason of any notation made on such copies or otherwise including, without limitation correspondence, memoranda, notes, diaries, studies,



checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra office communications (including email messages), offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefaxes, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or aural records of representations of any kind (including, without limitation, tapes, cassettes, discs, recordings).

3.  The term "all documents" means every document as above defined known to you and every such document which can be located or discovered by reasonably diligent efforts.

4.  The term "person" means any natural person, corporation, partnership, proprietorship, association, organization, team, or group of natural persons.

5.  The term "identify," when used in reference to a natural person, means to state to the fullest extent possible his or her full name, present or last known address, business address, occupation and position at the time in question.

6.  The term "identify," when used in reference to any person other than a natural person means to state to the fullest extent possible the full name and present or last known address of the principal place of business of the corporation, partnership, proprietorship, association or other organization to be identified.

7.  The term "identify" when used in reference to a document, means to state the date, author and type of document (e.g., letter, memorandum, telegram, chart, etc.), or to provide some other means of identifying it, and to disclose its present location and custodian. If any document was but is no longer in your possession or subject to your control, state what disposition was made of it.

8.  The terms "describe" and "state" shall mean to describe and/or state fully by reference

to underlying facts rather than by alternate facts or conclusions of fact or law, and particularized as to time, place, and manner.

9.  The term "describe" when referring to oral communications, requires you to state: (a) the type of communication (e.g., meeting, telephone conversation, etc.); (b) the identity of the persons involved in the communication, present during it or who listened to it; and (c) the location and date of the communications.

10. The terms "regard," "concern," "mention," "refer to," or "relate to" with regard to any given subject matter shall mean all material that constitutes, contains, embodies, reflects, identifies, states, or in any way deals with that subject, including, without limitation, documents which relate to the preparation of another document or are attached to or constitute enclosures with another document.

11. The term "McCulloch" refers to the plaintiff Candi McCulloch. The term "Hartford" refers to defendant Hartford Life and Accident Insurance Company. The term "Educators" refers to Educators Mutual Life Insurance Company.

12. The term "Policy" refers to the group disability insurance policy issued by defendant Educators and attached as Exhibit A to the plaintiff's complaint.

13. The term "Reinsurance Agreement" refers to the Reinsurance Agreement dated July 1, 1999.

14. The relevant time period for purposes of answering these interrogatories shall be from September 1995 to present.

## INSTRUCTIONS

A. The rules of construction set forth in Rule 39 of the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut are incorporated herein by reference.

B. If you are unable to respond to or comply with any interrogatory completely, respond to the extent possible.

C. With respect to each interrogatory, the disclosure Plaintiff seeks is all information known to you, or available to you by reasonably diligent efforts, including without limitation all information which is in your files (whether personal, business, or any other file), possession, custody or control or those of your present or former attorneys, advisors, accountants, agents, representatives, directors, officers, or employees.

D. With respect to any information sought in an interrogatory which is withheld on the basis of privilege, state the grounds on which the privilege is claimed.

E. Unless otherwise indicated, these interrogatories refer to the times, places, events, and occurrences mentioned and/or complained of in the Amended Complaint.

## INTERROGATORIES

1. State the name, address, and position of all persons who provided information for answering these interrogatories.

**ANSWER**

2. Identify any file (local, regional and home office), including all documents, regarding the processing, payment and/or denial of plaintiff's claim.

**ANSWER**

3. Identify any and all medical reports of the plaintiff obtained by Educators.

**ANSWER**

4. Identify any and all investigative reports of the plaintiff.

**ANSWER**

5. Identify any and all underwriting manuals used by Educators.

**ANSWER**

6. Identify any and all manuals used to train adjustors.

**ANSWER**

7. Identify any and all advertising or marketing materials concerning the policy purchased by plaintiff.

**ANSWER**

-6-

8. Identify any and all training materials for use by any agent to teach how to advertise, promote or sell the policy purchased by the plaintiff.

**ANSWER**

9. Identify any and all transmittals by Educators and Hartford relating to the Reinsurance Agreement of July 1, 1999, including any communications on the transmittal of funds exchanged between Educators and Hartford and any reporting on the status of claims set forth in the Reinsurance Agreement.

**ANSWER**

10. Identify any claims manuals used by Educators during the time period of January, 1992 through September, 1999.

**ANSWER**

## REQUESTS FOR PRODUCTION

If you contend that any requested document is privileged or otherwise not subject to discovery, please identify the document (including the author, date, addressee, and intended recipient) and state in your response to the request the basis for such contention and the grounds upon which you contend the document is not subject to discovery. With respect to the documents for which you claim the attorney-client privilege or protection of the work product doctrine, please also identify or state (a) the attorney and the client; (b) the complete bases for every claim of privilege; (c) the complete basis for every claim that the document contains the mental impression, conclusion, opinion or legal theory of any attorney concerning the litigation or that such material was prepared in anticipation of litigation, the identity of such attorney and the litigation for which the document was prepared; (d) all persons who received a copy of the document; and (e) all persons to whom the substance of the document has been disclosed, in whole or in part, at any time.

Furthermore, please identify all documents responsive to any request which are no longer in existence or which are no longer in your possession and describe the circumstances under which such documents were destroyed or left your possession, and identify all persons or locations from which copies of the documents might be obtained.

1. Any and all documents identified in response to the third set of interrogatories not already produced.

PLAINTIFF,
CANDI McCULLOCH

By: _____
Eliot B. Gersten (ct05321)
Gersten & Clifford
214 Main Street
Hartford, CT 06106
(860) 527-7044
Her Attorney

## CERTIFICATION

I hereby certify that I have reviewed the foregoing Interrogatories and responses thereto and verify that they are true and accurate to the best of my knowledge and belief this _____ day of _____, 2002.

**Educators Mutual Life Insurance Company**

By: _____

Its:
Duly Authorized

STATE OF                :
                        :   ss:
COUNTY OF               :

On this _____ day of _____, 2002, before me the undersigned officer, personally appeared _____, who acknowledged himself/herself to be the _____ of Educators Mutual Life Insurance Company, and that he/she as such officer, being duly authorized so to do, executed the foregoing instrument for the purposes therein contained.

**IN WITNESS WHEREOF**, I hereunto set my hand.

_____
Commissioner of the Superior Court
Notary Public
My Commission Expires: _____

-10-

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2002, a copy of the foregoing was mailed, via first class mail, postage prepaid to the following:

Donald E. Frechette, Esq. (ct 08930)
Charles F. Gfeller, Esq. (ct18119)
Joshua L. Milrad, Esq. (ct19321)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone (860) 525-5065
Facsimile (860) 527-4198

Keith D. Post, Esq.
Gallwey Gillman Curtis & Vento, P.A..E.
200 S.E. First Street, #1100
Miami, FL 33131
Tel: (305) 358-1313
Fax: (305) 371-5826

_____
Eliot B. Gersten