UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI McCULLOCH<br>Plaintiff, | : CIVIL ACTION NO.<br>: 301CV1115(AHN)<br>:<br>: |
| vs. | :<br>: |
| HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY and EDUCATORS<br>MUTUAL LIFE INSURANCE COMPANY :<br>Defendants. | :<br>:<br>:<br>: SEPTEMBER 13, 2003 |

### PLAINTIFF'S REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the Plaintiff, Candi McCulloch ("McCulloch"), requests that Defendants Hartford Life and Accident Insurance Company ("Hartford"), and Educators Mutual Life Insurance Company ("Educators"), within thirty (30) days of the service hereof, make admissions for the purpose of this action only, that each of the following statements is true:

1. Admit that after November 30, 1999, Educators Mutual did not keep or maintain records relating to the plaintiff within its possession or control.

**RESPONSE:**

2. Admit that during the period of July, 1999 to November, 1999, Educators transferred all of its files to Hartford relating to the plaintiff.

**RESPONSE:**


EXHIBIT H

3. Admit that between November, 1999 and February, 2001, Educators had no contact with the plaintiff.

**RESPONSE:**

4. Admit that between November, 1999 and February, 2001 Educators did not request that plaintiff supply proof of a continued disability.

**RESPONSE:**

5. Admit that Educators did not receive a written agreement from the policy owner to change any terms of the policy.

**RESPONSE:**

6. Admit that between June, 1999 to February, 2001, Educators did not obtain a consent of any policy holder to change the policy or terms of the policy.

**RESPONSE:**

7. Admit that after November, 1999, Educators did not participate in the review of the claim submitted by plaintiff.

**RESPONSE:**

8. Admit that the attached Exhibit 1 is a true and correct copy of the letter terminating benefits to Candi McCulloch.

**RESPONSE:**

9. Admit that after November, 1999 to September, 2001, Educators had no contact with the Hartford regarding Candi McCulloch.

**RESPONSE:**

10. Admit that after November, 1999 to September, 2001, Educators was not aware that the Hartford issued a termination of benefits letter (Exhibit 1) to Candi McCulloch.

**RESPONSE:**

11. Admit that after November, 1999, Educators had no participation in any processing of the claim of Candi McCulloch.

**RESPONSE:**

12. Admit that after November, 1999 to September, 2001, Educators had no communication with Hartford regarding Candi McCulloch.

**RESPONSE:**


13. Admit that after July 30, 1999, Educators surrendered to Hartford all of its responsibilities it owed to plaintiff under the insurance policy.

**RESPONSE:**


14. Admit that after July 30, 1999, Educators relinquished to Hartford all of its responsibilities it owed to plaintiff under the insurance policy.

**RESPONSE:**


15. Admit that after July 30, 1999, Educators assigned all of its rights and responsibilities it had to plaintiff under the insurance policy to Hartford.

**RESPONSE:**


16. Admit that the plaintiff did not provide consent to the assignment of the policy to Hartford.

**RESPONSE:**

17. Admit that neither of the defendants advised the plaintiff of the assignment of the policy from Educators to Hartford.

**RESPONSE:**

18. Admit that neither of the defendants advised the plaintiff of the assignment of the "master contract" from Educators to Hartford.

**RESPONSE:**

19. Admit that neither of the defendants advised the plaintiff of the assignment of the rights and liabilities set forth in the Educators' policy to Hartford.

**RESPONSE:**

20. Admit that neither defendant advised any of the insureds named in the July 1999 Reinsurance Agreement between Hartford and Educators that Educators had ceded all of its rights and obligations under the policy to Hartford.

**RESPONSE:**

21. Admit that after July 1999, Hartford was not administering claims on behalf of Educators, but had accepted all responsibility and liability under the policies set forth in the Reinsurance Agreement.

**RESPONSE:**



22. Admit that after July 1999, Hartford has assumed administration of claims on its own behalf.

**RESPONSE:**


                PLAINTIFF,
                CANDI MCCULLOCH

By: _____
                Eliot B. Gersten (ct05321)
                Gersten & Clifford
                214 Main Street
                Hartford, CT 06106
                (860) 527-7044
                Her Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2003, a copy of the foregoing was mailed, postage prepaid to the following:

Roberta J. Sharp, Esq.
Barry A. Chasnoff, Esq.
Jessica Spangler Taylor, Esq.
Akin Gump Strauss Hauer & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205
*Tel: 210-281-7146*
*Fax: 210-224-2035*

Donald E. Frechette, Esq. (ct 08930)
Joshua L. Milrad, Esq. (ct19321)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone (860) 525-5065
Facsimile (860) 527-4198

_____
Eliot B. Gersten

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CANDI MCCULLOCH,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY,

    Defendants.

CIVIL ACTION NO.
3:01CV1115 (AHN)

October 13, 2003

## DEFENDANT EDUCATORS MUTUAL LIFE INSURANCE COMPANY'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Defendant Educators Mutual Life Insurance Company ("Educators") provides the following objections and responses to Plaintiff's Request for Admissions.

### REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that after November 30, 1999, Educators Mutual did not keep or maintain records relating to the plaintiff within its possession or control.

**RESPONSE:**

Educators objects to this request on grounds that it is vague and ambiguous. Subject to the foregoing objection, Educators admits that it did not keep or maintain Plaintiff's claim file within its possession or control after November 30, 1999. However, Educators Mutual denies that it did not keep or maintain surveillance videos of Plaintiff after that date. To the extent this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that during the period of July, 1999 to November, 1999, Educators transferred all of its files to Hartford relating to the plaintiff.

EXHIBIT I