**RESPONSE:**

Educators objects to this request on grounds that it is vague and ambiguous. Subject to the foregoing objection, Educators admits it sent Plaintiff's original claim file to Hartford. To the extent this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that between November, 1999 and February, 2001, Educators had no contact with the plaintiff.

**RESPONSE:**

Educators admits that it did not have any direct contact with the Plaintiff after November 1999. To the extent this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that between November, 1999 and February, 2001 Educators did not request that plaintiff supply proof of a continued disability.

**RESPONSE:**

Educators admits that after November 1999, Educators did not request that Plaintiff supply proof of continued disability directly to Educators. To the extent this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Educators did not receive a written agreement from the policy owner to change any terms of the policy.

**RESPONSE:**

Educators objects to this request on the grounds that is vague, ambiguous, and does not adequately define the information sought. Educators further objects that this request is overly broad in time. Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that between June, 1999 to February 2001, Educators did not obtain a consent of any policy holder to change the policy or terms of the policy.

**RESPONSE:**

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that after November, 1999, Educators did not participate in the review of the claim submitted by plaintiff.

**RESPONSE:**

Educators objects to this request on grounds that it is vague and ambiguous. Subject to the foregoing objections, Educators admits that Educators did not participate in Hartford's handling of Plaintiff's disability claim after November 1999. To the extent this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the attached Exhibit 1 is a true and correct copy of the letter terminating benefits to Candi McCulloch.

**RESPONSE:**

After making a reasonable inquiry, Educators states that the information known or readily obtainable by it is insufficient to enable it to admit or deny this request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that after November, 1999 to September, 2001, Educators had no contact with the Hartford regarding Candi McCulloch.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that after November, 1999 to September, 2001, Educators was not aware that the Hartford issued a termination of benefits letter (Exhibit 1) to Candi McCulloch.

**RESPONSE:**

Educators admits that it was not aware that Hartford terminated Plaintiff's benefits until this lawsuit was filed. To the extent this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that after November, 1999, Educators had no participation in any processing of the claim of Candi McCulloch.

**RESPONSE:**

Educators objects to this request on grounds that it is vague and ambiguous. Subject to the foregoing objections, Educators admits that Educators did not participate in Hartford's handling of Plaintiff's disability claim after November 1999.

**REQUEST FOR ADMISSION NO. 12:**

Admit that after November, 1999 to September, 2001, Educators had no communication with Hartford regarding Candi McCulloch.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that after July 30, 1999, Educators surrendered to Hartford all of its responsibilities it owed to plaintiff under the insurance policy.

**RESPONSE:**

Educators objects to this request on grounds that this request is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, Educators admits that it ceded 100 percent of the liability for and administration of the open claims subject to the Reinsurance Agreement to Hartford. To the extent that this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that after July 30, 1999, Educators relinquished to Hartford all of its responsibilities it owed to plaintiff under the insurance policy.

**RESPONSE:**

Educators objects to this request on grounds that it vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection Educators admits that it ceded 100 percent of the liability for and the administration of the open claims subject to the insurance agreement to Hartford. To the extent that this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that after July 30, 1999, Educators assigned all of its rights and responsibilities it had to plaintiff under the insurance policy to Hartford.

**RESPONSE:**

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection Educators admits that it ceded 100 percent of the liability for and the administration of the open claims subject to the Reinsurance Agreement to Hartford. To the extent that this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the plaintiff did not provide consent to the assignment of the policy to Hartford.

**RESPONSE:**

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that neither of the defendants advised the plaintiff of the assignment of the policy from Educators to Hartford.

**RESPONSE:**

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that neither of the defendants advised the plaintiff of the assignment of the "master contract" from Educators to Hartford.

**RESPONSE:**

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, denied.

### REQUEST FOR ADMISSION NO. 19:

Admit that neither of the defendants advised the plaintiff of the assignment of the rights and liabilities set forth in the Educators' policy to Hartford.

### RESPONSE:

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, denied.

### REQUEST FOR ADMISSION NO. 20:

Admit that neither defendant advised any of the insureds named in the July 1999 Reinsurance Agreement between Hartford and Educators that Educators had ceded all of its rights and obligations under the policy to Hartford.

### RESPONSE:

Educators objects to this request on grounds that is vague, ambiguous, and does not adequately define the information sought. Educators further objects that this request is overly broad and is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this mater. Subject to the foregoing objection, denied.

### REQUEST FOR ADMISSION NO. 21:

Admit that after July 1999, Hartford was not administering claims on behalf of Educators, but had accepted all responsibility and liability under the policies set forth in the Reinsurance Agreement.

### RESPONSE:

Educators objects to this request on grounds that it is vague, ambiguous and does not adequately define the information sought in this request. Subject to the foregoing objections, denied.

