UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CANDI McCULLOCH | § | CIVIL ACTION NO.:A II: 5b |
| Plaintiff, | § | 301CV1115(AHN) |
| | § | |
| | § | US DISTRICT COURT |
| vs. | § | BRIDGEPORT CT |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY AND | § | |
| EDUCATORS MUTUAL LIFE | § | |
| INSURANCE COMPANY | § | |
| Defendants. | § | November 4, 2003 |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, DEFENDANTS' ALTERNATIVE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND SUPPORTING MEMORANDUM OF LAW

Defendants Hartford Life and Accident Insurance Company ("Hartford") and Educators Mutual Life Insurance Company ("Educators") ask that the Court deny Plaintiff's Motion for Leave to File Second Amended Complaint, in which Plaintiff asserts claims for breach of contract as to Educators, tortious interference with contractual relations and expectations, violations of the Connecticut Unfair Insurance Practices Act ("CUIPA"), and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"). Plaintiff cannot justify her undue delay in seeking to add these new claims, and their addition will cause undue prejudice to Defendants. Further, amendment would be futile because these new allegations fail to state a claim upon which relief may be granted. Should the Court permit Plaintiff to amend, Defendants move in the alternative to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's tortious interference with contract claim fails to state a claim because it is barred by the three-year statute of limitations and because Defendants and Hartford cannot interfere with their own contract. Plaintiff's CUTPA claim is similarly barred by the statute of

limitations.  Finally, Plaintiff's CUIPA claim fails because there is no private right of action

under the statute.

## ARGUMENT

### I.    PLAINTIFF'S PROPOSED AMENDMENTS ARE UNTIMELY AND WILL CAUSE DEFENDANTS' UNDUE PREJUDICE

"'[L]ate amendments to assert new theories are not reviewed favorably when the facts

and the theory have been known to the party seeking amendment since the inception of the cause

of the action.'" *Messier v. Southbury Training School*, No. 3:94-CV-1706 (EBB), 1999 WL

20907, at *3 (D. Conn. Jan. 5, 1999).  The denial of leave to amend is appropriate where it

causes undue prejudice to the nonmovant. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Block v.

First Blood Assocs.* 988 F.2d 344, 350 (2nd Cir. 1993); *Messier*, 1999 WL 20907, at *2-3.  When

a party seeks leave to add new claims, the prejudice to the nonmovant is determined by

considering "whether the assertion of the new claim would: (i) require the opponent to expend

significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay

the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another

jurisdiction." *Block*, 988 F.2d at 350.  "Where considerable time has elapsed between the filing

of the complaint and the motion to amend, the moving party has the burden to provide a

satisfactory explanation for the delay." *Messier*, 1999 WL 20907, at *3.  "The longer the period

of an unexplained delay, the less will be required of the nonmoving party in terms of a showing

of prejudice." *Id.* (quoting *Block*, 988 F.2d at 350).

Plaintiff has provided absolutely no justification for her delay.  Plaintiff waited until

October 22, 2003, almost two and a half years after initiating this litigation, to seek to amend her

complaint to add claims against both Defendants for tortious interference with contractual

relations and violations of CUIPA and CUPTA, and a separate breach of contract claim against

Educators. Plaintiff has been aware of these theories of recovery since the early stages of litigation. Further, discovery in this case is already substantially complete, and Plaintiff sought leave to amend only two weeks before the dispositive motions deadline *See Grant v. News Group Boston, Inc.*, 55 F.3d 1, 5-6 (1st Cir. 1995) (denial of motion for leave to amend was appropriate where discovery had already completed and the defendant "had nearly completed its motion for summary judgment and undoubtably was well into its trial preparation.").

Defendants will be unduly prejudiced by Plaintiff's delay because they will not have sufficient time to investigate Plaintiff's new claims prior to the dispositive motions deadline. Further, the amendment will cause significant additional expense to Defendants and will cause a significant delay in the resolution of this dispute. Plaintiff's motion for leave should be denied.

## II. LEAVE TO AMEND SHOULD BE DENIED WHEN THE PROPOSED AMENDMENTS ARE FUTILE.

An amendment to a pleading is futile if the proposed claim cannot withstand a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim upon which relief can be granted. *Lucente v. Int'l Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). As set forth below, Plaintiff's claims for tortious interference and CUTPA/CUIPA violations cannot withstand a motion to dismiss. Leave to amend her complaint to add these claims should be denied. *Lucente*, 310 F.3d at 258 (an appropriate basis for denying leave to amend is that the proposed amendment is futile); *see also Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("where, as here, there is no merit in the proposed amendments, leave to amend should be denied").

III.    **PLAINTIFF'S PROPOSED AMENDMENT TO ASSERT A CLAIM FOR TORTIOUS INTERFERENCE FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

A.    **Plaintiff's Claim is Barred by the Statute of Limitations.**

Plaintiff's claim for tortious interference with contractual relations and expectations is barred by the three-year statute of limitations set forth in Conn. Gen. Stat. § 52-577. *Collum v. Chapin,* 671 A.2d 1329, 1331 (Conn. App. Ct. 1995) (Section 52-577 is applicable to tortious interference with contract claim). Section 52-577 provides "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." The three-year statute of limitations begin to run on the date of the act or omission complained of, The statute is not tolled for Plaintiff's failure to "discover" the injury. *Id.*

More than three years elapsed between the wrongful conduct alleged by Plaintiff and the filing of her Second Amended Complaint, in which she asserts "tortious interference" for the first time. Plaintiff alleges various wrongful acts purportedly committed by Defendants, including: "making written representations on several dates between July 1999 and September 2000," "making representations to plaintiff on several dates between February 2000 and August 2000,"and "assembling information requiring plaintiff to undergo independent medical examinations" in August 2000.[1] The last act Plaintiff complains of occurred in September 2000. Plaintiff did not seek leave to file her Second Amended Complaint until October 22, 2003. Plaintiff's claims are barred by limitations.

