## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
## (BRIDGEPORT)

| | | |
|---|---|---|
| **CANDI McCULLOCH**<br>**Plaintiff,** | § § | **CIVIL ACTION NO.:**<br>**301CV1115(AHN)** |
| | § | |
| **vs.** | § | |
| | § | |
| **HARTFORD LIFE AND ACCIDENT**<br>**INSURANCE COMPANY AND**<br>**EDUCATORS MUTUAL LIFE**<br>**INSURANCE COMPANY**<br>**Defendants.** | § § § § § | |
| | § | **October 1, 2003** |

## HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S OBJECTIONS TO NOTICE OF DEPOSITION DUCES TECUM OF THE RECORD KEEPER OF HARTFORD

Defendant Hartford Life and Accident Insurance Company ("Hartford") provide the following objections to the Notice of Deposition Duces Tecum of the Record Keeper of Hartford (the "Notice") and would state as follows:

### GENERAL OBJECTION

Hartford objects to this Notice on grounds that it is not a proper discovery request under the Federal Rules of Civil Procedure. Subject to this general objection, Hartford responds as follows:

### OBJECTIONS TO DOCUMENT REQUESTS

Hartford's objections, including, without limitation, objections as to admissibility, relevance, propriety, confidentiality, hearsay, and materiality, which, if sustained at trial, would require the exclusion of any document requested in the duces tecum, are reserved.

Without waiving these objections, Hartford provides the following specific objections:

1.      Monthly Management Letters (MML) for the period January 1999 to date, as referenced in Director John McGoldrick's deposition transcript of July 18, 2003 at page 298.

**RESPONSE**: Hartford objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time and subject matter. Further, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

2.      Monthly and/or quarterly performance reviews (MPR) for the period July 1999 to date, as referenced in Director John McGoldrick's deposition transcript of July 18, 2003 at page 304.

**RESPONSE**: Hartford objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Further, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter. Moreover, this request is objectionable to the extent it seeks information invasive of the personal and/or privacy rights of individuals that are not parties to this matter.

3.      Personnel files for the following:

    a.      Susan Wilk

    b.      Diane Favreau

    c.      Deborah Laughran

    d.      Kim Gabrielson

    e.      Director John McGoldrick

**RESPONSE**: Hartford objects to this request to the extent it seeks information that is invasive of the personal and/or privacy rights of individuals that are not parties to this matter. Hartford also objects to this request on grounds that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

4.      Roll up records for the time period of July 1999 to September 2000 (roll up being a term used by Pamela Mormino in her deposition transcript for July 28, 2003 at pages 14 through 17).

**RESPONSE**: Hartford objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Further, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

5.      Pending claim reports for the time period of July 1999 to November 2001.

**RESPONSE**: Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds

that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

6.    Special Investigation Unit reports (as referred to by Pamela Mormino in her deposition transcript for July 28, 2003 at pages 18 through 21.

**RESPONSE:** Hartford objects to this request on grounds that it is overly broad, unduly burdensome, harassing, and is calculated to request Harford to incur unnecessary or unreasonable expense. Further, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

7.    Reserve reports (as referenced by Pamela Mormino in her deposition transcript for July 28, 2003 at page 19.

**RESPONSE:** Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

8.    Disabled Life Reserve (DLR) report on open liability records as referenced for the time period of July 1999 to date, including the Educator's Block.

**RESPONSE:** Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

9.    Any documentation exchanged between the defendants after November 1999 to date.

**RESPONSE:** Hartford objects to this request on grounds that it seeks documents protected by the joint defense privilege. Hartford further objects on grounds that it is overly broad and unduly burdensome in that it is not limited in subject matter. Finally, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

10.    Any documents relating to the "true up" which took place, as referenced in Pamela Mormino's deposition transcript for July 28, 2003 at pages 67 through 69.

**RESPONSE:** Hartford objects to this request on grounds that it is overly broad and unduly burdensome. Further, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this mater. Subject to the foregoing objection, Hartford has already produced documents responsive to this request.

11.     Any quarterly reserve reports between July 1999 to date as referenced in Pamela Mormino's deposition transcription for July 28, 2003 at pages 104 and 105.

**RESPONSE:** Hartford objects to this request on grounds that it is overly broad, unduly burdensome, harassing, and is calculated to request Harford to incur unnecessary or unreasonable expense. Further, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

12.     Any calculation of reserves in the Educators Block of business as reference at pages 223 through 225 of Pamela Mormino's deposition transcript.

**RESPONSE:** Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define information sought. Further, this request is overly broad and unduly burdensome. Finally, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

13.     Any actuarial tables and/or calculations relating to the determination of a Disability Loss Reserve for any claims subject to the Educators Reinsurance Agreement.

**RESPONSE:** Hartford objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Further, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

14.     Reserve reviews and calculation of premiums (including reinsurance premium).

**RESPONSE:** Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

15.     GAAP Reserve reports.

**RESPONSE:** Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

16.     Reserve opinions and bordereaux exits.

**RESPONSE:** Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

17.    Monthly and/or quarterly reviews in connection with the "Reinsurance Agreement."

**RESPONSE**: Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

Respectfully Submitted,

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY AND
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY

By

Barry A. Chasnoff (ct11162)
Roberta J. Sharp (ct24407)
Jessica S. Taylor (ct24408)
Akin, Gump, Strauss, Hauer & Feld, LLP
300 Convent, Suite 1500
San Antonio, Texas 78205
(210) 281-7000
(210) 224-2035 (Fax)

- and -

Donald E. Frechette (ct08930)
William E. Murray (ct19717)
Edwards & Angell, LLP
90 State House Square, 9th Floor
Hartford, CT 06103
(860) 525-5065
(860) 527-4198 (Fax)

063670.0229 WEST 5368923 v1                         5

## CERTIFICATION OF SERVICE

This is to certify that on the _____*1st*_____ day of October, 2003, a copy of Hartford Life Insurance Company's Objections to Notice of Deposition Duces Tecum of the Record Keeper of Hartford was served via facsimile and certified mail, return receipt requested, to:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT  06106

JESSICA SPANGLER TAYLOR