# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CANDACE McCULLOCH  :  CIVIL ACTION NO. 301CV1115(AHN)
    Plaintiff,  :

vs.  :

HARTFORD LIFE AND ACCIDENT  :
INSURANCE COMPANY AND EDUCATORS  :
MUTUAL LIFE INSURANCE COMPANY  :
    Defendants.  :  OCTOBER 30, 2003

## AFFIDAVIT

I, Eliot B. Gersten, do hereby depose and say the following:

1.    I am over the age of eighteen years and believe in the obligation of an oath.

2.    I am a general partner in the Law Firm of Gersten & Clifford.

3.    I am the attorney for the plaintiff, Candi McCulloch, in this lawsuit and have personal knowledge of the facts set forth herein.

4.    On August 8, 2003 I issued the enclosed Notice of Deposition of the record keeper of the Defendant, Hartford

5.    On October 1, 2003 Defendant filed the enclosed objection . In response I sought to seek a compromise as set forth in the exhibit attached hereto:

> I received the objections to the request for production as well yesterday. I would like to determine if there is any basis for a compromise of complete non production of each and every item requested. Would you please advise me of your position. If there is room for compromise, I think we will need to spend substantial time discussing areas, and I would think it is in our clients' respective best interests to learn if a conference might be productive rather than assume otherwise. If you are interested, please give me some times for tomorrow afternoon, Monday afternoon and Wednesday afternoon that we can spend time working this out.

(see attached letter).   I received no response to this request.

6.    The above facts are true.

AFFIANT,

Eliot B. Gersten

Subscribed and sworn to before me, this 30 rd day of October, 2003.

Donna E. Duby
Notary public
My commission expires:

**DONNA E. DUBY**
**NOTARY PUBLIC OF CONNECTICUT**
My Commission Expires Nov. 30, 2007

-2-

# GERSTEN & CLIFFORD

ATTORNEYS AT LAW
214 Main Street
Hartford, CT 06106-1881
Telephone (860) 527-7044
Telecopier (860) 527-4968
(E-mail: EliotG@gersten-clifford.com)

ELIOT B. GERSTEN, ESQUIRE

October 2, 2003

Our File No. 3425-001

Jessica Taylor, Esq.
Akin Gump Strauss Hauer & Feld LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205-3732
by fax *__210-224-2035__*

Re:   __Candi McCulloch, M.D. v. Hartford Life and Accident Insurance Company, et__
      __al.__

Dear Jessica:

Thanks for the clarification on Ketroser.  I am not commenting on your editorial.

I received the objections to the request for production as well yesterday.  I would like to determine if there is any basis for a compromise of complete non production of each and every item requested.  Would you please advise me of your position.  If there is room for compromise, I think we will need to spend substantial time discussing areas, and I would think it is in our clients' respective best interests to learn if a conference might be productive rather than assume otherwise. If you are interested, please give me some times for tomorrow afternoon, Monday afternoon and Wednesday afternoon that we can spend time working this out.

Finally I refer to your letter regarding the fees to be paid to Dr. Amato.  Since we started conducting the depositions the following has taken place:

a) We conducted the deposition of Dr. Garg, who performed an IME on my client. Afterwards I learned that she later sent a bill to the Hartford, which has refused to pay her;

b) You conducted a deposition of Dr. Porfiri and indicated that you did not believe she would not be paid;

c) We issued several notices of depositions for Dr. Amato as an agent or employee of the Hartford for these depositions. While you indicated in several letters and calls that you were coordinating the production fo documents and scheduling and the like, noone ever objected to the deposition notice; and it was not until the morning of the deposition that he announced that he had

*Affidavit Exhibit*

J Taylor
October 2, 2003
Page 2

no lawyer and was not an employee or agent of the Hartford. We scheduled that deposition at his convenience and certainly could have concluded that day if: 1) so much time was not spent learning that he was in fact represented by counsel ,and 2) you had not made arrangements for the deposition to end in time for his going to work at another location. I have no intention of paying him for the time he spent in the deposition to date and ask you to provide an authority for his position regarding payment for the future.

To be clear, we will proceed as noticed, subject only to his newly filed objection regarding documents which we can either get resolved or otherwise work out another way. If you have no authority to provide me and he decides that he will not appear for his renoticed deposition, then you should prepare a motion for protective order in order to avoid a potential sanction. If there is a question then let me know.

Very truly yours,

Eliot B. Gersten

dictated but not read