UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CANDACE McCULLOCH** | : | CIVIL ACTION NO. |
| | | 301CV1115 (AHN) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **HARTFORD LIFE AND ACCIDENT** | : | |
| **INSURANCE COMPANY, and EDUCATORS** | : | |
| **MUTUAL LIFE INSURANCE COMPANY** | : | |
| Defendants. | : | NOVEMBER 5, 2003 |

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO QUASH AND FOR PROTECTIVE
ORDER AND IN SUPPORT OF MOTION TO COMPEL**

**INTRODUCTION:**

Educators Mutual Life Insurance Company ("Educators") has filed the pending Motion to Quash and for Protective Order for one reason: to avoid disclosing the factual basis for its denials and qualified admissions of plaintiff's Request for Admissions. Educators has refused to provide written responses to plaintiff's interrogatories, which request the factual basis for Educators' refusals to provide unqualified admissions, and now seeks to prevent disclosure of this information through deposition testimony.

1

Plaintiff is entitled to learn the basis for Educators' responses to plaintiff's Request for Admissions and the court should deny Educators' motion to quash or, in the alternative, compel Educators to respond to plaintiff's interrogatories.

**FACTUAL BACKGROUND:**

Plaintiff owned a disability insurance policy issued by Educators, which accepted plaintiff's disability claim in 1995 and began paying her benefits. In 1999, both Educators and Hartford informed plaintiff that Hartford would be administering plaintiff's claim on Educator's behalf. Hartford subsequently determined, purportedly "on Educator's behalf," that plaintiff was no longer entitled to disability benefits.

On November 26, 2001, plaintiff served interrogatories and requests for production seeking disclosure of any agreements between the defendants related to plaintiff's policy. Almost one year later, and after requiring plaintiff to obtain a court order, defendants finally disclosed the existence of a "Reinsurance Agreement," whereby Educators transferred all of the reserves associated with a group of claims, including plaintiff's claim, to Hartford and ceded all responsibility for these claims to Hartford. Since this disclosure, plaintiff has attempted to obtain further discovery related to the

Reinsurance Agreement.[1]  Based upon information discovered, on September 13, 2003, plaintiff requested that Educators admit, among other things:

- that it did not receive the written agreement or consent of the policy holders, including plaintiff, to change the terms of their policy (Nos. 5, 6, 16);

- that it surrendered all of its responsibilities to the claimants to Hartford (Nos. 13-15);

- that it did not advise the policy holders of the assignment of their policy and master contract to Hartford and Educators' ceding of its rights and obligations to Hartford (Nos. 17-20);

- following the Reinsurance Agreement, Hartford was not administering claims on Educators behalf, but was administering the claims on its own behalf. (No. 21).

Educators denied each of these requested admissions.  (Exhibit I to Defendant's

---

[1]On December 6, 2002, plaintiff requested that defendant identify and produce all transmittals from Educators to Hartford regarding the Reinsurance Agreement, whereby Educators transferred the reserves associated with a block of claims, including plaintiff's claim, to Hartford, and Hartford agreed to accept all responsibility and liability for those claims. (Exhibits B & C to Defendant's Motion to Quash.)  On April 15, 2003, plaintiff noticed the deposition of Educator's corporate representative regarding, the negotiation and execution of the Reinsurance Agreement.  (Exhibit C.)

3

Motion.) Plaintiff sought, through interrogatories, the factual basis for Educators' denials. (Interrogatories, No. 1, attached hereto as Exhibit 1.) Educators refused to respond to these interrogatories. (Id.)[2] To avoid the necessity of court intervention, plaintiff noticed the deposition of the Educators' employee with knowledge of the factual basis for Educators' denials of plaintiff's Request for Admissions, which is at issue in the present motion. (Def. Ex. A.)

