UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

| | | |
|---|---|---|
| CANDI MCCULLOCH, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:01CV1115 (AHN) |
| v. | : | |
| HARTFORD LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY and | : | |
| EDUCATORS MUTUAL LIFE | : | |
| INSURANCE COMPANY, | : | |
| | : | October 10, 2003 |
| Defendants. | : | |

---

## DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

---

Pursuant to Federal Rules of Civil Procedure 21, 33 and 34, Defendant Hartford Life and

Accident Insurance Company ("Hartford"), answers/response and objects to Plaintiff's Third Set

of Interrogatories and Requests for Production as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1.**        Provide a complete statement of all expert opinions to he expressed by Mr. McGoldrick and the basis and reasons therefore.

**RESPONSE:** Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure. Hartford further objects to this request on grounds that Mr. McGoldrick is a Hartford employee whose duties do not regularly involve giving expert testimony, and is not required to provide a report containing a complete statement of all his expert opinions and the basis or reasons therefore. This request, and Hartford's objections, are already the subject of Defendants' Response to Plaintiff's pending Motion to Strike Defendants' Expert Designations.

Exhibit 1(B)

**INTERROGATORY NO. 2.**        Identify the data or other information considered by Mr. McGoldrick in forming his opinions, as described in response to interrogatory number 1 above, and in Defendants' Designation of Expert Witnesses dated September 1.2003.

**RESPONSE:**   Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.  Hartford further objects to this request on grounds that Mr. McGoldrick is a Hartford employee whose duties do not regularly involve giving expert testimony, and is not required to provide a report containing a complete statement of all his expert opinions and the basis or reasons therefore.  This request, and Hartford's objections, are already the subject of Defendants' Response to Plaintiff's pending Motion to Strike Defendants' Expert Designations.

**INTERROGATORY NO. 3.**        Identify any exhibits to be used as a summary of or support for the opinions of Mr. McGoldrick as described in response to Interrogatory number 1, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:**   Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4.**        Describe the qualifications of Mr. McGoldrick to provide the opinions described in response to Interrogatory number 1. above and in Defendants' Designation of Expert Witnesses dated September 1, 2003, including a list of all publications authored by Mr. McGoldrick within the preceding 10 years.

**RESPONSE:**   Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 5.**        Identify the compensation to be paid to Mr. McGoldrick for providing his opinions and testimony, as described in paragraph 1, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:**   Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 6.**        List any other cases in which Mr. McGoldrick has testified as an expert at trial or by deposition within the preceding four years.

**RESPONSE:**   Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 7.**       Provide a complete statement of all expert opinions to be expressed by Ms. Deborah Laughran and the basis and reasons therefore.

**RESPONSE:** Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure. Hartford further objects to this request on grounds that Ms. Laughran is a Hartford employee whose duties do not regularly involve giving expert testimony, and is not required to provide a report containing a complete statement of all her expert opinions and the basis or reasons therefore. This request, and Hartford's objections, are already the subject of Defendants' Response to Plaintiff's pending Motion to Strike Defendants' Expert Designations.

**INTERROGATORY NO. 8.**       Identify the data or other information considered by Ms. Laughran in forming her opinions, as described in response to Interrogatory number 7 above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:** Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure. Hartford further objects to this request on grounds that Ms. Laughran is a Hartford employee whose duties do not regularly involve giving expert testimony, and is not required to provide a report containing a complete statement of all his expert opinions and the basis or reasons therefore. This request, and Hartford's objections, are already the subject of Defendants' Response to Plaintiff's pending Motion to Strike Defendants' Expert Designations.

**INTERROGATORY NO. 9.**       Identify any exhibits to be used as a summary of or support for the opinions of Ms. Laughran, as described in response to Interrogatory number 7, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:** Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 10.**       Describe the qualifications of Ms. Laughran to provide the opinions described in response to Interrogatory number 7, and in Defendants' Designation of Expert Witnesses dated September 1, 2003, including a list of all publications authored by Ms. Laughran within the preceding 10 years.

