UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI McCULLOCH<br>Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY AND<br>EDUCATORS MUTUAL LIFE<br>INSURANCE COMPANY<br>Defendants. | § CIVIL ACTION NO.<br>§ 301CV1115(AHN)<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ November 6, 2003 |

FILED 2003 NOV -7 P 2:00
US DISTRICT COURT

## DEFENDANT HARTFORD LIFE & ACCIDENT INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Hartford Life & Accident Insurance Company ("Hartford") moves for an order granting partial summary judgment against Plaintiff Candi McCulloch on her claims for bad faith, punitive damages, tortious interference with contract, and violations of the Connecticut Unfair Trade Practices Act ("CUTPA") and the Connecticut Unfair Insurance Practices Act ("CUIPA").[1]

There are no genuine issues of material fact as to Plaintiff's claims for bad faith, punitive damages, tortious interference with contract or CUTPA and CUIPA violations. Hartford conducted a thorough investigation of Plaintiff's disability claim before determining that she no longer met the definition of Totally Disabled under the Policy. Because Hartford's claim decision was made in good faith based on a reasonable investigation, Hartford is entitled to summary judgment on Plaintiff's bad faith and punitive damages claims. Moreover, Plaintiff's claim against Hartford for tortious interference with contract fails because Hartford cannot

---

[1] In a separate motion filed on November 5, 2003, Hartford opposed Plaintiff's Motion for Leave to file Second Amended Complaint to add the claims for tortious interference with contract, CUTPA, and CUIPA, and asks the Court to dismiss these claims under Fed. R. Civ. P. 12(b)(6).

063670.0229 WEST 5392120 v24             1

interfere with its own contract and it is barred by the applicable statute of limitations. Plaintiff's CUTPA claim is similarly barred by limitations and also fails because Plaintiff cannot establish an ascertainable loss proximately caused by a violation of CUTPA. Finally, there is no private right of action under CUIPA.

This motion is based upon the attached memorandum in support, the attached summary judgment evidence, the attached Local Rule 56(a)(1) statement, and all pleadings and papers on file.

By: _____
Barry A. Chasnoff (ct11162)
Roberta J. Sharp (ct24407)
Jessica S. Taylor (ct24408)
AKIN GUMP STRAUSS HAUER & FELD L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

AND

Donald E. Frechette (ct 08930)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANT
HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent via certified mail, return receipt requested to the following attorney on the ____7th____ day of November, 2003:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106
Phone (860) 527-7044
Facsimile (860) 527-4968

_____
ROBERTA J. SHARP
JESSICA S. TAYLOR