# *Exhibit D*

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CANDI MCCULLOCH,                          :

      Plaintiff,                        :     CIVIL ACTION NO.
                                          :     3:01CV1115 (AHN)
v.                                        :
                                          :
HARTFORD LIFE AND ACCIDENT                :
INSURANCE COMPANY and                     :
EDUCATORS MUTUAL LIFE                     :
INSURANCE COMPANY,                        :
                                          :     October 13, 2003
      Defendants.                       :

---

## DEFENDANT EDUCATORS MUTUAL LIFE INSURANCE COMPANY'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

---

Defendant Educators Mutual Life Insurance Company ("Educators") provides the

following objections and responses to Plaintiff's Request for Admissions.

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit that after November 30, 1999, Educators Mutual did not keep or maintain records relating to the plaintiff within its possession or control.

### RESPONSE:

Educators objects to this request on grounds that it is vague and ambiguous.  Subject to the foregoing objection, Educators admits that it did not keep or maintain Plaintiff's claim file within its possession or control after November 30, 1999.  However, Educators Mutual denies that it did not keep or maintain surveillance videos of Plaintiff after that date.  To the extent this request seeks the admission of anything further, denied.

### REQUEST FOR ADMISSION NO. 2:

Admit that during the period of July, 1999 to November, 1999, Educators transferred all of its files to Hartford relating to the plaintiff.

Case 3:01-cv-01115-AHN   Document 141-3   Filed 11/12/2003   Page 3 of 18

**RESPONSE:**

Educators objects to this request on grounds that it is vague and ambiguous.  Subject to the foregoing objection, Educators admits it sent Plaintiff's original claim file to Hartford  To the extent this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that between November, 1999 and February, 2001, Educators had no contact with the plaintiff.

**RESPONSE:**

Educators admits that it did not have any direct contact with the Plaintiff after November 1999. To the extent this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that between November, 1999 and February, 2001 Educators did not request that plaintiff supply proof of a continued disability.

**RESPONSE:**

Educators admits that after November 1999, Educators did not request that Plaintiff supply proof of continued disability directly to Educators.  To the extent this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Educators did not receive a written agreement from the policy owner to change any terms of the policy.

**RESPONSE:**

Educators objects to this request on the grounds that is vague, ambiguous, and does not adequately define the information sought.  Educators further objects that this request is overly broad in time.  Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that between June, 1999 to February 2001, Educators did not obtain a consent of any policy holder to change the policy or terms of the policy.

**RESPONSE:**

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objections, denied.

## REQUEST FOR ADMISSION NO. 7:

Admit that after November, 1999, Educators did not participate in the review of the claim submitted by plaintiff.

**RESPONSE:**

Educators objects to this request on grounds that it is vague and ambiguous. Subject to the foregoing objections, Educators admits that Educators did not participate in Hartford's handling of Plaintiff's disability claim after November 1999. To the extent this request seeks the admission of anything further, denied.

## REQUEST FOR ADMISSION NO. 8:

Admit that the attached Exhibit 1 is a true and correct copy of the letter terminating benefits to Candi McCulloch.

**RESPONSE:**

After making a reasonable inquiry, Educators states that the information known or readily obtainable by it is insufficient to enable it to admit or deny this request.

## REQUEST FOR ADMISSION NO. 9:

Admit that after November, 1999 to September, 2001, Educators had no contact with the Hartford regarding Candi McCulloch.

**RESPONSE:**

Admit.

## REQUEST FOR ADMISSION NO. 10:

Admit that after November, 1999 to September, 2001, Educators was not aware that the Hartford issued a termination of benefits letter (Exhibit 1) to Candi McCulloch.

Sent By: Aviva Cuyler Attorney at Law;       415 663 0680;       Nov-11-03  3:28PM;       Page 5/18
Received: 10/14/03 5:30AM; 1 860 527 4968-3 Aviva Cuyler Attorney at Law;   Page 31
OCT-14-2003 09:00        GERSTEN & CLIFFORD                  1 860 527 4968      P.31

Case 3:01-cv-01115-AHN    Document 141-3    Filed 11/12/2003    Page 5 of 18

**RESPONSE:**

Educators admits that it was not aware that Hartford terminated Plaintiff's benefits until this lawsuit was filed. To the extent this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that after November, 1999, Educators had no participation in any processing of the claim of Candi McCulloch.

**RESPONSE:**

Educators objects to this request on grounds that it is vague and ambiguous. Subject to the foregoing objections, Educators admits that Educators did not participate in Hartford's handling of Plaintiff's disability claim after November 1999.

**REQUEST FOR ADMISSION NO. 12:**

Admit that after November, 1999 to September, 2001, Educators had no communication with Hartford regarding Candi McCulloch.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that after July 30, 1999, Educators surrendered to Hartford all of its responsibilities it owed to plaintiff under the insurance policy.

