

202 North Prince Street     717-397-2751
P.O. Box 83149     800-233-0307
Lancaster, PA 17608-3149     FAX: 717-481-8252

August 26, 1999

Candi McCulloch MD
119 Turkey Hill Road
Florence, MA   91962

Re:     Long Term Disability Claim
        PG-85

Dear Dr. McCulloch:

Effective July 1, 1999, Educators Mutual Life Insurance Company has contracted with Group Reinsurance Plus (GRP), a service provider segment of Hartford Life and Accident Insurance Company, to administer your disability claim.

This in no way affects your rights under your Certificate of Insurance. None of the provisions of your policy which affect the determination of your disability benefit amount or duration of payments have changed as a result of this transfer.

This is your final check from Educators Mutual Life covering the period August 1, 1999 through October 31, 1999. This advance payment is necessary to allow enough lead time for the new claims administrator to transfer all claim information to their system. The benefit payment for November 1999 will come directly from GRP near the end of November. Details regarding future claim payments will be sent to you from GRP prior to their first payment.

If you have any questions regarding your claim, please feel free to contact GRP after September 20, 1999 by writing to the address below, or by calling their toll-free number.

      Group Reinsurance Plus
      P.O. Box 2993
      Hartford, CT   06101

      Toll free number:  800-359-8391

Sincerely,

                               H  2027

Jon D. Eisenberg
Disability Claims Specialist
Life and Disability Department

**ADMINISTERED BY HARTFORD LIFE ON
BEHALF OF EDUCATORS MUTUAL LIFE CO.**



THE
HARTFORD

December 15, 1999

Candi McCulloch MD
63 Grove Ave
Leeds, MA 01053

Dear Dr. McCulloch:

We are writing in regards to your claim for Long Term Disability (LTD) benefits.

In reviewing your claim, we have found that effective September 1st of each year; you are due a Cost of Living Adjustment (COLA). A recalculation of your monthly benefit was performed and has resulted in an underpayment of your claim. Figures used to perform this recalculation were taken from the Consumer Price Index (CPI) put out by the Bureau of Labor Statistics Data. Your underpayment is comprised as follows:

**Actually Paid:**
October 1, 1999 through November 30, 1999          $7475.30 x 2 = $14,950.60

**Should Have Paid:**
October 1, 1999 through November 30, 1999          $7658.00 x 2 = $15,316.00

**Underpayment:**
$15,316.00 - $14,950.60 = $365.40

A check in the amount of $8023.40 has been sent to you under separate cover. This amount represents your December benefit of $7658.00 as well as the underpayment amount of $365.40. Please note that your next LTD benefit payment of $7658 will be sent to you in January 2000, so as to reach you by the end of that month. You will continue receiving a monthly benefit in the amount of $7658.00 through August 2000. After that your benefit will be recalculated and will reflect your COLA.

If you have any questions regarding this matter, please feel free to contact me at 800-359-8391, ext.35413.

Sincerely,

Susan A. Wilk
Claims Examiner
Hartford Life and Accident Insurance Co.

Hartford Life Insurance Companies
Simsbury Disability Claim Office
175 Powder Forest Drive
Simsbury, CT 06089

Mailing Address: P.O. Box 2999
Hartford, CT 06104-2999
Toll Free 800 359 8391
Facsimile 860 843 4716

CMc 052
4

**ADMINISTERED BY HARTFORD LIFE ON
BEHALF OF EDUCATORS MUTUAL LIFE CO.**

THE HARTFORD

December 15, 1999

Candi McCulloch MD
63 Grove Ave
Leeds, MA 01053

Dear Dr. McCulloch:

We are writing to you regarding your claim for Long Term Disability (LTD) benefits. In order to properly evaluate your LTD claim, it is necessary to periodically update our records with regard to your disability and other income benefits you are receiving or are eligible to receive.

Please complete and return the following:

Authorization to Obtain and Release Information
Claimant Questionnaire
~~Personal Profile Evaluation~~

Please have the physician treating you complete and return the following:

Attending Physician Statement

Please return all requested information within thirty (30) days in order to avoid any delays in the processing of your claim for benefits.

