UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CANDI McCULLOCH
    Plaintiff,

CIVIL ACTION NO.:
301CV1115(AHN)

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and EDUCATORS
MUTUAL LIFE INSURANCE COMPANY
    Defendants.

August 9, 2002

**DEFENDANT, HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY'S NOTICE OF SERVICE OF UNEXECUTED
BETTER ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, Hartford Life and Accident Insurance Company, by and through its undersigned counsel, herewith gives notice of serving its Unexecuted Better Answers to Plaintiffs' First Set of Interrogatories, numbered 1 - 25, which were served on November 26, 2001 to Defendant.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY

_____
Keith D. Post, Esq. (ct 23702)
Co-Counsel for Defendants
Gallwey Gillman Curtis & Vento, P.A.
200 S.E. First Street, Suite 1100
Miami, Florida 33131
Phone: (305) 358-1313
Facsimile: (305) 371-5826

Donald E. Frechette, Esq. (ct 08930)
Edwards & Angell, L.L.P.
90 State House Square, 9th Floor
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

CIVIL ACTION NO.: 301CV1115(AHN)

## DEFENDANT, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S BETTER ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Interrogatory No. 2: Identify all documents and oral communications related to Educator's acceptance of McCulloch's October, 1995 claim for disability.

**RESPONSE: Documents bate-stamped: H 2096-2099, 2007, 2008, 2242-2243, 2091-2092, 2094-2095, 2235, 2234, 2218, 2179, 2228-2233, 2120, 2236, 2093, 2101, 2217, 2100, 2023, 2219, 4394-4395, 2168-2169, 595-604, 1662-1666, 1630-1640, 1647-1649, 1641-1646, 1650-1651, 505-506, 459-461, 462-464, 498-504, 936-937, 935, 500.**

**Defendant is still endeavoring to obtain information that may be responsive to this interrogatory. If there is any additional information, it will be provided shortly.**

Interrogatory No. 3: Identify each and every person who participated in the adjudication of McCulloch's claim for Long Term Disability benefits under the Policy between 1995 to date.

### I. Hartford Life

**RESPONSE**: Kim Gabrielsen, Senior Investigative Analyst, 4245 Meridian Parkway, Aurora, IL 60504.

John McGoldrick, Director of Special Investigations Unit, 200 Hopmeadow Street, Simsbury, CT 06089.

William Moryto, Investigator SIU, Simsbury, CT.

Edward T. Golden, Jr., Investigator SIU, Simsbury, CT.

Susan A. Wilk, Claims Examiner, 7 Waterside Crossing, Suite 101, Windsor, CT 06095.

Carol Johnson, Claims Specialist, Windsor, CT.

Diane M. Favreau, Claim Specialist, Windsor, CT.

Kim Huber, Claims Specialist, Simsbury, CT.

Joseph R. Sterle, nurse, no longer employed by Hartford Life. Last known address is 1345 Towne Lake Hills South Drive, Building 700, Apt. 108, Woodstock, GA 30189.

GALLWEY GILLMAN CURTIS & VENTO, P.A.
200 SOUTHEAST FIRST STREET, SUITE 1100, MIAMI, FLORIDA 33131-2104 • TEL. (305) 358-1313 • FAX (305) 371-5826

CIVIL ACTION NO.: 301CV1115(AHN)

Marcia P. Anderson-Esson, R.N., Nurse, Windsor, CT.

Deb Laughran, Manager Claims Department for Group Reinsurance, Windsor, CT.

Pam Mormino, Director of Claims, Windsor, CT.

## II. American College of Physicians

Joseph J. Calamita, Group Insurance Administrators for the American College of Physicians, 666 Township Line Road, Havertown, PA 19083.

Vincent T. Lallone, Havertown, PA.

## III. Educators

John T. Craft, Jr., 202 North Prince Street, Post Office Box 83149, Lancaster, PA 17608-3149.

Leta R. Sharkey, M.S., N.C.C., Disability Management Consultant, Lancaster, PA.

Elaine Mayer, R.N., Lancaster, PA.

Margaret H. Ford, M.S., C.R.C., C.C.M. Disability Case Manager, Lancaster, PA.

