UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CANDI McCULLOCH | § | CIVIL ACTION NO.: |
| Plaintiff, | § | 301CV1115(AHN) |
| | § | |
| vs. | § | |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY AND | § | |
| EDUCATORS MUTUAL LIFE | § | |
| INSURANCE COMPANY | § | |
| Defendants. | § | November 25, 2003 |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND DEFENDANTS' MOTION TO DISMISS**

Plaintiff's tortious interference with contract and Connecticut Unfair Trade Practices Act ("CUTPA") claims should be dismissed pursuant to Rule 12(b)(6) because they fail to state a claim. Plaintiff's proposed amendment is based upon new facts and theories of recovery upon which Defendants have not had an opportunity to take discovery. Plaintiff's assertion that her late amendment is excused by late "discovery" is irrelevant, absent a showing of how any "new" information establishes a right to recovery. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss still fails to identify any set of facts stating a claim for tortious interference.

Moreover, Plaintiff's newly asserted tortious interference and CUTPA claims are not based on the same set of operational facts she has previously alleged and therefore do not relate back to her First Amended Complaint. The statute of limitations runs not from the date of Plaintiff's purported injury, or from her alleged "discovery" of a basis for these claims, but from the date of the alleged wrongdoing. These claims are barred by limitations.

The Court should deny Plaintiff's motion for leave to amend her complaint.

## ARGUMENT

### I. PLAINTIFF'S PROPOSED LATE AMENDMENT IS PREJUDICIAL TO DEFENDANTS.

Plaintiff's claim that her disability benefits were wrongfully terminated is, at heart, a breach of contract claim coupled with a claim for breach of a duty of good faith. Although Defendants recently filed a motion for summary judgment, Defendants have not asked the Court to dismiss these claims under Rule 12(b)(6) and these causes of action are not the subject of this Motion.

Defendants' opposition to Plaintiff's late-filed request to amend her complaint (and Defendants' accompanying motion to dismiss the proposed new causes of action set forth in the proposed amendment) is based upon Plaintiff's effort to torture a vanilla breach of contract claim into "tortious interference" and CUTPA claims,[1] *after* the time has passed for Defendants to file dispositive motions and *after* completion of Plaintiff's deposition.[2]

Defendants have been denied, among other things, the opportunity to discover from Plaintiff how it is that she relied upon the alleged misrepresentations, how it is that she was "damaged" by the reinsurance transaction she now claims was wrongful to begin with and/or improperly administered. Defendants have not had the opportunity to discover when Plaintiff could have or should have discovered her "injury," if any, from this alleged wrongful

---

[1] Plaintiff's proposed Second Amended Complaint also asserted a cause of action under CUIPA. She now apparently abandons that claim. Plaintiff's Memorandum in Response to Defendants' Opposition to Plaintiff's Motion to File Second Amended Complaint ("Plaintiff's Response") at p. 16.

[2] Plaintiff was deposed on July 11, 2003 and August 14, 2003. Plaintiff's motion for leave to file her Second Amended Complaint was served on October 22, 2003, just days before the November 7 deadline for filing dispositive motions.

reinsurance, and the nature of her alleged "expectations" with respect to the insurance policy in question.

The timing of Plaintiff's late amendment has denied Defendants not only the opportunity to seek discovery, but the opportunity to move for summary judgment on these claims within the time frame set by the Court. The Court should deny the late amendment.

## II. PLAINTIFF'S PROPOSED AMENDMENT TO ASSERT A CLAIM FOR TORTIOUS INTERFERENCE FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiff's argument that delays in obtaining discovery prevented her from asserting her new causes of action does not justify her late amendment. The discovery disputes Plaintiff relies upon are the subject of motions pending before this Court, the bases for which will not be repeated here. For purposes of this Motion, these disputes are irrelevant because Plaintiff still has not pointed to any newly or recently discovered "fact" that would give rise to a claim for tortious interference or toll her duty to timely assert these claims.

### A. Plaintiff Cannot State a Claim for Tortious Interference Because She Does Not Allege Hartford Induced or Caused Educators to Breach Plaintiff's Contract.

