UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 14 A 10: 12

US DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| CANDI McCULLOCH | § | CIVIL ACTION NO.: |
|     Plaintiff, | § | 301CV1115(AHN) |
| | § | |
| vs. | § | |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY AND | § | |
| EDUCATORS MUTUAL LIFE | § | |
| INSURANCE COMPANY | § | |
|     Defendants. | § | January 13, 2004 |

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF HER OPPOSITION TO HARTFORD'S MOTION FOR SUMMARY JUDGMENT AND TO PLAINTIFF'S LOCAL RULE 56(A)(2) STATEMENT**

Hartford Life and Accident Insurance Company ("Hartford") objects to portions of Plaintiff's evidence in support of her Memorandum of Law in Opposition to Hartford's Motion for Summary Judgment (the "Opposition") and in her Local Rule 56(a)(2) Statement (the "Statement"). In several portions of her Statement, Plaintiff fails to cite to admissible evidence as required by Local Rule 56(a)(3). In addition, Plaintiff makes numerous misstatements to the record in an attempt to create a fact issue to defeat summary judgment. These portions of Plaintiff's Opposition and Statement should be stricken.

    **A.**    **Plaintiff Fails to Provide Evidentiary Support for Her Statements as Required by Local Rule 56(a)(3).**

Local Rule 56(a)(3) requires that each statement of material fact made by a party opposing a motion for summary judgment in a Local Rule 56(a)(2) Statement and each denial in an opponent's Local Rule 56(a)(2) Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The "failure to provide specific citations to evidence as required by this Local

Rule may result in sanctions, including, ...when the opponent fails to comply, an order granting the motion." Plaintiff's Statement includes numerous assertions failing to comply with this Rule. For example:

- Paragraph 30: "Denied that Ms. Wilk requested plaintiff's driver's license for 'purposes of age verification.'"

- Paragraph 38: "First, Plaintiff's alleged failure to provide a driver's license for age verification immediately upon Ms. Wilk's request was not a signal of potential fraud in plaintiff's case because plaintiff was entitled to life time benefits."

  "Second, Plaintiff's submission of an APS from an out-of-state physician was not an indication of potential fraud."

  "Third, plaintiff disputes that Ms. Wilk ever received the alleged inconsistent information from Dr. Porfiri's office staff."

- Paragraph 50: "Hartford did not send Dr. Garg of plaintiff's medical records."

In her "Additional Undisputed Facts," Plaintiff also fails to provide specific citation to evidence:

- Paragraph 20: "After UNUM failed to provide Hartford with evidence to justify terminating plaintiff's benefits, Hartford ordered covert surveillance of plaintiff."

- Paragraph 24: "At the time Hartford ordered surveillance, Hartford had barely even begun a pre-surveillance investigation."

- Paragraph 37: "Following the surveillance, Hartford scheduled an interrogation of plaintiff by two SIU operatives that was carefully scripted to induce plaintiff to sign a statement that appeared inconsistent with the activities in the video surveillance."

- Paragraph 42: "The investigators demanded that plaintiff answer questions that had no other purpose than to harass plaintiff."

  "Hartford . . . had no basis to believe that plaintiff had any personal relationship with Dr. Walters."

Further, Hartford objects to Plaintiff's "Additional Disputed Inferences" in its entirety because Local Rule 56(a)(2) does not provide that Plaintiff can include this information in her

Statement, and Plaintiff fails to cite to any evidence for any of her "inferences" as required by the rule.

### B. Plaintiff Does Not Cite to Competent Evidence in Her Local Rule 56(a)(2) Statement and Opposition to Hartford's Motion for Summary Judgment.

Hartford objects to Plaintiff counsel's arguments regarding the contents of Plaintiff's medical records. He argues at length that Plaintiff's records establish her disability, but he is not qualified to interpret medical records or to offer an opinion as to what they mean. The records speak for themselves.

Plaintiff also offers Plaintiff's Exhibit VV, an excerpt from Hartford's claim manual, but without the testimony of a competent witness to testify as to whether and how the excerpt is used in the context of this claim, Plaintiff's interpretation of the manual is not competent evidence. Plaintiff cites to Exhibit VV at page 14, n. 14 and page 16, n. 20 of her Opposition and Paragraphs 58 of her Additional Disputed Facts in her Local Rule 56(a)(2) Statement.

Accordingly, the Court should strike Exhibit VV and the corresponding portions of Plaintiff's Opposition and Local Rule 56(a)(2) Statement.

### C. Hartford Objects to Plaintiff's Numerous Misstatements of the Record.

Throughout her Opposition and her Local Rule 56(a)(2) Statement, Plaintiff makes numerous misstatements regarding sworn deposition testimony and evidence attached to her Opposition. The attached Exhibit A compares the actual record to Plaintiff's representation to the Court. The Court should strike each of these misstatements from Plaintiff's Opposition and her Rule 56(a)(2) Statement.

By: _____
Barry A. Chasnoff (ct11162)
Roberta J. Sharp (ct24407)
Jessica S. Taylor (ct24408)
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

AND

Donald E. Frechette (ct 08930)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANT
HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent via certified mail, return receipt requested to the following attorney on the ____12th____ day of January, 2004:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106
Phone (860) 527-7044
Facsimile (860) 527-4968

_____
ROBERTA J. SHARP
JESSICA S. TAYLOR