```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
```

CANDACE McCULLOCH,              :
         PLAINTIFF,             :
                                :
v.                              :  CIV. NO. 3:01CV1115 (AHN)
                                :
HARTFORD LIFE AND ACCIDENT      :
INSURANCE COMPANY, et al.       :
         DEFENDANTS

## **RULING**

On November 12, 2003, the court heard oral argument on four discovery motions pending in this case: plaintiff's motion to strike expert designations [doc. # 120]; plaintiff's motion to compel and for sanctions [doc. # 113]; Hartford defendant's motion for protective order [doc. # 115]; Educators defendant's motion to quash and for a protective order [doc. # 127]. Hartford defendant's motion to compel [doc. # 116] is **denied as moot** in light of plaintiff's supplemental compliance. See doc. # 119.

Plaintiff's motion to strike expert designations [doc # 120]

Plaintiff moves to strike and preclude the testimony of five expert witnesses named by Hartford defendants ("Hartford") for Hartford's failure to supply expert reports in violation of Federal Rule of Civil Procedure 26(a)(2)(B). Three of these experts, Mr. John A. McGoldrick, Ms. Deborah Laughran, and Ms. Joan Crandall, are employees of Hartford. According to Hartford, Mr. McGoldrick and Ms. Laughran will testify to rebut the

testimony of plaintiff's expert witness, Ms. Fuller. Ms. Fuller is a former employee of another insurance company who will testify that McGoldrick and Laughran did not perform their duty to handle and investigate claims correctly. In response, McGoldrick and Laughran will opine that they did perform their duties adequately.

The parties offer competing interpretations of the language of Federal Rule of Civil Procedure 26(a)(2)(B) and the relevant case law. Rule 26(a)(2)(B) states:

> [e]xcept as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is *retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involved giving expert testimony*, be accompanied by a written report... (emphasis added). Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff argues that, in effect, Hartford "retained or specially employed" McGoldrick and Laughran when it directed them to act outside the scope of their regular duties by preparing to testify as expert witnesses. Plaintiff cites Day v. Consolidated Rail Corp., 95 Civ. 968 (PKL), 1996 LEXIS 6596, *3-7 (S.D.N.Y. 1996), and KW Plastics v. United States Can Co., 199 F.R.D. 687, 688-690 (M.D. Ala. 2000) to support this interpretation of Rule 26. In those cases, the court found that employees who were designated to give expert opinion were not exempt from supplying expert reports. The Day court recognized that there are situations in which an exception would apply, specifically when a witness is

called primarily as a fact witness and will provide some expert testimony, as in the case of treating physicians. Day, 1996 LEXIS 6596 at *6. Plaintiff argues it would result in unfair prejudice to require her experts to provide reports, while exempting Hartford's experts because of the additional cost to plaintiff that would be incurred in deposing these witnesses without the benefit of obtaining expert reports in advance.

In objecting to the motion, Hartford argues that it is not required to provide expert reports for these witnesses because the plain language of Rule 26(a)(2)(B) can be construed to provide an exception for employee-experts. To support this reading of Rule 26, Hartford cites Navajo Nation v. Norris, 189 F.R.D. 610, 216 (E.D. Wash. 1999), which rejected Day and recognized a broad exception for employee-experts who are neither specially employed to provide expert testimony nor regularly give expert testimony as part of their duties as employees. Defendants also argue that in any case, McGoldrick and Laughran fall squarely into the exception recognized by Day because they are primarily fact witnesses who will offer some expert testimony.

Secondly, defendants argue, plaintiff has already had the opportunity to depose these witnesses on the topic of their job duties, and is free to depose them again. In the event the court orders expert reports produced, Hartford defendants request that second depositions be precluded by court order.

