UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CANDI McCULLOCH | § | CIVIL ACTION NO.: |
| Plaintiff, | § | 301CV1115(AHN) |
| | § | |
| vs. | § | |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY AND | § | |
| EDUCATORS MUTUAL LIFE | § | |
| INSURANCE COMPANY | § | |
| Defendants. | § | February 6, 2004 |

### DEFENDANT HARTFORD LIFE & ACCIDENT INSURANCE COMPANY'S MOTION TO RECONSIDER THE SETTING OF A HEARING ON PLAINTIFF'S MOTION FOR DEFAULT

Hartford Life and Accident Insurance Company ("Hartford") seeks reconsideration of the Court's setting of Plaintiff's Motion for Default for oral argument on February 13, 2004 in this Court, and asks that the Motion be referred to Magistrate Judge Holly B. Fitzsimmons. Plaintiff's Motion for Default seeks death penalty sanctions against Hartford for Hartford's purported violation of discovery rulings entered by Magistrate Judge Fitzsimmons, who has heard and ruled on all of the discovery motions in this case. Hartford respectfully requests that the Motion for Default be referred to Magistrate Judge Fitzsimmons to hear and determine the merits of Plaintiff's Motion for Default pursuant to 28 U.S.C. § 636(b)(1)(A), because she has extensive knowledge of the discovery motions in this case, the Rulings she has entered, and Hartford's compliance therewith.

1

063670.0229  5450180 v4 WEST

## DISCOVERY RULINGS AT ISSUE

Since this suit was filed, the parties have brought a number of discovery disputes before the Court. From Hartford's perspective, these motions without exception have been brought in good faith, after the parties attempted but were unable to resolve their respective positions. Plaintiff takes a different view, and has sought costs or sanctions on six different occasions. All these discovery disputes, as well as all of Plaintiff's motions for costs and sanctions, have been heard and ruled upon by Magistrate Judge Fitzsimmons. On a single occasion early in the case, Magistrate Judge Fitzsimmons granted a motion for fees and costs and on June 28, 2002, ordered Hartford to pay Plaintiff's fees and costs associated with her Motion to Determine the Sufficiency of Answers or Objections. Since that time, Magistrate Judge Fitzsimmons has overruled each of Plaintiff's requests for costs or sanctions, expressly finding that Defendants' positions have been well founded in law and in fact – even when she ultimately sustained Plaintiff's position. Nonetheless, Plaintiff motion for entry of default motion is based upon the same discovery disputes that have been considered and ruled upon by Magistrate Judge Fitzsimmons.

*Plaintiff's request for a corporate representative to testify regarding the Reinsurance Agreement:*

Hartford objected to the deposition notice. Plaintiff filed a motion to compel. Magistrate Judge Fitzsimmons heard the motion on June 26, 2003, and in a ruling issued August 11, 2003, denied it in part and granted it in part. Hartford produced a witness as well as responsive documents on July 28, 2003. The witness was able to answer substantially all of the questions posed and Plaintiff did not object at the deposition to the witness's level of preparation or knowledge. Nonetheless, Plaintiff noticed yet another deposition of an individual in the same department, Donald Loveland. Hartford objected that the discovery was duplicative and sought a

2

protective order. Hartford's motion for protective order was heard on November 12, 2003. On January 23, 2004, Magistrate Judge Fitzsimmons declined to grant Hartford's motion and ordered that Loveland be made available within 15 days of the Ruling. In her written Ruling, the Magistrate analyzed the positions of both parties and did not see fit to order sanctions of any kind. In accordance with the Ruling, Mr. Loveland's deposition was completed on February 4. There has been no discovery abuse, and Plaintiff's motion asserting as much should be heard by Magistrate Judge Fitzsimmons.

