UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| CANDI McCULLOCH | § | CIVIL ACTION NO. 2004 FEB -9  A 10: 32 |
| Plaintiff, | § | 301CV1115(AHN) |
| | § | |
| vs. | § | US DISTRICT |
| | § | DISTRICT |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY AND | § | |
| EDUCATORS MUTUAL LIFE | § | |
| INSURANCE COMPANY | § | |
| Defendants. | § | February 6, 2004 |

---

**DEFENDANT HARTFORD LIFE & ACCIDENT INSURANCE COMPANY'S
MOTION TO RECONSIDER/CLARIFY DISCOVERY RULING AND
MOTION FOR BRIEF EXTENSION OF TIME TO RESPOND**

---

Hartford Life and Accident Insurance Company ("Hartford") asks that Magistrate Judge

Fitzsimmons reconsider and/or clarify a portion of her January 23, 2004 Ruling, as it relates to

the "Recordkeeper" deposition notice. Specifically, in directing Hartford to produce documents

as requested in the deposition notice, the Ruling appears to overrule a number of objections that

were not before the Court. Hartford is in the process of gathering responsive documents and

designating a corporate representative, but respectfully asks that Magistrate Judge Fitzsimmons

consider Hartford's objections to some of the document requests that were based upon privacy

concerns, overbreadth, and burden.

In addition, Hartford asks for a brief extension of time in which to produce the expert

report of the "employee-experts" until February 20, 2004.

Finally, Hartford asks that Magistrate Judge Fitzsimmons reconsider or clarify her Ruling

regarding production of expense records reflecting payment of attorneys' fees in this suit.

1

063670.0229  5453978 v1 WEST

## BASIS FOR MOTION FOR RECONSIDERATION

### *Hartford's written objections to some categories of the "Recordkeeper" notice*

The Court is familiar with the discovery at issue and Hartford will recap here only as relevant to this Motion. On August 8, 2003, Plaintiff served Hartford with a Notice of Deposition Duces Tecum of the Recordkeeper of Hartford.[1] In the Notice, Plaintiff requested that Hartford's "Recordkeeper" produce and be prepared to testify about 17 categories of documents. Hartford sought a Protective Order.[2] Hartford objected that the notice failed to identify with reasonable particularity the subject matter upon which the deponent was to be knowledgeable, and as a document request, it failed to allow Hartford 30 days to respond. Further, the notice shifted to Hartford the burden to insure that all documents produced would be admissible at trial.

Separately, Hartford served specific written objections to the document requests in the Notice.[3] Hartford objected to the requests on various grounds including overbreadth, privacy, and burden. These written objections were not the subject of Hartford's Motion for Protective Order, nor did Plaintiff seek to have the Court rule on Hartford's specific objections to certain categories of documents.

In overruling Hartford's Motion for Protective Order, the Court expressly noted on page 12 of the Ruling that the documents to be produced were "identified specifically and referenced to deposition testimony." This is the case with respect to categories 1, 2, 4, 6-8, and 10-12.[4]

---

[1] See Exhibit A.
[2] Docket # 115.
[3] See Exhibit B.
[4] Requests 1, 2, 4, 5, 6, 7, 8, and 11 relate to various reports relating to the handling of claims but seek documents far beyond any relevant time period. Hartford objected on the grounds of overbreadth and relevance, but will produce the documents and reserve objections for trial in order to narrow the issues before this Court.

However, several of the requests, and in particular 13 through 17, are not referenced to deposition testimony and are quite broad.[5]

In directing Hartford on page 13 of the Ruling to "produce documents as requested in plaintiff's original deposition notice," the Court appears to have overruled the specific objections to these document requests set forth above. Hartford believes this is not the intent of the Court's Ruling but rather than risk appearing at the deposition without full compliance, Hartford respectfully asks that the Court clarify its Ruling prior to the deposition.

