UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| CANDI McCULLOCH | : | CIVIL ACTION NO. |
| | : | 301CV1115(AHN) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY, and EDUCATORS | : | |
| MUTUAL LIFE INSURANCE COMPANY | : | |
| Defendants. | : | February 13, 2004 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO RECONSIDER/CLARIFY DISCOVERY RULING AND
MOTION FOR EXTENSION OF TIME TO RESPOND**

This Court should deny defendant Hartford Life and Accident Insurance Company's ("Hartford") motion to "Reconsider/Clarify" the January 23, 2004 discovery ruling. In yet another effort to procrastinate, delay and prolong the litigation, the motion blatantly attempts to raise issues that Hartford failed to advance in its original motion, and to reargue other issues in the absence of any new authority or evidence.

A.  **THE COURT SHOULD REJECT HARTFORD'S NEW ARGUMENTS REGARDING THE RECORD KEEPER NOTICE**

The Court should reject Hartford's attempt to avoid producing documents requested based on objections that Hartford **admits** it did not raise in its Motion for Protective Order. "A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency" of the underlying motion. LoSacco v. Middletown, 822 F.Supp. 870, 877 (D.Conn. 1993). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the

1

alternative once a decision has been made." <u>Horsehead Resource Dev. Co. v. B.U.S. Envtl. Serv. Inc.</u>, 928 F.Supp. 287, 289 (S.D.N.Y. 1996), <u>quoting</u>, <u>McMahon v. Donalson, Lufkin & Jenrette</u>, 727 F.Supp. 833-834 (S.D.N.Y. 1989) ("The proponent of such a motion is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then . . . advance new facts and theories in response to the court's rulings.").

As Hartford admits, Hartford relied on three specific grounds to avoid complying with the notice of deposition duces tecum, none of which included the objections that Hartford now asks the Court to consider. <u>See</u> Hartford's Motion for Reconsideration, pp.2-3. Hartford was free to advance these objections in support of its motion for protective order and failed to do so. Hartford's motion for reconsideration is plainly an attempt to open the door for Hartford to argue alternative grounds to avoid producing the requested documents only after the decision to order production was made. "The scope of review on motions for reconsideration is limited to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters." <u>LoSacco</u>, at 877.

Moreover, as set forth more fully in plaintiff's pending Motion for Default, Hartford's objections to producing the documents identified in paragraphs 13 through 17 of the Notice of Deposition are improper and untimely. Exactly one year ago, defendants finally committed to producing these very documents on a "rolling basis," in response to a discovery request served one year previously, in April 2002. <u>See</u> Letters dated February 11, 2003 and February 12, 2003. Instead of fulfilling their promise, defendants now refuse to produce the documents, claiming that they are irrelevant.

*Defendants have delayed production of these documents for two full years now.* The

2

Court should reject Hartford's attempt to maximize its delay in production by the strategy of raising only some of its objection to the Notice of Deposition Duces Tecum in its Motion for Protective Order, and, only after the ruling on that motion, requiring yet a further round of motions to address its other objections.

**B.   THE COURT SHOULD REJECT HARTFORD'S RE-ARGUMENT OF THE RULING REGARDING THE EXPENSE REPORTS**

The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless "the moving party can point to controlling decisions or data that the court overlooked." Id. Hartford asks the court to reconsider its ruling in the absence of citation to any decisions or data that the court overlooked. Instead, Hartford simply reiterates its previous argument that the expenses it incurred in this action are irrelevant. Motions for reconsideration are not supposed to be an a opportunity for a "second bite at the apple". Sequa Corp. v. Butler, Fitzgerals & Potter, 156 F.3d 136, 144 (2d Cir. 1998.

Moreover, contrary to Hartford's argument, an insurer does not have "an absolute right to defend itself from a bad faith lawsuit without fear" that its litigation conduct "might somehow become evidence of 'bad faith'." See e.g. Graham v. Gallant Ins. Group, 60 F.Supp.2d 632, 635 (W.D.Ky. 1999) (there is no question that an insurer's duty of good faith continues past the filing of a bad faith complaint against an insurer; and evidence regarding an insurer's litigation tactics is thus relevant and discoverable even if it may ultimately be found to be inadmissible at trial); Gooch v. State Farm Mut. Auto Ins. Co., 712 N.E.2d 38, 41-43 (Ind.Ct.App. 1999) (insurer's conduct in defending claim was admissible to show bad faith); Gregory v. Cont'l Ins. Co., 575

3

So.2d 534, 541 )(Miss. 1990) (trial court erred by not considering insurer's conduct after insured sued it.); Ingalls v. Paul Revere Life Ins. Group, 561 N.W.2d 273, 280 (N.D. 1997) (upholding trial court's decision allowing testimony that insurer's pleadings and litigation strategies evidenced bad faith); O'Donnell v. Allstate Ins. Co., 734 A.2d 901, 907 (Pa.Super.Ct. 1999) (conduct of an insurer during the pendency of litigation may be considered as evidence of bad faith.)

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court indicate to the Hartford that "enough is enough" ; the time to comply with otherwise proper discovery has arrived and deny Hartford's Motion for Reconsideration.

PLAINTIFF CANDI McCULLOCH

By: _____
Eliot B. Gersten, Esq.
Fed. Bar No. ct05213
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
Tel: (860) 527-7044
Her Attorney

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, via first class mail, postage prepaid, on February 13, 2004 to all counsel and pro se parties of record, as follows:

Roberta J. Sharp, Esq.
Barry A. Chasnoff, Esq.
Jessica Spangler Taylor, Esq.
Akin Gump Strauss Hauer & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205
*Tel: 210-281-7146*
*Fax: 210-224-2035*

Donald E. Frechette, Esq. (ct08930)
Joshua L. Milrad, Esq. (ct19321)
Charles F. Gfeller, Esq. (ct18119)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone (860) 525-5065
Facsimile (860) 527-4198

_____
Eliot B. Gersten