UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CANDI McCULLOCH<br>Plaintiff, | : | CIVIL ACTION NO.<br>301CV1115(AHN) |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY and EDUCATORS<br>MUTUAL LIFE INSURANCE COMPANY<br>Defendants. | :<br>:<br>:<br>: | APRIL 14, 2004 |

### REQUEST FOR EXTENSION OF PRE-TRIAL DEADLINE
### TO FILE MOTIONS FOR SUMMARY JUDGMENT

Plaintiff respectfully requests permission for an extension of the pretrial deadline to allow plaintiff to file the following :

1. A motion for summary judgment on the counterclaim of defendant Hartford Life and Accident Insurance Company ("Hartford") on the limited ground that Hartford cannot establish damages; and

2. A motion for summary judgment as to plaintiff's claim that defendant Educators Mutual Life Insurance Company ("Educators") breached its contract with plaintiff, the covenant of good faith and fair dealing inherent in that contract, and CUIPA in connection with the so-called Reinsurance Agreement between Educators and Hartford.

The court is currently considering two motions seeking summary judgment filed by these defendants as well as outstanding motions regarding discovery   At the time plaintiff filed her opposition, she did not file a cross motion seeking relief because there were pending discovery requests seeking information pertinent to Hartford's ability to establish damages and Educators' conduct following execution of the Reinsurance Agreement.  Among other things, plaintiff

sought production of various financial reports required by the "Reinsurance Agreement" and correspondence between Hartford and Educators following execution of the "Reinsurance Agreement." Plaintiff had served these discovery requests with sufficient time to seek summary judgment within the deadline set by the court. However, as of the summary judgment deadline, Hartford had refused to produce the information requested. On January 23, 2004, the Court ordered Hartford to produce the requested documents. Hartford's compliance - to date still incomplete- has only been made recently.[1]

Based upon recently obtained discovery - supplemented by the representations made by Educators in its pending motion for summary judgment - plaintiff believes that her proposed motions for summary judgment involve the application of the law to undisputed facts. These facts include that Hartford profited (by approximately one million dollars) by the inclusion of plaintiff's allegedly fraudulent claim in the Reinsurance Agreement and that, although Educators informed plaintiff and other claimants that it was simply hiring Hartford to administer their claims, it irrevocably transferred the reserves to pay these claims to Hartford, treated the Reinsurance Agreement as a "sale" of the claims, and authorized Hartford to terminate the claims for its own substantial financial gain, so long as Hartford agreed to indemnify Educators for any suits brought by the claimants. There is no reason for Hartford's counterclaim and plaintiff's claim related to the Reinsurance Agreement to go to a jury.

Moreover, granting plaintiff permission to file these motions will not cause any prejudice to the defendants, who continue their attempts to reargue portions of the outstanding discovery

---

[1] Specifically, on August 8, 2003, plaintiff served a notice of deposition duces tecum, requesting production of various financial reports required by the "Reinsurance Agreement" (which are relevant to Hartford's claimed damages and Educators' abdication of its responsibilities to plaintiff) and correspondence between Hartford and Educators following execution of the "Reinsurance Agreement" (which is relevant to Educator's abdication of its responsibilities to plaintiff.) On August 25, 2003, Hartford filed a motion for protective order to prevent the deposition and avoid producing the requested documents. On January 23, 2004, the Court ordered Hartford to allow the deposition and to produce the documents as requested. As of this date, Hartford has still not produced all responsive documents, but has informed plaintiff that there no additional documents responsive to her request for the financial reports and correspondence exist. (Letter dated February 25, 2004.)

order, and continue their attempts to comply with producing information pursuant to other portions of the outstanding discovery order. The motion could be resolved prior to the trail date and, if the court resolves the motions in plaintiff's favor, it would substantially narrow and simplify the issues at trial. It would be a waste of the parties' and the Court's resources to require these issues, which are properly resolved on summary judgment, to go to trial simply because Hartford prevented plaintiff from completing discovery relevant to these issues prior to the discovery deadline by taking positions that the Court subsequently overruled.

Defendants have failed to indicate a position on this motion.

For the foregoing reasons, plaintiff respectfully requests that the court grant her request and allow her to file the proposed motions for summary judgment within three (3) weeks of the court granting her request.

PLAINTIFF,
CANDI McCULLOCH

By: _____
Eliot B. Gersten, Esq.
Fed. Bar No. ct05213
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
(860) 527-7044
Her Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was faxed and mailed, via regular U.S. Mail, postage prepaid, on April 14, 2004 to all counsel and pro se parties of record, as follows:

Roberta J. Sharp, Esq.
Jessica Spangler Taylor, Esq.
Barry A. Chasnoff, Esq.
Akin Gump Strauss Hauer & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205
*Tel: 210-281-7146*
*Fax: 210-224-2035*


Donald E. Frechette, Esq
Joshua L. Milrad, Esq.
Charles F. Gfeller, Esq.
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
*Tel: (860) 525-5065*
*Fax: (860) 527-4198*

_____
Eliot B. Gersten