UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CANDACE McCULLOCH,
        PLAINTIFF,

v.                          CIV. NO. 3:01CV1115 (AHN)

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, et al.
        DEFENDANTS

### RULING

The court conducted a telephone conference on April 23 2004, to discuss Hartford's motion for reconsideration/clarification of the court's January 23, 2004 discovery ruling [doc # 171]. The parties raised two issues for the court to resolve. After hearing from counsel, the court **grants** Hartford's motion **[doc # 171]** to the extent that it seeks clarification of the ruling, and orders the following.

The first issue is whether Hartford must unredact the social security numbers from personnel files that have already been disclosed to plaintiff. Courts routinely order that social security numbers be redacted from personnel files. See Malsh v. New York City Police Dep't, 1995 U.S. Dist. LEXIS 3310 (S.D.N.Y. March 14, 1995); see also Saket v. American Airlines, No. 02 C 3453 (N.D. Ill. Feb. 28, 2003). Hartford's objection to providing the social security numbers is sustained.

The second issue is whether Hartford must provide plaintiff with periodic updates of expense reports reflecting payment of attorneys' fees. The court orders Hartford to provide unredacted

copies of the claim screens that were initially produced at Mr. McGoldrick's deposition. The court declines to require Hartford to provide plaintiff with updates of the expense reports on a periodic basis. Rather, Hartford shall produce an updated expense report as a supplement to its pre-trial memorandum. At that time, Hartford may file a motion in limine to revisit the issue of whether the amounts of the payments must be disclosed.

The parties shall anticipate a trial to commence in the fall of 2004, and shall check the availability of witnesses for the period from September to December 2004.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 23 day of April 2004.

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE