UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAY -7 A 9:37
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| CANDI McCULLOCH<br>Plaintiff, | CIVIL ACTION NO.<br>301CV1115(AHN) |
| vs. | |
| HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY and EDUCATORS<br>MUTUAL LIFE INSURANCE COMPANY<br>Defendants. | MAY 6, 2004 |

### PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO EXTENSION OF PRE-TRIAL DEADLINE TO FILE MOTIONS FOR SUMMARY JUDGMENT

Defendants' grounds for opposing plaintiff's request for an extension of the pre-trial deadline to file motions for summary judgment are without merit. As defendants acknowledge, plaintiff acted with due diligence by serving discovery requests on August 8, 2003, with sufficient time to seek summary judgment by the deadline set by the court. At the time the deadlines were set, on July 25, 2003, Plaintiff could not have reasonably foreseen that defendants would refuse to comply with her subsequently propounded discovery request by asserting objections that the court would finally overrule at the end of January, 2004. Nor could plaintiff have reasonably foreseen, prior to defendants' recent compliance with the court's order, that these discovery responses would furnish the basis for a motion for summary judgment.

Further, contrary to defendants' claim, plaintiff has identified the discovery relevant to the issues on which plaintiff wishes to file motions for summary judgment - requests for the "production of various financial reports required by the 'Reinsurance Agreement' and correspondence between Hartford and Educators following execution of the 'Reinsurance Agreement.'" Defendants' argument that plaintiff should be required to actually attach these

documents to her request is specious - and if necessary, plaintiff will gladly provide the documents to this court. Moreover, while the financial reports recently produced support plaintiff's intended motion, defendants' admission in its recent discovery compliance, that various requested reports, and correspondence, do **not** exist, is dispositive to the issues on which plaintiff has requested permission to seek summary judgment. Certainly, although plaintiff had evidence of the fact that Hartford has not suffered damages, and the fact that Educators breached its obligation to plaintiff prior to the dispositive motion deadline (Def. Response, p.2), it was not until defendants produced the financial reports, and admitted that no other financial reports or correspondence existed between them, that plaintiff could, in good faith, assert that these facts could not be **disputed** and that there resolution was thus a proper subject of a motion for summary judgment.

Defendants' additional assertion that plaintiff should be limited to "supplement[ing] her responses to Defendants' summary judgment motions" overlooks that the issues sought to be raised in plaintiff's requested motions for summary judgment are completely distinct from the issues raised by defendants' motions for summary judgment. (Def. Resp. p.2.) Finally, there is no reason that allowing plaintiff's motions would delay the commencement of trial. This court has indicated that the trial date will be set some time between September and December, 2004. Plaintiff would be prepared to file her motions by May 31, 2004. Defendant's opposition would be due on June 21, 2004, and the reply brief due by July 1, 2004, allowing the court sufficient time to rule on the motion well before the trial date.

For the foregoing reasons, plaintiff respectfully requests that the court grant her motion.

                                    PLAINTIFF,
                                    CANDI McCULLOCH

                            By      _____
                                    Eliot B. Gersten, Esq.
                                    Fed. Bar No. ct05213
                                    GERSTEN & CLIFFORD
                                    214 Main Street
                                    Hartford, CT 06106
                                    (860) 527-7044
                                    Her Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was mailed, via regular U.S. Mail, postage prepaid, on May 5, 2004, to all counsel and pro se parties of record, as follows:

Roberta J. Sharp, Esq.
Barry A. Chasnoff, Esq.
Jessica Spangler Taylor, Esq.
Akin Gump Strauss Hauer & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205
*Tel: 210-281-7146*
*Fax: 210-224-2035*

Donald E. Frechette, Esq
Joshua L. Milrad, Esq.
Charles F. Gfeller, Esq.
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
*Tel: (860) 525-5065*
*Fax: (860) 527-4198*

                                    _____
                                    Eliot B. Gersten