UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CANDI McCULLOCH | : | CIVIL ACTION NO. |
| | : | 301CV1115(AHN) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY AND EDUCATORS | : | |
| MUTUAL LIFE INSURANCE COMPANY | : | |
| Defendants. | : | July 6, 2004 |

### PLAINTIFF'S REPLY
### TO DEFENDANT'S LOCAL RULE 56(a)(2) STATEMENT

Plaintiff respectfully requests that the court deem a portion of paragraph 9, and all of the statements in paragraphs 10, 15, 16, 23, 30, 32, and 33 of plaintiff's Local Rule 56(a)(1) Statement admitted, pursuant to Local Rule 56(a)(3).

**PARAGRAPH 9:**

RELEVANT PORTION OF PLAINTIFF'S STATEMENT: "... if Hartford terminated a claim that was included in the Agreement on its effective date, then Hartford would be entitled to release the reserves associated with that claim, to its own use. Def. Ex. B(1), § 2.3; Exhibit 2 hereto, pp.218-219."

RELEVANT PORTION OF HARTFORD'S RESPONSE: "Hartford further denies if Hartford terminated a claim that was subject to the Agreement on its effective date, that Hartford would be entitled to release the reserves associated with that claim to its own use. The testimony and evidence cited do not support this proposition."

BASIS FOR DEEMED ADMISSION: Local Rule 56 requires that defendant follow each denial of a statement in plaintiff's Local Rule 56(a)(1) Statement by a specific citation to competent, admissible evidence. D. Conn. L.R. 56(a)(3). Hartford's disagreement with plaintiff's statement, without citations to any evidence to support Hartford's denial, fails to comply with this rule, and the court should deem the statement

admitted. Shoaf v. Matteo, 100 F.Supp.2d 114, 117 (D.Conn. 2000) (Eginton, J.)[1]

**PARAGRAPH 10:**

PLAINTIFF'S STATEMENT: "Neither Hartford nor Educators disclosed to the insureds that Hartford had a financial interest in the disposition of the claims it was administering. Def. Ex. A(38); Exhibit 2 hereto, pp.149-152."

HARTFORD'S RESPONSE: "Hartford denies that neither Hartford nor Educators disclosed to the individuals whose claims were subject to the reinsurance agreement that Hartford had a financial interest in the disposition of the claims it was administering. The testimony and evidence cited do not support this proposition. Moreover, Hartford's 'financial interest' in Plaintiff's claim was no different than Educators' 'financial interest' in the claim."

BASIS FOR DEEMED ADMISSION: Local Rule 56 requires that defendant follow each denial of a statement in plaintiff's Local Rule 56(a)(1) Statement by a specific citation to competent, admissible evidence. D. Conn. L.R. 56(a)(3). Hartford's disagreement with plaintiff's statement, without citations to any evidence to support Hartford's denial, fails to comply with this rule, and the court should deem the statement admitted. Shoaf, 100 F.Supp.2d at 117.[2] Moreover, the court should disregard Hartford's final assertion, which is also not supported by citation to any evidence. Id.

**PARAGRAPH 15:**

PLAINTIFF'S STATEMENT: "Between October 1999 and November 2000, Hartford investigated plaintiff's claim for benefits, and paid plaintiff's benefits, "on behalf of Educators," as "administrator" of plaintiff's policy with Educators, and as Educators' agent. See First Amended Counterclaim dated January 6, 2003 (hereinafter "the Counterclaim"), ¶¶ 5, 45; Def. Exs. A(6), (9), (11), (26), (38); Exhibit 2 hereto, pp.149-152; Exhibit 3 hereto, ¶ 8; Def. Ex. B(1), § 2.1.2."

---

1 The evidence cited by plaintiff does support her statement that the Agreement allowed Hartford to keep the reserves associated with a claim that it terminated. Ms. Mormino testified at pages 218-219 of her deposition that every time Hartford terminated a claim, it was able to release the reserves associated with that claim, and Section 2.3 of the Agreement provided that Educators could not "recapture" those funds.
2 The evidence cited by plaintiff does support her statement that the defendants failed to disclose Hartford's financial interest in her claim. In Exhibit A(38), which was Educators' only correspondence to plaintiff regarding its contract with Hartford, Educators only informed plaintiff that it had contracted with Hartford to provide claim administration services. Ms. Mormino admitted at pages 149-152 that Hartford failed to disclose its financial interest in its correspondence to the insureds.

