UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CANDI McCULLOCH<br>    Plaintiff, | §<br>§<br>§ | CIVIL ACTION NO.:<br>301CV1115(AHN) |
| vs. | §<br>§ | |
| HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY AND<br>EDUCATORS MUTUAL LIFE<br>INSURANCE COMPANY<br>    Defendants. | §<br>§<br>§<br>§<br>§ | August 5, 2004 |

### HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF

Hartford Life & Accident Insurance Company seeks to compel Plaintiff to sign an Authorization for the Use and Disclosure of Protected Health Information so that it can obtain information regarding Plaintiff's application for and receipt of disability benefits from the Social Security Administration.

### PROCEDURAL BACKGROUND

On April 17, 2002, Hartford served Plaintiff with its First Request for Production of Documents.[1] Request No. 7 requested that Plaintiff produce any and all documents relating to any claim for benefits made by or on behalf of Plaintiff with the Social Security Administration. Plaintiff produced documents responsive to this request only after being compelled to do so by the court on December 19, 2002. The documents Plaintiff produced indicated she applied for and had been awarded disability benefits from the Social Security Administration.

---

[1] A true and correct copy of Hartford's First Request for Production of Documents is attached as Exhibit A.

After learning Plaintiff had been awarded Social Security benefits, Hartford sent the Social Security Administration a subpoena seeking to obtain the documents from Plaintiff's file.[2] Defendants learned several months later that the authorization form previously signed by Plaintiff was outdated and would not authorize the Social Security Administration to release the documents to Hartford.

On April 9, 2004, counsel for Defendants sent Plaintiff's counsel a new Authorization for the Use and Disclosure of Protected Health Information.[3] Plaintiff's counsel did not object to the request or return the signed authorization form.

On April 21, 2004, Hartford sent letter briefing to Magistrate Judge Fitzsimmons in advance of the April 23, 2004 telephonic hearing on pending discovery issues.[4] Hartford stated the authorization was a remaining discovery issue, but that Hartford expected the parties to reach an agreement on the issue because Plaintiff had not asserted any objections to executing the authorization. During the April 23 hearing, counsel for Hartford raised the issue of the outstanding authorization, and Plaintiff did not advise the Court that she had any objections.

When Plaintiff still refused to produce the authorization after the hearing, counsel for Hartford sent Plaintiff's counsel two more letters seeking the authorization—one on May 7, 2004 and one on May 19, 2004.[5] Plaintiff still did not respond. Therefore, Hartford was forced to file this Motion to Compel.

---

[2] A true and correct copy of Defendants' Deposition On Written Questions to the Social Security Administration is attached as Exhibit B.

[3] A true and correct copy of Gena Howard's April 9, 2004 letter to Eliot Gersten is attached as Exhibit C.

[4] A true and correct copy of Roberta Sharp's April 21, 2004 letter to Magistrate Judge Fitzsimmons is attached as Exhibit D.

[5] A true and correct copy of Jessica Taylor's May 7, 2004 letter to Eliot Gersten is attached as Exhibit E; a true and correct copy of Jessica Taylor's May 19, 2004 letter to Eliot Gersten is attached as Exhibit F.

5568399 v1

## PLAINTIFF SHOULD BE COMPELLED TO
## PRODUCE THE SOCIAL SECURITY AUTHORIZATION

Plaintiff's application for and receipt of benefits from the Social Security Administration is relevant to Hartford's position that Plaintiff is not disabled. *See, e.g., Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000) (plaintiff's personal journals describing his daily activities relevant to insurer's position that insured was not disabled); *Great West Life Assurance Co. v. Levithan,* 152 F.R.D. 494, 498 (E.D. Pa. 1994) (insured's tax returns, telephone records, bank records and credit card statements relevant to rebut plaintiff's claim of disability). Without Plaintiff's signed authorization, Hartford cannot obtain these relevant documents from the Social Security Administration.

Under the Federal Rules of Civil Procedure, the scope of discovery extends to "any matter, not privileged, which is relevant to the subject matter in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." FED. R. CIV. P. 26(b)(1). The phrase "relevant to the subject matter involved in the pending action" has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is in the case. *Hildebrand v. Wal-Mart Stores, Inc.,* 194 F.R.D. 432, 434 (D. Conn. 2000) (*citing Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)).

Accordingly, Plaintiff should be compelled to complete the Authorization for the Use and Disclosure of Protected Health Information so that Hartford can obtain this relevant information from the Social Security Administration.

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 37(a)(2), counsel for Hartford attempted to confer with Plaintiff's counsel on numerous occasions in connection with the subject matter of this motion. Plaintiff's counsel has not responded to Hartford's request for the signed authorization form or raised any objections to providing it to Hartford.

## CONCLUSION

Hartford requests that Plaintiff be compelled to sign and return the Authorization for the Use and Disclosure of Protected Health Information. Hartford needs this authorization in order to obtain documents relevant to the subject matter of this suit. Hartford also requests any further relief to which it may be entitled.

By: _____
Barry A. Chasnoff (ct11162)
Roberta J. Sharp (ct24407)
Jessica S. Taylor (ct24408)
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

AND

Donald E. Frechette (ct 08930)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANT
HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent via facsimile and certified mail, return receipt requested to the following attorney on the ___5th___ day of August, 2004:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106
Phone (860) 527-7044
Facsimile (860) 527-4968

_____
ROBERTA J. SHARP
JESSICA S. TAYLOR

5568399 v1