UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CANDI McCULLOCH | § | CIVIL ACTION NO.: |
| Plaintiff, | § | 301CV1115(AHN) |
| | § | |
| vs. | § | |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY AND | § | |
| EDUCATORS MUTUAL LIFE | § | |
| INSURANCE COMPANY | § | |
| Defendants. | § | August 11, 2004 |

FILED

2004 AUG 20  P 4: 05

U.S. DISTRICT COURT

---

## EDUCATORS MUTUAL LIFE INSURANCE COMPANY'S SURREPLY IN OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT

---

Recognizing that Educators had no involvement in the decision to terminate her benefits, Plaintiff asks the Court to find that Educators' assignment of responsibility for the administration of Plaintiff's disability claim to Hartford was "bad faith" and a breach of contract. This argument must be rejected, as Educators owed Plaintiff no contractual, statutory, or common law duty not to assign administration of her claim, and there is no evidence that the business decision to do so was made with "ill will" or "furtive design."

In an even further stretch, Plaintiff attempts to find support for her claims in pleadings Educators filed with this Court in defending against Plaintiff's lawsuit. This far-fetched theory of recovery finds no basis in law—understandably, as it would impose an unprecedented restraint upon an insurer's right and ability to defend itself. In the context of this suit, Educators' duties are those of Plaintiff's legal adversary, not her insurer.

Plaintiff has articulated no facts or law to support her breach of contract bad faith claims against Educators, and her partial motion for summary judgment should be denied.

## ARGUMENTS & AUTHORITIES

I.     **EDUCATORS' BUSINESS DECISION TO ASSIGN CLAIM HANDLING RESPONSIBILITIES CANNOT CONSTITUTE BREACH OF CONTRACT OR BREACH OF THE DUTY OF GOOD FAITH.**

        A.     **Educators' Assignment Breached No Contractual, Statutory, or Common Law Duty to Plaintiff.**

Educators made a business decision to assign responsibility for administration of the American College of Physicians open disability claims to Hartford. No term of the policy or Plaintiff's "Certificate of Insurance" prohibits or even addresses such an assignment. No term of the policy gives the policyholder or any individual insured a vested right in having claims administered by Educators, or any say in the selection of a company to carry out those duties.

No statute or regulation prohibits such an assignment. Notwithstanding the title of the document setting forth the agreement between Educators and Hartford, there was no element of "insurance" to this agreement because Educators was no longer providing disability "insurance" to the policyholder (the American College of Physicians) at the time of the assignment.[1] This assignment was not the subject of the insurance statutes Plaintiff cites governing "third party administration" of insurance claims.[2]

Finally, the established common law is clear that the duty of good faith and fair dealing arises in the context of delay or refusal to pay benefits under a policy, not in the assignment of responsibility for administering benefits. *See Vandeventer v. All American*

---

[1] Educators' Rule 56(a)(2) Statement, ¶ 53.

[2] Further, Educators has never claimed Hartford was merely the "third party administrator" for the open disability claims as Plaintiff now suggests.

*Life & Cas. Co.,* 101 S.W.3d 703 (Tex.App.—Fort Worth 2003, no pet. h.).[3]  In

*Vandeventer,* a disability insurer entered into an assumption agreement whereby a block

of disability policies was transferred and sold to an insurer who later cancelled the

policies.  *Id.* at 706-07.  The insureds claimed All American breached a duty of good

faith and fair dealing because it failed to act in the best interests of its insureds by

transferring unprofitable policies to another insurer who then "dumped" the policies to

improve its own financial condition, and because it failed to inform the insureds of the

transfer in advance.  *Id.* at 722-23.  The court granted summary judgment for the insurer

on the bad faith claim because the insureds could not establish a nexus between the

transfer of the insurance policies and the cancellation of its policies by the second insurer.

