UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CANDACE McCULLOCH,
         PLAINTIFF,

v.                                  CIV. NO. 3:01CV1115 (AHN)

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, et al.
         DEFENDANTS

## RECOMMENDED RULING on PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, AND DEFENDANTS MOTION TO DISMISS

Plaintiff Candi McCulloch brings this action against defendants Hartford Life and Accident Insurance Co. ("Hartford") and Educators Mutual Life Insurance Co. ("Educators") for damages she alleges she sustained as a result of the termination of payments on her disability insurance policy. Plaintiff filed her initial complaint on June 15, 2001, alleging that Hartford, on Educators' behalf, terminated plaintiff's disability payments on November 17, 2000 [Compl. ¶ 19]. The complaint contained one count alleging that the termination was a breach of plaintiff's insurance contract [Id. at ¶ 21]. After subsequent discovery was conducted, plaintiff amended her complaint to add a claim of bad faith against both defendants [First Amend. Compl. Count Two]. On October 22, 2003, after additional discovery, plaintiff moved for leave to file a second amended complaint [doc. # 126]. Defendants object, and in the alternative, seek to dismiss several of plaintiff's proposed amendments as time-barred and for

failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [doc. # 129, doc. # 140].[1]

Plaintiff seeks to amend the complaint to assert a separate breach of contract claim against Educators [Second Amend. Compl. ¶ 31]; to add a violation of the covenant of good faith and fair dealing against Educators [Id. at ¶ 36]; to add a claim for tortious interference against Hartford [Id. at ¶ 40(a)]; and to assert violations against both defendants of the Connecticut Unfair Insurance Practices Act ("CUIPA") and violations of the Connecticut Unfair Trade Practices Act ("CUTPA")[Id. at ¶ 44].

The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); see also State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). In determining what constitutes "prejudice," courts consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. See Block, 988 F.2d at 350; Tokio Marine & Fire Ins. Co. V. Employers Ins. of Wassau, 786 F.2d 101,

---

[1] Defendants' memorandum and motion to dismiss were docketed twice, as doc. # 129 and doc. # 140.

103; <u>Fluor</u>, 654 F.2d at 856. "Mere delay. . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." <u>Fluor,</u> 654 F.2d at 856.

Courts in this circuit have affirmed the district court's denial of leave to amend when a party filed a Rule 15(a) motion after discovery has been completed or the nonmoving party has filed for summary judgment. <u>See</u>, e.g., <u>Cresswell v. Sullivan & Cromwell</u>, 922 F.2d 60, 72 (2d Cir. 1990)(affirming denial of leave to file third amended complaint over 17 months after commencement of the action, and after discovery had been completed and nonmovant filed for summary judgment); <u>Ansam Assocs., Inc. v. Cola Petroleum, Ltd.</u>, 760 F.2d 442, 446 (2d Cir. 1985) (affirming denial of leave to amend where proposed new claims were raised after discovery had been completed and nonmoving party had filed for summary judgment).

In their briefs, defendants objected to the proposed amendments on the grounds that plaintiff had been aware of the theories of recovery since early in the case, that discovery was was almost complete, and that the amendment was sought only two weeks before the dispositive motions deadline. Plaintiff argued that the late amendment was warranted because the additional claims concerned new facts that arose during discovery, and as a result of the defendants' delay in proving plaintiff with

requested discovery. The court need not address these arguments, however, because defendants subsequently filed motions for summary judgment, [doc. # 133, doc. # 136] which address the claims raised by the proposed Second Amended Complaint. Under these circumstances, no prejudice would result by granting plaintiff leave to amend. Therefore, plaintiff's motion for leave to file a second amended complaint [**doc. # 126**] is **GRANTED**. The court will address the merits of plaintiff's additional claims in ruling on the motions for summary judgment. Defendants' motion to dismiss the second amended complaint [**doc. # 129, doc. # 140**] is **DENIED AS MOOT**.

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of its receipt by the parties. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at Bridgeport this 16 day of August 2004.

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE