UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
CANDACE McCULLOCH,              :
          PLAINTIFF,            :
                                :
v.                              :   CIV. NO. 3:01CV1115 (AHN)
                                :
HARTFORD LIFE AND ACCIDENT      :
INSURANCE COMPANY, et al.       :
          DEFENDANTS
```

**ORDER**

The parties submitted letter briefs to the court concerning a dispute over payment of fees charged by plaintiff's expert, Mary Fuller.  Ms. Fuller is a former UNUM employee who is designated as an expert to offer an opinion that Hartford's conduct in connection with the plaintiff's disability claim was in bad faith.  A telephone conference was held on August 9, 2004.

The parties agreed that plaintiff's counsel would hold $4,000 from Hartford in escrow pending the completion of Ms. Fuller's deposition, which was conducted on July 13, 2004 and lasted 8 hours.  By Hartford's calculation, plaintiff's counsel is entitled to payment of $2350, which includes paid time for travel and the lunch break.  Plaintiff's counsel, however, requested a total of $7,727.60 for the deposition, which includes charges for over 20 hours of preparation time billed by Ms. Fuller at $200 per hour.

Hartford objects to paying the additional amount on the grounds that: Rule 26(b)(4)(c) does not permit recovery for more

than nominal preparation time by an expert witness; that the amount of time purportedly spent by Fuller is not reflected in her level of preparation and did not facilitate discovery by Hartford; that 20 hours is not reasonable considering the complexity of the case or subject matter of the deposition testimony; that the invoices are not sufficiently detailed; and that she is not entitled to charge a higher hourly rate to review the file in preparing for the deposition than she charged plaintiff to review the file in preparing her expert report. Hartford proposes that Fuller be reimbursed for 1 hour of preparation time at $150, for a total payment of $2500.  Hartford requests that it be awarded the reasonable costs incurred in responding to plaintiff's request for a hearing on the matter, consisting of 5 hours at the hourly rate of $325.

Plaintiff's position is that the payment of the charged fees is warranted under Pinto v. Plumcreek, Civ. No. H-89-718 (D.Conn. Jan. 3, 1992), and Danise v. Safety Kleen Corp., 1998 U.S. LEXIS 18759 (D.Conn. July 17, 1998).  In Pinto, Magistrate Judge Smith found that plaintiff's expert was entitled to compensation for some, but not all, of the time spent preparing for the deposition.  He ruled that 1.75 hours of time spent by plaintiff's expert reviewing documents and familiarizing himself with the basis of his conclusions was compensable. Pinto v. Plumcreek, Civ. No. H-89-718 at 3. In Danise, the expert was compensated for 1 hour of pre-deposition file review, and 1 hour

of document compilation. <u>Danise v. Safety Kleen Corp.</u>, 1998 U.S. LEXIS 18759 at *2.

Fuller's invoice reflects charges for 20.7 hours for "deposition prep" at a rate of $200 per hour. 5.3 of those hours were charged for preparing for a deposition that was cancelled by plaintiff because the funds had not yet been put into escrow by Hartford. Plaintiff argues that reimbursement for the full 20.7 hours is warranted because Ms. Fuller reviewed over 12,000 pages of documents and 14 deposition transcripts in preparation for the deposition, and 20% of the documents were provided after the expert report was prepared.

Hartford argues that the document review was necessary in order for Fuller to prepare her expert opinion and report, and therefore should not be reimbursed by Hartford. Hartford also argues that Fuller's deposition was not as useful as plaintiff asserts, evidenced by the fact that Fuller needed to continually refer to her report in order to testify at the deposition.

The court has reviewed Fuller's expert report and portions of Fuller's deposition testimony. It is clear that Ms. Fuller reviewed plaintiff's medical records at length in order to prepare the expert report. While Hartford is not required to reimburse plaintiff's counsel for the time Fuller spent preparing the report and developing her expert opinion, Hartford is required to reimburse plaintiff' counsel for some of the time Fuller spent preparing for her deposition. Over 20 hours of

preparation time, however, is excessive, and plaintiff has cited to no case in which more than 2 hours of preparation time has been reimbursed by opposing counsel. Based on precedent in this district, the court finds it reasonable for Hartford to reimburse plaintiff's counsel for 2 hours of preparation time at the rate of $200 per hour. The parties agree that Fuller should be compensated at a reduced rate of $75 per hour for travel time. Therefore, Hartford shall reimburse plaintiff's counsel in the amount of $2,750, as itemized below.

| Activity: | Rate (in $): | Hours: | Total (in $): |
|---|---|---|---|
| Deposition | 200 | 8 | 1600 |
| Travel | 75 | 9 | 675 |
| Break | 75 | 1 | 75 |
| Preparation | 200 | 2 | 400 |
| **TOTAL** | | | **$2750** |

Hartford's request that the costs of responding to the motion is DENIED. Plaintiff's counsel shall return the remaining $1,250 held in escrow to Hartford within 10 days of the docketing of this ruling.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of

the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 10th day of November 2004.

___/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE