UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI McCULLOCH<br>Plaintiff, | : CIVIL ACTION NO. 301CV1115(AHN)<br>: |
| vs. | : |
| HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY AND EDUCATORS<br>MUTUAL LIFE INSURANCE COMPANY<br>Defendants. | :<br>:<br>:<br>: March 9, 2005 |

**PLAINTIFF'S MOTION FOR EXTENSION
OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR PERMISSION
TO FILE AN ANSWER TO THE SECOND AMENDED COMPLAINT**

**INTRODUCTION**

Defendants have waited more than five months to attempt to file an Answer to the plaintiff's Second Amended Complaint. (Proposed Answer attached hereto). In their motion for permission to file an Answer to the Second Amended Complaint, defendants utterly disregard their obligation to admit those allegations for which a denial is no longer warranted and to either admit or deny the allegations for which they clearly have sufficient knowledge or information to respond, as evidenced by the parties' pending submissions in support of their motions for summary judgment. Plaintiff has also requested that the Court make findings of fact pursuant to Federal Rule of Civil Procedure 56(e) in conjunction with the summary judgment motions. In the interest of judicial efficiency and economy, plaintiff respectfully requests that the court postpone the determination of defendants' motion to amend, and extend plaintiff's time to respond to defendants' motion for permission to file an answer to the Second Amended Complaint, pending the court's ruling on the parties' motions for summary judgment.

**ARGUMENT**

    A.    **RESOLUTION OF THE SUMMARY JUDGMENT MOTIONS IS RELEVANT TO PLAINTIFF'S OPPOSITION TO, AND THIS COURT'S CONSIDERATION OF, THE MOTION TO FILE THE ANSWER**

        1.    **DEFENDANTS' ANSWER MUST ACCURATELY REFLECT DEFENDANTS' KNOWLEDGE AT THE TIME OF ITS SUBMISSION**

Rule 8 of the Federal Rules of Civil Procedure only allows a party to deny an averment where the party has a good faith basis to make the denial or where the party is without knowledge or information sufficient to form a belief as to the truth of an averment. F.R.C.P. 8(b). While a party may not be required to amend its answer after it learns that a previously asserted denial is unwarranted, a party plainly may not persist in asserting this denial in a subsequently filed pleading. F.R.C.P. 8(b)F.R.C.P. 11(b)(4) & Advisory Committee Notes re: 1993 Amendments (a party may not continue to assert or advocate a denial (including based on a lack of knowledge or information) in subsequent submissions to the court if, after further investigation or discovery, the denial is no longer warranted.); See also Bodenhamer Bldg. Corp. v. Architectural Rsch., 989 F.2d 213 (6th Cir. 1993); Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992) (duty of reasonable inquiry requires the signer of a pleading to act upon the knowledge he acquires.); Manhattan Life Ins. Co. v. A.J. Stratton Syndicated, 132 F.R.D. 139, 143 (S.D.N.Y. 1990) (same as to motion to amend answer); Byrne v. Board of Education, 741 F.Supp. 167, 171 (E.D.Wis. 1990) (same as to motion to amend answer); Joseph v. United States, 121 F.R.D. 406, 410-411 (D.Hawaii 1988) (parties have an obligation to conduct a reasonable inquiry prior to *each* filing and to change denials into admissions where subsequently discovered evidence so warrants.);

## 2. THE COURT'S RULINGS ON THE MOTIONS FOR SUMMARY JUDGMENT AND REQUEST FOR FINDINGS OF FACT MAY RENDER DEFENDANTS' MOTION FUTILE

The court should deny a motion to file a belated Answer where the allegations in the proposed Answer lacks merit. In re Treco, 2001 WL 1566701 at * 8 (Bankr. S.D.N.Y. December 10, 2001) and authorities cited therein (attached).[1] It is apparent, even at this point, that (a) many of defendants' denials, purportedly based on a lack of sufficient knowledge or information, lack merit after four years of litigation and extensive discovery; and (b) this Court's disposition of the pending summary judgment motions and plaintiff's request for a finding of facts pursuant to Rule 56(e) may render many of defendants' other denials moot. For example,

A) Defendants jointly persist in their representation that they lack sufficient knowledge or information to form a belief on the following:

