UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI McCULLOCH | : CIVIL ACTION NO. |
| | : 301CV1115(AHN) |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| HARTFORD LIFE AND ACCIDENT | : |
| INSURANCE COMPANY AND EDUCATORS | : |
| MUTUAL LIFE INSURANCE COMPANY | : |
| Defendants. | : April 20, 2005 |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ALTERNATIVE MOTION FOR JUDGMENT**

**INTRODUCTION**

On March 30, 2005, this court granted the defendants' motions for partial summary judgment, thereby disposing of all but one of plaintiff's causes of action. On April 11, 2005, plaintiff requested that the court reconsider its ruling. As set forth herein, if the court denies plaintiff's Motion for Reconsideration, or denies the relief requested therein, there is no just reason to delay the entry of judgment on the claims for which the court granted defendants' motions for judgment, and plaintiff respectfully requests that the court direct the clerk to enter judgment on those claims pursuant to Federal Rules of Civil Procedure 54(b).

## **BACKGROUND**

On June 18, 2001, plaintiff initiated this action with a single count, alleging that defendants breached her disability insurance contract when they terminated her long term disability benefits. See Dkt. # 1 & Dkt. # 204, p.1. On October 17, 2002, plaintiff sought leave to amend her complaint to add a second cause of action alleging that defendants acted in bad faith in their investigation and termination of her claim, based on the information contained in her claim file and obtained during discovery. See Dkt. #70, 78 & Dkt. # 204, p.1. On October 24, 2003, after discovering that Educators had "ceded" plaintiff's claim to Hartford in 1999 *via* a document entitled "Reinsurance Agreement," and treated this agreement as a "sale" of plaintiff's claim, which was contrary to defendants' previous representations (including in discovery in this action) that Hartford had merely administered plaintiff's claim on Educators' behalf, plaintiff sought leave to file a Second Amended Complaint to assert that this conduct by Educators constituted a separate breach of contract and bad faith, that defendants thereby violated CUIPA and CUTPA, and that Hartford had tortiously interfered with plaintiff's contract with Educators. Dkt. # 126 & Dkt.. # 204, pp.1-2.

On March 30, 2005, this court granted judgment in defendants' favor on all of plaintiff's claims with the exception of her original breach of contract claim. Dkt. # 218. Accordingly, the court eliminated from this case all of plaintiff's claims related to (1) Hartford's conduct in investigating plaintiff's claim for benefits; and (2) the "Reinsurance Agreement." Id. Plaintiff has requested that the court reconsider this ruling. Dkt. # 221. However, if the court declines to reconsider the ruling, or to grant the relief requested in plaintiff's motion for reconsideration, plaintiff respectfully requests

that the court direct the clerk to enter judgment in defendants' favor on the claims for which it granted judgment in defendants' favor.

**ARGUMENT**

### A. STANDARD FOR GRANTING JUDGMENT PURSUANT TO RULE 54(b)

Where, as here, the court grants summary judgment as to some, but not all, of the plaintiff's claims, Federal Rule of Civil Procedure 54(b) authorizes that court to direct the clerk to enter a final judgment as to those claims, and thereby allow a party to immediately appeal the judgment as to those claims, where "there is no just reason for delay." F.R.C.P. 54(b); Blue Cross of California v. Smithkline Beecham Clinical Laboratories, Inc., 198 F.Supp.2d 125, 128 (D.Conn. 2000) (Covello, J.) (granting 54(b) motion), citing, Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2nd Cir. 1992); See also World Trade Center Properties, LLC v. Hartford Fire Ins. Co., 345 F.3d 154, 165 (2nd Cir. 2003).

