UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI McCULLOCH | : CIVIL ACTION NO. |
| | : 301CV1115(AHN) |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| HARTFORD LIFE AND ACCIDENT | : |
| INSURANCE COMPANY AND EDUCATORS | : |
| MUTUAL LIFE INSURANCE COMPANY | : |
| Defendants. | : APRIL 22, 2005 |

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF
REQUEST FOR PERMISSION TO FILE JURY DEMAND

**INTRODUCTION**

For the reasons set forth herein, plaintiff respectfully requests that the court grant plaintiff permission to file and serve a demand for a jury trial pursuant to Federal Rules of Civil Procedure 6(b) and 39(b).

**BACKGROUND**

Plaintiff filed the above-captioned action on June 18, 2001, and inadvertently neglected to file and serve her demand for a jury trial therewith. Defendant Hartford Life and Accident Insurance Company ("Hartford") subsequently filed a counterclaim, and the parties engaged in extensive motion practice and discovery, which also led to two amendments to the complaint and an amendment to the answer and counterclaim. See e..g. Dkt. Nos. 11,17-20, 25, 39, 40-45, 47, 53, 57, 59-78, 80-83, 86-90, 92, 95, 99, 101-108, 111-208. On October 24, 2003, plaintiff sought leave to file a Second Amended Complaint. Dkt. No. 126. Defendants opposed this motion (Dkt. No. 129) and, while these motions were still pending, the parties were engaged in numerous motions relating to discovery (Dkt. Nos. 127-132, 139). Defendants both filed a motion to dismiss the Second Amended Complaint (Dkt. No. 140); and two separate motions for

motion to dismiss the Second Amended Complaint (Dkt. No. 140); and two separate motions for summary judgment addressed to the Second Amended Complaint. See Hartford's Motion for Summary Judgment dated November 7, 2003 (Dkt. No. 137); Educators' Motion for Summary Judgment dated November 7, 2003 (Dkt. No. 134). On June 1, 2004, plaintiff filed a motion for summary judgment on Hartford's counterclaim (Dkt. No. 184), and on June 10, 2004, plaintiff filed a motion for partial summary judgment on her claims against Educators related to the Reinsurance Agreement. (Dkt. No. 187). In the context of these motions, defendants assumed that this action was subject to trial by jury. See e.g. Hartford's Opposition, dated June 22, 2004 (Dkt. No. 189), p. 5 ("Hartford anticipates that this testimony will persuade the jury that Hartford neither breached the contract nor acted in 'bad faith.'").

On September 21, 2004, while the parties' motions for summary judgment were pending, the court granted plaintiff leave to file a Second Amended Complaint, which she did on September 22, 2004. Dkt. Nos. 206, 208. This pleading alleged four new causes of action based on the distinct facts related to the "Reinsurance Agreement," and for which plaintiff would thus have been entitled to file a demand for a jury trial. F.R.C.P. 38(b). However, at this time, all of the parties had assumed that plaintiff had previously filed a demand for a jury trial; defendants failed to file an Answer to the Second Amended Complaint and, in light of the pending motions and other activity in the case, both parties overlooked defendants' omission.

On March 3, 2005, defendants sought leave to file a belated Answer to the Second Amended Complaint. Dkt. No. 216. However, the court denied this motion as moot in light of its ruling on the motions for summary judgment, which acknowledged the parties' assumption that plaintiff's claims were subject to trial by jury and, itself, assumed that the claims in this case were subject to trial by jury. Ruling, pp.13, 16, 20, 23-26, 42.

On or about April 4, 2005, defendants' counsel called plaintiff's counsel and informed him that she had recently noticed that the case was not set for a jury trial. Affidavit of Eliot B. Gersten, ¶ 5. Defendants' counsel stated that, throughout the litigation, defendants had assumed that the case was subject to trial by jury and, accordingly, offered to stipulate to a trial by jury. Id. However, after plaintiff's counsel returned defendants' counsel's telephone call to coordinate the stipulation, defendants' counsel stated that defendants had refused to provide their consent to the stipulation. Id., ¶¶ 6, 7. Plaintiff respectfully requests that the court grant her motion for permission to file and serve a demand for jury trial for the reasons set forth above and herein.

