STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
CANDI MCCULLOCH                         :
     Plaintiff                       :
                                     :
vs.                                     :          CIVIL ACTION NO.:
                                        :          301CV1115 (AHN)
HARTFORD LIFE AND ACCIDENT              :
INSURANCE COMPANY and EDUCATORS         :
MUTUAL LIFE INSURANCE COMPANY, :
     Defendants                      :

---

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO FILE A JURY DEMAND**

---

       Plaintiff failed to ask for a jury trial almost four years ago and has not shown that this neglect was excusable.  The Court has discretion to deny Plaintiff's long-belated request, and the current posture of the case weighs in favor of doing so.  After the Court's dismissal of Plaintiff's extracontractual claims, only a single fact issue remains to be tried—whether Plaintiff is disabled within the meaning of the policy.  The Court can try this case in significantly less time than a jury trial would consume, saving judicial resources as well as time and expense for both parties.  Plaintiff's motion should be denied.

**ARGUMENT**

**I.      PLAINTIFF WAIVED HER RIGHT TO A JURY TRIAL.**

       Plaintiff waived her right to a jury trial almost four years ago.  Plaintiff was required to file a demand for a jury trial in writing within 10 days after the service of the last pleading directed to any issue triable of right by a jury.  FED. R. CIV. P. 38(b).  Plaintiff served her Original Complaint on July 9, 2001, and her failure to file a jury demand within 10 days of that date waived her right to a jury trial.  FED. R. CIV. P. 38(d).

If, as Plaintiff contends, her First and Second Amended Complaints each revived her right to file a jury demand (they did not), such revival merely underscores her neglect in failing to demand a jury not once, but three times.  In any event, an amended complaint does *not* revive a right to file a demand for a jury trial as to factual issues already framed in the Original Complaint or as to new legal theories based on facts previously pleaded.  *Swan Brewery Co. v. U.S. Trust Co. of New York,* 143 F.R.D. 36, 39 (S.D.N.Y. 1992) (*citing Lanza v. Drexel & Co.,* 479 F.2d 1277 (2d Cir. 1973) and *Rosen v. Dick,* 639 F.2d 82, 94-96 (2d Cir. 1980)).  Plaintiff's Original Complaint alleged Defendants breached their insurance policy with Plaintiff by wrongfully terminating her disability benefits.[1]  Plaintiff's First Amended Complaint, filed on November 6, 2002, added a new legal theory for recovering the same damages and arose directly from the same fundamental facts alleged in her Original Complaint: whether the Defendants' wrongfully terminated her disability benefits.[2]  Plaintiff's Second Amended Complaint similarly added new theories of recovery against the Defendants based on the same set of facts alleged in the First Amended Complaint.[3]  Even if her amended complaints raised entirely new matters, they would have permitted her to file a jury demand only as to such new matters, and would not have revived her right to have her original breach of contract claim heard by a jury.  *Swan Brewery,* 143 F.R.D. at 39-40 (plaintiff's first and second amended complaints did not revive right to a jury trial because the same "general area of dispute" was posed in all the pleadings).  Thus, Plaintiff's demand is nearly four years too late, and both Rules 6 and 39(b) leave it to the Court's sound discretion to deny this untimely demand. [4]

---

[1] Docket # 1.

[2] Docket # 78.

[3] Docket # 126.

[4] Rule 39(b) provides "notwithstanding the failure of a party to demand a jury in an action in which such demand might have been of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."  Rule 6(b) provides "the court for cause shown may at any time in its discretion … (2) upon motion made

II.    **THE COURT SHOULD DENY PLAINTIFF'S UNTIMELY REQUEST FOR A JURY TRIAL.**

Courts have identified a number of factors to weigh in considering an untimely jury demand, including: (1) the length of delay and the timing of the motion; (2) reason for the delay, including whether it was in the reasonable control of the movant; (3) the effect a jury trial would have on the court's docket and the orderly administration of justice; (3) whether the issues in the case are more appropriate for determination by a jury or judge; (4) any prejudice that granting a jury trial would cause the opposing party. *See, e.g., Malbon v. Penn. Millers Mut. Ins. Co.,* 636 F.2d 936, 940 n. 11 (4th Cir. 1980) (affirming denial of motion under Rule 39(b)); *compare Pioneer Investment Svcs. Co.,* 113 S. Ct. at 1498 (enumerating factors under Rule 6 in a bankruptcy case dealing with late-filed proofs). Here, the length of Plaintiff's delay, the absence of excuse for the neglect, the impact of a jury trial on the Court's docket, and the appropriateness of the one remaining fact issue for determination by the Court all weigh in favor of a bench trial.

