UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI McCULLOCH | : CIVIL ACTION NO. |
| ` | : 301CV1115(AHN) |
|     Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| HARTFORD LIFE AND ACCIDENT | : |
| INSURANCE COMPANY AND EDUCATORS | : |
| MUTUAL LIFE INSURANCE COMPANY | : |
|     Defendants. | : May 17, 2005 |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF
<u>REQUEST FOR PERMISSION TO FILE JURY DEMAND</u>**

Defendants misconstrue the standard that this court should apply to plaintiff's request for permission to file a jury demand pursuant to Rule Federal Rules of Civil Procedure 6(b). Applying the correct standard, the court should grant plaintiff's request.

**A. "MERE INADVERTANCE, WITHOUT MORE, CAN . . . CONSTITUTE <u>'EXCUSABLE NEGLECT.'"</u>**

Defendants argue that the court should deny plaintiff's request because "mere inadvertance is not excusable neglect." Def. Opp., pp.3-5. Defendants are wrong. While the Second Circuit held, in <u>Noonan v. Cunard Steamship Co.</u>, 375 F.2d 69 (1967) that, in order to justify a belated request for a jury demand pursuant to Federal Rule of Civil Procedure 39(b), a plaintiff must establish something "beyond mere inadvertence," in <u>Raymond v. I.B.M. Corp.</u>, 148 F.3d 63, (2nd Cir. 1998), the court expressly held that the District Court could properly grant a plaintiff permission, pursuant to Rule 6, to file a belated demand for a jury trial, on the basis of "mere inadvertance," where, as here, the defendant has not been prejudiced by the delay. <u>Id</u>., at 66; contra, Def. Opp., pp.3-4 (claiming that, under <u>Raymond</u>, "mere inadvertence does not

justify relief.")  Moreover, Raymond expressly "rejected the proposition that the 'beyond mere inadvertence' requirement espoused in Noonan precluded a district court from granting a Rule 6(b)(2) motion," which defendants ask the court to erroneously adopt in this case.  Covington v. Westchester County Jail, 1998 WL 642798 at *2 (S.D.N.Y. September 17, 1998) (attached to plaintiff's Motion); Raymond, at 65-66.

Thus, it is not surprising that defendants have not cited a single case rejecting a plaintiff's request for permission to file a belated demand for a jury trial pursuant to Rule 6(b), that was decided after Raymond.  All but two of defendants' authorities were decided before Raymond, involved a request solely under Rule 39(b), and specifically relied on Noonan, which the court in Raymond, held was inapplicable to requests under Rule 6(b), such as plaintiff has submitted in this case.  See, Def. Opp., pp.3-6 citing, Anaconda-Ericsson v. American Dist. Tel. Co., 101 F.R.D. 13, 16 (E.D.N.Y. 1984) (involving request under Rule 39(b), and relying on Noonan); Printers II, Inc. v. Professional Publishing, Inc., 596 F.Supp. 1051, 1053 (S.D.N.Y. 1984) (same); Sait Electronic v. Schiebel, 846 F.Supp. 17, 18 (S.D.N.Y. 1994) (same – and also finding that failure to timely file jury demand was deliberate and not inadvertant); In re N-500L Cases, 517 F.Supp. 821, 824-25 (D.Puerto Rico 1981) (involving request under Rule 39(b) and decided seventeen years before Raymond.); Segal v. American Cas. Co. of Reading, Pa., 250 F.Supp. 936, 940 (D.Md. 1966) (same).

The other two authorities on which defendants rely also cannot support this court ruling that, contrary to the Second Circuit's holding in Raymond, plaintiff must establish something beyond mere inadvertence to justify a belated jury demand under Rule 6.  First, neither of these cases involved a demand for a jury trial.  See Def. Opp., pp.3-4, citing, Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 228 (2nd Cir. 2004) (involving untimely request for attorney fees)

and mischaracterizing the case as holding that the plaintiff "was not entitled to jury."; and Gadsen v. Jones Lang LaSalle Americas, Inc., 210 F.Supp.2d 430, 435-436 (S.D.N.Y. 2002) (involving untimely memorandum in opposition to motion for summary judgment.) Second, neither of these cases stand for the proposition argued by defendants. In Tancredi, the court did not hold that the "defendant failed to establish excusable neglect," as defendants represent. Def. Opp., p.4. In that case, the district court held that the defendant established excusable neglect, and the Second Circuit held that "we are unable to review the district court's finding of 'excusable neglect' because of the paucity of the record." Tancredi, 378 F.3d at 228. In Gadsen, the court held that counsel's pre-occupation with other matters did not constitute excusable neglect *of a court order* after the plaintiff had disregarded and violated numerous other court orders. Gadsen, 210 F.Supp.2d at 437.

