```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

CANDI McCULLOCH,                :
                                :
     v.                         :    CIVIL NO. 3:01CV1115(AHN)
                                :
HARTFORD LIFE & ACCIDENT        :
INS. CO. AND EDUCATORS MUTUAL   :
LIFE INS. CO.                   :
```

RULING ON PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT

Plaintiff Candi McCulloch ("McCulloch") moves for partial final judgment pursuant to Fed. R. Civ. P. 54(b) on her claims against defendants Hartford Life Insurance Company ("Hartford") and Educators Mutual Life Insurance Company ("Educators") that were dismissed by summary judgment. For the following reasons, McCulloch's motion [dkt. # 223] is denied.

DISCUSSION

This case arises from Hartford's termination of McCulloch's disability benefits. Previously, the court granted Hartford's motion for partial summary judgment; granted in part and denied in part Educators motion for summary judgment; and denied McCulloch's summary judgment motions as to Hartford's counterclaim and as to Educators. McCulloch now seeks entry of final judgment on the dismissed claims so that she may take an immediate appeal.

Federal Rule of Civil Procedure 54(b) "provides . . . for the entry of a partial final judgment, thereby permitting an immediate appeal from that judgment, when the district court determines that such an appeal is needed to avoid harshness or

injustice." O'Bert v. Vargo, 331 F.3d 29, 40 (2d Cir. 2003). "[W]hether to direct the entry of a partial final judgment in advance of the final adjudication of all of the claims in the suit must be considered in light of the goal of judicial economy as served by the historic federal policy against piecemeal appeals." Id. (quotations and citations omitted). "Respect for that policy requires that the court's power . . . be exercised sparingly . . . [and] only in the infrequent harsh case . . ." Id. (quotations and citations omitted).

McCulloch asserts that the court should enter partial final judgment on the dismissed claims merely because they are separable from her remaining claim. She does not demonstrate that an immediate appeal on those claims is needed in order to avoid harshness or injustice. Because "not all dismissals of individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims," McCulloch is not entitled to relief on the basis of that showing alone.

## CONCLUSION

Accordingly, McCulloch's motion for partial final judgment [dkt. # 223] on the dismissed claims is DENIED.

So ordered this 29th day of September, 2005, at Bridgeport, Connecticut.

/s/
Alan H. Nevas
United States District Judge