```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

CANDI McCULLOCH,                :
                                :
          v.                    :    CIVIL NO. 3:01CV1115(AHN)
                                :
HARTFORD LIFE & ACCIDENT        :
INS. CO. AND EDUCATORS          :
MUTUAL LIFE INS. CO.,           :
```

RULING ON PLAINTIFF'S MOTION FOR JURY DEMAND

Plaintiff Candi McCulloch ("McCulloch") moves for leave to file a jury demand pursuant to Fed. R. Civ. P. 39(b), or in the alternative, for an enlargement of time within which to file such a demand pursuant to Fed. R. Civ. P. 6(b). Defendants Hartford Life Insurance Company ("Hartford") and Educators Mutual Life Insurance Company ("Educators") oppose McCulloch's motion. For the following reasons, McCulloch's motion [dkt. # 225] is denied.

This case arises from Hartford's termination of McCulloch's disability benefits. In April 2005, nearly four years after the action was commenced, McCulloch filed the instant motion seeking leave to file a jury demand.

Pursuant to Fed. R. Civ. P. 39(b), "a district judge [has] discretion to grant a jury trial to a party who has failed to comply with the timing requirements of Rule 38." Kaczor v. Mills, No.3:03CV837(PCD), 2005 WL 2146090, at *1 (D. Conn. 2005) (quoting Fed. R .Civ. P. 39(b)). The

standard for exercising such discretion is whether plaintiff demonstrates more than mere inadvertence for the late filing.  See id. at *3 (citing Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2d Cir. 1967)).  In this case, McCulloch attributes her late filing to the fact that she became "embroiled . . . in pleadings, voluminous discovery, and heated discovery disputes."  She further submits that her failure to make a timely jury demand was not due to bad faith; that granting the instant motion would not prejudice defendants; and that the court's March 2005, summary judgment ruling evidences that the parties' presumed a jury trial.[1]

   None of these factors demonstrate excusable neglect.  Even though the absence of bad faith and prejudice to defendants are factors that weigh in McCulloch's favor, they are not dispositive.  See id. ("[n]oting a trend among district court decisions narrowing the allowable scope of judicial discretion with respect to untimely jury demands . . . to 'beyond mere inadvertence'" standard)(discussing

---

[1] It is irrelevant that the court previously may have assumed that the case would be tried to a jury.  Any reference the court might have made to a jury trial in its March 2005, ruling on the summary judgment motions was merely a term-of-art used in reference to the standard for summary judgment.  It has no bearing whatsoever on the court's consideration of whether McCulloch has satisfied the Rule 39(b) standard.

Noonan, 375 F.2d at 70).  Because McCulloch has not demonstrated that her failure to file a timely jury demand was the result of anything other than mere inadvertence, her motion for leave to file pursuant to Rule 39(b) is denied.

Similarly, McCulloch has failed to satisfy the requirements for an enlargement of time under Fed. R. Civ. P. 6(b) to file a jury demand.  Rule 6(b) provides, in part, that "the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  Because McCulloch has not shown excusable neglect, her motion for an enlargement of time under Rule 6(b) id denied as well.

## CONCLUSION

For the foregoing reasons, McCulloch's motion for leave to file a jury demand [dkt. # 225] is denied.

So ordered this 29th day of September, 2005, at Bridgeport, Connecticut.

/s/
_____
Alan H. Nevas
United States District Judge
