## STATEMENT OF ARTHUR PALMIERI

1.    I served as a law clerk for the Hon. Alan H. Nevas, United States District Judge, from August 2003 through August 2005.  As such, I worked on McCulloch v. Hartford Life and Accident Insurance Co., et al., Civil No. 3:01cv1115(AHN).

2.    In September 2004, I reviewed the case file in that matter and prepared a bench memorandum for Judge Nevas in anticipation of oral argument on the parties' motions for summary judgment.

3.    After oral argument, Judge Nevas told me that he was going to grant Hartford's motion for partial summary judgment against the plaintiff, Candi McCulloch ("McCulloch"), and dismiss her claims for bad faith, tortious interference, and violations of CUIPA and CUTPA, but not her claim for breach of contract against  Hartford.  He also told me that he was not going to grant McCulloch's motion for summary judgment against Hartford. Under Judge Nevas's supervision, I began drafting a ruling pursuant to his instructions and setting forth his reasoning.

4.    Judge Nevas issued a written ruling on the pending summary judgment motions in March 2005.

5.    Shortly after Judge Nevas's ruling, McCulloch's counsel, Eliot Gersten ("Gersten"), filed a motion for reconsideration.  He also filed a motion for a jury trial and a motion for partial final judgment.

6.    Judge Nevas reviewed all of the parties' submissions in connection with those motions and, in April 2005, held a preliminary conference with the parties to discuss Gersten's motions.

7.    Soon after the conference, Judge Nevas instructed me to draft a ruling granting McCulloch's motion for reconsideration, but denying the relief she sought.  He was explicit as to the reasons to be given in the ruling.  He also instructed me to draft rulings denying her motion for a jury trial because she had not shown excusable neglect for her failure to timely file a jury demand and denying  her motion for partial final judgment because she had not shown that an immediate appeal was necessary to avoid harshness or injustice.

8.    I began working on the rulings in April 2005, but discontinued my work during the first week of May 2005, because

of my duties in connection with a criminal trial.

9.    In early June 2004, I learned from a recruiter of an employment opportunity with the New York office of Sedgwick, Detert, Moran & Arnold, LLP (the "Firm"). On June 14, 2005, I had an interview with the Firm. During my interview neither I nor anyone at the Firm discussed the Firm's clients or the cases on which I was working or had worked for Judge Nevas. On June 22, 2005, the Firm made me an offer of employment as a salaried associate attorney. I accepted the offer later that day. I began working at the Firm on September 6, 2005.

10.    I resumed working on this case in mid-August 2005. My work on the pending motions was substantially finished by the time I left Judge Nevas's chambers on September 1, 2005. I had no substantive communications with Judge Nevas regarding the merits of the motions or this case in general after my clerkship ended. I did not take the court file with me when I left. The work I did on the pending motions after I left my clerkship consisted mainly of editing and doing some minor legal research. I submitted my drafts to Judge Nevas in late September 2005. I understand that my drafts were reviewed and further edited and revised before he signed and issued them at the end of September 2005.

11.    I have never discussed this case or the issues involved in this case with anyone at the Firm.

12.    Since I have been employed by the Firm until just last week, I have not worked on any insurance-related issues. To date, I have not worked on any matters involving Hartford. I am not a member of any of the Firm's insurance practice groups. I have never discussed the Firm's past, present, or possible future representation of Hartford with anyone at the Firm, and I have no knowledge of any cases or matters that the Firm may currently be involved with on behalf of Hartford. The first time I learned that Hartford was a client of the Firm was in early November 2005, when Judge Nevas contacted me regarding the motion for disqualification.

Dated at New York, New York, November 22, 2005.

Arthur Palmieri