STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI MCCULLOCH,<br>    Plaintiff<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY and EDUCATORS<br>MUTUAL LIFE INSURANCE COMPANY,<br>    Defendants | CIVIL ACTION NO.:<br>301CV1115 (AHN) |

## JOINT STATEMENT OF THE CASE

**(a)    Parties and Claims.**

<u>Plaintiff</u> Candi McCulloch asserts claims against <u>Defendants</u> Hartford Life and Accident Insurance Company and Educators Mutual Life Insurance Company for breach of contract stemming from the termination of her long-term disability benefits, bad faith, tortious interference with contractual relations and expectations and violations CUTPA. Plaintiff also asserts claims for breach of contract related to the reinsurance agreement against Educators only.

<u>Counter-Plaintiff</u> Hartford asserts fraud and unjust enrichment claims against Plaintiff.

**(b) Claims that will be pursued at trial.**

Plaintiff will pursue her breach of contract claims arising out of the termination of her benefits against Defendants. Hartford will pursue its counterclaims for fraud and unjust enrichment.. The Court's March 28, 2005 Omnibus Ruling on Pending Summary Judgment Motions resulted in the dismissal of all other causes of action

**(b) Defenses that will be pursued at trial.**

Defendants' defenses to Plaintiff's claims of breach of contract are fraud and that Plaintiff does not meet the Policy definition of Totally Disabled. Plaintiff's defenses to Hartford's counterclaims are waiver and estoppel.

(d) **Plaintiff's and Defendants' theories of the case.**

Plaintiff's theory

Defendants' termination of plaintiff's disability benefits was a breach of her disability insurance contract. Plaintiff was entitled to receive total disability benefits under her disability contract so long as she was unable to perform the material and substantial duties of her occupation on a full time basis. The term "occupation" refers to the particular occupation for which the insured sought protection by insurance, and in which the insured was principally engaged at the time of her disability. An insured is entitled to total disability benefits if unable to perform some of the material and substantial duties of her occupation. Plaintiff sought protection as an internist as that is her occupation at the time of her disability.

Since at least October 1995, plaintiff has not been able to perform the material duties of her occupation as a result of chronic pain syndrome arising from injuries to her back and neck. Defendant Educators continually reviewed plaintiff's medical records throughout its administration of her claim, and continually affirmed that plaintiff's medical records provided objective evidence of her inability to perform the material duties of her occupation. In this litigation, defendants have admitted that the medical records that plaintiff provided to Educators showed that she was unable to perform the material duties of her occupation. Plaintiff's current medical records are consistent with her historical medical records and support her claim.

Defendants' theory

Plaintiff is not entitled to benefits under the policy (1) because she was, and has been at all times since submission of her claim, able to perform the material and substantial duties of her occupation as it existed at the time her alleged disability began in October 1995, and (2) because she has been gainfully employed during that time. "Occupation" means the actual position the insured held at the time of the claim—not the claimant's title (e.g., "internist") or degree ("M.D.")). At the time of her claim, Plaintiff was employed in a dual role as director of a women's center and as an internist. She is "totally disabled" under the policy only if she is unable to perform *any* of the enumerated duties of that position at *any* time.

Plaintiff's allegation that she cannot work due to pain is entirely subjective, scientifically unverifiable, and self-reported. Statements by her treating physicians cannot assist the Court in determining whether Plaintiff is in fact limited by pain: the physician's role in the diagnosis of "pain" is limited to that of stenographer. The *objective* evidence will refute Plaintiff's claim. Plaintiff's allegation that she cannot work due to cognitive impairment also is entirely self-reported. While cognitive impairment – unlike pain – can be objectively measured, Plaintiff's doctors have neither tested her nor recommended such testing. None of Plaintiff's treating physicians have observed her to be cognitively impaired. Plaintiff has not designated any expert to opine that she is cognitively impaired. Again, the objective evidence will be to the contrary.

(e) **Pending issues to be addressed prior to trial**

1. Defendants' Motion to Equalize and Limit Time;
2. The parties' respective objections to prospective exhibits and opposing experts;
3. Defendants have just learned one of their experts, Dr. Taub, has been admitted to the hospital. Defendants have inquired but at this time have not been able to determine his condition, when he may be released, or the impact on Defendants' readiness for trial.

The parties have made a good faith, albeit unsuccessful effort to resolve these issues.

GERSTEN & CLIFFORD

By: _____
    Eliot B. Gersten (ct05213)
    214 Main Street
    Hartford, Connecticut 06106
    Telephone: (860) 527-7044
    Telecopier: 860) 527-4968

ATTORNEYS FOR PLAINTIFF

AKIN GUMP STRAUSS HAUER & FELD L.L.P.

By: _____
    Barry A. Chasnoff (ct11162)
    Roberta J. Benson (ct24407)
    Jessica S. Taylor (ct24408)
    300 Convent Street, Suite 1500
    San Antonio, Texas 78205
    Telephone: (210) 281-7000
    Telecopier: (210) 224-2035

            AND

Donald E. Frechette (ct 08930)
EDWARDS & ANGELL, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANTS

## CERTIFICATION OF SERVICE

This is to certify that on the 26 day of JAN, 2006, a copy of the Joint Statement of the Case was mailed, *Via ~~Certified~~ Mail and facsimile* to:

Roberta J. Benson, Esquire
300 Convent Street, Suite 1500
San Antonio, Texas 78205

Donald E. Frechette, Esquire
EDWARDS & ANGELL, LLP
90 State House Square
Hartford, CT 06103

_____
Eliot B. Gersten