STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI MCCULLOCH,<br>    Plaintiff<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY and EDUCATORS<br>MUTUAL LIFE INSURANCE COMPANY,<br>    Defendants | :<br>:<br>:<br>:<br>:  CIVIL ACTION NO.:<br>:  301CV1115 (AHN)<br>:<br>:<br>:<br>: |

## DEFENDANTS' MOTION TO EQUALIZE AND LIMIT TIME

The Court has set aside eight trial days for this case. Pursuant to Federal Rule of Civil Procedure 16(c)(15, Defendants move to try this case "on the clock" and to equalize the parties' time for presentation of evidence. Defendants respectfully request that the Court equalize, and limit to no more than 26 hours, each side's time for presentation of evidence.[1] Defendants propose that each party's direct and cross examination of witnesses count against that party's time limit.

### REMAINING ISSUES AND THE SCOPE OF RELEVANT EVIDENCE

The Court's Omnibus Ruling on Pending Summary Judgment Motions and Ruling on Plaintiff's Motion for Reconsideration leave only three causes of action in the case: Plaintiff's claim that Defendants breached the insurance policy by terminating her disability benefits on November 17, 2000, and Hartford's counterclaims for fraud and unjust enrichment to recover benefits paid to Plaintiff.

---

[1] Eight trial days should provide approximately 56 to 60 hours of courtroom time. Defendants' proposal would allow Plaintiff to use 26 hours, Defendants to use 26 hours, and leaves some buffer time (roughly half a day) for arguments on legal or evidentiary issues, or other matters the parties may bring before the Court beyond the presentation of evidence, without the necessity of such matters counting against the "clock."

Both the remaining causes of action turn upon the same two disputed fact issues, and only these two fact issues:

- whether as a direct result of injury or sickness Plaintiff is, and has been since submission of her claim, unable to perform the material and substantial duties of her occupation as it existed at the time the alleged disability began; and

- whether Plaintiff is working, or since submission of her claim has worked, in any gainful occupation.

Relevant evidence is that evidence having any tendency to make the existence of either of these facts more probable or less probable that it would be without the evidence. Fed. R. Evid. 401.

## PLAINTIFF'S PROPOSED EVIDENCE

Plaintiff's counsel have represented to Defendants that they anticipate their case in chief will take six and a half days to put on – leaving Defendants, after time for motion practice and other matters, scarcely a day for their case in chief. Plaintiff's Witness List includes nearly two dozen witnesses to be presented live and by deposition. In addition, Plaintiff's proposed stipulated facts include hundreds that are of marginal, if any, probative value. Plaintiff's as well as Defendants' Exhibit Lists include voluminous medical records. It is incumbent upon all parties to marshal the evidence in an efficient way.

Equalization, and limitation, of each side's time for presentation of evidence will promote efficient use of the Court's time, permit the parties to make arrangements for out-of-town witnesses, and insure that this case is concluded within the available trial days. In particular, both of Defendants' retained experts are medical doctors who do not live or practice in Bridgeport; both must clear their schedules for trial and make travel or other arrangements.

For the foregoing reasons, Defendants respectfully request that the Court equalize, and limit to no more than 26 hours, each side's time for presentation of evidence through direct and cross examination.

Respectfully submitted,
AKIN GUMP STRAUSS HAUER & FELD L.L.P.

By: _____
Barry A. Chasnoff (ct11162)
Roberta J. Benson (ct24407)
Jessica S. Taylor (ct24408)
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

AND

Donald E. Frechette (ct 08930)
EDWARDS & ANGELL, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANT
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY

## CERTIFICATION OF CONFERENCE

On January 24 and 25, 2006, I conferred with counsel for Plaintiff. We were unable to agree to either equalization or limitation of the parties' time for presentation of evidence.

_____
Roberta J. Benson

## CERTIFICATION OF SERVICE

This is to certify that on the _____ day of January, 2006, a copy of DEFENDANTS' MOTION TO EQUALIZE AND LIMIT TIME was sent via facsimile and mailed, *Via Certified Mail Return Receipt Requested* to:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106

_____
Roberta J. Benson

STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI MCCULLOCH,<br>    Plaintiff<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY and EDUCATORS<br>MUTUAL LIFE INSURANCE COMPANY,<br>    Defendants | :<br>:<br>:<br>:<br>:   CIVIL ACTION NO.:<br>:   301CV1115 (AHN)<br>:<br>:<br>:<br>: |

**ORDER ON DEFENDANTS' MOTION TO EQUALIZE TIME**

On _____, 2006, the Court considered Defendants' Motion to Equalize Time and finds that it should be GRANTED. Each side shall have ____ hours for presentation of direct and cross-examination evidence in this case.

SIGNED this _____ day of _____, 2006.

_____
HONORABLE ALAN H. NEVAS
UNITED STATES DISTRICT JUDGE

5854902 v1