### REQUEST FOR ADMISSION NO. 22:

Admit that after July 1999, Hartford has assumed administration of claims on its own behalf.

**RESPONSE:**

Educators objects to this request on the grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, after making reasonable inquiry, the information known or readily obtainable by Educators is insufficient to enable Educators to admit or deny this request.

        Respectfully Submitted,

        HARTFORD LIFE & ACCIDENT
        INSURANCE COMPANY AND
        EDUCATORS MUTUAL LIFE
        INSURANCE COMPANY

        By *Roberta J Sharp*
          Barry A. Chasnoff (ct11162)
          Roberta J. Sharp (ct24407)
          Jessica S. Taylor (ct24408)
          Akin, Gump, Strauss, Hauer & Feld, LLP
          300 Convent, Suite 1500
          San Antonio, Texas 78205
          (210) 281-7000
          (210) 224-2035 (Fax)

    - and -

        Donald E. Frechette (ct08930)
        William E. Murray (ct19717)
        Edwards & Angell, LLP
        90 State House Square, 9th Floor
        Hartford, CT 06103
        (860) 525-5065
        (860) 527-4198 (Fax)

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing document was sent via facsimile October 13, 2003 and certified mail, return receipt requested October 14, 2003 to the following attorney:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT  06106

JESSICA SPANGLER TAYLOR

# GERSTEN & CLIFFORD
ATTORNEYS AT LAW
214 Main Street
Hartford, CT 06106-1881
Telephone (860) 527-7044
Telecopier (860) 527-4968
(E-mail: EliotG@gersten-clifford.com)

ELIOT B. GERSTEN, ESQUIRE

October 16, 2003

Our File No. 3425-001

*Via facsimile: 210-224-2035*
*and Regular U.S. Mail*

Roberta J. Sharp, Esq.
Akin Gump Strauss Hauer & Feld LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205-3732

Re:   Candi McCulloch, M.D. v. Hartford Life and Accident Insurance Company, et al.

Dear Roberta:

I enclose a notice of deposition of a corporate representative of Educators, which I am offering as an alternative to fighting over your objections to interrogatories, especially because of our recent lack of successful attempts at resolving your objections in discovery.

Additionally, please note, I selected the place of the deposition to be in Philadelphia. This is in order to accommodate travel schedules as it is easier to get to by normal airlines than it is to arrive directly in Lancaster, and it is within the 100 mile rule provided by the Federal Rules. I am also amenable to a telephonic deposition as long as it is done in a timely fashion, as we have done with other witnesses in order to avoid making the witnesses travel outside of Lancaster.

If you care to provide answers to the interrogatories in place of conducting a deposition, please let me know in a timely fashion. However, I caution you that while I selected the date without prior notice to you, I need to stick by that date because my own schedule does not allow much in the way of other commitments.

Additionally, I sent out your request for a deposition date to Mary Fuller. I have not heard back from her as of this date but will continue to try to get you a date as you requested as quickly as I can do so.

Very truly yours,

Eliot B. Gersten


EXHIBIT J

# AKIN GUMP
## STRAUSS HAUER & FELD LLP
Attorneys at Law

**JESSICA SPANGLER TAYLOR**
210.281.7322/fax: 210.224.2035
jstaylor@akingump.com

October 23, 2003

VIA FACSIMILE

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106-1881

RE: Candi McCulloch v. Hartford Life and Accident Insurance Company and Educators Mutual Life Insurance Company; Civil Action No. 3:01 cv 1115 (AHN); In the United States District Court, District of Connecticut

Dear Eliot:

I am writing to you regarding your Notice of Deposition Duces Tecum of the corporate representative of Educators Mutual Life Insurance Company. It is Educators position that you have already taken the deposition of its corporate representative. On May 13, 2003, you deposed Kimberly Rankin and Kenneth Wasnock, both of whom testified regarding the subject of Plaintiff's Request for Admissions in great detailed regarding the Reinsurance Agreement, the transfer of claims subject to the Reinsurance Agreement, changes in policy language, and communications between Educators and Hartford and Educators and Plaintiff after the Reinsurance Agreement was executed. These are the exact same topics upon which you seek to have someone testify now.

It is Educators position that your deposition notice is unduly burdensome, redundant and harassing. You have already conducted extensive discovery regarding the Reinsurance Agreement. Further, you have never indicated that Ms. Rankin or Mr. Wasnock's testimony regarding the Reinsurance Agreement was some how deficient or that they were unable to answer your questions. Please let me know if you have any authority to suggest that you are entitled to take yet another deposition of Educators on the same topics that have already been covered. Otherwise, Educators will file a Motion to Quash and For Protective Order in the next few days.

Sincerely,

Jessica Spangler Taylor


EXHIBIT K