B.    **Educators and Hartford Could Not Tortiously Interfere With Their Own Contract.**

---

[1] Plaintiff's Second Amended Complaint, ¶¶ 18, 40.

Hartford and Educators could not tortiously interfere with their own contract. *Urashka v. Griffin Hospital*, 841 F. Supp. 468, 475 (D. Conn. 1994). In order to state a claim for tortious interference with contractual relations, Plaintiff must allege the (1) existence of a contractual or beneficial relationship; (2) Hartford's knowledge of that relationship; (3) Hartford's intent to interfere with that relationship, (4) a tortious interference; and (5) actual loss suffered by her as a consequence of Hartford's interference. *Brown v. Northeast Nuclear Energy Co.*, 118 F. Supp. 2d 217, 221 (D. Conn. 2000) (*citing Collum v. Chapin*, 40 Conn. App. 449, 452 (1996)); *Powell v. Feroleto Steel Co.*, 659 F. Supp. 303, 307 (D. Conn. 1986).

The only tortious acts Plaintiff alleges occurred "following the execution of the Reinsurance Agreement."[2] This could not serve as a basis for a claim against Hartford because Hartford was a party to the contract as a result of the reinsurance agreement. *Powell*, 659 F. Supp. at 306-07. In *Powell*, the Plaintiff brought a tortious interference with contract claim against the new president of the corporation for which the Plaintiff worked. The Plaintiff claimed the new president, who was the son of the former president with whom he had an employment contract, had tortiously interfered with his employment contract by firing him. *Id.* at 307. The court held that failed to state a claim because the new president had assumed his father's presidential duties, and therefore, he was a party to the employment contract when he fired Plaintiff. *Id.* Similarly, Hartford became a party to Plaintiff's disability policy, and could not, have tortiously interfered with it. Plaintiff fails to state a claim upon which relief may be granted against either Hartford or Educators.

## IV.    PLAINTIFF'S PROPOSED AMENDMENT TO ASSERT A CUTPA CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

### A.    Plaintiff's CUTPA Claim is Barred by the Statute of Limitations.

---

[2] Plaintiff's Second Amended Complaint, ¶ 40.

Plaintiff's claims for violations of the Connecticut Unfair Trade Practices Act are barred by the three-year statute of limitations contained in Conn. Gen. Stat. § 42-110g(f). Section 42-110g(f) provides that an action "may not be brought more than three years after the occurrence of a violation of this chapter." A CUTPA violation occurs when an alleged misrepresentation is made, and the statute of limitations commences running the moment the act or omission complained of occurs. *Timmons v. City of Hartford,* 2003 WL 22228989, at *6 (D. Conn. Sept. 16, 2003) (dismissing CUTPA claim barred by statute of limitations).

More than three years elapsed between the wrongful conduct alleged by Plaintiff and the filing of her Second Amended Complaint, in which she asserted her CUTPA claim for the first time. Plaintiff alleges Defendants violated CUTPA by:

> misrepresenting that Hartford was administering the claims on behalf of Educators when, in fact, it was administering claims on its own behalf and for its own benefits, and failing to inform plaintiff and other claimants of this fact as well as the fact that Educators had ceded any and all responsibility regarding the claims to Hartford.[3]

According to Plaintiff, these alleged acts occurred when Defendants made:

> written representations on several dates between July 1999 and September 2000, including but not limited to the correspondence addressed to the plaintiff in which Hartford represented that it was acting as an administrator for Educators and/or on behalf of Educators, when it was in fact acting on its own benefit and without any involvement of Educators.[4]

Plaintiff sought leave to file her Second Amended Complaint on October 22, 2003, more three years from the date of the last act alleged. Plaintiff's CUTPA cause of action fails to state a claim upon which relief can be granted.

---

[3] *Id.* ¶ 44.

[4] *Id.* ¶ 40.

## V.    PLAINTIFF'S PROPOSED AMENDMENT TO ASSERT CUIPA CLAIMS FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiff fails to state a claim against Defendants under the Connecticut Unfair Insurance Practices Act because there is no private right of action under the statute. *Martin v. American Equity Ins. Co.,* 185 F. Supp. 2d 162,166 (D. Conn. 2002) (dismissing Plaintiff's CUIPA claims). Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

## CONCLUSION

Defendants request the Court deny Plaintiff's motion for leave to amend her complaint. In the alternative, Defendants request that the Court enter an order dismissing these claims under Fed. R. Civ. P. 12(b)(6).

By: _____

Barry A. Chasnoff (ct11162)
Roberta J. Sharp (ct24407)
Jessica S. Taylor (ct24408)
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

AND

Donald E. Frechette (ct 08930)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANT
HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent via facsimile and certified mail, return receipt requested to the following attorney on the ___4th___ day of November, 2003:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106
Phone (860) 527-7044
Facsimile (860) 527-4968

ROBERTA J. SHARP
JESSICA S. TAYLOR