**ARGUMENT:**

### A.  STANDARD FOR DECIDING A MOTION TO QUASH

The Federal Rules of Civil Procedure permit discovery of "any matter, not

---

[2] Plaintiff's first two sets of interrogatories to Educators contained 13 interrogatories in total. On October 10, 2003, after Educators refused to provide plaintiff with the written opinions of five out of seven of its designated experts as required by Rule 26(a)(2)(B), on the ground that they are employed by Hartford, plaintiff served a third set of interrogatories requesting disclosure of the expert opinions and their basis. (Exhibit 2, hereto.) Educators refused to respond to these interrogatories, treating them as demands for Rule 26(a)(2)(B) disclosures rather than interrogatories, and claiming that Rule 26(a)(2)(B) did not require the disclosures requested. (Id.) On October 13, 2003, plaintiff served her fourth set of interrogatories, which included the request for the factual basis for Educators' denials of plaintiff's requests for admissions. (Exhibit 1.) Educators refused to respond to plaintiff's fourth set of interrogatories on the ground that plaintiff's third set of interrogatories had exhausted plaintiff's interrogatory limit (this is notwithstanding Educators' inconsistent position that it need not respond to the third set of interrogatories because they were really demands for expert reports under Rule 26(a)(2)(B)).

privileged, which is relevant to the subject matter involved in the pending action" and which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b). Accordingly, "'an order to vacate a notice of taking [a deposition] is generally regarded as both unusual and unfavorable. . . .' Investment Properties International, Ltd. v. IOS, Ltd., 459 F.2d 705, 708 (2d Cir. 1972). 'Generally, one is required to show both that there is a likelihood of harassment and that the information sought is fully irrelevant before a party is altogether denied the right to take an individual's deposition.'" Arkwright Mutual Insurance Co. v. National Union Fire Ins. Co. of Pittsburgh, P.A., 90 Civ. 7811 (KC) (S.D.N.Y. February 4, 1993) (citations omitted).

### B.   THE COURT SHOULD DENY EDUCATOR'S MOTION

The Court should deny Educators' Motion because Educators has not shown that the Notice of Deposition is a "second deposition of Educators" pursuant to F.R.C.P. 30(a)(2)(B) that will "place under burden and expense on Educators." Def. Br., p.1.

First, Educators has not provided any support for its claim that the deposition is a "second deposition" within the meaning of F.R.C.P. 30(a)(2)(B). The notice of deposition at issue here does not seek a designation on the same topic as the previous notice of

5

deposition, there is no evidence or claim by Educators that it would, in fact, designate the same person, and there was no reason for plaintiff to assume that Educators would do so. The first notice of deposition requested a representative with knowledge of Educators' **negotiation and execution of the Reinsurance Agreement with Hartford**, while the second notice of deposition requests a representative with knowledge of the factual basis for Educators' **denials of requests to admit.** Further, the requests to admit and denials relate to Educators' communications, and relationship, with **its insureds** as affected by the Reinsurance Agreement. (Def. Ex.s, A, C.)

Second, contrary to defendant's contention, plaintiff could not have inquired about the basis for Educators' denials at the depositions already conducted, because Educators did not respond to the requests until after the conclusion of those depositions. Moreover, the individuals designated in response to the first notice of deposition (negotiation and execution of the reinsurance agreement) were not designated as corporate representatives with respect to the subject matter of the subsequent notice of deposition (communications with insureds.) Even if the court concludes that the deposition is a "second deposition," the court should use its discretion to allow the

deposition. See e.g. Hickman v. Taylor, 329 U.S. 495, 505-506 (1947) (party's failure to properly issue discovery request should not preclude determination of whether information should be produced.)

Third, Educators has not provided any support for its contention that the burden of the depositions outweighs the possible benefits. As a preliminary matter, it is Educators' unreasonable refusal to respond to interrogatories that necessitated the notice of deposition about which it complains. Certainly, responding to the interrogatories would be less expensive and it was within Educators' power to do so. Further, the factual basis for Educators' denial of the requests to admit is central to the case. It is plaintiff's contention that Educators breached it obligations to plaintiff and violated the law by abdicating its responsibilities to plaintiff and failing to obtain plaintiff's consent. Thus, Educators will be required to disclose the factual basis for its claim that it did not abdicate its responsibilities and that it did obtain plaintiff's consent - if not in discovery, than in the context of a motion for summary judgment or at trial. Requiring Educators to disclose this information during discovery, rather than later in the case, will likely conserve the resources of the litigants and the court, by limiting or eliminating certain issues.

7

Hickman, 329 U.S. at 501 (noting that the deposition-discovery procedure simply advances the stage at which disclosure can be compelled from the time of trial to the period preceding it.)