**RESPONSE:**    Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 11.**       Identify the compensation to be paid to Ms. Laughran for providing her opinions and testimony, as described in response to Interrogatory number 7, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:**    Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 12.**     List any other cases in which Ms. Laughran has testified as an expert at trial or by deposition within the preceding four years.

**RESPONSE:**   Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 13.**     Provide a complete statement of all expert opinions to be expressed by Ms. Joan Crandall and the basis and reasons therefore.

**RESPONSE:** Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure. Hartford further objects to this request on grounds that Ms. Crandall is a Hartford employee whose duties do not regularly involve giving expert testimony, and is not required to provide a report containing a complete statement of all her expert opinions and the basis or reasons therefore. This request, and Hartford's objections, are already the subject of Defendants' Response to Plaintiff's pending Motion to Strike Defendants' Expert Designations.

**INTERROGATORY NO. 14.**     Identify the data or other information considered by Ms. Crandall in forming her opinions, as described in response to Interrogatory number 13, above, and in Defendants' Supplemental Designation of Expert Witnesses dated September 2, 2003.

**RESPONSE:**   Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure. Hartford further objects to this request on grounds that Ms. Crandall is a Hartford employee whose duties do not regularly involve giving expert testimony, and is not required to provide a report containing a complete statement of all her expert opinions and the basis or reasons therefore. This request, and Hartford's objections, are already the subject of Defendants' Response to Plaintiff's pending Motion to Strike Defendants' Expert Designations.

**INTERROGATORY NO. 15.**     Identify any exhibits to be used as a summary of or support for the opinions of Ms. Crandall as described in response to interrogatory number 13, above, and in Defendants' Supplemental Designation of Expert Witnesses dated September 2, 2003.

**RESPONSE:**   Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure. Hartford further objects to this request on grounds that Ms. Crandall is a Hartford employee whose duties do not regularly involve giving expert testimony, and is not required to provide a report containing a complete statement of all her expert opinions and the basis or reasons therefore. This request, and Hartford's objections, are already the subject of Defendants' Response to Plaintiff's pending Motion to Strike Defendants' Expert Designations.

**INTERROGATORY NO. 16.**    Describe the qualifications of Ms. Crandall to provide the opinions described in response to Interrogatory number 13, above, and in Defendants' Supplemental Designation of Expert Witnesses dated September 2, 2003, including a list of all publications authored by Ms. Crandall within the preceding 10 years.

**RESPONSE:**    Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 17.**    Identify the compensation to be paid to Ms. Crandall for providing her opinions and testimony, as described in response to Interrogatory number 13, above, and in Defendants' Supplemental Designation of Expert Witnesses dated September 2, 2003, including a list of all publications authored by Ms. Crandall within the preceding 10 years.

**RESPONSE:**    Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 18.**    List any other cases in which Ms. Crandall has testified as an expert at trial or by deposition within the preceding four years.

**RESPONSE:**    Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 19.**    Provide a complete statement of all expert opinions to be expressed by Mr. Chasnoff and the basis and reasons therefore.

**RESPONSE:** Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure. This request, and Hartford's objections, are already the subject of Defendants' Response to Plaintiff's pending Motion to Strike Defendants' Expert Designations.

**INTERROGATORY NO. 20.**    Identify the data or other information considered by Mr. Chasnoff in forming his opinions, as described in response to Interrogatory number 19, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:** Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure. This request, and Hartford's objections, are already the subject of Defendants' Response to Plaintiff's pending Motion to Strike Defendants' Expert Designations.

**INTERROGATORY NO. 21.**      Identify any exhibits to be used as a summary of or support for the opinions of Mr. Chasnoff, as described in response to interrogatory number 19, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:** Hartford objects to this request on grounds that it exceeds the number of interrogatories, including discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 22.**      Describe the qualifications of Mr. Chasnoff to provide the opinions described in response to Interrogatory number 19, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003, including a list of all publications authored by Mr. Chasnoff within the preceding 10 years.