**RESPONSE:**

Educators objects to this request on grounds that this request is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, Educators admits that it ceded 100 percent of the liability for and administration of the open claims subject to the Reinsurance Agreement to Hartford. To the extent that this request seeks the admission of anything further, denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that after July 30, 1999, Educators relinquished to Hartford all of its responsibilities it owed to plaintiff under the insurance policy.

## RESPONSE:

Educators objects to this request on grounds that it vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection Educators admits that it ceded 100 percent of the liability for and the administration of the open claims subject to the insurance agreement to Hartford. To the extent that this request seeks the admission of anything further, denied.

## REQUEST FOR ADMISSION NO. 15:

Admit that after July 30, 1999, Educators assigned all of its rights and responsibilities it had to plaintiff under the insurance policy to Hartford.

## RESPONSE:

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection Educators admits that it ceded 100 percent of the liability for and the administration of the open claims subject to the Reinsurance Agreement to Hartford. To the extent that this request seeks the admission of anything further, denied.

## REQUEST FOR ADMISSION NO. 16:

Admit that the plaintiff did not provide consent to the assignment of the policy to Hartford.

## RESPONSE:

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, denied.

## REQUEST FOR ADMISSION NO. 17:

Admit that neither of the defendants advised the plaintiff of the assignment of the policy from Educators to Hartford.

## RESPONSE:

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, denied.

## REQUEST FOR ADMISSION NO. 18:

Admit that neither of the defendants advised the plaintiff of the assignment of the "master contract" from Educators to Hartford.

## RESPONSE:

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, denied.

## REQUEST FOR ADMISSION NO. 19:

Admit that neither of the defendants advised the plaintiff of the assignment of the rights and liabilities set forth in the Educators' policy to Hartford.

## RESPONSE:

Educators objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, denied.

## REQUEST FOR ADMISSION NO. 20:

Admit that neither defendant advised any of the insureds named in the July 1999 Reinsurance Agreement between Hartford and Educators that Educators had ceded all of its rights and obligations under the policy to Hartford.

## RESPONSE:

Educators objects to this request on grounds that is vague, ambiguous, and does not adequately define the information sought. Educators further objects that this request is overly broad and is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this mater. Subject to the foregoing objection, denied.

## REQUEST FOR ADMISSION NO. 21:

Admit that after July 1999, Hartford was not administering claims on behalf of Educators, but had accepted all responsibility and liability under the policies set forth in the Reinsurance Agreement.

## RESPONSE:

Educators objects to this request on grounds that it is vague, ambiguous and does not adequately define the information sought in this request. Subject to the foregoing objections, denied.

## REQUEST FOR ADMISSION NO. 22:

Admit that after July 1999, Hartford has assumed administration of claims on its own behalf.

**RESPONSE:**

Educators objects to this request on the grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, after making reasonable inquiry, the information known or readily obtainable by Educators is insufficient to enable Educators to admit or deny this request.

Respectfully Submitted,

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY AND
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY

By _____
Barry A. Chasnoff (ct11162)
Roberta J. Sharp (ct24407)
Jessica S. Taylor (ct24408)
Akin, Gump, Strauss, Hauer & Feld, LLP
300 Convent, Suite 1500
San Antonio, Texas 78205
(210) 281-7000
(210) 224-2035 (Fax)

- and -

Donald E. Frechette (ct08930)
William E. Murray (ct19717)
Edwards & Angell, LLP
90 State House Square, 9th Floor
Hartford, CT 06103
(860) 525-5065
(860) 527-4198 (Fax)

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing document was sent via facsimile October 13, 2003

and certified mail, return receipt requested October 14, 2003 to the following attorney:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106

JESSICA SPANGLER TAYLOR

# *Exhibit E*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CANDI MCCULLOCH,                          :
                                          :    CIVIL ACTION NO.
        Plaintiff,                        :    3:01CV1115 (AHN)
                                          :
v.                                        :
                                          :
HARTFORD LIFE AND ACCIDENT                :
INSURANCE COMPANY and                     :
EDUCATORS MUTUAL LIFE                     :
INSURANCE COMPANY,                        :
                                          :    October 13, 2003
        Defendants.                       :

---

## DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

---

Defendant Hartford Life and Accident Insurance Company ("Hartford") provides the

following responses and objections to Plaintiff's Requests for Admissions.

### REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that after November 30, 1999, Educators Mutual did not keep or maintain records relating to the plaintiff within its possession or control.

**RESPONSE:**

Hartford objects to this request on grounds that it is vague and ambiguous. Subject to the foregoing objection, after making a reasonable inquiry, the information known or readily obtainable made by Hartford is insufficient to enable Hartford to admit or deny this request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that during the period of July, 1999 to November, 1999, Educators transferred all of its files to Hartford relating to the plaintiff.