If you have any questions, please do not hesitate to contact me at 800-359-8391, ext. 35413.

Sincerely,

Susan A. Wilk
Claims Examiner
Hartford Life and Accident Insurance Co.

Hartford Life Insurance Companies
Simsbury Disability Claim Office
175 Powder Forest Drive
Simsbury, CT 06089

Mailing Address: P.O. Box 2999
Hartford, CT 06104-2999
Toll Free 800 359 8391
Facsimile 860 843 4716

CMc 053

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CANDI McCULLOCH                                    :        CIVIL ACTION NO. 301CV1115(AHN)
    Plaintiff,                                  :
                                                :
vs.                                                :
                                                :
HARTFORD LIFE AND ACCIDENT                         :
INSURANCE COMPANY and EDUCATORS                    :
MUTUAL LIFE INSURANCE COMPANY                      :
    Defendants.                                 :        APRIL 22, 2002

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 33, et seq., Plaintiff Candi McCulloch hereby requests that the

Defendant Educators Mutual Life Insurance Company answer the Interrogatories and Requests for

Production set forth herein, separately, fully, in writing and under oath within thirty days (May 20,

2002).

## DEFINITIONS

As used in these interrogatories and production requests, the terms listed below are defined

as follows:

    1.    The terms "you" and "your" mean the entity to which these interrogatories are

addressed, including any divisions, departments, subsidiaries, affiliates, or predecessors, present or

former officers, directors, employees, owners or agents of each such entity and all other persons

acting or purporting to act on behalf of each such entity or person, as well as each partnership in

which that entity or person is a partner.

    2.    The term "document" means all writings of any kind, including the originals and

identical copies, whether different from the originals by reason of any notation made on such copies

or otherwise including, without limitation correspondence, memoranda, notes, diaries, studies,

5

checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra office communications (including email messages), offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefaxes, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or aural records of representations of any kind (including, without limitation, tapes, cassettes, discs, recordings).

3.     The term "all documents" means every document as above defined known to you and every such document which can be located or discovered by reasonably diligent efforts.

4.     The term "person" means any natural person, corporation, partnership, proprietorship, association, organization, team, or group of natural persons.

5.     The term "identify," when used in reference to a natural person, means to state to the fullest extent possible his or her full name, present or last known address, business address, occupation and position at the time in question.

6.     The term "identify," when used in reference to any person other than a natural person means to state to the fullest extent possible the full name and present or last known address of the principal place of business of the corporation, partnership, proprietorship, association or other organization to be identified.

7.     The term "identify" when used in reference to a document, means to state the date, author and type of document (e.g., letter, memorandum, telegram, chart, etc.), or to provide some other means of identifying it, and to disclose its present location and custodian. If any document was but is no longer in your possession or subject to your control, state what disposition was made of it.

8.     The terms "describe" and "state" shall mean to describe and/or state fully by reference

to underlying facts rather than by alternate facts or conclusions of fact or law, and particularized as to time, place, and manner.

9.     The term "describe" when referring to oral communications, requires you to state: (a) the type of communication (e.g., meeting, telephone conversation, etc.); (b) the identity of the persons involved in the communication, present during it or who listened to it; and (c) the location and date of the communications.

10.     The terms "regard," "concern," "mention," "refer to," or "relate to" with regard to any given subject matter shall mean all material that constitutes, contains, embodies, reflects, identifies, states, or in any way deals with that subject, including, without limitation, documents which relate to the preparation of another document or are attached to or constitute enclosures with another document.

11.     The term "McCulloch" refers to the plaintiff Candi McCulloch. The term "Hartford" refers to defendant Hartford Life and Accident Insurance Company. The term "Educators" refers to Educators Mutual Life Insurance Company.

12.     The term "Policy" refers to the group disability insurance policy issued by defendant Educators and attached as Exhibit A to the plaintiff's complaint.