John D. Eisenberg, Disability Benefits Specialist. Lancaster, PA.

Ken Warnock, Lancaster, PA.

Teal Busansky, Lancaster, PA.

Treasa A., Lancaster, PA.

Defendant is still in the process of gathering information with which to respond to this interrogatory. If any further information is available, it will be provided shortly.

To the extent the scope of this interrogatory or the definition of "participated" would also include those who contributed nothing to the substantive decision, but who were minimally involved in menial or other similar tasks, Hartford Life objects on the ground that such interrogatory is overly broad.

-4-

CIVIL ACTION NO.: 301CV1115(AHN)

Interrogatory No. 4: For each individual identified above, describe in detail the nature of that person's participation in the adjudication of McCulloch's claim for Long Term Disability benefits under the Policy.

**RESPONSE:** **Kim Gabrielsen ("Gabrielsen")** - Gabrielsen was actively involved in the claim including reviewing and obtaining medical records and reports, reviewing attending physician's reports, reviewing surveillance reports/videos, reviewing IME/FCE reports, reviewing claimant's statements, making recommendations and/or decisions regarding investigation of the claim, contacting and obtaining information from other insurance companies, communicating with and managed investigative vendors, conferring with SUI Investigations, conferring with claims personnel and being involved in the decision not to extend further policy benefits. She signed the denial letter. The activity log (# 2401-2411), the summary detail report (#2441-2465), and the e-mails (#2709, 2654, 4102, 4104, 2648, 2649, 2650, 2638, 2637, 2636, 3966, 2552, 2551, 2524 and 3641, contain information memorializing her involvement.

**John McGoldrick ("McGoldrick")** - McGoldrick supervised Gabrielsen, Moryto and Golden, reviewed and discussed surveillance video with Gabrielsen, participated in decision to have IME/FCE scheduled, participated in decisions regarding claimant being interviewed, was kept appraised of investigation by Gabrielsen, attended meeting on August 25, 2000, dealing with interview of claimant, concurred in decision to send surveillance video to IME physician, discussed scope of claimant's interview, advised of decision to send IME reports and surveillance video to treating physician(s), participated in decision whether there was a need for further surveillance and/or needed analysis, and discussed releasing information to claimant's attorney. The activity log and e-mails contain information memorializing his involvement.

**William Moryto ("Moryto")** - Moryto participated in the investigation of McCulloch's claim, principally regarding the setting up and taking of McCulloch's interview/statement on September 8, 2000. He participated in determining the scope of the interview with McCulloch, he dealt with McCulloch regarding the interview and it being scheduled, and he actually took McCulloch's statement. Moryto was kept appraised of other aspects of the investigation including the setting up of the FCE/IME and providing the report and surveillance to treating physicians. The activity Log and the e-mails contain information memorializing his involvement. Moryto also prepared an investigative report dated November 1, 2000.

**Edward T. Golden ("Golden")** - Golden attended a meeting on September 6, 2000, to discuss McCulloch's interview and was involved in the interview. Golden also attended and participated in interviewing McCulloch in September 2000.

-5-

Susan Wilk ("Wilk") - Wilk was the claims examiner who was primarily involved in McCulloch's claim. She gathered and reviewed medical information, claimant's statements and other documents pertaining to the claim. She participated in meetings and decisions involving the handling of the claim, such as interviewing the claimant and having an IME/FCE conducted. She communicated with physicians offices, she reviewed the surveillance video and she communicated with the claimant. The summary detail report and the e-mails contain information memorializing her involvement.

Carol Johnson ("Johnson") - She was involved in the initial review of the claim upon its receipt from Educators and the determination that additional claim information needed to be obtained.

Kim Huber ("Huber") - Huber reviewed the claim and concurred with the decision to not extend further benefits to McCulloch.

Diane Favreau ("Favreau") - Favreau acted as Susan Wilk's mentor. She was actively involved in handling the claim. Favreau participated in the decisions concerning the IME/FCE and conducting of an interview with Claimant. She was also involved in communicating with treating physicians and sending the surveillance and IME report to them. She also recommended requesting that additional information and forms be provided (a PPE and proof of age.) She also participated in preparation of the termination letter. The summary detail report, activity log and e-mails contain information memorializing her involvement.