For purposes of this Motion, the Court need not decide whether Plaintiff's breach of contract claim is properly against Educators, as the original insurer of the Policy in question, or against Hartford as 100% reinsurer of the liability under the Policy. Neither Defendant has sought to dismiss Plaintiff's breach of contract claim under F.R.C.P. 12(b)(6). The question presented by Plaintiff's proposed amendment is whether Hartford, under any set of facts, can be found to have "tortiously interfered" with this contract.[3]

---

[3] Plaintiff's proposed Second Amended Complaint was unclear as to whether she sought to assert a "tortious interference" claim against Educators as well. Plaintiff has since clarified she did not. Plaintiff's Response pp. 7, 13.

If Plaintiff's breach of contract claim is properly against Hartford as 100% reinsurer of the Policy, Hartford cannot, as a matter of law, tortiously interfere with the same contract it may be liable for breaching.

If, on the other hand, Plaintiff's claim for breach of contract is properly against Educators, she has not demonstrated any set of facts that would establish a cause of action against Hartford for tortiously interfering with the contract it was administering. Plaintiff has offered no authority for the novel proposition that a reinsurer carrying out contractual duties pursuant to a reinsurance agreement may be liable for "tortiously interfering" with the contract in allegedly failing to properly fulfill those duties. Even if the insured is entitled to seek redress from the issuing insurer for the reinsurer's conduct, Plaintiff's theory of for tortious interference by Hartford finds no support in the elements of this cause of action.

In order to allege a claim for tortious interference with contract, Plaintiff must allege facts that would establish Hartford intentionally interfered with her contract with Educators by inducing or causing Educators not to perform the contract. *City of New Haven v. Town of East Haven*, 822 A.2d 376, 386 (Conn. Super. 2001); *see also Zabelle v. Coratolo*, 816 F. Supp. 115, 122 (D. Conn. 1993) (defendant must "procure" breach of contract).

The only tortious acts Plaintiff alleges in support of her claim is that Hartford *misrepresented to Plaintiff* that it was acting as an administrator for or on behalf of Educators, that Hartford *failed to disclose to Plaintiff* that SIU was involved in her claim and that Hartford *misrepresented to Plaintiff* that she was required to undergo an IME pursuant to her policy.[4] Nowhere does Plaintiff allege that these purported tortious acts caused or induced Educators to breach its contract with Plaintiff. Plaintiff concedes in her Second Amended Complaint that

---

[4] Second Amended Complaint, ¶ 40.

"Educators lacked any knowledge of the actions undertaken by Hartford until the filing of the action."[5] If Educators may nonetheless be liable for breach of the contract, then Educators would be liable for any breach of contractual duties ceded to Hartford, and the Court need not engage in a tortured reading of the common law claim for tortious interference in order for Plaintiff to obtain relief.

### B. Plaintiff's Late Amendment Cannot Be Justified By Late "Discovery."

After re-hashing at length a number of discovery disputes in an effort to justify her late amendment, Plaintiff's Response reveals the factual basis for her new cause of action: Hartford's "improper" termination of her benefits (which, as set forth above, cannot support a tortious interference complain regardless of Hartford's capacity), and Hartford's "misrepresentation" that it was acting of Educators' behalf. Plaintiff's Response, p. 7. Plaintiff has been in possession of the alleged "misrepresentations" since September 2000 and has had the Reinsurance Agreement defining the relationship between Hartford and Educators since September 2002. Plaintiff has not suggested to the Court how Hartoford's alleged "misrepresentation" is newly or recently discovered.

Even if the factual basis for her "tortious interference" claim was newly discovered, Plaintiff's proposed amendment would not be timely. The statute of limitations for tortious interference runs from the date of the alleged tortious act, not from the alleged "discovery" of the basis for a claim. *Collum v. Chapin*, 671 A.2d 1329 (Conn. App. 1996) (citing Conn. Gen. Stat. § 52-577); *see also Fichera v. Mine Hill Corp.*, 541 A.2d 472, 476 (Conn. 1988) (the statute of limitations set forth in § 52-577 begins to run from the date of the act or omission complained of and not when the cause of action accrues or injury occurs). In her proposed Second Amended

---

[5] *Id.* ¶ 26.