This court follows the interpretation of Rule 26(a)(2)(B) set forth in Day and KW Plastics, and does not recognize an

exemption based solely on the fact that Hartford's witnesses are employees, as suggested by Navajo Nation. Accordingly, to the extent that McGoldrick and Laughran will offer expert testimony, they can fairly be viewed as having been retained or specially employed by Hartford.  The court agrees with plaintiff that the interests in this case weigh in favor of requiring expert reports, notwithstanding Hartford's claim they are primarily serving as fact witnesses.  In order to present opinion about the adequacy of their performance, these witnesses must provide substantially more than a recital of facts about what they may have observed on the job.  These witnesses will develop opinions specifically for trial, the basis of which the defendant is entitled to be informed about.  Furthermore, to find otherwise would risk encouraging corporate defendants to attempt to evade the report requirement by designating its own employees first as fact witnesses and then asking them to offer some related expert opinion.

    The parties did not address the testimony of Ms. Crandall at the hearing.  Ms. Crandall is apparently designated to testify about the present value of plaintiff's future benefits. Hartford has offered no additional reasons why Ms. Crandall should not be required to provide an expert report.  The court, based upon the above reasoning, finds that Crandall is not exempt from the expert report requirement.

    Plaintiff also moves to strike the expert designation of Mr. Barry Chasnoff and Ms. Roberta Sharp, attorneys for defendant.

Defendants indicated that Attorneys Chasnoff and Sharp would testify solely on the issue of reasonable and necessary attorney's fees post-trial if and when the court determines that the awarding of attorney's fees to the prevailing party is appropriate.  Defendants rely on Wright v. Blythe-Nelson, 2001 WL 804529, *6 (N.D. Tex. 2001) to support distinguishing between attorneys who will testify substantively at trial, who are required to provide reports, and those offered solely on issue of reasonable attorney's fees, who are exempt from providing a report.  In practice, courts in the District of Connecticut do not require that attorneys testifying solely on the topic of attorney's fees provide expert reports.  Accordingly, the court finds that Hartford is not required to provide reports for Attorneys Chasnoff and Sharp.                           .

Plaintiff argues that the appropriate sanction in this case is to strike the expert testimony.  Hartford counters that this is an extreme and unwarranted sanction in light of Rule 37(c)(1), which states that:

> a party *without substantial justification*
> fails to disclose information required by
> Rule 26(a)...is not, unless such failure is
> harmless, permitted to use evidence at trial,
> at a hearing, or on a motion any witness or
> information not so disclosed. Fed. R. Civ. P.
> 37(c)(1).

Under Rule 37(c)(1), the court must first consider whether the party has established "substantial justification" for the failure to disclose and then consider whether the failure to disclose was "harmless." Substantial justification requires justification to a

degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is an genuine dispute concerning compliance. <u>Nguyen v. IBP, Inc.</u>, 162 F.R.D. 675, 680 (D.Kan. 1995) (citing <u>Pierce v. Underwood</u>, 487 U.S. 552, 101 L. Ed. 2d 490, 108 S. Ct. 2541 (1988)).

Based upon the authority cited by Hartford, the court finds that the defendants position that reports were not required did have a reasonable basis in law and fact. Accordingly, plaintiff's motion to strike [doc # 120] is **denied**. Hartford shall provide plaintiff with expert reports for Mr. McGoldrick, Ms. Loughran, Ms.Crandall, within fifteen (15) days of the docketing of this ruling. The court denies defendant's request for a protective order preventing further depositions of McGoldrick and Ms. Loughran; depositions shall be noticed within thirty (30) days of the expert disclosure.

<u>Plaintiff's motion to compel and for sanctions [doc # 113]</u>

Plaintiff moves to compel Hartford defendants to provide plaintiff with unredacted versions of "expense reports" that were initially presented at the deposition of Mr. McGoldrick. Defendants claim that this information is protected by the attorney-client privilege because it shows the amounts paid to attorneys in connection with plaintiff's claim. Defendant also objects on the grounds that plaintiff never filed a formal production request for the unredacted reports and that the motion

6

to compel is therefore improper.