*Plaintiff's request for a "Recordkeeper" deposition:*

Plaintiff served upon Hartford a deposition notice directed to the "Recordkeeper" of Hartford, with a duces tecum request for 17 categories of documents. Hartford objected that the notice was procedurally improper and, after attempting to confer, filed a motion for protective order. That motion was heard on November 12, 2003, and overruled by Magistrate Judge Fitzsimmons in her January 23, 2004 Ruling.[1] The Court set forth both parties' positions in detail and denied Plaintiff's request for costs incurred in opposing Hartford's motion. There has been no discovery abuse, and Plaintiff's motion asserting as much should be heard by Magistrate Judge Fitzsimmons.

*Plaintiff's request for correspondence between the two Defendants:*

In December 2002, Plaintiff served requests for production seeking documents pertaining to the "reinsurance agreement" between the two Defendants. Hartford conducted a diligent search for documents relating to this four year old transaction and by March of 2003 had produced approximately 170 pages of responsive documents (Educators' and Hartford's documents were produced together, as explained in a March 28, 2003 letter to Plaintiff's

---

[1] Hartford has filed a Motion for Reconsideration/Clarification with respect to a limited aspect of this Ruling.

counsel). All non-privileged correspondence has been produced. There has been no discovery abuse, and Plaintiff's motion asserting as much should be heard by Magistrate Judge Fitzsimmons.

*Plaintiff's request for the claim file and claim manual:*

The claim file has been produced in its entirety. Plaintiff's complaint is that, in the course of discovery, Hartford found a few more pages and promptly supplemented its production.[2] Hartford offered to make witnesses available for additional questioning on these documents; Plaintiff has made no attempt to do so. When Hartford finds no responsive documents, Plaintiff alleges had Hartford looked sooner responsive documents would have been discovered. Plaintiff has no evidence of this. There has been no discovery abuse, and Plaintiff's motion asserting as much should be heard by Magistrate Judge Fitzsimmons.

## CONCLUSION

Based on the foregoing, Hartford respectfully requests the Court reconsider its setting of Plaintiff's Motion for Default for hearing, and designate Magistrate Judge Holly Fitzsimmons to consider and rule upon Plaintiff's Motion.

---

[2] Hartford has conducted a diligent search for all responsive documents. Of course, should some oversight be discovered, Hartford will immediately comply with its obligations to supplement production.

4

By: _____
Barry A. Chasnoff (ct11162)
Roberta J. Sharp (ct24407)
Jessica S. Taylor (ct24408)
AKIN GUMP STRAUSS HAUER & FELD L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

AND

Donald E. Frechette (ct 08930)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANT
HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY

## CERTIFICATE OF CONFERENCE

On ___Feb. 2___, 2004, I conferred with Plaintiff's counsel Eliot Gersten regarding Defendant Hartford Life & Accident Insurance Company's Motion to Reconsider the Setting of a Hearing on Plaintiff's Motion for Default. The parties were unable to reach an agreement regarding the disposition of this motion.

_____  w/p JST
ROBERTA J. SHARP

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent via facsimile and certified mail, return receipt requested to the following attorney on the ___6th___ day of February, 2004:

| |  |
|---|---|
| Eliot B. Gersten<br>Gersten & Clifford<br>214 Main Street<br>Hartford, CT 06106<br>Phone (860) 527-7044<br>Facsimile (860) 527-4968 | |

_____
ROBERTA J. SHARP
JESSICA SPANGLER TAYLOR

6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CANDI McCULLOCH<br>Plaintiff, | §<br>§<br>§ | CIVIL ACTION NO.:<br>301CV1115(AHN) |
| vs. | §<br>§ | |
| HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY AND<br>EDUCATORS MUTUAL LIFE<br>INSURANCE COMPANY<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ | February 6, 2004 |

**ORDER GRANTING HARTFORD LIFE & ACCIDENT INSURANCE COMPANY'S MOTION TO RECONSIDER THE SETTING OF A HEARING ON PLAINTIFF'S MOTION FOR DEFAULT**

After considering Hartford Life and Accident Insurance Company's Motion to Reconsider the Setting of a Hearing on Plaintiff's Motion for Default, the Court is of the opinion the Motion should be GRANTED.

SIGNED on _____, 2004, in Bridgeport, Connecticut.

_____
UNITED STATES DISTRICT JUDGE