### Request for extension of time to produce employee-expert reports

The Ruling directs Hartford to produce the reports within 15 days of the date docketed; Hartford first received notice of the Ruling when served with Plaintiff's deposition notice on January 27, 2004,[6] leaving just 8 business days for completion of the report. Ms. Laughran had a previously scheduled diagnostic surgical procedure scheduled for February 9, further reducing her available time. The report these experts are responding to is 40 pages in length; these witnesses have been working diligently to complete their written reports, but have been unable to do so. Hartford asks that the Court extend the deadline for production of these expert reports until February 20, 2004.

### Request for reconsideration/clarification of Ruling on attorneys' fees

Hartford asks that the Court clarify the Ruling ordering production of its expense reports reflecting attorneys' fees. In granting the Plaintiff's motion to compel, the Court did not state a date for compliance, the time period for which Hartford's payments to attorneys is subject to

---

[5] In addition, Request 3 of the "recordkeeper" deposition notice seeks personnel files of a number of individuals involved in the handling of Plaintiff's claim. These files include social security numbers and bank account numbers of the individuals involved. Hartford has sought agreement from Plaintiff's to the redaction of this information. Plaintiff's counsel has not yet had an opportunity to respond to this request, but Hartford does not anticipate any problem in reaching an agreement on this point.
[6] Hartford has still not received a copy of the Ruling directly from the Court.

063670.0229  5453978 v1 WEST

discovery, and whether or with what frequency Hartford is obligated to "supplement" this production.

Moreover, Hartford asks that the Court reconsider this Ruling. Plaintiff's only argument as to relevance was that the amount expended by Hartford to defend itself is somehow evidence of "bad faith." An insurer must have an absolute right to defend itself from a bad faith lawsuit without fear that the expenses incurred in defending itself might somehow become evidence of "bad faith." Allowing discovery of attorneys' fees during the pendency of a lawsuit on this theory would have a chilling effect on an insurer's ability and willingness to retain counsel and vigorously defend its position. For these and the reasons set forth in Hartford's objections to Plaintiff's motion to compel, Hartford respectfully asks that the Court reconsider this aspect of the January 23, 2004 Ruling.

## CONCLUSION

Based on the foregoing, Hartford respectfully requests the Court reconsider and/or clarify that portion of the January 23, 2004 Ruling directing Hartford to produce all documents responsive to Plaintiff's Notice of Deposition Duces Tecum to the Recordkeeper of Hartford.

In addition, Hartford respectfully requests a brief extension of the time in which to produce the reports of its employee-experts, until February 20, 2004.

Finally, Hartford asks that the Court clarify and reconsider its Ruling with respect to the production of Hartford's expense sheets reflecting payment of attorneys' fees.

063670.0229 5453978 v1 WEST

Repectfully submitted,

By: _____
    Barry A. Chasnoff (ct11192)
    Roberta J. Sharp (ct24407)
    Jessica S. Taylor (ct24408)
    AKIN GUMP STRAUSS HAUER & FELD L.L.P.
    300 Convent Street, Suite 1500
    San Antonio, Texas  78205
    Telephone:  (210) 281-7000
    Telecopier: (210) 224-2035

    AND

    Donald E. Frechette (ct 08930)
    Edwards & Angell, LLP
    90 State House Square
    Hartford, CT 06103
    Phone:  (860) 525-5065
    Facsimile: (860) 527-4198

    ATTORNEYS FOR DEFENDANT
    HARTFORD LIFE & ACCIDENT
    INSURANCE COMPANY


## CERTIFICATE OF CONFERENCE

On _February 2_, 2004, I conferred with Plaintiff's counsel Eliot Gersten regarding Defendant Hartford Life & Accident Insurance Company's Motion to Reconsider/Clarify Discovery Ruling and Motion for Brief Extension of Time to Respond.  The parties were unable to reach an agreement regarding the disposition of this motion.