2

HARTFORD'S RESPONSE: "Hartford admits that between October 1999 and November 2000, Hartford investigated, administered and paid plaintiff's claim. Hartford denies that it performed these functions solely as Educators' "agent." Hartford stamped all of its correspondence to Plaintiff, and other individuals whose claims were subject to the reinsurance agreement, with "on behalf of Educators" because the policy was on Educators' paper, even though Hartford has assumed 100 percent of the financial liability for the claims. Exhibit 2, at 98-99."

BASIS FOR DEEMED ADMISSION: Local rule 56(a)(2) requires that a party opposing summary judgment state whether "each of the facts asserted by the moving party is admitted or denied," and follow each denial by citation to competent evidence. D. Conn. L.R. 56(a)(2), (3). Hartford's response is not responsive to the facts stated in paragraph 16 of plaintiff's Local Rule 56(a)(1) Statement. Although Hartford's response that it did not act "solely as Educators' 'agent'" implicitly admits that Hartford was acting as Educators' agent, Hartford has not admitted or denied that it investigated plaintiff's claim for benefits, and paid plaintiff's benefits, "on behalf of Educators," as "administrator" of plaintiff's policy with Educators, and as Educators' agent, as required by Local Rule 56(a)(2), nor has it cited to any evidence that would support such a denial, as required by Local Rule 56(a)(3). The court should thus deem these facts admitted. Shoaf, supra; Soares v. University of New Haven, Civ. No. 3:99cv1107 (JBA) (D.Conn. August 16, 2001) (deeming facts admitted where response was so vague as to be impossible to determine which facts were admitted and which were denied.)

**PARAGRAPH 16:**

PLAINTIFF'S STATEMENT: "Plaintiff represented to Hartford that she was disabled in response to Hartford's request for information "on behalf of Educators," (Def. Exs. A(6) & (12); Counterclaim, ¶¶ 33, 45) in Hartford's capacity as a "service provider" to plaintiff's insurer, Educators (Def. Ex. A(38); Def. Ex. B(1), § 2.1.2), and for the sole purpose of supporting her claim for disability benefits under her policy with Educators. Counterclaim, ¶¶ 56, 59; Exhibit 3 hereto, ¶ 8."

HARTFORD'S RESPONSE: "Hartford admits that Plaintiff represented to Hartford that she was disabled for the purpose of supporting her claim for disability benefits. Hartford denies that Plaintiff relied upon Hartford's statements that it was seeking information regarding Plaintiff's disability 'on behalf of Educators' or in Hartford's capacity as a 'service provider' to Educators. The cited testimony and exhibits do not support this proposition."

BASIS FOR DEEMED ADMISSION: Local rule 56 requires that a party opposing summary judgment state whether "each of the facts asserted by the moving party is admitted or denied" and to support any denial by specific citations to evidence. D. Conn. L.R. 56(a)(2), (3). Hartford's response is not responsive to the facts stated in paragraph 16 of plaintiff's Local Rule 56(a)(1) Statement. Hartford has neither admitted nor denied that (a) plaintiff made her representation to Hartford in response to Hartford's request for information on behalf of Educators; (b) plaintiff made her representation to Hartford in its capacity as a service provider to plaintiff's insurer, and (c) plaintiff made her representation to Hartford to support her claim for disability benefits "under her policy with Educators." Moreover, Hartford has failed to cite to any evidence that could support such a denial and has not even challenged the sufficiency of the plaintiff's supporting evidence.[3]

---

3 Nor could Hartford challenge the sufficiency of plaintiff's evidence in support of these facts. Exhibit A(6) is Hartford's request for information, which it stamped "on behalf of Educators. As alleged in Hartford's counterclaim, ¶¶ 33 and 45, Exhibit A(12) is the document that purports to contain plaintiff's misrepresentation, which was plaintiff's response to Hartford's request in Exhibit A(6), on the document provided by Hartford with its request. Exhibit A(38) is Educators statement to plaintiff that it had contracted with Hartford as its administrative services provider. Section 2.1.2 of Exhibit B(1) is the contract provision between Educators and Hartford stating that Hartford would administer the claims as

4

Instead, Hartford purports to deny a fact that is **not** contained, or even implied in plaintiff's paragraph 16, and is not even relevant to the pending motion – that plaintiff "relied" on Hartford's representations - and then claims that the evidence cited by plaintiff does not support **that** statement. Even if plaintiff had made the statement that defendant denies, the rule does not authorize an opponent to deny a statement of fact simply on the basis that the evidence cited does not "support this proposition." Allowing an opponent to avoid summary judgment without presenting admissible evidence to support its denial is particularly inappropriate where, as here, the fact at issue relates to standing, on which the **opponent** bears the burden of proof at trial.