*Id.* at 723-724.  The court refused to extend the duty of good faith beyond the context of a

refusal or delay in paying benefits.  *Id.* at 724.  Here, as in *Vandeventer,* Plaintiff fails to

identify any nexus between Educators' assignment of responsibility to Hartford and the

termination of her disability benefits.  Again, the evidence is to the contrary: of all the

open claims assigned in connection with the agreement in question, Plaintiff's is the only

claim terminated for no longer meeting the definition of disability under Educators'

policy.[4]

---

[3] Educators' research has failed to identify any cases in Connecticut or the Second Circuit, or indeed anywhere else, other than this Texas state court opinion, dealing with even a remotely analogous claim—arguably indicative of the absence of merit.  Every case cited by Plaintiff is consistent with the proposition that bad faith is limited to delay or refusal to pay insurance benefits; not one extends the duty of good faith extends beyond the payment of insurance benefits.  *See, e.g., Uberti v. Lincoln Nat'l Life Ins. Co.,* 144 F. Supp. 2d 90 (D. Conn 2001) (insurer breached duty of good faith by terminating disability benefits); *United Technologies v. American Home Assur. Co.,* 118 F.Supp.2d 174 (D. Conn. 2000) (insurer that failed to make any coverage decision on environmental claims breached duty of good faith); *Coventry v. American States Ins. Co.,* 961 P.2d 933 (1998) (insurer violated duty of good faith by denying insured's claim); *American Fid. & Cas. Co. v. Penn. Theshermen & Farmers' Mut. Cas. Ins. Co.,* 280 F.2d 453 (5th Cir. 1960) (breach of the duty to defend); *Griggs v. Bertram,* 443 A.2d 163 (N.J. 1982) (same); *Federal Home Loan Mtg v. Scottsdale Ins.,* 316 F.3d 431 (3d Cir. 2003) (same).

[4] A true and correct copy of Exhibit 109 to the Deposition of Pamela Mormino is attached as Exhibit A.1. Also attached is document bates-stamped H13300 to H13311.  This was the actual document that was marked

**B.      Educators' Assignment Was Devoid of "Ill Will" or "Furtive Design."**

In order to establish "bad faith," Plaintiff bears the burden of proving that Educators

acted with ill will or furtive design. *Buchman v. People Express, Inc.* 530 A.2d 596 (1987). The

ill will or improper motive necessary to establish bad faith is an element of Plaintiff's cause of

action and a material fact issue she must establish is beyond genuine dispute in order to be

entitled to partial summary judgment.[5] Rather than meet this heavy burden, Plaintiff offers *no*

evidence whatsoever of "ill will" or "furtive design" accompanying Educators' business decision

to divest itself of the administration duties associated with a closed book of business. In fact, all

the evidence is to the contrary, as previously set forth in Educators' opposition to Plaintiff's

summary judgment motion.

The mere fact that Hartford stood to release reserves upon termination of her claim (as

Educators or any insurer would have, had it retained the administration responsibility) does not

provide evidence of improper motive at all—much less the sort of evidence to foreclose any

genuine fact issue. At the outset, even under Plaintiff's far-fetched theory it would be Hartford,

not Educators, that stood to gain. More importantly, the impact of the release of reserves set

aside in connection with Plaintiff's claim is not evidence of bad faith: insurance is a business and

---

Exhibit 109 at Ms. Mormino's deposition. True and correct copies of excerpts from Ms. Mormino's deposition, at
33-39, are attached as Exhibit A. Defendants did not receive a complete copy of Exhibit 109 from the court reporter
after the deposition. In an abundance of caution, Defendants are re-producing a copy of the complete bates-
numbered document to Plaintiff's counsel.

[5] *See* F.R.C.P. 56(c). Plaintiff continues to misstate the burden of proof on her partial motion for summary
judgment. Notwithstanding her misplaced assertion that Educators was a "fiduciary," there is simply no authority
for the proposition that a "fiduciary" bears the burden of proving its own "good faith" in order to avoid summary
judgment. Even if there were authority to support such burden-shifting, Educators does not owed Plaintiff a
fiduciary duty, because a first-party insurance dispute does not give rise to the imposition of fiduciary duties upon
Educators. *Grazynski v. Hartford Ins. Co.,* 1997 Conn. Super. LEXIS 1876, at *8-9 (Conn. Super. July 10, 1997);
*1049 Asylum Ltd. v. Kinney Pike Ins., Inc.,* CV020816344, 2003 Conn. Super. LEXIS 1740, at *6 (Conn. Super.
May 30, 2003); *Charter Oak Fire Ins. Co. v. Blue Sky Partnership,* CV000596646, 2001 Conn. Super. LEXIS 2601,
at * 7-8 (Conn. Super. Aug. 30, 2001); *Sheltry v. Unum Life Ins. Co.,* 247 F.Supp.2d 169, 179 (D. Conn. 2003).
Plaintiff has offered no evidence of a "justifiable trust confided on one side and a resulting superiority and influence
to the other," as would be required to impose fiduciary duties upon Educators. *Sheltry,* 247 F.Supp.2d at 178. In
any event, whether such a confidential relationship exists is usually a question of fact. *Id.*