> • whether plaintiff was a physician (Answer, ¶ 1), and whether she was employed as a physician in September 1995 (Id., ¶ 5.) Defendants not only obtained plaintiff's employment records and medical licenses even before this litigation commenced, but have obtained further records in this case, and have deposed plaintiff's former employer, and have now had almost four years plaintiff's records.
>
> •whether plaintiff has made over 200 visits to the various types of treatment providers identified in paragraph 9 of the Complaint, and whether plaintiff has undergone the invasive procedures described in paragraph 9 of the Complaint. (Answer, ¶ 9.) Defendants not only had possession of, and purportedly reviewed, all of plaintiff's medical records, which document these visits and procedures, before terminating her benefits, but have obtained additional medical records in this litigation, and have now had years to review those records.
>
> •whether plaintiff's physicians have prescribed pain medications, including Vicodin, Ultram, Oxycontin, Percocette, Neurontin, anti-depressants and others, as alleged in paragraph 10 of the Complaint. (Answer, ¶ 10.) Defendants not only obtained plaintiff's medical records and confirmed and documented the prescriptions that

---

[1] As the court in Treco, explained, a motion for permission to file a late answer is the equivalent of a motion to set aside a default, and is reviewed in accordance with those standards. Id., at * 7. Although apparently acknowledging that defendants, having failed to file an Answer to the Second Amended Complaint, are not, and could not, be seeking leave to *amend* that answer, defendants assert that the liberal standard applicable to motion to amend pleadings applies in this case. Even assuming arguendo that this was the applicable standard, the court should postpone the hearing on defendants' motion because the rulings on the motions for summary judgment could render the amendment futile.

3

plaintiff filled even before this litigation began, but have since obtained extensive discovery of plaintiff's medical records, and have now had years to review those records.

• whether defendants lack sufficient knowledge or information to form a belief as to the results of plaintiff's MRI's, as alleged in paragraph 17 of the Complaint. (Answer, ¶ 17.) Defendants not only had possession of plaintiff's medical records even before this litigation commenced, but have since obtained extensive discovery of medical records in this litigation, retained physicians to review these MRI, and have received opinions from these physicians regarding the MRI.

• whether (a) Dr. Garg provided Hartford with a summary of an FCE, even though she had not performed an FCE, and (b) Hartford was aware that Dr. Garg had failed to perform an FCE, as alleged in paragraph 19 of the Complaint, and defendants make an outright denial of these facts in paragraph 24. (Answer, ¶¶ 19, 24.) Dr. Garg has not only admitted in deposition that she not failed to perform an FCE, and that she was incapable of performing an FCE, but Hartford documented its discovery of this fact in its case notes; and Educators has already <u>admitted</u> these facts in other documents submitted to the court. (Educators' Rule 56(a)(2) Statement, ¶ 24.) Plaintiff has requested that the court make a finding of fact regarding these facts. (Pl. Response to Educators' Rule 56(a)(2) Stmt., ¶ 24).

B) Educators engages in a separate and distinct pattern on its own:

• Educators denies in its Answer to the Second Amended Complaint that it abdicated its responsibility to the claimants to Hartford following the Reinsurance Agreement. (Answer ¶¶ 12, 43.) However, Educators sought summary judgment on the ground that Educators purportedly "sold off" plaintiff's claim in the Reinsurance Agreement, and thereby and thereafter had, and exercised, no responsibility to plaintiff and the other claimants. (Educ. Motion for Summary Judgment, pp.1, 4-5 & Rule 56(a)(1) Stmt., ¶ 12.) Educators has also claimed that it granted Hartford sole authority to administer the claims in the reinsurance agreement (Educ. Rule 56(a)(2) Statement in Opposition to Motion for Summary Judgment, ¶ 8.) Plaintiff, in turn, moved for summary judgment on the ground that Educators' acknowledged abdication of responsibility constituted a breach of Educators' contractual responsibilities to plaintiff. Plaintiff has requested that the court make findings of fact relating to these facts. (Pl. Response to Educators' Rule 56(a)(2) Stmt., ¶¶ 33-34.)