While the decision to enter final judgment is within the court's sound discretion, "[o]nly those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification." Blue Cross of California, supra, 198 F.Supp.2d at 128 & 129, quoting, Ginett, 962 F.2d at 1096; See also Hudson River Sloop Clearwater, Inc. v. Dep't of Navy, 891 F.2d 414, 418 (2nd Cir. 1989) (concluding that the certification of a judgment on certain claims was proper where the claims "involve a unique factual scenario ... and raise legal issues wholly distinct from those that remain for trial" and "any subsequent appeals on the remaining claims ... will involve questions of fact and law entirely distinct" from those at stake in the certified claims).[1] Entering

---

[1] See also Abrams v. Painewebber, Inc., 1994 WL 160119 (D.Conn. February 28, 1994) (Eginton, J.)

3

judgment pursuant to Rule 54(b) is appropriate where the determination of the terminated claims is "separate and distinct from the adjudication of the remaining . . . claims" and "the district court's disposition of . . . the remaining claims ... [cannot] render ... [the appellate court's] opinion advisory or moot." Blue Cross of California, supra, 198 F.Supp.2d at 129.

As set forth herein, in this case, the claims for which the court granted summary judgment relate to the propriety of Hartford's conduct during the administration of plaintiff's claim, and to defendants' conduct surrounding the "Reinsurance Agreement", which are both separate and distinct from the determination of the sole remaining claim, that plaintiff was, and is, entitled to total disability benefits under the terms of her insurance policy. Additionally, the district court's disposition of the remaining claim cannot render the appellate court's opinion on plaintiff's other claims advisory or moot.

### B. PLAINTIFF'S CLAIM THAT HARTFORD INVESTIGATED AND TERMINATED HER BENEFITS IN BAD FAITH IS SEPARABLE FROM HER COVERAGE CLAIM

Under Connecticut law, plaintiff's claim that Hartford investigated and terminated her benefits in bad faith is "separate and distinct from" her coverage claim, and there is no "requirement which requires the prosecution of the bad faith (tort) claim must await judgment on the coverage issue." Celentano v. Home Ins. Co., 1992 WL 335759 at *5, 7 Conn.L.Rptr. 567 (Conn.Super. November 5, 1992); United Technologies Corp. v. American Home Assur. Co., 118 F.Supp.2d 181, 188 (D.Conn. 2000), citing and following as consistent with Connecticut law: Hatch v. State Farm Fire and Casualty Co., 842 P.2d 1089 (Wyo.1992) (allowing plaintiff to proceed with bad faith claim, even

---

(directing entry of judgment pursuant to F.R.C.P. 54(b)); In re Boardwalk Marketplace Securities Litig., 1991 WL 438311 (D.Conn. October 1, 1991) (Eginton, J.) (same); Owens v. American Nat'l Red Cross, 673 F.Supp. 1156, 1167 (D.Conn. 1987) (Cabranes, J.) (same).

4

where the insurer was entitled to summary judgment on the coverage claim.); Coventry Associates v. American States Ins. Co., 136 Wash.2d 269, 961 P.2d 933 (1998) (bad faith handling of insurance claim is actionable, even when policy does not provide for coverage); Judah v. State Farm Fire & Cas. Co., 266 Cal.Rptr. 455 (Cal.Ct.App.1990) (cause of action for tortious breach of the implied covenant of good faith and fair dealing can lie even in the absence of coverage under the policy, because duty is one imposed by law and does not arise from terms of contract itself), *review dismissed*, 281 Cal.Rptr. 766, 810 P.2d 998 (1991). Thus, regardless of the adjudication of plaintiff's breach of contract claim, the Second Circuit's determination of whether this court properly granted defendants' motions for summary judgment as to plaintiff's bad faith claim will not be rendered moot or advisory and there is no just reason to delay plaintiff's appeal of this decision.