**ARGUMENT**

    **A.**    **STANDARD FOR GRANTING PERMISSION TO FILE JURY DEMAND**

While Federal Rule of Civil Procedure 38(b) requires a party to serve its jury demand within "10 days after the service of the last pleading directed to such issue," the court may allow a party to file and serve an untimely jury demand upon a finding of "excusable neglect." See Raymond v. I.B.M. Corp., 148 F.3d 63, 65-67 (2nd Cir. 1998), citing, F.R.C.P. 6(b) & 39(b).[1] "The Supreme Court held that the inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." Raymond, at 66, citing, Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Pursuant to this inquiry, "[m]ere inadvertence,

---

[1] Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury." Rule 6(b)(2) states that "[w]hen by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

without more, *can* in some circumstances be enough to constitute "excusable neglect" justifying relief . . ." Id., citing, Pioneer, 507 U.S. at 391-392. This is because the right to trial by jury is a fundamental right secured by the Seventh Amendment of the United States Constitution. *See A.J. Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963) ("federal policy favoring jury trials is of historic and continuing strength"); AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir.1965) (in exercising its discretion under Rule 39(b), a court should grant a jury trial in the absence of strong and compelling reasons to the contrary).

### B. THE COURT SHOULD GRANT PERMISSION TO FILE A JURY DEMAND IN THIS CASE

In this case, plaintiff's failure to file and serve a jury demand was the result of "excusable neglect." As set forth above, soon after plaintiff filed her complaint in this action, the parties became embroiled in motions addressed to the pleadings, voluminous discovery, and heated discovery disputes. At the time of the amendments to the complaint, when plaintiff could have submitted a timely jury demand, the parties were engaged in further discovery disputes regarding critical issues, motions addressed to the pleading, and four separate, lengthy, fact intensive motions for summary judgment. Indeed, as a result of this intense activity in the case, defendants themselves neglected to even file an answer to plaintiff's amended pleading.

Additionally, there is no evidence that plaintiff failed to timely file a jury demand in bad faith, or that defendants would be prejudiced by the court granting plaintiff permission to file and serve a jury demand at this time. On the basis of the summary judgment briefing and decision, as well as in subsequent communications between counsel, it is apparent that the parties were, at all times, under the impression that the case was subject to a trial by jury. Under these circumstances, it is appropriate for the court to grant plaintiff permission to file a belated jury demand. See Raymond, 148 F.3d at 66-67 (per curiam) (holding that the district court was "well

4

within its discretion" to permit plaintiff to serve a jury demand two years after filing an action where failure to do so earlier was purely the result of inadvertence, there was no evidence of bad faith, the memoranda of law filed with the court by both parties, and the court's own summary judgment opinion, assumed that the case would ultimately be tried to a jury.); Covington v. Westchester County Jail, 1998 WL 642798 (S.D.N.Y. September 17, 1998) (attached).

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the court grant her motion for permission to file and serve a jury demand.

        PLAINTIFF,
        CANDI McCULLOCH

By _____
        Eliot B. Gersten, Esq.
        Fed. Bar No. ct05213
        GERSTEN & CLIFFORD
        214 Main Street
        Hartford, CT  06106
        (860) 527-7044
        Her Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was faxed and mailed, via regular U.S. Mail, postage prepaid, on April 22, 2005 to all counsel and pro se parties of record, as follows:

Roberta J. Sharp, Esq.
Jessica Spangler Taylor, Esq.
Barry A. Chasnoff, Esq.
Akin Gump Strauss Hauer & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, TX  78205
*Tel: 210/281-7146*
*Fax: 210/224-2035*

Donald E. Frechette, Esq.
Joshua L. Milrad, Esq.
Charles F. Gfeller, Esq.
Edwards & Angell, LLP
90 State House Square
Hartford, CT  06103
*Tel: 860/525-5065*
*Fax: 860/527-4198*

_____
Eliot B. Gersten

Westlaw.

Not Reported in F.Supp.2d  
1998 WL 642798 (S.D.N.Y.)  
(Cite as: 1998 WL 642798 (S.D.N.Y.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
Maurice COVINGTON, Plaintiff,
v.
WESTCHESTER COUNTY JAIL; Commissioner Joseph M. Stancari; Warden Miranda; Assistant Warden Anthony P. Amicucci; Legal Affairs Coordinator Elizabeth Smith; Sergeant Deborah Johnson; Corrections Officer Bush; Corrections Officer Deborah McDonald; Corrections Officer Watkins; EMSA Correctional Care; Dr. K. Sohm; Dr. Barbara Griffith; Second Floor Housing Unit Clinical Nurses, Including Nurse Amponin, Nurse E. Apollumu, Nurse M. Brown, Nurse Phawana Chaorinuea, Nurse Daniels, Nurse Sonia Davis, Nurse Lopez, Nurse Helen Rutto, and Nurse Patricia Woolery; John Does 1 through 6; and Jane Doe 1, Defendants.
No. 96 Civ. 7551(SAS).

Sept. 17, 1998.