A.    **Plaintiff Has Not Established Excusable Neglect.**

*Excusable* neglect must form the cornerstone of any motion to file a late jury demand, and mere inadvertence is not excusable neglect. *Tancredi v. Metropolitan Life Ins. Co.,* 378 F.3d 220, 228 (2d Cir. 2004) (district court abused its discretion in finding defendant established excusable neglect under Rule 6(b) because defendant offered no explanation for its failure to timely file fee request, even though delay was short and plaintiffs suffered no prejudice); *Raymond v. Int'l Bus. Machines Corp.,* 148 F.3d 63, 65 (2d Cir. 1998) (under Rule 39(b), mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion—only a showing beyond mere inadvertence justifies relief).

---

after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

Plaintiff has not established any basis at all, much less an excusable one, for her four-year delay in seeking a jury. The sole excuse Plaintiff offers for not timely seeking a jury trial is that the parties were "embroiled in" discovery and motion practice.[5] These activities took place considerably after the time when her jury demand was first due. More importantly, such activities are part and parcel of litigation and do not begin to explain, much less excuse, why she did not file a jury demand. *See, e.g., Tancredi,* 378 F.3d at 228 (defendant failed to establish excusable neglect, offering no explanation for its failure to timely file fee request, and was not entitled to jury even though delay was short and opposing party suffered no prejudice); *Raymond v. Int'l Bus. Machines Corp.,* 148 F.3d 63, 65 (2d Cir. 1998) 148 F.3d at 65 (mere inadvertence does not justify relief); *Gasden v. Jones Lang LaSalle Americas, Inc.,* 210 F. Supp. 2d 430, 435-36 (S.D.N.Y. 2002) (plaintiff counsel's busy case load and mere oversight are not sufficient to satisfy the standard for excusable neglect); *Anaconda-Ericsson v. American Dist. Tel. Co.,* 101 F.R.D. 13, 16 (E.D.N.Y. 1984) (denying party's untimely motion for a jury trial because party failed to offer any explanation for its omission of a jury demand in its original pleading); *Printers II, Inc. v. Professionals Publishing, Inc.,* 596 F. Supp. 1051, 1053 (S.D.N.Y. 1984) (refusing to sanction two month delay in requesting a jury trial where the litigant originally filed action in federal court and alleged "nothing more than inadvertence"); *compare Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 251 (2d Cir. 1997) (district court did not abuse its discretion in denying plaintiff permission under Rule 6(b) to file a late response to defendant's summary judgment motion when plaintiff's counsel simply failed to read and obey an

---

[5] As noted previously, if indeed Plaintiff's two subsequent amendments to her complaint revived her right to file a jury demand, her neglect would be compounded, not excused, by these amendments.

unambiguous court rule).  Plaintiff's exceedingly long delay and failure to excuse her neglect

other than by inadvertence weigh strongly in favor of denying Plaintiff's motion.[6]

**B.    A Jury Trial Will Significantly Lengthen The Time For Trial And Needlessly Consume The Resources of the Court and the Parties.**

A jury trial will consume considerably more time and resources, both of the Court and the

parties, than a bench trial.  "In civil cases, particularly those of a contractual nature, a nonjury

trial can fairly and properly be concluded in substantially less time that is usually required in a

jury case."  *Segal v. American Cas. Co. of Reading, Pa.*, 250 F. Supp. 936, 940 (D. Md. 1966).  A

trial that is unnecessarily prolonged effects not only the parties to that case, but to the next one:

"the time unnecessarily consumed in the trial of a particular case delays the trial of subsequent

cases.  And it is also to be remembered that needlessly longer trials usually involve more expense

to [the parties]."  *Id.*; *see also In re N-500L Cases,* 517 F. Supp. 821, 824-25 (D. Puerto Rico

1981) (considering the expenses to be incurred by the parties and the congestion of the court's

docket in exercising its discretion to deny party's untimely request for a jury trial)

If Plaintiff's breach of contract claim is tried by the Court, the case can likely be tried in

two to three days.  A jury trial will extend that time by many days, including the time for jury

selection, motions in limine, and *Daubert* challenges.  This impact on the resources of this Court

and the parties weighs strongly in favor of a bench trial.

**C.    Plaintiff's Breach of Contract Claim is Highly Appropriate for Determination by the Court.**

Under the Court's Omnibus Ruling, one fact issue remains to be determined: whether

Plaintiff is disabled within the meaning of her disability policy and thus entitled to benefits.

District courts have routinely denied untimely requests for a jury trial when the only issue in the

---

[6] Permitting a party to seek a jury trial long after it has been waived on a claim of mere inadvertence would open the door to litigants hedging their bets and waiting until the court rules on dispositive motions before deciding whether to seek a bench or jury trial.

case was breach of contract. *See, e.g., Sait Electronic v. Schiebel,* 846 F. Supp. 17, 18 (S.D.N.Y. 1994) (breach of contract action filed in federal district court is typically decided by the court rather than a jury); *Segal,* 250 F. Supp. at 940 (noting that contractual claims can be tried by the court). There is "not the slightest reason to doubt [the Court] is quite as able as a jury to make a fair determination of the issues in this case." *Printers II, Inc.,* 596 F. Supp. at 1053 (*quoting Noonan v. Cunard Steamship Co.,* 375 F.2d 69 (2d Cir. 1967)). This factor weighs in favor of a bench trial as well.