Plaintiff has shown that her failure to file a timely jury demand was the result of mere inadvertence and was not prompted by bad faith, and defendants have not even attempted to show that they would be prejudiced by a jury trial. Accordingly, the court would be well within its discretion to grant plaintiff's motion, under the standard established in Raymond.

### B. A JURY TRIAL WILL NOT SIGNIFICANTLY LENGTHEN THE TIME FOR TRIAL OR NEEDLESSLY CONSUME RESOURCES

While the "effect a jury trial would have on the court's docket and the orderly administration of justice," may be a consideration in the context of a motion under Rule 39(b), (see Def. Opp., p.3), this is not an element that the Second Circuit has held a plaintiff must prove in her favor in order to obtain permission to file a belated jury demand under the more liberal standards of Rule 6. See Raymond, supra. Nevertheless, there is no evidence to support defendants' argument that a jury trial would significantly lengthen the time for trial or needlessly consume resources. The authority on which defendants rely, Segal, supra, involved a unique

3

scenario, that lends essential context to the statements from the case that the defendants quote, and that is not present in this case. Specifically, the court's conclusion in Segal that a bench trial would consume substantially less time and resources was based on the fact that:

> 1. There are ten similar cases pending, each arising from the same storm in Ocean City and each involving a similar clause in the insurance policies. 2. In nine of the ten similar cases, as in this one, the demand for a jury trial was made a number of months after removal and after the filing of the answer. 3. In a case tried earlier, involving the same storm and the same contractual clause, a jury trial consumed two weeks; there is no indication that any of the pending cases would take less time if tried before a jury. 4. The docket of this court is overcrowded, as is the case with most courts today. 5. The expert testimony in each of these cases will be lengthy and complex.

Id., at 939-40. In this context, one can clearly understand the court's conclusion that requiring a bench trial for all of these 10 almost identical cases, rather than allowing ten separate trials, would save the court substantial resources and time. The situation in this case is not analogous and the decision in Segal cannot support denying plaintiff's request.

### C. PLAINTIFF'S BREACH OF CONTRACT CLAIM INVOLVES FACTUAL ISSUES THAT ARE APPROPRIATE FOR DETERMINATION BY A JURY

The court should also reject defendants' contention that the court should deny plaintiff's request because "District courts have routinely denied untimely requests for a jury trial when the only issue in the case was a breach of contract." Def. Opp., pp.5-6. As previously pointed out, defendants have not cited a single case in which the court denied a request to file a belated demand for a jury trial pursuant to Rule 6, much less a case in which it did so on the ground that the plaintiff had asserted a breach of contract claim. Indeed, the plaintiff in Raymond had asserted a single cause of action for breach of contract (Raymond, 148 F.3d at 64), and, in Segal, upon which defendants rely, the court stated that "[w]here the issues are predominantly factual rather than legal there is more reason for the liberal exercise of the discretion to grant a jury

trial." Id., at 939.¹ In this case, the question of whether plaintiff is disabled is primarily a question of fact. Thus, "there is more reason for the liberal exercise of the discretion to grant a jury trial." Segal., at 939.

**CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that the court grant her motion for permission to file a belated demand for a jury trial.

                              PLAINTIFF,
                              CANDI McCULLOCH

                        By: /s/ Eliot B. Gersten
                              Eliot B. Gersten, Esq.
                              Fed. Bar No. ct05213
                              GERSTEN & CLIFFORD
                              214 Main Street
                              Hartford, CT 06106
                              Tel: (860) 527-7044
                              Her Attorney

---

¹ Accordingly, in Sait, supra, upon which defendants also rely, the court did not simply state that breach of contract actions are typically decided by the court, as defendants represent, but stated that claims for breach of a contract of *guarantee*, which is not usually fact intensive, are typically decided by the court.