Finally, the authorities cited by Educators do not support quashing the deposition notice in this case. The cases cited by Educators involved second notices of deposition to non-parties. More importantly, unlike the cases cited by defendant, the deposition notice in this case is timely and requests a designation on a specific subject matter that is different from the first notice of deposition and seeks discovery of new information (e.g., the factual basis for Educators' claim that it obtained the consent of insureds prior to assigning their policies.) See e.g. Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192-193 (1st Cir. 2001) (granting motion to quash because defendant "present[ed] no evidence that any new, relevant information will be obtained if it is permitted to take the depositions.")

**CONCLUSION:**

In its Motion, Educators compares its knowledge of facts relevant to this lawsuit to an apple, and claims that plaintiff should not get a "second bite at the apple." This

argument is contrary to the very premise of broad discovery that the rules and the courts espouse. The discovery rules are intended to allow "the parties to obtain the fullest possible knowledge of the issues and facts before trial," unless there is clear evidence of bad faith, irrelevance, or an applicable privilege. Hickman, 329 U.S. at 501. Thus, the right to discovery should be broadly construed to allow litigants every opportunity to reach the very core of the apple - the truth. For the forgoing reasons, plaintiff respectfully requests that the Court deny defendant's Motion to Quash and for Protective Order or compel Educators to respond to plaintiff's interrogatories.

Dated: November 5, 2003

                                                  PLAINTIFF,
                                                  CANDI MCCULLOCH

                                                  By_____
                                                  Eliot B. Gersten, Esq.
                                                  Fed. Bar No. ct05213
                                                  GERSTEN & CLIFFORD
                                                  214 Main Street
                                                  Hartford, CT 06106
                                                  (860)527-7044
                                                  Her Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of November, 2003, a copy of the foregoing was mailed, postage prepaid to the following counsel of record via facsimile and U.S. mail:

Roberta J. Sharp, Esq.
Barry A. Chasnoff, Esq.
Jessica Spangler Taylor, Esq.
Akin Gump Strauss Hauer & Feld, LLP
300 Covent Street, Suite 1500
San Antonio, TX 78205
Tel: (210) 281-7146
Fax: (210) 224-2035

Donald E. Frechette, Esq. (ct 08930)
Joshua L. Milrad, Esq. (ct 19321)
Charles F. Gfeller, Esq.
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone (860) 525-5065
Facsimile (860) 527-4198

_____
Eliot B. Gersten

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI MCCULLOCH, :  Plaintiff, : | CIVIL ACTION NO.  3:01CV1115 (AHN) |
| v. : | |
| HARTFORD LIFE AND ACCIDENT : INSURANCE COMPANY and : EDUCATORS MUTUAL LIFE : INSURANCE COMPANY, : | |
| : Defendants. : | October 13, 2003 |

**DEFENDANT EDUCATORS LIFE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendant Educators Life Insurance Company's ("Educators") provides the following responses and objections to Plaintiff's fourth Set of Interrogatories and Request for Production.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

If you filed a denial as a response to any of the requests for admissions issued this same date, please set forth the factual basis for denying the request to admit, and set forth in your answer the following:

    a.    the names, addresses and telephone numbers of any individuals who have knowledge of the facts you allege to exist; and

    b.    the identification of any document you rely on in your answer or denial.

**ANSWER:**

Educators objects to this Interrogatory on grounds that it is overly broad and unduly burdensome. Educators further objects on grounds that this request exceeds twenty-five written interrogatories, including discreet subparts, in violation of Rule 33(a) of the Federal Rules of Civil Procedure.

Exhibit 1(A)

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Produce any and all documents to which you referred in preparing your responses to Plaintiff's Fourth Set of Interrogatories.

**RESPONSE:**

Educators objects to this request on grounds that it is overly broad and unduly burdensome. Subject to the foregoing objections, Educators has already produced documents responsive to this request.

Respectfully Submitted

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY AND
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY

By: *[signature]*
Barry A. Chasnoff (ct 1162)
Roberta J. Sharp (ct 24407)
Jessica S. Taylor (ct24408)
AKIN GUMP STRAUSS HAUER & FELD L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

AND

Donald E. Frechette (ct 08930)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

3

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent via facsimile October 13, 2003 and certified mail, return receipt requested October 14, 2003 to the following attorney:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106
Phone (860) 527-7044
Facsimile (860) 527-4968

_____
JESSICA SPANGLER TAYLOR