**RESPONSE:** Hartford objects to this request on grounds that it exceeds the number of interrogatories, including discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 23.**      Identify the compensation to be paid to Mr. Chasnoff for providing his opinions and testimony, as described in response to interrogatory number 19, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003, including a list of all publications authored by Mr. Chasnoff within the preceding 10 years.

**RESPONSE:** Hartford objects to this request on grounds that it exceeds the number of interrogatories, including discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 24.**      List any other cases in which Mr. Chasnoff has testified as an expert at trial or by deposition within the preceding four years.

**RESPONSE:** Hartford objects to this request on grounds that it exceeds the number of interrogatories, including discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 25.**      Provide a complete statement of all expert opinions to he expressed by Ms. Roberta Sharp and the basis and reasons therefore.

**RESPONSE:** Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure. This request, and Hartford's objections, are already the subject of Defendants' Response to Plaintiff's pending Motion to Strike Defendants' Expert Designations.

**INTERROGATORY NO. 26.**      Identify the data or other information considered by Ms. Sharp in forming her opinions as described in response to interrogatory number 25, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:**     Hartford objects to this interrogatory on grounds that it exceeds the number of interrogatories, including all discrete subparts, allowed under Rule 33 of the Federal Rules of

Civil Procedure. This request, and Hartford's objections, are already the subject of Defendants' Response to Plaintiff's pending Motion to Strike Defendants' Expert Designations.

**INTERROGATORY NO. 27.**     Identify any exhibits to be used as a summary of or support for the opinions of Ms. Sharp described in paragraph 25, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:**     Hartford objects to this request on grounds that it exceeds the number of interrogatories, including discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 28.**     Describe the qualifications of Ms. Sharp to provide the opinions described in response to Interrogatory number 25, above, and in Defendants' Designation of Expert Witnesses dated September 1,2003, including a list of all publications authored by Ms. Sharp within the preceding 10 years.

**RESPONSE:**     Hartford objects to this request on grounds that it exceeds the number of interrogatories, including discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 29.**     Identify the compensation to be paid to Ms. Sharp for providing her opinions and testimony, as described in response to interrogatory number 25, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:** Hartford objects to this request on grounds that it exceeds the number of interrogatories, including discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 30.**     List any other cases in which Ms. Sharp has testified as an expert at trial or by deposition within the preceding four years.

**RESPONSE:** Hartford objects to this request on grounds that it exceeds the number of interrogatories, including discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 31.**     List any correspondence between the defendants exchanged after September 2000 to the present, and in particular any correspondence mentioning the plaintiff.

**RESPONSE:** Hartford objects to this request on grounds that it exceeds the number of interrogatories, including discrete subparts, allowed under Rule 33 of the Federal Rules of Civil Procedure. Hartford further objects that this request invades the joint defense privilege.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Produce any and all documents to which you referred in preparing your responses to Plaintiff's Third Set of Interrogatories.

**RESPONSE:**  None.

**REQUEST FOR PRODUCTION NO. 2:**  Produce the data or other information considered by Mr. McGoldrick in forming his opinions, as described in response to Interrogatory number 1, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:**  Responsive documents have already been produced.

**REQUEST FOR PRODUCTION NO. 3:**  Produce any exhibits to be used as a summary of or support for the opinions of Mr. McGoldrick as described in response to interrogatory number 1, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:**  Responsive documents have been produced.

**REQUEST FOR PRODUCTION NO. 4:**  Produce all documents prepared by Mr. McGoldrick regarding, or related to, the applicable standards and proper procedures for an investigative unit from and including August 2000 to the present.

**RESPONSE:**  Hartford objects to this Request as overly broad and unduly burdensome, in that countless documents prepared by Mr. McGoldrick in the ordinary course and scope of his duties could be considered to relate to standards and procedures for an investigative unit.  Subject to and without waiving this objection, responsive documents have already been produced in the SIU Manual.