Case 3:01-cv-01115-AHN     Document 141-3     Filed 11/12/2003     Page 12 of 18
OCT-14-2003  08:58          GERSTEN & CLIFFORD               1 860 527 4968      P.21

**RESPONSE:**

Hartford objects to this request on the grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objections, after making a reasonable inquiry, the information known or readily obtainable by Hartford is insufficient to enable Hartford to admit or deny this request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that between November, 1999 and February, 2001, Educators had no contact with the plaintiff.

**RESPONSE:**

After making a reasonable inquiry, the information known or readily obtainable by Hartford is insufficient to enable Hartford to admit or deny this request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that between November, 1999 and February, 2001 Educators did not request that plaintiff supply proof of a continued disability.

**RESPONSE:**

After making a reasonable inquiry, the information known or readily obtainable by Hartford is insufficient to enable Hartford to admit or deny this request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Educators did not receive a written agreement from the policy owner to change any terms of the policy.

**RESPONSE:**

Hartford objects to this request on the grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, after making reasonable inquiry, the information known or readily obtainable by Hartford is insufficient to enable Hartford to admit or deny this request.

## REQUEST FOR ADMISSION NO. 6:

Admit that between June, 1999 to February 2001, Educators did not obtain a consent of any policy holder to change the policy or terms of the policy.

## RESPONSE:

Hartford objects to this request on grounds that it is vague, ambiguous, and do not adequately define the information sought. Subject to the foregoing objections, after making reasonable inquiry, the information known or readily obtainable by Hartford is insufficient to enable it to admit or deny this request.

## REQUEST FOR ADMISSION NO. 7:

Admit that after November, 1999, Educators did not participate in the review of the claim submitted by plaintiff.

## RESPONSE:

Hartford objects to this request on grounds that it is vague and ambiguous. Subject to the foregoing objections, Hartford admits that Educators did not participate in Hartford's handling of Plaintiff's disability claim after November 1999. To the extent this request seeks the admission of anything further, denied.

## REQUEST FOR ADMISSION NO. 8:

Admit that the attached Exhibit 1 is a true and correct copy of the letter terminating benefits to Candi McCulloch.

## RESPONSE:

Admit.

## REQUEST FOR ADMISSION NO. 9:

Admit that after November, 1999 to September, 2001, Educators had no contact with the Hartford regarding Candi McCulloch.

## RESPONSE:

Admit.

063670.0229 WEST 5360455 v2

3

Sent By: Aviva Cuyler Attorney at Law;    415 663 0680;    Nov-11-03  3:31PM;    Page 14/18

OCT-14-2003  08:58    GERSTEN & CLIFFORD    Case 3:01-cv-01115-AHN    Document 141-3    Filed 11/12/2003    Page 14 of 18    1 860 527 4968    P.23

## REQUEST FOR ADMISSION NO. 10:

Admit that after November, 1999 to September, 2001, Educators was not aware that the Hartford issued a termination of benefits letter (Exhibit 1) to Candi McCulloch.

## RESPONSE:

After making reasonable inquiry, the information known or readily obtainable by Hartford is insufficient to enable it to admit or deny this request.

## REQUEST FOR ADMISSION NO. 11:

Admit that after November, 1999, Educators had no participation in any processing of the claim of Candi McCulloch.

## RESPONSE:

Hartford objects to this request on grounds that it is vague and ambiguous. Subject to the foregoing objections, Hartford admits that Educators did not participate in Hartford's handling of Plaintiff's disability claim after November 1999.

## REQUEST FOR ADMISSION NO. 12:

Admit that after November, 1999 to September, 2001, Educators had no communication with Hartford regarding Candi McCulloch.

## RESPONSE:

Admit.

## REQUEST FOR ADMISSION NO. 13:

Admit that after July 30, 1999, Educators surrendered to Hartford all of its responsibilities it owed to plaintiff under the insurance policy.

## RESPONSE:

Hartford objects to this request on the grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, Hartford admits that Educators ceded 100 percent of its liability for and the administration of the open claims subject to the reinsurance agreement to Hartford. To the extent this request seeks the admission of anything further, denied.

Sent By: Aviva Cuyler Attorney at Law;      415 663 0680;      Nov-11-03  3:31PM;      Page 15/18

OCT-14-2003 08:03   Case 3:04-cv-01115-AHN   Document 141-3   Filed 11/12/2003   Page 15 of 18   P.24
GERSTEN & CLIFFORD                                      1 860 527 4968

## REQUEST FOR ADMISSION NO. 14:

Admit that after July 30, 1999, Educators relinquished to Hartford all of its responsibilities it owed to plaintiff under the insurance policy.