13.     The relevant time period for purposes of answering these interrogatories shall be from September 1995 to present.

## INSTRUCTIONS

A.     The rules of construction set forth in Rule 39 of the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut are incorporated herein by reference.

B.    If you are unable to respond to or comply with any interrogatory completely, respond to the extent possible.

C.    With respect to each interrogatory, the disclosure Plaintiff seeks is all information known to you, or available to you by reasonably diligent efforts, including without limitation all information which is in your files (whether personal, business, or any other file), possession, custody or control or those of your present or former attorneys, advisors, accountants, agents, representatives, directors, officers, or employees.

D.    With respect to any information sought in an interrogatory which is withheld on the basis of privilege, state the grounds on which the privilege is claimed.

E.    Unless otherwise indicated, these interrogatories refer to the times, places, events, and occurrences mentioned and/or complained of in the Amended Complaint.

## INTERROGATORIES

1.    State the name, address, and position of all persons who provided information for the answering of these interrogatories and production requests.

**RESPONSE**

-4-

2.    Identify all documents and oral communications relating to the negotiations and delivery of the Master Policy relating to the disability policy issued to the Plaintiff.

**RESPONSE**

3.    Identify any and all communications, including documents or contracts, relating to the assumption of the function of administrator for the contract from Hartford Life and Accident Insurance Company.

**RESPONSE**

-5-

## REQUESTS FOR PRODUCTION

If you contend that any requested document is privileged or otherwise not subject to discovery, please identify the document (including the author, date, addressee, and intended recipient) and state in your response to the request the basis for such contention and the grounds upon which you contend the document is not subject to discovery. With respect to the documents for which you claim the attorney-client privilege or protection of the work product doctrine, please also identify or state (a) the attorney and the client; (b) the complete bases for every claim of privilege; (c) the complete basis for every claim that the document contains the mental impression, conclusion, opinion or legal theory of any attorney concerning the litigation or that such material was prepared in anticipation of litigation, the identity of such attorney and the litigation for which the document was prepared; (d) all persons who received a copy of the document; and (e) all persons to whom the substance of the document has been disclosed, in whole or in part, at any time.

Furthermore, please identify all documents responsive to any request which are no longer in existence or which are no longer in your possession and describe the circumstances under which such documents were destroyed or left your possession, and identify all persons or locations from which copies of the documents might be obtained.

1.     Produce any and all documents to which you referred in preparing your responses to Plaintiff's First Set of Interrogatories.

2.     Produce any and all documents relating to the negotiation and delivery of the Master Policy relating to the disability policy issued to Candi McCulloch.

3.     Produce any and all documents, relating to the assumption of the function of administrator for the contract from Hartford Life and Accident Insurance Company.

-6-

PLAINTIFF,
CANDI MCCULLOCH

By: _____

Eliot B. Gersten (ct05321)
Gersten & Clifford
214 Main Street
Hartford, CT 06106
(860) 527-7044
Her Attorney

-7-

## <u>CERTIFICATION</u>

I hereby certify that I have reviewed the foregoing Interrogatories and responses thereto and verify that they are true and accurate to the best of my knowledge and belief this _____ day of _____, 2002.

**Educators Mutual Life Insurance Company**

By: _____

Its:

Duly Authorized

STATE OF                          :
                                          :ss:
COUNTY OF                     :

On this _____ day of _____, 2002, before me the undersigned officer, personally appeared _____, who acknowledged himself/herself to be the _____ of Educators Mutual Life Insurance Company, and that he/she as such officer, being duly authorized so to do, executed the foregoing instrument for the purposes therein contained.

**IN WITNESS WHEREOF**, I hereunto set my hand.

_____
Commissioner of the Superior Court
Notary Public
My Commission Expires: _____

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2002, a copy of the foregoing was mailed, postage prepaid

to the following:

Donald E. Frechette, Esq. (ct 08930)
Joshua L. Milrad, Esq. (ct19321)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone (860) 525-5065
Facsimile (860) 527-4198

_____
Eliot B. Gersten