Marcia P. Anderson-Esson ("Esson") - Esson participated in the discussion involving sending the IME report and surveillance tape to treating physicians.

Joseph Sterle ("Sterle") - Sterle was a nurse working for Hartford Life. He was involved in the decisions regarding conducting an IME/FCE and claimant's interview. He communicated both with the IME physician's office and McCulloch regarding the IME. He also reviewed the surveillance tape. He further cleared up a question involving a typo in Dr. Magana's records. The summary detail report, activity log and the e-mails contain information memorializing his involvement.

Deb Laughran ("Laughran") - She participated in meetings concerning the interview scheduling and the scope of the interview. She also participated in the decision to send the IME Report and surveillance tape to treating physicians. She further participated in the decision as to whether to conduct additional review of medicals.

Pam Mormino ("Mormino) - Supervised the claim staff.

Joseph J. Calamita ("Calamita") - Calamita participated in processing the claim. He

CIVIL ACTION NO.: 301CV1115(AHN)

corresponded with Plaintiff's counsel, medical providers and other carriers.

<u>Vincent T. Lallone ("Lallone")</u> - Lallone corresponded with other carriers.

<u>John J. Craft, Jr. ("Craft")</u> - Craft participated in handling of the claim. He corresponded with medical providers and McCulloch. He reviewed information pertaining to the claim.

<u>Leta R. Sharkey, M.S., N.C.C. ("Sharkey")</u> - Sharkey provided vocational rehabilitation consultation. She contacted medical providers, other carriers, McCulloch and reviewed information concerning the claim.

<u>Elaine Mayer, R.N. ("Mayer")</u> - She assisted in review of the claim and corresponded with medical providers.

<u>Margaret H. Ford, M.S., C.R.C., C.C.M. ("Ford")</u> - Ford participated in reviewing McCulloch's claim from a vocational standpoint.

<u>John D. Eisenberg ("Eisenberg")</u> - Eisenberg corresponded with medical providers and dealt with investigative vendor.

<u>Ken Warnock ("Warnock")</u> - Warnock assisted in handling the claim. Specifically, he dealt with investigative vendor(s).

<u>Teal Busansky ("Busansky")</u> - Busansky assisted John Craft and helped gather information.

<u>Treasa A. ("Treasa")</u> - Treasa assisted John Craft and helped gather information.

Defendant is still in the process of gathering information with which to respond to this interrogatory. If any further information is available, it will be provided shortly.

<u>Interrogatory No. 5:</u>  Identify all documents and oral communications related to your statement that "Plaintiff treated with a variety of medical providers from October, 1995 to on or about September 2000" in paragraph 8 of your Answer to the Complaint.

<u>RESPONSE:</u> Documents bate-stamped: H 3989, 870-871, 874, 1465-1466, 1296-1297, 1295, 1303, 1332, 3591, 3132, 3131, 3130, 3133-3134, 3126-3129, 3002, 4482, 147, 153-154, 150, 2539, 2540, 195, 173, 839, 1397-1410, 1728, 1339, 1595, 4476-4477, 2581-2584, 1880, 1463, 908, 2548-2550, 2546-2547, 2511, 958-959, 2306-2311c, 2156, 3308, 2160, 1435, 1434, 3311, 1433, 3309, 3314, 3312, 3316, 3315, 3304, 99, 3001, 1334-1338, 1340-1373, 1393-1395, 4092-4097, 166-

-7-

CIVIL ACTION NO.: 301CV1115(AHN)

171, 1428, 958-959, 1582-1583, 1333, 1592, 1451-1452, 1589, 1454-1458, 2666-2668, 129-131, 128, 133, 135, 134, 132, 143-144, 126-127, 4180, 3417-3419, 4181, 113-114, 3121, 3646, 3038-3039, 3157, 3161, 3160, 3158-3159, 94, 4503-4517, 4162, 4146, 4127, 118, 117, 4113-4125, 4091-4097, 3066-3067, 3062-3063, 3068-3069, 3072-3077, 3080-3081, 3078-3079, 2496, 2545, 3041-3042, 177-178, 163-165, 115-116, 110-111, 2002, 2702, 23-26, 3139-3149, 2408-2410, 2444-2448, 2454-2460.