Complaint, Plaintiff alleges that Hartford made "misleading representations" between July 1999 and September 2000 that "interfered with the receipt of benefits by plaintiff."[6] Therefore, the statute of limitations began to run no later than September 2000, more than three years from the date Plaintiff sought leave to file her Second Amended Complaint.

### C.   Plaintiff's Claim Does Not Relate Back to Her Original or First Amended Complaint and is Barred by the Statute of Limitations.

Plaintiff's prior Complaints asserted claims arising from the termination of her disability benefits. Her proposed tortious interference claim is based upon facts and theories not asserted in prior Complaints: specifically, that Hartford and/or Educators somehow engaged in wrongful conduct for having entered into a reinsurance agreement to begin with, or in their communications to her in connection with that agreement. These "wrongful reinsurance" claims do not relate back to her First Amended Complaint. A proposed amendment relates back under Rule 15(c)(2) of the Federal Rules of Civil Procedure if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

Plaintiff's tortious interference claim does not relate back merely because it concerns the same ultimate event—the termination of her benefits—as her previously pleaded claims. *Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir. 2001) (amendment of complaint to assert retaliation claim did not provide fair notice even though it involved the same ultimate event, the firing of plaintiff, because the new claim was not based on the same facts). Further, there must be a sufficient commonality of factual allegations of wrongdoing relating to her previously asserted breach of contract and bad faith claims and her new tortious interference claim to preclude unfair surprise on the part of Hartford. *Benfield v. Mocatta Metals Corp.*, 26 F.3d 19, 23 (2d Cir. 1994); *see also Wilson v. Fairchild Republic Co., Inc.*, 143 F.3d 733, 738 (2d Cir. 1998) (the court must

---

[6] Second Amended Complaint, ¶¶ 39-41.

consider whether the defendant had adequate notice). Finally, "[a]n amendment will not relate back if it sets forth a new set of operational facts; it can only make more specific what has already been alleged." *Pruiss v. Bosse*, 912 F. Supp. 104, 106 (S.D.N.Y. 1996).

Plaintiff's proposed Second Amended Complaint sets forth a new set of operational facts in an effort to plead a tortious interference claim. In her proposed Second Amended Complaint, Plaintiff asserts for the first time that she had an "expectation" that Educators would pay her benefits pursuant to the Policy, as Educators had accepted liability for those payments.[7] She also alleges "Hartford engaged in a pattern of activity designed to interfere with plaintiff's contract and expectation."[8] She further alleges Hartford made written misrepresentations that "it was acting as an administrator for Educators and/or on behalf of Educators, when it was in fact acting on its own behalf and without any involvement of Educators."[9] These allegations are not found in Plaintiff's previous Complaints, which rested simply upon alleged wrongful termination of her benefits, and set forth a new set of operational facts rather than simply making more specific what she had already alleged. *See Pruiss*, 912 F. Supp. at 106; *Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 36 (2nd Cir. 2002) (an amended complaint relates back only if no new facts are alleged and the new claim would put the defendants on notice that specific conduct is at issue). Nothing in Plaintiff's previous Complaints suggests that she would seek to hold Hartford and/or Educators liable for having entered into a Reinsurance Agreement or for the communications made in connection with that agreement.

---

[7] Second Amended Complaint, ¶ 40.
[8] *Id.*
[9] *Id.*

### III. PLAINTIFF FAILS TO STATE A CLAIM UNDER CUTPA.

#### A. Plaintiff's CUTPA Claim Does Not Relate Back to Her Original or First Amended Petition.

Plaintiff's CUTPA does not relate back to her First Amended Complaint. Plaintiff alleges for the first time in her proposed Second Amended Complaint that Hartford and Educators violated CUTPA by:

> repeatedly, recklessly, willfully and wantonly deceived plaintiff and other claimants insured by Educators, including but not limited to misrepresenting that Hartford was administering claims on its own behalf and for its own benefit, and failing to inform plaintiff and other claimants of this fact as well as the fact that Educators had ceded any and all responsibility regarding the claims to Hartford.[10]