Plaintiff argues that the motion is proper because the expense reports were produced in response to the deposition notice *duces tecum* directing McGoldrick to bring any and all documents in his file pertaining to this lawsuit and, in any case, would be covered by plaintiff's initial production request that defendants provide plaintiff's entire "claim file".  The court finds the expense reports to have been properly requested by the plaintiff under both of these requests, so a motion to compel is therefore proper.

Defendants claim that the amounts of payments made to lawyers after the lawsuit was filed is privileged because it might reveal confidential information such as litigation strategy or the division of labor between outside law firms representing Hartford and their allocation of resources to particular issues. Plaintiff argues that this information is clearly not privileged because there are no confidential communications contained in the reports, they do not identify the attorney involved, the work performed, or the amount of time spent. In support of her position, plaintiff cites In re Grand Jury Witness, 695 F.2d 359, 362 (9th Cir. 1982):

> Correspondence between attorney and client
> which reveals the client's motivation for the
> creation of the relationship or possible
> litigation strategy ought to be protected.
> Similarly, bills, ledgers, statements, time
> records and the like which also reveal the
> nature of the services provided, such as
> researching particular areas of law, also
> should fall within the privilege.  On the

>           other hand, a simple invoice requesting
>           payment for unspecified services rendered
>           reveals nothing more than the amount of the
>           fee and would not normally be privileged.

In re Grand Jury Witness, 695 F.2d 359, 362 (9th Cir. 1982); Cardenas v. Prudential Ins. Co. of America, CV 99-1422 (D. Minn 2003); Baltimore Scrap Corp. v. David J. Joseph Co., L-96-827 (D. Md. 1996). In cases where information about attorney's fees has been determined privileged, the courts have found that the communications contained additional information beyond just the amounts and entities to be paid. See Cardenas v. Prudential Ins. Co. of America, CV 99-1422.

The court agrees with plaintiff that payments made to attorneys are not automatically privileged. The information sought by plaintiff in this case, limited to the amounts and the identity of the law firm to be paid, fits squarely into the category of materials not privileged.

Defendants argue that access to this limited information will reveal their litigation strategy by showing amounts they allocated to different outside law firms involved in defending this claim. This argument is unavailing. First of all, the court finds the likelihood of prejudice resulting from revealing this limited information is slight. Secondly, to follow Hartford's reasoning on this point would lead to the conclusion that the ability to retain multiple law firms to litigate a case somehow transforms information that would otherwise not be privileged into privileged information. Such a result would lead to an unjust outcome in this case, and would generally disfavor

parties that can only afford or prefer to retain a single attorney or law firm to handle their claims.  On the current record, the court finds that the amounts of payment indicated on the expense reports are not protected by the attorney-client privilege.

Defendant also objects on the grounds that the information about payments to attorneys is not relevant at this stage in the litigation, and further that it would be irrelevant even on the issue of attorney's fees at the close of the case because courts utilize the lodestar method to determine awards, and not billing information.  Plaintiff argues that the information is relevant now to the issue of Hartford's bad faith and to demonstrate the amount of legal fees expended thus far.

It is firmly established that the Federal Rules of Civil Procedure are to be construed liberally in favor of discovery. <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979), <u>Schlagenhauf v. Holder,</u> 379 U.S. 104, 114-115 (1964) <u>Hickman v. Taylor</u> 329 U.S. 495, 507, 91 L.Ed. 451 (1947).  Discovery is permitted regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence. Id.  The court agrees that the information sought by plaintiff meets this standard and is discoverable. Accordingly, plaintiff's motion to compel [doc # 113] is **granted.**

Plaintiff's motion for sanctions [doc # 113] is **denied** on

the grounds that Hartford's position that the information is privileged has a reasonable basis in law and fact.

<u>Hartford defendants' motion for protective order [Doc #115]</u>

Hartford defendants move for a protective order to prevent the deposition of four Hartford employees; Donald Loveland, James F. Casey, John Giamalis, and the "Record keeper" of Hartford. At oral argument, the parties indicated they had reached an agreement as to the depositions of Casey and Giamalis. The court therefore **denies as moot** the motion [doc # 115] with respect to Casey and Giamalis. This ruling will address the motion with respect to Loveland and the "Record keeper".