_____
ROBERTA J. SHARP

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent via facsimile and certified mail,

return receipt requested to the following attorney on the ___6th___ day of February 2004:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106
Phone (860) 527-7044
Facsimile (860) 527-4968

ROBERTA J. SHARP
JESSICA SPANGLER TAYLOR

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CANDI McCULLOCH** | § | **CIVIL ACTION NO.:** |
| **Plaintiff,** | § | **301CV1115(AHN)** |
| | § | |
| **vs.** | § | |
| | § | |
| **HARTFORD LIFE AND ACCIDENT** | § | |
| **INSURANCE COMPANY AND** | § | |
| **EDUCATORS MUTUAL LIFE** | § | |
| **INSURANCE COMPANY** | § | |
| **Defendants.** | § | **February 6, 2004** |

---

**ORDER GRANTING HARTFORD LIFE & ACCIDENT INSURANCE COMPANY'S**
**MOTION FOR RECONSIDERATION**

---

After considering Hartford Life and Accident Insurance Company's Motion for Reconsideration, the Court finds that it is well-founded:

The Court SUSTAINS Hartford's objections to Requests 1 through 8 and 10 through 17 of the "Recordkeeper" deposition notice.

The Court GRANTS Hartford's request for an extension of time to produce the reports of John McGoldrick and Deborah Laughran until February 20, 2004.

SIGNED on _____, 2004, in Bridgeport, Connecticut.

_____
MAGISTRATE JUDGE HOLLY FITZSIMMONS

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
## (BRIDGEPORT)

|  |  |
|---|---|
| CANDI McCULLOCH<br>　　　　Plaintiff, | : CIVIL ACTION NO. 301CV1115(AHN)<br>: |
| | : |
| vs. | : |
| | : |
| HARTFORD LIFE AND ACCIDENT | : |
| INSURANCE COMPANY, and EDUCATORS | : |
| MUTUAL LIFE INSURANCE COMPANY | : |
| 　　　　Defendants. | : AUGUST 8, 2003 |
| | : |

### <u>NOTICE OF DEPOSITION DUCES TECUM</u>

**PLEASE TAKE NOTICE THAT**, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the Plaintiff will take the deposition, upon oral examination, of the **RECORDKEEPER**

**of defendant Hartford Life and Accident Insurance Company**, to testify in the above-captioned

matter, on **Wednesday, August 20, 2003 at 10:00 a.m. at the law offices of Gersten & Clifford,**

**214 Main Street Hartford, Connecticut** before a court reporter or other authority competent to

administer an oath. This deposition is being taken for the purpose of discovery or for use at trial (or

both), or for such purposes as are permitted under the Federal Rules of Civil Procedure and laws of

the State of Connecticut.

**ALSO TAKE NOTICE THAT** the deponent is hereby required to produce at the time of

such deposition the following documents:

1.　　　Monthly Management Letters (MML) for the period January 1999 to date, as

referenced in Director John McGoldrick's deposition transcript of July 18, 2003 at page 298.

2.    Monthly and/or quarterly performance reviews (MPR) for the period July 1999 to date, as referenced in Director John McGoldrick's deposition transcript of July 18, 2003 at page 304.

3.    Personnel files for the following:

    a.    Susan Wilk

    b.    Diane Favreau

    c.    Deborah Laughram

    d.    Kim Gabrielson

    e.    Director John McGoldrick

4.    Roll up records for the time period of July 1999 to September 2000 (roll up being a term used by Pamela Mormino in her deposition transcript for July 28, 2003 at pages 14 through 17).

5.    Pending claim reports for the time period of July 1999 to November 2001.

6.    Special Investigations Unit reports (as referred to by Pamela Mormino in her deposition transcript for July 28, 2003 at pages 18 through 21.

7.    Reserve reports (as referenced by Pamela Mormino in her deposition transcript for July 28, 2003 at page 19.

8.    Disabled Life Reserve (DLR) report on open liability records as referenced for the time period of July 1999 to date, including the Educator's Block.

9.    Any documentation exchanged between the defendants after November 1999 to date.

10.    Any documents relating to the "true up" which took place, as referenced in Pamela Mormino's deposition transcript for July 28, 2003 at pages 67 through 69.