Because Hartford failed to either admit or deny the facts that plaintiff actually asserted, or cite to any evidence to support such a denial, the court should deem this paragraph admitted. D. Conn. L.R. 56(a)(1); Shoaf, supra; Soares, supra.

**PARAGRAPH 23:**

PLAINTIFF'S STATEMENT: Prior to disclosing Dr. Taub's opinion on September 1, 2003, both defendants had informed plaintiff that the medical records submitted to Educators showed that plaintiff was entitled to disability benefits. Compare, Def. Supp. Ex. B, p.1 with Pl. Ex.T & Def. Ex. A(30), p.3 (stating that "you became entitled to LTD benefits as the evidence submitted [to Educators] showed that you were unable to perform the material and substantial duties of your occupation.")

DEFENDANT'S RESPONSE: "Hartford denies that Hartford and Educators informed Plaintiff that the medical records submitted to Educators showed that Plaintiff was entitled to disability benefits. Hartford denies that the cited exhibits stand for that proposition."

BASIS FOR DEEMED ADMISSION: Local Rule 56 requires that defendant follow each denial of a statement in plaintiff's Local Rule 56(a)(1) Statement by a

---

Educators' disclosed agent. In paragraphs 56 and 59 of the counterclaim, Hartford alleges that plaintiff made the representations to Hartford in order to receive benefits under her policy. Finally, plaintiff has submitted an affidavit in which she states, at paragraph 8, that she represented that she was disabled for the sole purpose of receiving benefits under her Educators policy.

5

specific citation to competent, admissible evidence. L.R. 56(a)(3). Hartford's disagreement with plaintiff's statement, without citations to any evidence to support Hartford's denial, fails to comply with this rule, and the court should deem the statement admitted. Shoaf, supra.

**PARAGRAPH 30:**

PLAINTIFF'S STATEMENT: After terminating plaintiff's claim, Hartford released over one million dollars, to its own use, out of the $1,294,206.00 in reserves that Educators had transferred to Hartford allocated to plaintiff's claim. Pl. Ex. NN at H3641-42; Def. Ex. B(1), at EDUC 0149; Exhibit 2 hereto, pp.218-219; Pl. Ex. E, p.64.

DEFENDANT'S RESPONSE: "Denied that Hartford released over one million dollars in reserves "for its own use" after terminating Plaintiff's claim. The cited testimony and exhibits do not support the amount of reserves released or that Hartford released the reserves to "its own use."

BASIS FOR DEEMED ADMISSION: Local Rule 56 requires that defendant follow each denial of a statement in plaintiff's Local Rule 56(a)(1) Statement by a specific citation to competent, admissible evidence. D. Conn. L.R. 56(a)(3). Hartford has neither admitted nor denied that, after terminating plaintiff's claim, it released over one million dollars out of the $1,294,206 in reserves that Educators had transferred to Hartford allocated to plaintiff's claim, nor has it cited any evidence to support such a denial. Hartford has merely denied that it released these funds "to its own use" and has failed to cite to any evidence to support this denial. Rule 56(a)(3) does not authorize a party to rest its denial on the absence of supporting evidence by its opponent.[4] Hartford's disagreement with plaintiff's statement, without citations to any evidence to support Hartford's denial, fails to comply with this rule, and the court should deem the statement

---

4 Plaintiff's cited evidence does support her statement. Exhibit B(1) identifies the funds that Educators transferred to Hartford associated with plainitff's claim. The testimony cited discloses that, upon terminating a claim, including plaintiff's claim, Hartford is able to release the reserves associated with that claim. Exhibit NN describes the amount and fact of Hartford's release of reserves associated with plaintiff's claim after it terminated her claim.

admitted. Shoaf, supra.