an insurance company is entitled to take its own interests into account. *Grazynski v. Hartford Ins. Co.*, 1997 Conn. Super. LEXIS 1876, at *8-9 (Conn. Super. July 10, 1997) ("the insurer has a right to protect its own interests, along with those of the insured, and these interests run parallel to each other, neither being superior"); *1049 Asylum Ltd. v. Kinney Pike Ins., Inc.*, CV020816344, 2003 Conn. Super. LEXIS 1740, at *6 (Conn. Super. May 30, 2003) (same).

## II.    ARGUMENTS ASSERTED BY EDUCATORS IN ITS MOTION FOR SUMMARY JUDGMENT IS NOT EVIDENCE OF BAD FAITH.

The duty of good faith and fair dealing does not impose a duty upon Educators to refrain from a zealous defense of the lawsuit Plaintiff filed. Plaintiff's suggestion that this Court should scour Educators' pleadings and legal briefs for evidence of "bad faith" would cripple an insurer's right to defend such claims. As set forth above, the duty of good faith and fair dealing should be limited to delay or refusal to pay claims; "[w]hen an insured, such as Plaintiff, brings suit against her insurer, there is a lessening of the contractual duties of good faith and fair dealing between the two." *Grazynski*, 1997 Conn. Super. LEXIS 1876, at *9. The cases Plaintiff cites clearly recognize the critical difference between the standard of conduct applicable to an insurance company in its capacity as an insurer and that applicable to its actions as legal adversary. *See O'Donnell v. Allstate Ins. Co.*, 734 A.2d 901, 909 (Pa. Super. 1999) (the proper remedy for frivolous discovery requests is found in the rules of civil procedure, not a bad faith action against an insurer); *W.V. Realty v. Northern Ins. Co.*, 334 F.3d 306, 314 (3d Cir. 2003) (no evidence that insurer engaged in abusive discovery practices in order to avoid paying plaintiffs' business interruption claim).

Moreover, the arguments and defenses asserted by Educators in its pleadings and briefs did not and cannot possibly injure Plaintiff's right to recover under any of her theories—that is

for the Court to decide. Plaintiff cannot claim "injury" in the legal sense of the word as a result

of arguments made by Educators in its motion for summary judgment.[6]

## CONCLUSION

Plaintiff's motion for partial summary judgment against Educators should be

denied. She has failed to offer any evidence, much less establish there is no genuine fact

issue, of any contractual or other duty breached by Educators. She has failed to offer any

evidence, much less establish there is no genuine fact issue, that Educators bore her any

ill will or acted with improper motive necessary to recover for bad faith. She has failed

to offer any evidence, much less establish there is no genuine fact issue, that she suffered

damages proximately caused by Educators' acts or omissions.

In fact, the summary judgment evidence offered in Educators' Motion for

Summary Judgment [Docket # 134], Educators' Opposition to Plaintiff's Motion for

Summary Judgment [Docket # 197], and this Surreply establish Educators is entitled to

partial summary judgment on Plaintiff's claims for bad faith, breach of contract and

violations of CUTPA. Educators respectfully requests that the Court enter summary

judgment in Educators' favor.

---

[6] Plaintiff has asserted breach of contract claims against Educators <u>and</u> Hartford. Educators moved for summary judgment on breach of contract and bad faith because Plaintiff cannot recover more than once for the termination of her benefits. Further, dismissing Educators from this case will simply the issues for trial. Educators' efforts to streamline this case do not constitute bad faith.

By: _____

Barry A. Chasnoff (ct11162)
Roberta J. Sharp (ct24407)
Jessica Spangler Taylor (ct24408)
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas  78205
Telephone:  (210) 281-7000
Telecopier: (210) 224-2035

AND

Donald E. Frechette (ct 08930)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
Phone:  (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANT
HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent via certified mail, return receipt requested to the following attorney on the ___11th___ day of August, 2004:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106
Phone (860) 527-7044
Facsimile (860) 527-4968

ROBERTA J. SHARP
JESSICA SPANGLER TAYLOR