• Educators persists in its representation that it lacks sufficient knowledge or information to form a belief as to the truth of the facts alleged in paragraphs 15 and 18 of the Complaint (which describe actions taken by Hartford in administering plaintiff's claim compared to Hartford's written policies and procedures). (Answer, ¶¶ 15, 18.) Educators has not only had access to all of the discovery in this action, including Hartford's records regarding its administration of plaintiff's claim, and Hartford's policies and procedures, but Educators also purported to have sufficient knowledge and information to admit and/or deny these facts, and many other details

4

related to Hartford's conduct in administering plaintiff's claim, in opposition to plaintiff's motion for summary judgment. (Educ. Rule 56(a)(2) Statement in Opposition to Motion for Summary Judgment, ¶¶ 14-31.) Plaintiff has requested that the Court make findings of fact regarding these facts. (Pl. Response to Educators' Rule 56(a)(2) Stmt., ¶¶ 14-31.)

C) Defendants' joint denials are in questionable good faith:

- when Hartford terminated plaintiff's benefits, Hartford represented it was acting on Educators' behalf. (Answer, ¶ 23). Hartford not only stated in the letter that it was adjudicating plaintiff's policy with Educators, and acting in its capacity as administrator to Educators, but has claimed in the context of the summary judgment motions that it informed plaintiff in all previous correspondence that it was administering her claim "on behalf of Educators." (Hartford's Rule 56(a)(2) Statement in Opposition to Summary Judgment, ¶ 15.) Plaintiff has requested that the court make a finding of fact regarding this fact. (Pl. Response to Educators' Rule 56(a)(2) Stmt., ¶ 11.)

- whether Hartford was acting on its own behalf, and without Educators' involvement. (Answer, ¶¶ 40, 44.) Hartford previously represented to the court that it was acting on its own behalf (See e.g. Hartford's Rule 56(a)(2) Statement, ¶ 15), and defendants previously asserted that Educators had no involvement in the administration of plaintiff's claim following the Reinsurance Agreement (Educators' Motion for Summary Judgment, p.1; Educ. Rule 56(a)(2) Statement in Opposition to Motion for Summary Judgment, ¶ 8.) Indeed, Educators admits this fact in paragraph 12 of the Second Amended Answer. Plaintiff has requested that the court make a finding of fact regarding this fact. (Pl. Response to Educators' Rule 56(a)(2) Stmt., ¶¶ 33-34.)

Finally, the defendants have sought summary judgment on plaintiff's bad faith and CUTPA claims, and plaintiff has sought summary judgment on her breach of contract claim against Educators and on Hartford's counterclaim. If the court grants any of these motions, it will be unnecessary for the defendants to file an answer to these claims, and, if the court grants plaintiff's motion for summary judgment regarding the counterclaim, the counterclaim will not properly be included in the Answer to the Second Amended Complaint. Accordingly, the interests of economy and efficiency would be best served by postponing defendants' motion until after the resolution of the pending motions, at which time defendant may move to file an Answer to the Second Amended Complaint that properly acknowledges the information and knowledge

5

that defendants have obtained through this litigation, including the court's rulings and findings. See e.g. MHC Inv. Co. v. Racum Corp., 323 F.3d 620, 626 (8th Cir. 2003) (party cannot persist in asserting claims or defenses that are not supported by the facts or the law.); Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992) (duty of reasonable inquiry requires the signer of a pleading to act upon the knowledge he acquires.)

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court postpone its decision on defendants' Motion to File Answer to Second Amended Complaint, and extend the time in which plaintiff must respond to the motion, pending the court's rulings on the parties' Motions for Summary Judgment and plaintiff's Request for Findings of Fact.

PLAINTIFF,
CANDI MCCULLOCH

By: _____
Eliot B. Gersten, Esq.
Fed. Bar No. ct05213
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
(860) 527-7044
Her Attorney

6

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was faxed and mailed, via regular U.S. Mail, postage prepaid, on March 9, 2005 to all counsel and pro se parties of record, as follows:

Roberta J. Sharp, Esq.
Jessica Spangler Taylor, Esq.
Barry A. Chasnoff, Esq.
Akin Gump Strauss Hauer & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205
*Tel: 210-281-7146*
*Fax: 210-224-2035*

Donald E. Frechette, Esq
Joshua L. Milrad, Esq.
Charles F. Gfeller, Esq.
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
*Tel: (860) 525-5065*
*Fax: (860) 527-4198*

_____
Eliot B. Gersten, Esq.