### C. PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM IS SEPARABLE FROM HER COVERAGE CLAIM

Plaintiff's fourth cause of action alleges that Hartford tortiously interfered with her contractual expectations, including the expectation that she would receive fair claim administration, by misrepresenting that it was merely administering her claim on Educators' behalf, and by its bad faith conduct in the investigation of her claim. Second Amended Complaint, Count Four. This court granted judgment in Hartford's favor on this count on the ground that (1) as a matter of law, Hartford became a party to plaintiff's insurance contract by virtue of the "Reinsurance Agreement"; and (2) Hartford did not engage in bad faith in the administration of her claim and thus its conduct was not tortious. Dkt. # 218, pp.22-23. The resolution of whether Hartford became a party to the plaintiff's insurance contract by virtue of the "Reinsurance Agreement" involves legal

and factual determinations that are entirely separate and distinct from the resolution of whether plaintiff was, and is, disabled, within the terms of her policy. As set forth above, the resolution of whether Hartford's administration of plaintiff's claim was in bad faith and thus tortious, is also entirely separate and distinct from the determination of whether plaintiff was, and is, entitled to coverage. For this reason, there is no just reason to delay the entry of judgment in Hartford's favor on plaintiff's tortious interference claim.

### D. THE REMAINING CLAIMS FOR WHICH THIS COURT GRANTED JUDGMENT IN DEFENDANTS' FAVOR ALL RELATE TO THE REINSURANCE AGREEMENT AND ARE SEPARABLE FROM HER REMAINING COVERAGE CLAIM

All of the other claims for which this court granted judgment in defendants' favor relate to the reinsurance agreement and involve issues that are entirely distinct and separable from, plaintiff's sole remaining claim for coverage:

- The court granted both defendants judgment on plaintiff's CUIPA and CUTPA claims on the ground that plaintiff could not prove that defendants' conduct surrounding the "Reinsurance Agreement" (1) was within the ambit of CUIPA; and (2) caused her damage. See Dkt. # 218, pp.24-28, 32. The resolution of whether defendants were required to comply with C.G.S. § 38a-66 (and related Pennsylvania statutes) in connection with the "Reinsurance Agreement," whether defendants' failure to do so, and subsequent representations regarding the nature of their agreement to the insured claimants, are within the ambit of CUIPA and CUTPA, and whether the deprivation of these statutory protections, and misleading statements, caused plaintiff "ascertainable loss" within the meaning of CUTPA, clearly involve legal and factual determinations that are entirely independent of plaintiff's claim that she was, and is, entitled to total disability benefits under the terms of her insurance policy. Thus, if the court denies plaintiff's

6

Motion for Reconsideration, there is no just reason to delay entry of judgment in defendants' favor on these claims.

- The court granted Educators' motion for judgment on plaintiff's breach of contract and bad faith claims related to its conduct surrounding the "Reinsurance Agreement" on the ground that neither the insurance policy, nor the law, prohibited Educators from assigning her policy or delegating its duties. Dkt. # 218, pp.30-32. Again, the resolution of this claim involves legal and factual determinations that are completely separate and distinct from plaintiff's claim that she is, and was, entitled to disability benefits under her policy. If the court denies plaintiff's Motion for Reconsideration, there is also no just reason to delay entry of judgment in Educators' favor on these claims.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that, if the court denies plaintiff's Motion for Reconsideration, it enter judgment in defendants' favor on the claims for which it granted defendants' motions for summary judgment pursuant to F.R.C.P. 54(b).

PLAINTIFF,
CANDI MCCULLOCH

By: _____
Eliot B. Gersten, Esq.
Fed. Bar No. ct05213
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
(860) 527-7044
Her Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was faxed and mailed, via regular U.S. Mail, postage prepaid, on April 20, 2005 to all counsel and pro se parties of record, as follows:

Roberta J. Sharp, Esq.
Jessica Spangler Taylor, Esq.
Barry A. Chasnoff, Esq.
Akin Gump Strauss Hauer & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205
*Tel: 210-281-7146*
*Fax: 210-224-2035*

Donald E. Frechette, Esq
Joshua L. Milrad, Esq.
Charles F. Gfeller, Esq.
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
*Tel: (860) 525-5065*
*Fax: (860) 527-4198*

Eliot B. Gersten, Esq.