Scott Shorr, Proskauer Rose LLP, New York, NY, for Plaintiff.

Philomena Basuk, O'Connor, McGuinness, Conte, Doyle, Oleson & Collins, White Plains, NY, for EMSA Defendants.

Joseph N. Cicileo, Westchester County Attorney, White Plains, NY, for County Defendants.

*OPINION & ORDER*

SCHEINDLIN, J.

*1 On October 4, 1996, plaintiff commenced an action against EMSA Correctional Care, Dr. K. Sohm, Dr. Barbara Griffith, Second Floor Housing Unit Clinical Nurses Including Nurse Amponin, Nurse E. Apollumu, Nurse M. Brown, Nurse Phawana Chaorinuea, Nurse S. Daniels, Nurse Sonia Davis, Nurse Lopez, Nurse Helen Rutto, Nurse Patricia Wooler and Jane Doe 1 (the "EMSA defendants") alleging, inter alia, deliberate indifference to his medical needs. The law firm of Proskauer Rose LLP assumed representation of plaintiff on April 11, 1997.

*Procedural Posture of the Case*

With leave of the Court, a Second Amended Complaint was filed on October 7, 1997 which the EMSA defendants answered on November 28, 1997. The EMSA defendants did not, however, include a jury demand in this answer or in any of their previous pleadings. See Declaration of Scott N. Shorr, attorney for plaintiff, sworn to September 9, 1998, ¶ 2 ("Shorr Decl."). During an April 1, 1998 scheduling conference, an EMSA lawyer stated that he was reserving his right to seek permission from the Court to serve a late demand for a jury trial. Shorr Decl. at ¶ 3. See also Affidavit of Philomena Basuk, attorney for EMSA defendants, sworn to August 19, 1998, ¶ 5 and Exhibit A ("Basuk Aff."). Although the Court instructed the EMSA defendants to make such a motion by April 15, 1998, they failed to do so. Shorr Decl. at ¶ 3.

Document discovery began in mid-April and depositions commenced on June 22, 1998. Id. at ¶ 5. Between June 1 and July 6, 1998, plaintiff deposed seven witnesses and retained an expert witness. Id. Many depositions, including plaintiff's, still need to be conducted and expert reports need to be exchanged. Basuk Aff. at ¶ 6. The joint pretrial order is currently due December 18, 1998. After that date, the parties will be on 48 hour notice of trial.

In a letter dated July 6, 1998, Ms. Basuk requested permission from the Court to file a motion seeking to serve a late jury demand citing inadvertence as the only reason for her failure to do so earlier. Shorr Decl., Exh. B. I construed the letter as a demand for a jury which I granted by letter endorsement. Id. Mr. Shorr then submitted a letter in opposition dated July 9, 1998 which cited the case of Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2d Cir.1967), for the proposition that mere inadvertence cannot support granting relief under Fed.R.Civ.P. 39(b), the Rule he assumed Ms. Basuk was relying upon in her earlier request. Id., Exh. C. I then construed Ms. Basuk's July 6 letter as a motion for an enlargement of time pursuant to Fed.R.Civ.P. 6(b)(2) which I granted, relying on *Raymond v. International Business Machines Corp.*, 148 F.3d 63 (2d Cir.1998). The EMSA defendants then filed their demand for a jury trial. Because plaintiff continued his objection, I

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

issued an Order directing the EMSA defendants to make a formal motion under Fed.R.Civ.P. 6(b)(2) seeking to enlarge the time in which they could demand a trial by jury. Id., Exh. D. This motion is now before the Court.

*Controlling Authority in the Second Circuit*

*2 This Court is well aware of the rule that mere inadvertence cannot support the granting of relief under Fed.R.Civ.P. 39(b). [FN1] See Noonan, 375 F.2d at 70 (only a "showing beyond mere inadvertence" would justify Rule 39(b) relief). However, this motion is made pursuant to Fed.R.Civ.P. 6(b)(2) ("Rule 6(b)(2)") which provides:

> FN1. Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues."

When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect* ... (emphasis added).

The issue, therefore, is whether mere inadvertence can constitute excusable neglect and, if so, under what circumstances. This issue was squarely addressed by the Second Circuit in **Raymond** (a case where a late jury demand was granted under Rule 6(b)(2)). Relying on the Supreme Court case of *Pioneer Inv. Sers. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the court found that Rule 6(b)(2) applies to the time constraint imposed by Fed.R.Civ.P. 38(b). [FN2] Then, in defining "excusable neglect," the court quoted the following language from *Pioneer:*

> FN2. Rule 38(b) provides that a party may demand a trial by jury no later than 10 days after the service of the last pleading directed to such issue.