D.    **The Alleged Absence of Prejudice to Defendants Cannot Overcome the Factors Weighing in Favor of a Bench Trial.**

Plaintiff asks the Court to ignore all these factors—the length of her delay, the absence of excuse, the needless consumption of judicial resources, and the appropriateness of the remaining fact issues for resolution by the Court—and grant her a jury trial because the parties have previously litigated the case "under the impression that the case was subject to a trial by jury."[7]

The presence or absence of prejudice to the party opposing a jury is just one factor to be considered and cannot, alone, overcome an inexcusable delay and other factors weighing in favor of a bench trial. *See, e.g., Tancredi,* 378 F.3d at 228 (defendant failed to establish excusable neglect, offering no explanation for its failure to timely file fee request, and was not entitled to jury even though delay was short and opposing party suffered no prejudice).

In addition, the landscape of this case has changed dramatically since the Court's Omnibus Ruling, particularly with respect to the nature and number of fact issues to be

---

[7] Plaintiff's contention that defense counsel agreed to "stipulate" to a jury trial is based on an apparent miscommunication and is, in any event, irrelevant. The undersigned counsel noted the absence of a jury demand on April 4, 2005, and contacted Plaintiff's counsel to confirm. In that conversation, defense counsel discussed with Plaintiff's counsel the fact that *if* the parties both wanted a jury trial they could file a joint motion under Rule 39(b), but did not stipulate to do so. In any event, Plaintiff concedes she was informed in no uncertain terms that Defendants would not join such a motion on April 12, and cannot claim to have been prejudiced by a one week misunderstanding. Declaration of Roberta Benson, attached as Exhibit A.

determined.  With the resolution of the bad faith issues, any "impressions" about how the case should be tried quite reasonably—and dramatically—changed.

Finally, Plaintiff's argument would shift the burden of her neglect to Defendants.  That Defendants may have assumed Plaintiff had timely filed a jury demand cannot become Plaintiff's sole justification for reviving her right to demand a jury now.  Under Plaintiff's theory, a defendant could virtually never avoid a jury trial, no matter how untimely demanded, in any case in which plaintiffs "typically" seek a jury, unless the defendant took the responsibility of affirmatively ascertaining the presence or absence of a jury demand and then somehow litigating accordingly.  This irrational theory would require the defendant to actively litigate the case "as though" it would be tried to the bench, possibly prejudicing its position if a plaintiff's late-filed jury demand was for some reason granted.  Put another way, Plaintiff would require a Defendant to say or do something to call attention to the absence of a jury demand, or be deemed to have waived the right to object.  This impermissibly shifts the burden of Plaintiff's neglect.

## CONCLUSION

Plaintiff failed to file a jury demand with her Original Complaint, failed to file a jury demand when she amended her complaint the first time, and failed to do so yet again when she amended it the second time.  She has not offered any excuse for her four-year delay in seeking a jury demand other than that she was "embroiled in" discovery and motion practice—an excuse that would swallow the well-established Rule 39(b) factors and entitle *any* litigant to a jury trial at *any* point in a lawsuit.

A jury trial will consume significantly more resources than a bench trial, to the prejudice of the Court, the parties, and the judicial system.  The Court is ideally suited to try this case. Plaintiff's motion should be denied.

AKIN GUMP STRAUSS HAUER & FELD L.L.P.


By:_____
          Barry A. Chasnoff (ct11162)
          Roberta J. Sharp (ct24407)
          Jessica S. Taylor (ct24408)
          300 Convent Street, Suite 1500
          San Antonio, Texas  78205
          Telephone:  (210) 281-7000
          Telecopier: (210) 224-2035

          AND

          Donald E. Frechette (ct 08930)
          Edwards & Angell, LLP
          90 State House Square
          Hartford, CT 06103
          Phone:  (860) 525-5065
          Facsimile: (860) 527-4198

          ATTORNEYS FOR DEFENDANT
          EDUCATORS MUTUAL LIFE
          INSURANCE COMPANY

## <u>CERTIFICATION OF SERVICE</u>

This is to certify that on the ___ day of May 2005, a copy of Defendants' Memorandum In Opposition To Plaintiff's Motion To File a Jury Demand was mailed, *Via Certified Mail Return Receipt Requested* to:

Eliot B. Gersten

Gersten & Clifford

214 Main Street

Hartford, CT  06106

_____

Jessica Spangler Taylor

5725826 v3

9