**REQUEST FOR PRODUCTION NO. 5:**  Produce all documents prepared by Mr. McGoldrick regarding, or related to, the expert report of Mary Fuller provided to defendant by plaintiff.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 6:**  Produce the data or other information considered by Ms. Laughran in forming her opinions as described in response to interrogatory number 7, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:**  Responsive documents have been produced.

**REQUEST FOR PRODUCTION NO. 7:**  Produce any exhibits to be used as a summary of or support for the opinions of Ms. Laughran, as described in response to interrogatory number 7, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:**  Responsive documents have already been produced.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents prepared by Ms. Laughran regarding, or related to, the applicable standards and proper procedures for claim adjudication and handling from and including August 2000 to the present.

**RESPONSE:** Hartford objects to this Request as overly broad and unduly burdensome, in that countless documents prepared by Ms. Laughran in the ordinary course and scope of her duties could be considered to relate to standards and procedures for claim adjudication and handling. Subject to and without waiving this objection, none.

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents prepared by Ms. Laughran regarding, or related to, the expert report of Mary Fuller provided to defendant by plaintiff.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 10:** Produce the data or other information considered by Ms. Crandall in forming her opinions, as described in response to interrogatory number 13, above, and in Defendants' Supplemental Designation of Expert Witnesses dated September 2, 2003.

**RESPONSE:** Responsive documents have been produced.

**REQUEST FOR PRODUCTION NO. 11:** Produce any exhibits to be used as a summary of or support for the opinions of Ms. Crandall as described in response to interrogatory number 13, above, and in Defendants' Supplemental Designation of Expert Witnesses dated September 2, 2003.

**RESPONSE:** Responsive documents have already been produced.

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents prepared by Ms. Crandall regarding or related to plaintiff's claim for future benefits.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 13:** Produce the data or other information considered by Mr. Chasnoff in forming his opinions, as described in response to interrogatory number 19, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:** None at this time.

**REQUEST FOR PRODUCTION NO. 14:** Produce any exhibits to be used as a summary of or support for the opinions of Mr. Chasnoff as described in response to interrogatory number 19, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:** None at this time.

**REQUEST FOR PRODUCTION NO. 15:** Produce the data or other information considered by Ms. Sharp in forming her opinions, as described in response to interrogatory number 25, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:** None at this time.

**REQUEST FOR PRODUCTION NO. 16:** Produce any exhibits to be used as a summary of or support for the opinions of Ms. Sharp described in paragraph 25, above, and in Defendants' Designation of Expert Witnesses dated September 1, 2003.

**RESPONSE:** None at this time.

Respectfully Submitted,

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY AND
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY

By _Roberta J Sharp_
     Barry A. Chasnoff (ct11162)
     Roberta J. Sharp (ct24407)
     Jessica S. Taylor (ct24408)
     Akin, Gump, Strauss, Hauer & Feld, LLP
     300 Convent, Suite 1500
     San Antonio, Texas 78205
     (210) 281-7000
     (210) 224-2035 (Fax)

- and -

     Donald E. Frechette (ct08930)
     William E. Murray (ct19717)
     Edwards & Angell, LLP
     90 State House Square, 9th Floor
     Hartford, CT 06103
     (860) 525-5065
     (860) 527-4198 (Fax)

## CERTIFICATION OF SERVICE

This is to certify that on the _10th_ day of October, 2003, a copy of Hartford Life Insurance Company's Objections and Responses to Plaintiffs' Third Set of Interrogatories and Requests for Production was served via facsimile and certified mail, return receipt requested, to:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106

_Jessica J Sharp_
JESSICA SPANGLER TAYLOR

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

CANDI MCCULLOCH,                          :

            Plaintiff          :          CIVIL ACTION NO.
                         :          3:01CV1115 (AHN)
v.                                        :