## RESPONSE:

Hartford objects to this request on the grounds that it is vague, ambiguous, and does not adequately define the information sought. Hartford further objects on grounds that this request is redundant of request no. 13. Subject to the foregoing objections, Hartford admits that Educators ceded 100 percent of its liability for and the administration of the open claims subject to the insurance agreement to Hartford. To the extent that this request seeks the admission of anything further, denied.

## REQUEST FOR ADMISSION NO. 15:

Admit that after July 30, 1999, Educators assigned all of its rights and responsibilities it had to plaintiff under the insurance policy to Hartford.

## RESPONSE:

Hartford objects to this request on the grounds that it is vague, ambiguous, and does not adequately define the information sought. Hartford further objects on grounds that this request is redundant of request no. 13. Subject to the foregoing objections, Hartford admits that Educators ceded 100 percent of the liability for and the administration of the open claims subject to the insurance agreement to Hartford. To the extent that this request seeks the admission of anything further, denied.

## REQUEST FOR ADMISSION NO. 16:

Admit that the plaintiff did not provide consent to the assignment of the policy to Hartford.

## RESPONSE:

Hartford objects to this request on the grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the forgoing objection, denied.

## REQUEST FOR ADMISSION NO. 17:

Admit that neither of the defendants advised the plaintiff of the assignment of the policy from Educators to Hartford.

Sent By: Aviva Cuyler Attorney at Law;     415 663 0680;     Nov-11-03  3:31PM;     Page 16/18
Received: ~~~~~~~~~~~~~~~~~
OCT-14-2003  08:59        GERSTEN & CLIFFORD            1 860 527 4968     P.25

Case 3:01-cv-01115-AHN   Document 141-3   Filed 11/12/2003   Page 16 of 18

**RESPONSE:**

Hartford objects to this request on the grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that neither of the defendants advised the plaintiff of the assignment of the "master contract" from Educators to Hartford.

**RESPONSE:**

Hartford objects to this request on the grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objection, denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that neither of the defendants advised the plaintiff of the assignment of the rights and liabilities set forth in the Educators' policy to Hartford.

**RESPONSE:**

Hartford objects to this request on the grounds that it is vague, ambiguous, and does not adequately define the information sought. Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that neither defendant advised any of the insureds named in the July 1999 Reinsurance Agreement between Hartford and Educators that Educators had ceded all of its rights and obligations under the policy to Hartford.

**RESPONSE:**

Hartford objects to this request on the grounds that it is vague, ambiguous, and does not adequately define the information sought. Hartford further objects this request on the grounds that is overly broad and is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter. Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 21:**

Admit that after July 1999, Hartford was not administering claims on behalf of Educators, but had accepted all responsibility and liability under the policies set forth in the Reinsurance Agreement.

Sent By: Aviva Cuyler Attorney at Law;     415 663 0680;      Nov-11-03  3:32PM;      Page 17/18
Received:      Case 3:01-cv-01115-AHN   1 860 527 4968 1-3  Aviva Cuyler Attorney at Law;  Page 20
OCT-14-2003  08:59      GERSTEN & CLIFFORD                1 860 527 4968    P.26
Case 3:01-cv-01115-AHN   Document 141-3   Filed 11/12/2003   Page 17 of 18

**RESPONSE:**

Hartford objects to this request on the grounds that it is vague and ambiguous, and does not adequately define the information sought. Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 22:**

Admit that after July 1999, Hartford has assumed administration of claims on its own behalf.

**RESPONSE:**

Hartford objects to this request on grounds that it is vague, ambiguous, and does not adequately define the information sought.

Sent By: Aviva Cuyler Attorney at Law; 415 663 0680; Nov-11-03 3:32PM; Page 18/18
Received 10/13/03 9:01AM;
OCT-14-2003 08:59    GERSTEN & CLIFFORD

Case 3:01-cv-01446-AHN    Document 141-3    Filed 11/12/2003    Page 18 of 18

Aviva Cuyler Attorney at Law; Page 27
1 860 527 4968    P.27

Respectfully Submitted,

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY AND
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY

By _____
Barry A. Chasnoff (ct11162)
Roberta J. Sharp (ct24407)
Jessica S. Taylor (ct24408)
Akin, Gump, Strauss, Hauer & Feld, LLP
300 Convent, Suite 1500
San Antonio, Texas 78205
(210) 281-7000
(210) 224-2035 (Fax)

- and -

Donald E. Frechette (ct08930)
William E. Murray (ct19717)
Edwards & Angell, LLP
90 State House Square, 9th Floor
Hartford, CT 06103
(860) 525-5065
(860) 527-4198 (Fax)

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing document was sent via facsimile October 13, 2003 and certified mail, return receipt requested October 14, 2003 to the following attorney:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106

_____
JESSICA SPANGLER TAYLOR

063670.0229 WEST 5360455 v2

8