**As to "oral communications," Defendant is still endeavoring to obtain information that may be responsive. If there is any additional information, it will be provided shortly.**

Interrogatory No. 6: Identify all documents and oral communications related to your statement that "Plaintiff provided medical records in support of her claim that she was injured in an auto accident in or about February 2000" in paragraph 12 of your Answer to the Complaint.

**RESPONSE**: Documents bate-stamped: H 4503-4504, 4116, 4095, 3985, 3851, 3650, 3652, 150, 2581-2584, 2548-2549, 2546-2547, 4095, 166, 134-135, 23, 2458, 2449, 113-114, 3648-3649, 3315-3316.

**As to "oral communications," Defendant is still endeavoring to obtain information that may be responsive. If there is any additional information, it will be provided shortly.**

Interrogatory No. 7: Identify all documents and oral communications related to your statement that you "engaged in additional review to assess Plaintiff's claim for long-term disability benefits" in paragraph 14 of your Answer to the Complaint.

**RESPONSE: Documents bate-stamped: H** 2401-2402, 2403, 2408-2410, 2441-2444, 2446-2447, 2448-2449, 2450, 2453, 2455-2460, 3173, 3174, 3170-3172, 3168, 3135, 3136, 4109, 4108, 2664-2665, 3105-3106, 3103-3104, 4066, 2651, 3120, 3118, 3117, 3113, 4079, 3646, 3038, 3420, 3157, 3161, 3160, 3159, 3158, 94, 4503-4517, 4162, 4146, 4113-4125, 2691, -2692, 3102, 3110, 3066-3067, 3062-3063, 3068-3069, 3072-3073, 3074-3075, 3076-3077, 3080-3081, 3078-3079, 2496, 3041-3042, 177-178, 163-165, 115-116, 110-111, 3164-3165, 2656-2657, 4185-4189, 2702, 3491-3492, 3695, 4112, 3139-3156, 3317-3336, 2526, 3451-3458, 3459-3463, 3440-3444, 2776-2790, 2731-2733, 2743, 2741, 2631, 3989, 3647, 3985, 3986-3988, 3947-3948, 3851-3853, 3650, 3652-3653, 3661, 3664-3666, 3654-3660, 3662-3663, 3667, 3591, 3132, 3131, 3130, 3133-3134, 3126-3129, 3002, 4482, 3367, 147, 153-154, 150, 2539-2540, 195, 3055, 3056-3060, 173, 2581-2584, 180, 2548-2550, 2546-2547, 2245, 3308, 2160, 1435, 1434, 3311, 1433, 3309, 3314, 3312, 3316, 3315, 3304, 99, 1446, 2244, 3303, 4091-4097, 166-171, 2-5, 2793-2821, 2744-2775, 2616-2627, 2603-2604, 2602, 2587-2592, 4129-4130, 2484, 3001, 2703, 3417-3419, 113-114, 2700, 2697-2699, 3137, 4185-4188, 2702, 2523b, 2523a, 23-26 and UNUM surveillance tape.

**As to "oral communications," Defendant is still endeavoring to obtain information that**

-8-

CIVIL ACTION NO.: 301CV1115(AHN)

may be responsive. If there is any additional information, it will be provided shortly.

Interrogatory No. 8: Identify all facts upon which you based your determination that "Plaintiff was not entitled to long-term disability benefits as of August 14, 2000" as stated in paragraph 19 of your Answer to the Complaint and in your letter to McCulloch dated November 17, 2000, attached hereto as Exhibit A including without limitation the basis for your determination of August 14, 2000 as the date on which McCulloch was no longer entitled to long-term disability benefits.

**RESPONSE: All facts are identified in Hartford Life's letter to McCulloch dated November 17, 2000.**

Interrogatory No. 9: Describe all facts upon which you based your claim that plaintiff is "obligated to return to Hartford the long-term disability benefits paid between August and October 2000," as stated in paragraph 19 of your Answer to the Complaint and in your letter to McCulloch dated November 17, 2000.