Nowhere in her Original or First Amended Complaint does Plaintiff make any allegations regarding the Defendants' representations or failure to disclose information regarding the Reinsurance Agreement to her or to any other claimants subject to the Reinsurance Agreement. The portions of her First Amended Complaint Plaintiff cites in her Opposition as support for her relation back theory have nothing to do with either of the Defendants' representations regarding the Reinsurance Agreement and do not provide the Defendants with notice of her CUTPA claim.[11] *Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 36 (2nd Cir. 2002) ("if an amendment adds a new claim based on an act that was not alleged in any form in the original complaint, it does not relate back to the original complaint"); *Wilson,* 143 F.3d at 738 ("The pertinent inquiry . . . is whether the original complaint gave the defendant fair notice of the newly alleged claims"). Plaintiff's CUTPA allegations do not arise out of the same conduct, transaction or occurrence as the allegations raised in her First Amended Complaint.

---

[10] *Id.* ¶ 44.
[11] *See* Plaintiff's Response at p. 15.

### B. The Statute of Limitations on Plaintiff's CUTPA Began To Run When the Alleged Wrongful Acts Occurred, Not When She Suffered Her Purported Injury.

The Connecticut Supreme Court has held that the statute of limitations for a claim under CUTPA begins to run from the date of the act or omission complained of, and not when injury occurs. *Fichera v. Mine Hill Corp.*, 541 A.2d 472, 475-76 (Conn. 1988) (the history of the legislative choice of the language "occurrence of a violation" in section 42-110g(f) of CUTPA precludes any construction delaying the start of the limitation period until the cause of action has accrued or the injury has occurred). Therefore, the statute of limitations on Plaintiff's CUTPA claim began to run when Defendants' wrongful acts or omissions occurred, and not when Plaintiff's alleged ascertainable loss occurred. The last act allegedly performed by Defendants which violated CUTPA occurred in September 2000, more than three years from Plaintiff's filing of her Second Amended Complaint.[12] Plaintiff's CUTPA cause of action fails to state a claim and should be dismissed.

### IV. THE COURT MAY NOT CONSIDER THE NEW FACTUAL ALLEGATIONS ALLEGED IN PLAINTIFF'S OPPOSITION PAPERS.

In an attempt to avoid dismissal of her proposed new claims, Plaintiff improperly relies upon facts not found in her proposed Second Amended Complaint. For purposes of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court does not have authority to consider matters outside of the pleadings. *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991). Factual allegations contained in legal briefs or memoranda are treated as matters outside the pleadings for purposes of Rule 12(b). *Arnold v. Goetz*, 245 F. Supp. 2d 527, 539 (S.D.N.Y. 2003); *see also Kato v. Ishihara*, 239 F. Supp. 2d 359, 365 n.10 (S.D.N.Y. 2002)

---

[12] Second Amended Complaint, ¶¶ 44, 40.

(district court refused to consider factual allegations made in opposition papers to 12(b)(6) motion).

Therefore, the Court should not consider the new allegations alleged by Plaintiff in opposition to Defendants' motion to dismiss her tortious interference with contract and CUTPA claims, including but not limited to, when those causes of actions accrued and the extent of Hartford's liability in this case based on the Reinsurance Agreement.

## **CONCLUSION**

Plaintiff may obtain any and all relief to which she is justly entitled through her claims for breach of contract and the duty of good faith. Her proposed amendment to add tortious interference and CUTPA claims is untimely, prejudicial, futile, and will needlessly complicate trial of this matter. Defendants request that the Court dismiss Plaintiff's newly asserted tortious interference with contract and CUTPA claims pursuant to Fed. R. Civ. P. 12(b)(6).

By: *[signature: Roberta J Sharp]*

Barry A. Chasnoff (ct11162)
Roberta J. Sharp (ct24407)
Jessica S. Taylor (ct24408)
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

AND

Donald E. Frechette (ct 08930)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANT
HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent via facsimile and certified mail, return receipt requested to the following attorney on the 25th day of November, 2003:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106
Phone (860) 527-7044
Facsimile (860) 527-4968

*Roberta J. Sharp* (signature)
ROBERTA J. SHARP
JESSICA S. TAYLOR