Hartford objects to the deposition of Loveland on the grounds that plaintiff has already deposed Pamela Mormino on the topic of "due diligence review and actuarial review and claim review of the Educators Mutual files" and has not expressed dissatisfaction nor requested a continuation of that deposition. Hartford also argues that Loveland should not testify because it has already produced the Hartford employees who were involved in the handling of Plaintiff's claim.

Plaintiff asserts that the deposition of Loveland is warranted because Mormino was not the "individual most knowledgeable" about the topic of due diligence review, and was not able to explain why plaintiff's claim was not subject to due diligence, a topic that Loveland should be able to address. Pl. Obj. at p. 2. Loveland's testimony on due diligence is relevant, according to plaintiff, because it speaks to whether Educators

defendants ("Educators") actually and reasonably relied upon representations made by the plaintiff as alleged by the defendant in the Educators fraud counterclaim.  Finally, the deposition should be allowed because another Hartford employee recently disclosed that Loveland is a member of the "quality review team" that may have handled plaintiff's claim. [Def.'s Obj. at  4.]

The court has discretion to limit discovery if the discovery sought is unreasonably cumulative or duplicative, or if the burden or expense outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

The court agrees with defendants that there need to be limits to discovery.  However, plaintiff has presented Hartford with a proper request to depose a witness who has not yet been deposed and whom the record indicates may have new information relevant to plaintiff's claim. The request is limited in scope and is not unreasonably burdensome.  Hartford may be tired of discovery, and may feel that plaintiff is not getting information to support her theories, but these are not grounds to deny a proper discovery request. Defendant's motion for protective order [doc # 115] is **denied** with respect to Loveland.  Loveland shall be deposed by plaintiff within fifteen (15) days of the docketing of this ruling.

Defendant moves for a protective order to prevent the deposition of the "Record keeper" and the production of documents requested in the deposition notice on the grounds that its form is not proper - it is neither a production request nor a 30(b)(6)

11

deposition notice. Defendant asserts that it does not have one employee that is designated as a "Record keeper".

Plaintiff responds that it is a proper request under Rule 30(b)(1) because it identifies the party to be deposed, and that a concurrent request for a deposition and documents is proper under 30(b)(5). The requirement to specify the subject of the examination, defendant argues, applies only to 30(b)(6).

The court agrees with plaintiff that the request is proper under Rule 30(b)(1) and 30(b)(5). Plaintiff's deposition notice is reasonable in light of that fact that it is based upon information provided to her by Hartford employees, and the documents to be produced are identified specifically and referenced to deposition testimony. The fact that there is not one person who has the title of "Record keeper", as Hartford claims, should not preclude plaintiff from acquiring information that she is entitled to. Defendant's motion for protective order [doc #115] is **denied**.

However, the court cannot compel the deposition of an individual who does not exist. The court also acknowledges that in a large organization there are likely to be multiple individuals involved in keeping records and that it may not be practical or productive to require these individuals to attend a deposition in order to authenticate documents, as desired by plaintiff. The court orders that Hartford designate one corporate representative in the best position to address the record keeping system of Hartford to be deposed by plaintiff

within thirty (30) days of the docketing of this ruling. The court orders this representative to produce documents as requested in plaintiff's original deposition notice. Plaintiff shall seek leave of court to depose any additional witnesses regarding the documents produced in response to this ruling.

Plaintiff requests costs and fees incurred in opposing the motion. Plaintiff charges that the defendant failed to meet and confer regarding its objections to the notice, failed to provide written objections to the notice, and has not filed an affidavit claiming to have done so. [Pl.'s Obj. Mem. at 8.] Defendants proffer evidence that the parties exchanged letters regarding several ongoing discovery issues, and that this satisfied the requirement to confer. The court agrees that defendant did confer with plaintiff as required by the Federal Rules and declines to award fees and costs.