11.    Any quantity reserve reports between July 1999 to date as referenced in Pamela Mormino's deposition transcription for July 28, 2003 at pages 104 and 105

12.     Any calculation of reserves in the Educators Block of business as referenced at pages 223 through 225 of Pamela Mormino's deposition transcript.

13.     Any actuarial tables and/or calculations relating to the determination of a Disability Loss Reserve for any claims subject to the Educators Reinsurance Agreement.

14.     Reserve reviews and calculation of premiums (including reinsurance premium).

15.     GAAP Reserve reports.

16.     Reserve opinions and bordereaux exits.

17.     Monthly and/or quarterly reviews in connection with the "Reinsurance Agreement."

You are invited to attend and cross-examine.

PLAINTIFF,
CANDI McCULLOCH

By:

_____
Eliot B. Gersten, Esq.
Fed. Bar No. ct05213
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
(860) 527-7044
Her Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Deposition was faxed and mailed, via regular U.S. Mail, postage prepaid, on August 8, 2003, to all counsel and pro se parties of record, as follows:

Roberta J. Sharp, Esq.
Barry A. Chasnoff, Esq.
Jessica Spangler Taylor, Esq.
Akin Gump Strauss Hauer & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205
*Fax: 210-224-2035*

Donald E. Frechette, Esq
Joshua L. Milrad, Esq.
Charles F. Gfeller, Esq.
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
*Fax: (860) 527-4198*

_____
Eliot B. Gersten

-4-

10/1/03

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**(BRIDGEPORT)**

| | | |
|---|---|---|
| **CANDI McCULLOCH** <br> **Plaintiff,** | § <br> § | **CIVIL ACTION NO.:** <br> **301CV1115(AHN)** |
| | § | |
| **vs.** | § | |
| | § | |
| **HARTFORD LIFE AND ACCIDENT** <br> **INSURANCE COMPANY AND** <br> **EDUCATORS MUTUAL LIFE** <br> **INSURANCE COMPANY** <br> **Defendants.** | § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> **October 1, 2003** |

---

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S OBJECTIONS TO**
**NOTICE OF DEPOSITION DUCES TECUM OF THE RECORD KEEPER OF**
**HARTFORD**

---

Defendant Hartford Life and Accident Insurance Company ("Hartford") provide the

following objections to the Notice of Deposition Duces Tecum of the Record Keeper of Hartford

(the "Notice") and would state as follows:

**GENERAL OBJECTION**

Hartford objects to this Notice on grounds that it is not a proper discovery request under

the Federal Rules of Civil Procedure.  Subject to this general objection, Hartford responds as

follows:

**OBJECTIONS TO DOCUMENT REQUESTS**

Hartford's objections, including, without limitation, objections as to admissibility,

relevance, propriety, confidentiality, hearsay, and materiality, which, if sustained at trial, would

require the exclusion of any document requested in the duces tecum, are reserved.

Without waiving these objections, Hartford provides the following specific objections:

B

1.     Monthly Management Letters (MML) for the period January 1999 to date, as referenced in Director John McGoldrick's deposition transcript of July 18, 2003 at page 298.

**RESPONSE:** Hartford objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time and subject matter. Further, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

2.     Monthly and/or quarterly performance reviews (MPR) for the period July 1999 to date, as referenced in Director John McGoldrick's deposition transcript of July 18, 2003 at page 304.

**RESPONSE:** Hartford objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Further, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter. Moreover, this request is objectionable to the extent it seeks information invasive of the personal and/or privacy rights of individuals that are not parties to this matter.

3.     Personnel files for the following:

    a.     Susan Wilk

    b.     Diane Favreau

    c.     Deborah Laughran

    d.     Kim Gabrielson

    e.     Director John McGoldrick

**RESPONSE:** Hartford objects to this request to the extent it seeks information that is invasive of the personal and/or privacy rights of individuals that are not parties to this matter. Hartford also objects to this request on grounds that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

4.     Roll up records for the time period of July 1999 to September 2000 (roll up being a term used by Pamela Mornino in her deposition transcript for July 28, 2003 at pages 14 through 17).