**PARAGRAPH 32:**

PLAINTIFF'S STATEMENT: "The income that Hartford received from Educators in connection with plaintiff's claim exceeded the expenses incurred by Hartford in administering plaintiff's claim. Def. Ex. B(1), Schedule 1.20 at EDUC 0149; Exhibit 5 hereto; Exhibit NN at H3641-42; Pl. Ex. E, p.64."

DEFENDANT'S RESPONSE: "Hartford admits that the amount of reserves released by Hartford exceeded the amount of disability payments Hartford made to plaintiff."

BASIS FOR DEEMED ADMISSION: Local rule 56(a)(2) requires that a party opposing summary judgment state whether each of the facts asserted by the moving party is admitted or denied. Hartford's response is not responsive to the facts stated in paragraph 32 of plaintiff's Local Rule 56(a)(1) Statement. Hartford's response does not admit or deny that that the income Hartford received from Educators in connection with plaintiff's claim exceeded the expenses incurred by Hartford in administering plaintiff's claim. Further, Hartford's response does not cite to any evidence, much less evidence that would support such a denial as required by Local Rule 56(a)(3). Instead, Hartford inexplicably purports to "admit" facts that are not stated, either explicitly or implicitly, in plaintiff's paragraph 32. Plaintiff's statement is not addressed to the "reserves released by Hartford" but to the income received by Hartford from Educators in connection with plaintiff's claim. Accordingly, the court should deem this paragraph admitted. Shoaf, supra; Soares, supra.

**PARAGRAPH 33:**

PLAINTIFF'S STATEMENT: "Hartford received a financial benefit from plaintiff's representation to Educators that she was disabled. Exhibit 5 hereto; Def. Ex. B(1) at EDUC 0149; Pl. Ex. NN at H3641-42; Pl. Ex. E, p.64; Exhibit 2 hereto, pp.218-219."

DEFENDANT'S STATEMENT: "Hartford denies that it received a 'financial benefit' from Plaintiff's representation to Educators that she was disabled. The cited testimony and exhibits do not support this proposition."

BASIS FOR DEEMED ADMISSION: Local Rule 56 required that defendant follow each denial of a statement in plaintiff's Local Rule 56(a)(1) Statement by a specific citation to competent, admissible evidence. L.R. 56(a)(3). The rule does not authorize a party to rest its denial on a conclusory claim that the opponent's evidence is insufficient. Hartford's disagreement with plaintiff's statement, without citations to any evidence to support Hartford's denial, fails to comply with this rule, and the court should deem the statement admitted. Shoaf, supra.[5]

**CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that the court deem the statements referred to herein, admitted.

---

5  The evidence cited does support plaintiff's statement that Hartford received a financial benefit from plaintiff's representation to Educators that she was disabled. Hartford's Exhibit B(1) shows the funds that Educators transferred to Hartford in connection with plaintiff's claim. Exhibit 5 shows Hartford's monthly benefit payments to plaintiff, as well as the status of the account of funds transferred by Educators and maintained by Hartford, designated as a reserve for plaintiff's claim. Exhibit NN and the testimony cited show that, when it terminated plaintiff's claim, Hartford still had over one million dollars of the money transferred from Educators in connection with plaintiff's claim in the account designated for plaintiff's claim, and that it was able to release these funds from their "reserve" status.

                      PLAINTIFF,
                      CANDI McCULLOCH

By:      */s/ Eliot B. Gersten*
                      Eliot B. Gersten (ct05213)
                      GERSTEN & CLIFFORD
                      214 Main Street
                      Hartford, CT 06106
                      Tel: 860-527-7044
                      Fax: 860-527-4968
                      Her Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, via first class mail, postage prepaid, on July 6, 2004 to all counsel and pro se parties of record, as follows:

Roberta J. Sharp, Esq.
Barry A. Chasnoff, Esq.
Jessica Spangler Taylor, Esq.
Akin Gump Strauss Hauer & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205
*Tel: 210-281-7146*
*Fax: 210-224-2035*


Donald E. Frechette, Esq. (ct08930)
Joshua L. Milrad, Esq. (ct19321)
Charles F. Gfeller, Esq. (ct18119)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone (860) 525-5065
Facsimile (860) 527-4198

_____
Eliot B. Gersten