[i]t is not surprising ... that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

**Raymond, 148 F.3d at 66** (quoting *Pioneer,* 507 U.S. at 391-92). Finding *Pioneer's* definition of excusable neglect to be applicable beyond the bankruptcy context in which it arose, see *Canfield v. Van Atta Buick,* 127 F.3d 248, 250 (2d Cir.1997), the court held that **"mere inadvertence, without more, can in some circumstances, be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)."** **Raymond, 148 F.3d at 66.** In so doing, the court rejected the proposition that the "beyond mere inadvertence" requirement espoused in *Noonan* precluded a district court from granting a Rule 6(b)(2) motion in appropriate circumstances. *Id.*

With regard to such circumstances, the "Supreme Court held that the inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Id.* (quoting *Pioneer,* 507 U.S. at 395). Here, the delay in not demanding a trial by jury, which is substantial, was caused by mere inadvertence. This much is not disputed. Moreover, despite the protestations of Mr. Shorr, there is no evidence in the record that the EMSA defendants acted in bad faith. To surmise that the EMSA defendants decided to opt for a jury based on what they learned through discovery is pure conjecture. Thus, the remaining factor is that of prejudice--how and to what extent will plaintiff be prejudiced if he is now required to try his case before a jury. [FN3]

> FN3. In analyzing prejudice to the plaintiff, this Court is mindful that the right to trial by jury is a fundamental right secured by the Seventh Amendment of the United States Constitution. See A.J. *Simler v. Conner,* 372 U.S. 221, 222, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963) ("federal policy favoring jury trials is of historic and continuing strenght"); *AMF Tuboscope, Inc. V. Cunningham,* 352 F.2d 150, 155 (10th Cir.1965) (in exercising its discretion under Rule 39(b), a court should grant a jury trial in the absence of strong and compelling reasons to the contrary). This is not to say that the amount of prejudice must be weighed against the constitutionality of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the right to trial by jury. The important nature of this right may, however, impact the quantum of prejudice needed to override it.

*3 In his Memorandum of Law in Support of Plaintiff's Opposition to the EMSA Defendants' Request for an Enlargement of Time Within Which to Serve a Jury Demand ("Pl.Memo"), plaintiff suggests two ways in which he would be prejudiced by a jury trial. First, he states that "[t]he strategies Plaintiff adopted, the depositions conducted, and the questions asked during those depositions were premised on his understanding that the issues in this case would be tried to the bench." Pl. Memo at p. 10. This argument is not persuasive. Plaintiff was put on notice as of April 1, 1998 that the EMSA defendants were considering a late jury demand. Discovery did not proceed until mid-April. Shorr Decl. at ¶ 5. Moreover, as discovery is not yet complete, this request is not made on the eve of trial. [FN4] It is not apparent to this Court how plaintiff's strategies and deposition conduct would have differed if the case were tried by jury. A question is a does not change depending on the trier of fact. Without concrete examples, this Court is unwilling to find prejudice in such elusive notions. [FN5] Second, and perhaps more credible, is plaintiff's choice of an expert. Plaintiff contends that he "chose an expert witness to testify at this trial based, in part, on the expert's testimony in a previous bench trial." Pl. Memo at p. 11. Concededly, plaintiff may have chosen a different expert if he had known this case would be tried to a jury. To dissipate any resulting prejudice, this Court is willing to extend expert discovery to permit plaintiff to choose a different expert if he so desires. In this way, any prejudice that could possibly befall plaintiff by reason of a jury trial is minimized. Accordingly, under the circumstances, the EMSA defendants' motion for trial by jury is granted.

> FN4. The earliest date that this case will be reached for trial will be February 1999.
>
> FN5. Plaintiff does not argue that the level of pretrial preparation conducted so far would have been different had a timely jury demand been made. The cases cited for the proposition that proceeding with a case on the assumption of a bench trial constitutes sufficient prejudice under Rule 39(b) are inapposite. In _Espinosa v. Van Dorn Plastic Machinery Co._, 813 F.Supp. 252, 254 (S.D.N.Y.1993), the third-party defendant did not hire a machinery expert based on the fact that the case was to be tried to a judge. In _Torres v. Norco Packaging Machinery, Inc._, 91 Civ. 6429, 1992 WL 183622 (S.D.N.Y. July 23, 1992), a third-party defendant, relying on a lack of jury demand, did not attend plaintiff's deposition, sent a representative to defendant's deposition, and determined that he would not call any expert or other witnesses at trial and would not offer any exhibits other than those to be introduced by the other parties. This kind of detrimental reliance is just not present here.

1998 WL 642798 (S.D.N.Y.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.