HARTFORD LIFE AND ACCIDENT               :
INSURANCE COMPANY and                    :
EDUCATORS MUTUAL LIFE                     :
INSURANCE COMPANY,                        :

           Defendants.          :          October 10, 2003

## VERIFICATION

STATE OF CONNECTICUT       §
                              §
COUNTY OF HARTFORD        §

     John A. McGoldrick, being duly sworn, deposes and states that he Director of Special

Investigations Unit of Hartford Life and Accident Insurance Company, Defendant in the above-

entitled case and that he verifies the foregoing Responses to Plaintiff's Third Set of

Interrogatories, Nos. 1, 2, 3, 4, 5, and 6, are within his personal knowledge, are true and correct,

and he is authorized to verify these responses on behalf of Defendants Educators Mutual Life

Insurance Company and Hartford Life and Accident Insurance Company.

                               _____
                               JOHN MCGOLDRICK
                               Hartford Life and Accident Insurance Company

     SWORN TO AND SUBSCRIBED BEFORE ME, to certify which witness my hand and

seal of office o this _10TH_ day of October, 2003.

                               _____
                               Notary Public in and for the State of Connecticut
                               My Commission Expires:
                               ANDREW C. STABNICK
                               COMMISSIONER OF THE SUPERIOR COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

CANDI MCCULLOCH,                        :
                                        :    CIVIL ACTION NO.
                    Plaintiff           :    3:01CV1115 (AHN)
                                        :
v.                                      :
                                        :
HARTFORD LIFE AND ACCIDENT              :
INSURANCE COMPANY and                   :
EDUCATORS MUTUAL LIFE                   :
INSURANCE COMPANY,                      :
                                        :    October 10, 2003
                    Defendants.         :

## VERIFICATION

STATE OF CONNECTICUT            §
                                §
COUNTY OF Hartford              §

Deb Laughran, being duly sworn, deposes and states that she is an STD and LTD Claim

Director of Hartford Life and Accident Insurance Company, Defendant in the above-entitled case

and that she verifies the foregoing Responses to Plaintiff's Third Set of Interrogatories, Nos. 7, 8,

9, 10, 11, and 12, are within her personal knowledge, are true and correct, and she is authorized

to verify these responses on behalf of Defendants Educators Mutual Life Insurance Company

and Hartford Life and Accident Insurance Company..


                                        DEBORAH LAUGHRAN
                                        Hartford Life and Accident Insurance Company

SWORN TO AND SUBSCRIBED BEFORE ME, to certify which witness my hand and

seal of office o this 10th day of Oct, 2003.


                                        Diane McFarlane, Notary Public
                                        Exp 11/30/04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

| | | |
|---|---|---|
| CANDI MCCULLOCH, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:01CV1115 (AHN) |
| v. | : | |
| | : | |
| HARTFORD LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY and | : | |
| EDUCATORS MUTUAL LIFE | : | |
| INSURANCE COMPANY, | : | |
| | : | October 10, 2003 |
| Defendants. | : | |

## VERIFICATION

STATE OF CONNECTICUT    §
                        §
COUNTY OF HARTFORD      §

    Joan Crandall, being duly sworn, deposes and states that she is an Associate Actuary of

Hartford Life and Accident Insurance Company, Defendant in the above-entitled case and that

she verifies the foregoing Responses to Plaintiff's Third Set of Interrogatories, Nos. 13, 14, 15,

16, 17, and 18, are within her personal knowledge, are true and correct, and she is authorized to

verify these responses on behalf of Defendants Educators Mutual Life Insurance Company and

Hartford Life and Accident Insurance Company.

 

JOAN CRANDALL
Hartford Life and Accident Insurance Company

    SWORN TO AND SUBSCRIBED BEFORE ME, to certify which witness my hand and

seal of office on this 10th day of October, 2003.

 

Andrew C. Stabnick
Commissioner of the Superior Court