**RESPONSE: All facts are identified in Hartford Life's letter to McCulloch dated November 17, 2000.**

Interrogatory No. 10: Identify all documents and oral communications upon which you base the statements in paragraph 19 of your Answer to the Complaint quoted above.

**RESPONSE: Documents bate-stamped: H 2412-2423, 3163-3165, 3324-3336, 3308, 2160, 1435, 1434, 3311, 1433, 3309, 3314, 3312, 3316, 3315, 3304, 99, 1446, 2244, 3303, 113-114, 110-111, 113-114, 115-116, 2666-2668, 129-131, 128, 133, 135, 134, 132, 143-144, 126, 127, 4180-4181, 3367, 147, 153-154, 150, 2539-2540, 2548-2550, 2546-2547, 164, 163-164, 4091-4097, 166-171, 173, 2581-2584, 180, 177-178, 3417-3419, 2444, 3985-3986, 2731-2733, 2743, 2741, 2523b, 2523a, 23-26, 195-196, 3323, 3454-3458, 3460-3463, 3440-3444, 3055-3060, 1662-1664, 1647-1649, 3491-3492, 2-5, 3636-3637, 3682-3686, 3668-3669, 2441-1442, 2443, 2444, 2449-2450, 40-54, 2656-2657, 2664-2665, 3105-3106, 3121, 3103-3104, 2443-2444, 4185-4189, 2702 and master policy.**

As to "oral communications," Defendant is still endeavoring to obtain information that may be responsive. If there is any additional information, it will be provided shortly.

Interrogatory No. 12: Describe in detail the substance of the telephone call to Christine Baker, M.D. on October 13, 2000, referenced on page 2 of your letter to McCulloch dated November 17, 2000, attached hereto as Exhibit A, including without limitation the identity of the participants in the telephone call.

-9-

CIVIL ACTION NO.: 301CV1115(AHN)

**RESPONSE**: On October 31, 2000 Diane Favreau called Dr. Baker's office to inquire about them reviewing the surveillance video and IME report. Tiffany, of Dr. Baker's office, advised that she checked with the office manager who stated that "Dr. Baker does not review IME's/videos for comment and not to bother sending anything." Ms. Favreau is unavailable until approximately mid August. Upon her becoming available at said time, this interrogatory will be supplemented, if necessary.

<u>Interrogatory No. 13</u>: Describe your relationship with Asha Garg, M.D. including without limitation the details of any contractual or compensation agreement between you and Asha Garg, M.D., and the number, if any, of referrals made to him, and identify all documents and oral communications between you and Asha Garg, M.D. related to McCulloch.

**RESPONSE**: Dr. Garg was requested by Hartford Life to review medical records pertaining to McCulloch, to perform an examination of McCulloch and to render his opinion as to McCculloch. He was paid $825.00 for his services. Documents bate-stamped: H 3055-3061, 2404, 2408, 2452-2453, 2454, 4066, 4079, 3554-3560, 3102, 3110, 2551, 2449-2451, 189-194, 3049-3061, 3082-3087, 4579-4584, 3392-3397, 3465-3484, 3547-3560, 3822-3827, 3905-3924, 4011-4024, 4045-4051.

<u>Interrogatory No. 14</u>: Identify all documents and oral communications between you and William Moryto related to McCulloch.

**RESPONSE**: In addition to what is indicated in the file, Kim Gabrielsen spoke to William Moryto before the interview and surveillance to see if they had any questions. Kim Gabrielsen also spoke with William Moryto after the interview in order to be able to follow up on any further investigation.

As to "oral communications," Defendant is still endeavoring to obtain information that may be responsive. If there is any additional information, it will be provided shortly.

<u>Interrogatory No. 15</u>: Identify all documents and oral communications between you and Edward T. Golden related to McCulloch or your relationship with Golden.

**RESPONSE**: In addition to what is indicated in the file, Kim Gabrielsen spoke to Edward Golden before the interview and surveillance to see if they had any questions. Kim Gabrielsen also spoke with Edward Golden after the interview in order to be able to follow up on any further investigation.

As to "oral communications," Defendant is still endeavoring to obtain information that may be responsive. If there is any additional information, it will be provided shortly.