Educators defendants' motion to quash and for a protective order [doc # 127]

Educators moves to quash and for a protective order to prevent the deposition of a corporate representative to testify about the factual basis of Educators' denials to plaintiff's requests for admissions. Defendants argue that the deposition notice amounts to a second deposition of Educators' corporate representative on the topic of the "reinsurance" agreement between Educators and Hartford. Defendants move to quash and for a protective order on the grounds the notice is duplicative,

13

unreasonably burdensome and harassing, and that the plaintiff did not seek leave to notice a second deposition pursuant to Federal Rule of Civil Procedure 30(a)(2)(B).

Plaintiff's position is that no leave was required because the notice of deposition is not duplicative. The first notice requested a person with knowledge of "the negotiation and execution of the Reinsurance Agreement with Hartford" while the second requests a representative with knowledge of "the factual basis for Educators' denials of requests to admit". [Pl.'s Obj. Mem. at 6.] Plaintiff argues that these are distinct because the requests for admission seek information that relates to "Educators' communications, and relationship with *its insureds* as affected by the Reinsurance Agreement" as opposed to communications on this topic occurring solely between Educators and Hartford. [Pl.'s Obj. Mem. at 6.] Plaintiff claims that the factual basis for Educators' denials is relevant to plaintiff's allegation that Educators breached its obligations to plaintiff and failed to get plaintiff's consent. Plaintiff asserts she did not have an opportunity to depose Educators about the basis for its denials because Educators did not respond to the requests for admission until after the conclusion of the depositions.

Educators asserts that the notices are duplicative because the requests for admission seek information about the reinsurance agreement, and it has already responded to an April 15, 2003 deposition notice on the topic of the reinsurance agreement by producing Kimberly Rankin, vice president and corporate secretary

for Educators, and Kenneth Wasnock, the life and disability claim manager. [Def's Mem. at 2.] Educators also argues that they already designated Pamela Mormino, a Hartford employee, to testify about "any communications with insureds about the relationship after July 1999." Educators argues that plaintiff therefore already had an opportunity to depose Educators on the topics covered in the requests for admissions, and should not now be allowed a "second bite at the apple."

The court agrees with plaintiff that the deposition notices are not duplicative. In the notice at issue, plaintiff is asking for specific information from Educators about its basis for denying the requests for admission and about Educators' relationship with its insureds. Without doubt, these are matters related to topic of the first deposition, and might overlap in some respects, but the plaintiff has made a sufficient case for why this information is sufficiently distinguishable from prior notices and will lead to new information about the relationship and obligations between Educators and its insureds. As the plaintiff points out, Educators may or may not decide to designate the same individual to testify. Furthermore, the prior deposition of Mormino, a Hartford employee, does not extinguish plaintiff's right to depose an Educators representative on the topic of their denials of the requests to admit.

The record shows that plaintiff has made a good faith effort to acquire the information by other means, and a request for telephone deposition of a corporate representative on the narrow

topics set forth does not amount to harassing behavior or impose an unreasonable burden on defendants. Accordingly, Educators' motion to quash and for a protective order [doc # 127] is **denied.** Defendant shall designate a corporate representative responsive to plaintiff's deposition notice to be deposed by telephone within fifteen (15) days of the docketing of this ruling.

CONCLUSION

For the reasons discussed herein, plaintiff's motion to strike expert designations **[doc # 120]** is **denied** ; plaintiff's motion to compel and for sanctions **[doc # 113]** is **granted in part and denied in part**; Hartford defendant's motion for protective order **[doc # 115]** is **denied**; Educators defendant's motion to quash and for a protective order **[#127]** is **denied**. Hartford defendant's motion to compel **[doc # 116]** is **denied as moot** in light of plaintiff's supplemental compliance.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the

district judge upon motion timely made.

    SO ORDERED at Bridgeport this \_\_\_\_ day of December 2003.

                                            _____
                                            HOLLY B. FITZSIMMONS
                                            UNITED STATES MAGISTRATE JUDGE