**RESPONSE:** Hartford objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Further, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

5.     Pending claim reports for the time period of July 1999 to November 2001.

**RESPONSE:** Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds

that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

6.    Special Investigation Unit reports (as referred to by Pamela Mormino in her deposition transcript for July 28, 2003 at pages 18 through 21.

**RESPONSE**: Hartford objects to this request on grounds that it is overly broad, unduly burdensome, harassing, and is calculated to request Harford to incur unnecessary or unreasonable expense. Further, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

7.    Reserve reports (as referenced by Pamela Mormino in her deposition transcript for July 28, 2003 at page 19.

**RESPONSE**: Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

8.    Disabled Life Reserve (DLR) report on open liability records as referenced for the time period of July 1999 to date, including the Educator's Block.

**RESPONSE**: Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

9.    Any documentation exchanged between the defendants after November 1999 to date.

**RESPONSE**: Hartford objects to this request on grounds that it seeks documents protected by the joint defense privilege. Hartford further objects on grounds that it is overly broad and unduly burdensome in that it is not limited in subject matter. Finally, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

10.    Any documents relating to the "true up" which took place, as referenced in Pamela Mormino's deposition transcript for July 28, 2003 at pages 67 through 69.

**RESPONSE**: Hartford objects to this request on grounds that it is overly broad and unduly burdensome. Further, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this mater. Subject to the foregoing objection, Hartford has already produced documents responsive to this request.

11.    Any quarterly reserve reports between July 1999 to date as referenced in Pamela Mormino's deposition transcription for July 28, 2003 at pages 104 and 105.

**RESPONSE:** Hartford objects to this request on grounds that it is overly broad, unduly burdensome, harassing, and is calculated to request Harford to incur unnecessary or unreasonable expense. Further, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

12.    Any calculation of reserves in the Educators Block of business as reference at pages 223 through 225 of Pamela Mormino's deposition transcript.

**RESPONSE:** Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define information sought. Further, this request is overly broad and unduly burdensome. Finally, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

13.    Any actuarial tables and/or calculations relating to the determination of a Disability Loss Reserve for any claims subject to the Educators Reinsurance Agreement.

**RESPONSE:** Hartford objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Further, this request is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

14.    Reserve reviews and calculation of premiums (including reinsurance premium).

**RESPONSE:** Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

15.    GAAP Reserve reports.

**RESPONSE:** Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

16.    Reserve opinions and bordereaux exits.

**RESPONSE:** Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

17.     Monthly and/or quarterly reviews in connection with the "Reinsurance Agreement."

**RESPONSE**: Hartford objects to this request on grounds that it is vague, ambiguous, and fails to adequately define the information sought. Hartford further objects to this request on grounds that it is overly broad and unduly burdensome in that it is not limited in time or subject matter. Finally, this request is not reasonable calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

Respectfully Submitted,

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY AND
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY

By

Barry A. Chasnoff (ct11162)
Roberta J. Sharp (ct24407)
Jessica S. Taylor (ct24408)
Akin, Gump, Strauss, Hauer & Feld, LLP
300 Convent, Suite 1500
San Antonio, Texas 78205
(210) 281-7000
(210) 224-2035 (Fax)

- and -

Donald E. Frechette (ct08930)
William E. Murray (ct19717)
Edwards & Angell, LLP
90 State House Square, 9th Floor
Hartford, CT  06103
(860) 525-5065
(860) 527-4198 (Fax)

## CERTIFICATION OF SERVICE

This is to certify that on the _____ *1st* _____ day of October, 2003, a copy of Hartford Life Insurance Company's Objections to Notice of Deposition Duces Tecum of the Record Keeper of Hartford was served via facsimile and certified mail, return receipt requested, to:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT  06106

JESSICA SPANGLER TAYLOR