GALLWEY GILLMAN CURTIS & VENTO, P.A.
200 SOUTHEAST FIRST STREET, SUITE 1100, MIAMI, FLORIDA 33131-2104 • TEL. (305) 358-1313 • FAX (305) 371-5826

CIVIL ACTION NO.: 301CV1115(AHN)

Interrogatory No. 16: Identify all documents and oral communications between you and Master Sleuth Investigations related to McCulloch.

**RESPONSE: When the case was initially assigned to Master Sleuth, Kim Gabrielsen called them to advise them that a written assignment would be forthcoming shortly.**

Interrogatory No. 18: Identify the "evidence submitted" that "showed that" McCulloch was "unable to perform the material and substantial duties of her "occupation" as stated on page 3 of your letter to McCulloch dated November 17, 2000, attached hereto as Exhibit A.

**RESPONSE: Documents bate-stamped: H 870-871, 874, 1465-1466, 1296-1297, 1303-1332, 1397-1403, 1882-1883, 954, 950-951, 1294, 1461, 839, 1880, 1463, 908, 2245, 3308, 2160, 1435, 540-541, 537-539, 542, 536, 535, 392, 533, 531-532, 1459, 543, 958-959, 967-968, 971, 963-966, 970, 961, 4394-4395, 2168-2169, 2219, 4327, 595-604, 1662-1666, 1630-1640, 1647-1649, 1641-1646, 1650-1651, 505-506, 459-464, 498-499, 501, 504, 936-937, 935.**

Interrogatory No. 19: Identify all documents and oral and written communications related to your decision to require McCulloch to undergo a Functional Capacities Evaluation.

**RESPONSE: Documents bate-stamped: H 2664-2665, 3105-3106, 3103-3104, 4109, 4108, 4066, 2401, 2402, 2453, 2731-2733, 2741, 2743, and surveillance tapes, 2001-2006, 3163-3165, 4185-4189, 2702, 2463, 870-871, 874, 1465-1466, 1295-1297, 1303-1332, 3591, 3130-3134, 3126-3129, 3367, 147, 153-154, 150, 2539-2540, 195-196, 3001, 173, 113-114, 1397-1410, 1728, 1339, 1595, 2581-2584, 180, 1882-1883, 954, 950-951, 1294, 1461, 1880, 1463, 908, 2548-2550, 2546-2547. 2306-2311c, 2156, 2245, 3308, 2160, 1435, 1434, 3311, 1433, 3309, 3314, 3312, 3315-3316, 3304, 99, 1446, 2244, 3303, 2656-2657, 537-540, 542, 536, 535, 392, 533, 531-532, 1459, 543, 1334-1338, 1340-1373, 1393-1395, 4092-4097, 166-171, 958-959, 1582-1583, 1333, 1592, 1451-1452, 1589, 1454-1458, 1573-1575, 2666-2668, 128-131, 132-135, 143-144, 126-127, 4180-4181.**

**As to "oral communications," Defendant is still endeavoring to obtain information that may be responsive. If there is any additional information, it will be provided shortly.**

Interrogatory No. 20: Identify any document which serves as a policy book for underwriting claims, investigating claims, review of claims, or otherwise describes the claims handling process and evaluation of any personnel involved in the review of claims.

**RESPONSE: The answer will be provided shortly.**

Interrogatory No. 21: Identify any document which describes the relationship between Defendant Educators and Defendant Hartford, including any assignments or indemnities.

-11-

CIVIL ACTION NO.: 301CV1115(AHN)

**RESPONSE: The answer will be provided shortly.**

Interrogatory No. 22: Identify the bases for the claim in your letter to McCulloch dated July 25, 2000, attached hereto as Exhibit C, that the Functional Capacities Evaluation was "due to an inability to obtain adequate medical documentation as well as care and treatment that made the necessity for this examination."

**RESPONSE: Clinical records reflected treatment but were lacking in information supporting treatment and/or why treatment rendered.**

Interrogatory No. 23: Identify all documents and oral and written communications related to your decision to require McCulloch to undergo an Independent Medical Examination.

*SAME AS NO. 19*

**RESPONSE: Documents bate-stamped: H 2664-2665, 3105-3106, 3103-3104, 4109, 4108, 4066, 2401, 2402, 2453, 2731-2733, 2741, 2743, and surveillance tapes, 2001-2006, 3163-3165, 4185-4189, 2702, 2463, 870-871, 874, 1465-1466, 1295-1297, 1303-1332, 3591, 3130-3134, 3126-3129, 3367, 147, 153-154, 150, 2539-2540, 195-196, 3001, 173, 113-114, 1397-1410, 1728, 1339, 1595, 2581-2584, 180, 1882-1883, 954, 950-951, 1294, 1461, 1880, 1463, 908, 2548-2550, 2546-2547. 2306-2311c, 2156, 2245, 3308, 2160, 1435, 1434, 3311, 1433, 3309, 3314, 3312, 3315-3316, 3304, 99, 1446, 2244, 3303, 2656-2657, 537-540, 542, 536, 535, 392, 533, 531-532, 1459, 543, 1334-1338, 1340-1373, 1393-1395, 4092-4097, 166-171, 958-959, 1582-1583, 1333, 1592, 1451-1452, 1589, 1454-1458, 1573-1575, 2666-2668, 128-131, 132-135, 143-144, 126-127, 4180-4181.**

As to "oral communications," Defendant is still endeavoring to obtain information that may be responsive. If there is any additional information, it will be provided shortly.

Interrogatory No. 24: Identify all documents and oral and written communications related to your decision to require McCulloch to participate in an interview with an investigator, including without limitation, all documents and oral communications upon which you based your statement that an interview with an investigator is part of McCulloch's "policy's continuing claims and proof of loss process" and constitutes an "examination" in your letter to McCulloch dated August 23, 2000, attached hereto as Exhibit D.

**RESPONSE: Documents bate-stamped: H 2651, 3120, 3118, 3117, 3113, 2709, 2402, 2452, 2401, 2403, 2404, 40-54, 2731-2733, 2741, 2743 and surveillance tapes, 2001-2006, 3163-3165, 4185-4189, 2702, 2463, 870-871, 874, 1465-1466, 1295-1297, 1303-1332, 3591, 3130-3134, 3126-3129, 3367, 147, 153-154, 150, 2539-2540, 195-196, 3001, 173, 113-114, 1397-1410, 1728, 1339, 1595, 2581-2584, 180, 1882-1883, 954, 950-951, 1294, 1461, 1880, 1463, 908, 2548-2550, 2546-2547. 2306-2311c, 2156, 2245, 3308, 2160, 1435, 1434, 3311, 1433, 3309, 3314, 3312, 3315-**

GALLWEY GILLMAN CURTIS & VENTO, P.A.
200 SOUTHEAST FIRST STREET, SUITE 1100, MIAMI, FLORIDA 33131-2104 • TEL. (305) 358-1313 • FAX (305) 371-5826

CIVIL ACTION NO.: 301CV1115(AHN)

3316, 3304, 99, 1446, 2244, 3303, 2656-2657, 537-540, 542, 536, 535, 392, 533, 531-532, 1459, 543, 1334-1338, 1340-1373, 1393-1395, 4092-4097, 166-171, 958-959, 1582-1583, 1333, 1592, 1451-1452, 1589, 1454-1458, 1573-1575, 2666-2668, 128-131, 132-135, 143-144, 126-127, 4180-4181.

As to "oral communications," Defendant is still endeavoring to obtain information that may be responsive. If there is any additional information, it will be provided shortly.

GALLWEY GILLMAN CURTIS & VENTO, P. A.
200 SOUTHEAST FIRST STREET, SUITE 1100, MIAMI, FLORIDA 33131-2104 • TEL. (305) 358-1313 • FAX (305) 371-5826

CIVIL ACTION NO.: 301CV1115(AHN)

## CERTIFICATE OF SERVICE

This is to certify that on August 09, 2002, a copy of the foregoing was furnished by facsimile and United States Mail, to Plaintiff in this case:

Eliot B. Gersten, Esq.
(Fed. Bar No. CT 05213)
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
Phone: (860) 527-7044

_____
Keith D. Post, Esq.

G:\CASES\HARTFORD\McCulloch\Discovery\BetterAnswerstoInt-1
27.0122    8-9-02    KDP:nmb

-2-