**EDUCATORS MUTUAL LIFE**

202 North Prince Street
P.O. Box 83149
Lancaster, PA 17608-3149

717 397-2751
800 233-0307
FAX: 717 397-1821



January 13, 1998

Candi McCulloch, MD
90 Oliver St.
EastHampton, MA  01027

Dear Dr. McCulloch:

We are in receipt of your letter dated December 15, 1997 and appreciate the
information.  Since you have now moved, will you be locating physicians in
your new locale?  If so, please provide the names of your new treating
physicians.

To explain my role with Educators, I provide vocational rehabilitation
services (consulting capacity) to the variety of claims Educators administers.
In review of your file, it is clearly documented that you have sustained
functional limitations which prevent you from performing the substantial
requirements of your occupation.  However, there are other meanful/fulfilling
occupations where your talents and current functional capabilites would be
an asset.  I would appreciate the opportunity to speak with you about
your possible interest in exploring other vocational options at your
earliest convenience.  I may be reached at Educators on Tuesdays and Thursdays
from 8:00 AM until Noon.

Looking forward to hearing from you.

Sincerely,

Leta R. Sharkey, M.S., N.C.C.

H 2080


EDUCATORS
MUTUAL LIFE

202 North Prince Street
P.O. Box 83149
Lancaster, PA 17608-3149

717 397-2751
800 233-0307
FAX: 717 397-1821

| | |
|---|---|
| Enrollee | Candi McCulloch MD |
| Claimant | Candi          McCulloch MD |
| Soc Sec Number | 266869400 |
| Claim Number | 608050345100 |
| Begin Date | 10/03/95 |
| Policyholder | PGGIA085 |
| | American College of Physician |
| Certificate | 7723 |
| Check Number | 25294 |
| Processor | John J. Craft, Jr. |
| | |
| Check Date | 01/13/98 |

TO:   Candi McCulloch MD
      130 Everglade Ave
      Palm Beach, FL 33480

DISABILITY INCOME PAYMENT
09/01/97 - 12/31/97

| | Payment for This Claim | Year to Date This Claim | Total to Date This Claim |
|---|---|---|---|
| Gross Benefit | 28,000.00 | 28,000.00 | 168,000.00 |
| COLA-w/o FIT Taxable | 1,291.73 | 1,291.73 | 3,587.73 |
| Net Benefits | 29,291.73 | | |
| Payment Totals | 29,291.73 | 29,291.73 | 171,587.73 |

Remarks:
--   *****   We have completed an additional evaluation of your claim, based upon
     receipt of updated medical information.  As a result, benefits are payable
     beyond the previous paid-through date of 8/31/97.  This benefit pays at the
     rate of $7,210.00 monthly for 9/1 - 10/2/97, and at the rate of $7,364.00
     monthly for 10/3/97 onward, due to your cost of living increase which is
     effective on 10/3 of each year.

| From | To | Paid Days | Net Benefit | Plan Benefits | | Summary of Payment Period Day |
|---|---|---|---|---|---|---|
| 09/01/97 | 09/30/97 | 30 | 7,210.00 | Frequency | Monthly | Total          122.( |
| 10/01/97 | 10/02/97 | 2 | 480.66 | Amount | 7,000.00 | Eligible       122.( |
| 10/03/97 | 10/31/97 | 29 | 6,873.07 | | | Payable        122.( |
| 11/01/97 | 11/30/97 | 30 | 7,364.00 | | | |
| 12/01/97 | 12/31/97 | 31 | 7,364.00 | | | |

| | |
|---|---|
| Payment Amount | 29,291. |

H 2058

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CANDI McCULLOCH
    Plaintiff,

                            CIVIL ACTION NO.:
                            301CV1115(AHN)

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and EDUCATORS
MUTUAL LIFE INSURANCE COMPANY
    Defendants.

                            September 20, 2002

## DEFENDANT, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S NOTICE OF SERVICE OF BETTER ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, Hartford Life and Accident Insurance Company, by and through its undersigned counsel, herewith gives notice of serving its Better Answers to Plaintiffs' First Set of Interrogatories, which were served on November 26, 2001 to Defendant.

                    HARTFORD LIFE AND ACCIDENT
                    INSURANCE COMPANY

                    Keith D. Post, Esq. (ct 23702)
                    Co-Counsel for Defendants
                    Gallwey Gillman Curtis & Vento, P.A.
                    200 S.E. First Street, Suite 1100
                    Miami, Florida 33131
                    Phone: (305) 358-1313
                    Facsimile: (305) 371-5826

                    Donald E. Frechette, Esq. (ct 08930)
                    Edwards & Angell, L.L.P.
                    90 State House Square, 9th Floor
                    Hartford, CT 06103
                    Phone: (860) 525-5065
                    Facsimile: (860) 527-4198

CIVIL ACTION NO.: 301CV1115(AHN)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on September ___, 2002, a copy of the foregoing was furnished by United States Mail, to Plaintiff in this case:

Eliot B. Gersten, Esq.
(Fed. Bar No. CT 05213)
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
Phone: (860) 527-7044

Keith D. Post, Esq.

G:\CASES\HARTFORD\McCulloch\Discovery\Ans-Bttr to Int-2
27.0122    9-20-02    KDP:nmb

-2-

GALLWEY GILLMAN CURTIS & VENTO, P.A.
200 SOUTHEAST FIRST STREET, SUITE 1100, MIAMI, FLORIDA 33131-2104 • TEL. (305) 358-1313 • FAX (305) 371-5826

CIVIL ACTION NO.: 301CV1115(AHN)

## DEFENDANT, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S BETTER ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

<u>Interrogatory No. 2:</u>    Identify all documents and oral communications related to Educator's acceptance of McCulloch's October, 1995 claim for disability.

**RESPONSE**: Documents bate-stamped: H 2096-2099, 2007, 2008, 2242-2243, 2091-2092, 2094-2095, 2235, 2234, 2218, 2179, 2228-2233, 2120, 2236, 2093, 2101, 2217, 2100, 2023, 2219, 4394-4395, 2168-2169, 595-604, 1662-1666, 1630-1640, 1647-1649, 1641-1646, 1650-1651, 505-506, 459-461, 462-464, 498-504, 936-937, 935, 500.

Hartford Life does not know what oral communications, if any, that are not reflected in Educators' claim file, occurred, however, Hartford Life is attempting to obtain this information from Educators and will supplement this response, if necessary.  Hartford Life is attempting to accomplish same by the end of this month.  To the extent the scope of this interrogatory includes non-substantive oral communications, such as for example, two employees discussing the time of day that they want to have a meeting, Hartford Life objections on the ground that such interrogatory is overly broad.

<u>Interrogatory No. 3:</u>    Identify each and every person who participated in the adjudication of McCulloch's claim for Long Term Disability benefits under the Policy between 1995 to date.

### I.    Hartford Life

**RESPONSE:** Kim Gabrielsen, Senior Investigative Analyst, 4245 Meridian Parkway, Aurora, IL 60504.

John McGoldrick, Director of Special Investigations Unit, 200 Hopmeadow Street, Simsbury, CT 06089.

William Moryto, Investigator SIU, Simsbury, CT.

Edward T. Golden, Jr., Investigator SIU, Simsbury, CT.

Susan A. Wilk, Claims Examiner, 7 Waterside Crossing, Suite 101, Windsor, CT 06095.

Carol Johnson, Claims Specialist, Windsor, CT.

Diane M. Favreau, Claim Specialist, Windsor, CT.

-3-

CIVIL ACTION NO.: 301CV1115(AHN)

Kim Huber, Claims Specialist, Simsbury, CT.

Joseph R. Sterle, nurse, no longer employed by Hartford Life. Last known address is 1345 Towne Lake Hills South Drive, Building 700, Apt. 108, Woodstock, GA 30189.

Marcia P. Anderson-Esson, R.N., Nurse, Windsor, CT.

Deb Laughran, Manager Claims Department for Group Reinsurance, Windsor, CT.

Pam Mormino, Director of Claims, Windsor, CT.

Michelle Oneto, lawyer, Simbsury, CT.

II.     Vendors/Independent Contractors/Independent Medical Examiners

Joseph Amato, M.D. ("Amato"), 7 Waterside Crossing, Suite 101, Windsor, CT 06095.

Master Sleuth Investigations, (Darren Bock & Gene Marchesen) 4700 Hiatus Road, Suite 359, Sunrise, FL 33351.

Fact Finders Investigations, (Gerry Hanahan, Daniel Whitney and Edwin Nieves), 179 Allyn Street, Suite 301, Hartford, CT 06103.

Asha Garg, M.D. ("Garg"), Vernon Medical Group, 10 Winthrop Street, Worcester, MA 01604.

Equifax (Laura Silvester) Miami Lakes Office, Miami Lakes, Florida.

International Claims Specialists (C. Brighton), Post Office Box 911487, Dallas, TX.

III.     American College of Physicians

Joseph J. Calamita, Group Insurance Administrators for the American College of Physicians, 666 Township Line Road, Havertown, PA 19083.

Vincent T. Lallone, Havertown, PA.

IV.     Educators

-4-

CIVIL ACTION NO.: 301CV1115(AHN)

John T. Craft, Jr., 202 North Prince Street, Post Office Box 83149, Lancaster, PA 17608-3149.

Leta R. Sharkey, M.S., N.C.C., Disability Management Consultant, Lancaster, PA.

Elaine Mayer, R.N., Lancaster, PA.

Margaret H. Ford, M.S., C.R.C., C.C.M. Disability Case Manager, Lancaster, PA.

John D. Eisenberg, Disability Benefits Specialist. Lancaster, PA.

Ken Warnock, Lancaster, PA.

Teal Busansky, Lancaster, PA.

Treasa A., Lancaster, PA.

To the extent the scope of this interrogatory or the definition of "participated" would also include those who contributed nothing of a substantive nature, but who were minimally involved in menial or other similar tasks, Hartford Life objects on the ground that such interrogatory is overly broad.

Interrogatory No. 4:   For each individual identified above, describe in detail the nature of that person's participation in the adjudication of McCulloch's claim for Long Term Disability benefits under the Policy.

RESPONSE: Kim Gabrielsen ("Gabrielsen") - Gabrielsen was actively involved in the claim including reviewing and obtaining medical records and reports, reviewing attending physician's reports, reviewing surveillance reports/videos, reviewing IME/FCE reports, reviewing claimant's statements, making recommendations and/or decisions regarding investigation of the claim, contacting and obtaining information from other insurance companies, communicating with and managed investigative vendors, conferring with SIU Investigations, conferring with claims personnel and being involved in the decision not to extend further policy benefits. She signed the denial letter.  The activity log (# 2401-2411), the summary detail report (#2441-2465), and the e-mails (#2709, 2654, 4102, 4104, 2648, 2649, 2650, 2638, 2637, 2636, 3966, 2552, 2551, 2524 and 3641, contain information memorializing her involvement.

John McGoldrick ("McGoldrick") - McGoldrick supervised Gabrielsen, Moryto and Golden, reviewed and discussed surveillance video with Gabrielsen, participated in decision to have IME/FCE scheduled, participated in decisions regarding claimant being interviewed,

GALLWEY GILLMAN CURTIS & VENTO, P.A.
200 SOUTHEAST FIRST STREET, SUITE 1100, MIAMI, FLORIDA 33131-2104 • TEL. (305) 358-1313 • FAX (305) 371-5826

CIVIL ACTION NO.: 301CV1115(AHN)

was kept appraised of investigation by Gabrielsen, attended meeting on August 25, 2000, dealing with interview of claimant, concurred in decision to send surveillance video to IME physician, discussed scope of claimant's interview, advised of decision to send IME reports and surveillance video to treating physician(s), participated in decision whether there was a need for further surveillance and/or needed analysis, and discussed releasing information to claimant's attorney. The activity log and e-mails contain information memorializing his involvement.

William Moryto ("Moryto") - Moryto participated in the investigation of McCulloch's claim, principally regarding the setting up and taking of McCulloch's interview/statement on September 8, 2000. He participated in determining the scope of the interview with McCulloch, he dealt with McCulloch regarding the interview and it being scheduled, and he actually took McCulloch's statement. Moryto was kept appraised of other aspects of the investigation including the setting up of the FCE/IME and providing the report and surveillance to treating physicians. The activity Log and the e-mails contain information memorializing his involvement. Moryto also prepared an investigative report dated November 1, 2000.

Edward T. Golden ("Golden") - Golden attended a meeting on September 6, 2000, to discuss McCulloch's interview and was involved in the interview. Golden also attended and participated in interviewing McCulloch in September 2000.

Susan Wilk ("Wilk") - Wilk was the claims examiner who was primarily involved in McCulloch's claim. She gathered and reviewed medical information, claimant's statements and other documents pertaining to the claim. She participated in meetings and decisions involving the handling of the claim, such as interviewing the claimant and having an IME/FCE conducted. She communicated with physicians offices, she reviewed the surveillance video and she communicated with the claimant. The summary detail report and the e-mails contain information memorializing her involvement.

Carol Johnson ("Johnson") - She was involved in the initial review of the claim upon its receipt from Educators and the determination that additional claim information needed to be obtained.

Kim Huber ("Huber") - Huber reviewed the claim and concurred with the decision to not extend further benefits to McCulloch.

Diane Favreau ("Favreau") - Favreau acted as Susan Wilk's mentor. She was actively involved in handling the claim. Favreau participated in the decisions concerning the IME/FCE and conducting of an interview with Claimant. She was also involved in communicating with treating physicians and sending the surveillance and IME report to them. She also recommended requesting that additional information and forms be provided (a PPE and proof

-6-

CIVIL ACTION NO.: 301CV1115(AHN)

of age.) She also participated in preparation of the termination letter. The summary detail report, activity log and e-mails contain information memorializing her involvement.

Marcia P. Anderson-Esson ("Esson") - Esson participated in the discussion involving sending the IME report and surveillance tape to treating physicians.

Joseph Sterle ("Sterle") - Sterle was a nurse working for Hartford Life. He was involved in the decisions regarding conducting an IME/FCE and claimant's interview. He communicated both with the IME physician's office and McCulloch regarding the IME. He also reviewed the surveillance tape. He further cleared up a question involving a typo in Dr. Magana's records. The summary detail report, activity log and the e-mails contain information memorializing his involvement.

Deb Laughran ("Laughran") - She participated in meetings concerning the interview scheduling and the scope of the interview. She also participated in the decision to send the IME Report and surveillance tape to treating physicians. She further participated in the decision as to whether to conduct additional review of medicals.

Pam Mormino ("Mormino") - Supervised the claim staff.

Michelle Oneto ("Oneto") - She is a lawyer with Hartford Life who rendered legal advice. Her communications are attorney-client privileged.

Joseph Amato, M.D. ("Amato") - He was consulted regarding Plaintiff's medical condition and he reviewed information pertaining to Plaintiff, including, medical records, the video of Plaintiff, surveillance report and Plaintiff's interview.

Master Sleuth Investigations (Darren Bock and Gene Marchesen) - Performed pharmacy canvass and obtained medical records.

Fact Finder Investigations (Gerry Hanahan, Daniel Whitney and Edwin Nieves) - Performed surveillance and medical record retrieval.

Asha Garg, M.D. ("Garg") - Dr. Garg performed an independent medical examination, including examining McCulloch, reviewing records, and performing an FCE. She further reviewed videotape of McCulloch.

Equifax (Lori Silvester) - Interviewed McCulloch and checked public records.

International Claims Specialists (C. Brighton) - Checked public records and drove by McCulloch's house.

-7-

CIVIL ACTION NO.: 301CV1115(AHN)

<u>Joseph J. Calamita ("Calamita")</u> - Calamita participated in processing the claim. He corresponded with Plaintiff's counsel, medical providers and other carriers.

<u>Vincent T. Lallone ("Lallone")</u> - Lallone corresponded with other carriers.

<u>John J. Craft, Jr. ("Craft")</u> - Craft participated in handling of the claim. He corresponded with medical providers and McCulloch. He reviewed information pertaining to the claim.

<u>Leta R. Sharkey, M.S., N.C.C. ("Sharkey")</u> - Sharkey provided vocational rehabilitation consultation. She contacted medical providers, other carriers, McCulloch and reviewed information concerning the claim.

<u>Elaine Mayer, R.N. ("Mayer")</u> - She assisted in review of the claim and corresponded with medical providers.

<u>Margaret H. Ford, M.S., C.R.C., C.C.M. ("Ford")</u> - Ford participated in reviewing McCulloch's claim from a vocational standpoint.

<u>John D. Eisenberg ("Eisenberg")</u> - Eisenberg corresponded with medical providers and dealt with investigative vendor.

<u>Ken Warnock ("Warnock")</u> - Warnock assisted in handling the claim. Specifically, he dealt with investigative vendor(s).

<u>Teal Busansky ("Busansky")</u> - Busansky assisted John Craft and helped gather information.

<u>Treasa A. ("Treasa")</u> - Treasa assisted John Craft and helped gather information.

<u>Interrogatory No. 5:</u>  Identify all documents and oral communications related to your statement that "Plaintiff treated with a variety of medical providers from October, 1995 to on or about September 2000" in paragraph 8 of your Answer to the Complaint.

<u>RESPONSE:</u> Documents bate-stamped: H 3989, 870-871, 874, 1465-1466, 1296-1297, 1295, 1303, 1332, 3591, 3132, 3131, 3130, 3133-3134, 3126-3129, 3002, 4482, 147, 153-154, 150, 2539, 2540, 195, 173, 839, 1397-1410, 1728, 1339, 1595, 4476-4477, 2581-2584, 1880, 1463, 908, 2548-2550, 2546-2547, 2511, 958-959, 2306-2311c, 2156, 3308, 2160, 1435, 1434, 3311, 1433, 3309, 3314, 3312, 3316, 3315, 3304, 99, 3001, 1334-1338, 1340-1373, 1393-1395, 4092-4097, 166-171, 1428, 958-959, 1582-1583, 1333, 1592, 1451-1452, 1589, 1454-1458, 2666-2668, 129-131, 128, 133, 135, 134, 132, 143-144, 126-127, 4180, 3417-3419, 4181, 113-114, 3121, 3646, 3038-

-8-

GALLWEY GILLMAN CURTIS & VENTO, P.A.
200 SOUTHEAST FIRST STREET, SUITE 1100, MIAMI, FLORIDA 33131-2104 • TEL. (305) 358-1313 • FAX (305) 371-5826

CIVIL ACTION NO.: 301CV1115(AHN)

3039, 3157, 3161, 3160, 3158-3159, 94, 4503-4517, 4162, 4146, 4127, 118, 117, 4113-4125, 4091-4097, 3066-3067, 3062-3063, 3068-3069, 3072-3077, 3080-3081, 3078-3079, 2496, 2545, 3041-3042, 177-178, 163-165, 115-116, 110-111, 2002, 2702, 23-26, 3139-3149, 2408-2410, 2444-2448, 2454-2460.

No substantive oral communications remembered beyond those embodied in the documents.

Interrogatory No. 6: Identify all documents and oral communications related to your statement that "Plaintiff provided medical records in support of her claim that she was injured in an auto accident in or about February 2000" in paragraph 12 of your Answer to the Complaint.

RESPONSE: Documents bate-stamped: H 4503-4504, 4116, 4095, 3985, 3851, 3650, 3652, 150, 2581-2584, 2548-2549, 2546-2547, 4095, 166, 134-135, 23, 2458, 2449, 113-114, 3648-3649, 3315-3316.

No substantive oral communications remembered beyond those embodied in the documents.

Interrogatory No. 7:  Identify all documents and oral communications related to your statement that you "engaged in additional review to assess Plaintiff's claim for long-term disability benefits" in paragraph 14 of your Answer to the Complaint.

RESPONSE: Documents bate-stamped: H 2401-2402, 2403, 2408-2410, 2441-2444, 2446-2447, 2448-2449, 2450, 2453, 2455-2460, 3173, 3174, 3170-3172, 3168, 3135, 3136, 4109, 4108, 2664-2665, 3105-3106, 3103-3104, 4066, 2651, 3120, 3118, 3117, 3113, 4079, 3646, 3038, 3420, 3157, 3161, 3160, 3159, 3158, 94, 4503-4517, 4162, 4146, 4113-4125, 2691, -2692, 3102, 3110, 3066-3067, 3062-3063, 3068-3069, 3072-3073, 3074-3075, 3076-3077, 3080-3081, 3078-3079, 2496, 3041-3042, 177-178, 163-165, 115-116, 110-111, 3164-3165, 2656-2657, 4185-4189, 2702, 3491-3492, 3695, 4112, 3139-3156, 3317-3336, 2526, 3451-3458, 3459-3463, 3440-3444, 2776-2790, 2731-2733, 2743, 2741, 2631, 3989, 3647, 3985, 3986-3988, 3947-3948, 3851-3853, 3650, 3652-3653, 3661, 3664-3666, 3654-3660, 3662-3663, 3667, 3591, 3132, 3131, 3130, 3133-3134, 3126-3129, 3002, 4482, 3367, 147, 153-154, 150, 2539-2540, 195, 3055, 3056-3060, 173, 2581-2584, 180, 2548-2550, 2546-2547, 2245, 3308, 2160, 1435, 1434, 3311, 1433, 3309, 3314, 3312, 3316, 3315, 3304, 99, 1446, 2244, 3303, 4091-4097, 166-171, 2-5, 2793-2821, 2744-2775, 2616-2627, 2603-2604, 2602, 2587-2592, 4129-4130, 2484, 3001, 2703, 3417-3419, 113-114, 2700, 2697-2699, 3137, 4185-4188, 2702, 2523b, 2523a, 23-26 and UNUM surveillance tape.

No substantive oral communications remembered beyond those embodied in the documents, except for a conversation between Kim Gabrielsen, John McGoldrick and Jeff Huston of UNUM in or around April 25, 2000, where McCulloch's claim was discussed, and

-9-

CIVIL ACTION NO.: 301CV1115(AHN)

an oral communication relating to McCulloch's claim took place between Golden and Moryto right after McCulloch's interview during which the interview was discussed.

Interrogatory No. 8: Identify all facts upon which you based your determination that "Plaintiff was not entitled to long-term disability benefits as of August 14, 2000" as stated in paragraph 19 of your Answer to the Complaint and in your letter to McCulloch dated November 17, 2000, attached hereto as Exhibit A including without limitation the basis for your determination of August 14, 2000 as the date on which McCulloch was no longer entitled to long-term disability benefits.

RESPONSE: All facts are identified in Hartford Life's letter to McCulloch dated November 17, 2000.

Interrogatory No. 9: Describe all facts upon which you based your claim that plaintiff is "obligated to return to Hartford the long-term disability benefits paid between August and October 2000," as stated in paragraph 19 of your Answer to the Complaint and in your letter to McCulloch dated November 17, 2000.

RESPONSE: All facts are identified in Hartford Life's letter to McCulloch dated November 17, 2000.

Interrogatory No. 10: Identify all documents and oral communications upon which you base the statements in paragraph 19 of your Answer to the Complaint quoted above.

RESPONSE: Hartford Life reviewed, relied on and evaluated each and every document contained in the claim file in evaluating whether Plaintiff was entitled to disability benefits with specific reference to the decision to terminate benefits and seek reimbursement. See documents bate-stamped: H 2412-2423, 3163-3165, 3324-3336, 3308, 2160, 1435, 1434, 3311, 1433, 3309, 3314, 3312, 3316, 3315, 3304, 99, 1446, 2244, 3303, 113-114, 110-111, 113-114, 115-116, 2666-2668, 129-131, 128, 133, 135, 134, 132, 143-144, 126, 127, 4180-4181, 3367, 147, 153-154, 150, 2539-2540, 2548-2550, 2546-2547, 164, 163-164, 4091-4097, 166-171, 173, 2581-2584, 180, 177-178, 3417-3419, 2444, 3985-3986, 2731-2733, 2743, 2741, 2523b, 2523a, 23-26, 195-196, 3323, 3454-3458, 3460-3463, 3440-3444, 3055-3060, 1662-1664, 1647-1649, 3491-3492, 2-5, 3636-3637, 3682-3686, 3668-3669, 2441-1442, 2443, 2444, 2449-2450, 40-54, 2656-2657, 2664-2665, 3105-3106, 3121, 3103-3104, 2443-2444, 4185-4189, 2702 and master policy.

No substantive oral communications remembered beyond those embodied in the documents.

Interrogatory No. 12: Describe in detail the substance of the telephone call to Christine Baker, M.D. on October 13, 2000, referenced on page 2 of your letter to McCulloch dated November

-10-

CIVIL ACTION NO.: 301CV1115(AHN)

17, 2000, attached hereto as Exhibit A, including without limitation the identity of the participants in the telephone call.

**RESPONSE:** On October 31, 2000 Diane Favreau called Dr. Baker's office to inquire about them reviewing the surveillance video and IME report. Tiffany, of Dr. Baker's office, advised that she checked with the office manager who stated that "Dr. Baker does not review IME's/videos for comment and not to bother sending anything."

Interrogatory No. 13: Describe your relationship with Asha Garg, M.D. including without limitation the details of any contractual or compensation agreement between you and Asha Garg, M.D., and the number, if any, of referrals made to him, and identify all documents and oral communications between you and Asha Garg, M.D. related to McCulloch.

**RESPONSE:** Dr. Garg was requested by Hartford Life to review medical records pertaining to McCulloch, to perform an examination of McCulloch and to render her opinion as to McCulloch. She was paid $825.00 for her services. Documents bate-stamped: H 3055-3061, 2404, 2408, 2452-2453, 2454, 4066, 4079, 3554-3560, 3102, 3110, 2551, 2449-2451, 189-194, 3049-3061, 3082-3087, 4579-4584, 3392-3397, 3465-3484, 3547-3560, 3822-3827, 3905-3924, 4011-4024, 4045-4051.

Interrogatory No. 14: Identify all documents and oral communications between you and William Moryto related to McCulloch.

**RESPONSE:** In addition to what is indicated in the file, Kim Gabrielsen spoke to William Moryto ("Moryto") before the interview and surveillance to see if he had any questions. Kim Gabrielsen also spoke with Moryto after the interview in order to be able to follow up on any further investigation. Further, Kim Gabrielsen and Moryto meet with an investigator from the Massachusetts' Insurance Fraud Bureau about McCulloch. Also, Moryto and Golden spoke about McCulloch's interview after it occurred.

Interrogatory No. 15: Identify all documents and oral communications between you and Edward T. Golden related to McCulloch or your relationship with Golden.

**RESPONSE:** In addition to what is indicated in the file, Kim Gabrielsen spoke to Edward Golden before the interview and surveillance to see if he had any questions. Kim Gabrielsen also spoke with Edward Golden after the interview in order to be able to follow up on any further investigation. Also, Golden spoke with Moryto about McCulloch's interview after it occurred.

Interrogatory No. 16: Identify all documents and oral communications between you and Master Sleuth Investigations related to McCulloch.

-11-

CIVIL ACTION NO.: 301CV1115(AHN)

**RESPONSE**: When the case was initially assigned to Master Sleuth , Kim Gabrielsen called them to advise them that a written assignment would be forthcoming shortly.

Interrogatory No. 18: Identify the "evidence submitted" that "showed that" McCulloch was "unable to perform the material and substantial duties of her "occupation" as stated on page 3 of your letter to McCulloch dated November 17, 2000, attached hereto as Exhibit A.

**RESPONSE**: Documents bate-stamped: H 870-871, 874, 1465-1466, 1296-1297, 1303-1332, 1397-1403, 1882-1883, 954, 950-951, 1294, 1461, 839, 1880, 1463, 908, 2245, 3308, 2160, 1435, 540-541, 537-539, 542, 536, 535, 392, 533, 531-532, 1459, 543, 958-959, 967-968, 971, 963-966, 970, 961, 4394-4395, 2168-2169, 2219, 4327, 595-604, 1662-1666, 1630-1640, 1647-1649, 1641-1646, 1650-1651, 505-506, 459-464, 498-499, 501, 504, 936-937, 935.

Interrogatory No. 19: Identify all documents and oral and written communications related to your decision to require McCulloch to undergo a Functional Capacities Evaluation.

**RESPONSE**: Documents bate-stamped: H 2664-2665, 3105-3106, 3103-3104, 4109, 4108, 4066, 2401, 2402, 2453, 2731-2733, 2741, 2743, and surveillance tapes, 2001-2006, 3163-3165, 4185-4189, 2702, 2463, 870-871, 874, 1465-1466, 1295-1297, 1303-1332, 3591, 3130-3134, 3126-3129, 3367, 147, 153-154, 150, 2539-2540, 195-196, 3001, 173, 113-114, 1397-1410, 1728, 1339, 1595, 2581-2584, 180, 1882-1883, 954, 950-951, 1294, 1461, 1880, 1463, 908, 2548-2550, 2546-2547. 2306-2311c, 2156, 2245, 3308, 2160, 1435, 1434, 3311, 1433, 3309, 3314, 3312, 3315-3316, 3304, 99, 1446, 2244, 3303, 2656-2657, 537-540, 542, 536, 535, 392, 533, 531-532, 1459, 543, 1334-1338, 1340-1373, 1393-1395, 4092-4097, 166-171, 958-959, 1582-1583, 1333, 1592, 1451-1452, 1589, 1454-1458, 1573-1575, 2666-2668, 128-131, 132-135, 143-144, 126-127, 4180-4181.

No substantive oral communications remembered beyond those embodied in the documents.

Interrogatory No. 20: Identify any document which serves as a policy book for underwriting claims, investigating claims, review of claims, or otherwise describes the claims handling process and evaluation of any personnel involved in the review of claims.

**RESPONSE**: LTD Policy and Procedures.
Also as to SIU - BMS Fraud Data Base Procedures.

Interrogatory No. 21: Identify any document which describes the relationship between Defendant Educators and Defendant Hartford, including any assignments or indemnities.

-12-

CIVIL ACTION NO.: 301CV1115(AHN)

2546-2547. 2306-2311c, 2156, 2245, 3308, 2160, 1435, 1434, 3311, 1433, 3309, 3314, 3312, 3315-3316, 3304, 99, 1446, 2244, 3303, 2656-2657, 537-540, 542, 536, 535, 392, 533, 531-532, 1459, 543, 1334-1338, 1340-1373, 1393-1395, 4092-4097, 166-171, 958-959, 1582-1583, 1333, 1592, 1451-1452, 1589, 1454-1458, 1573-1575, 2666-2668, 128-131, 132-135, 143-144, 126-127, 4180-4181.

No substantive oral communications remembered beyond those embodied in the documents.

-14-

GALLWEY GILLMAN CURTIS & VENTO, P.A.
200 SOUTHEAST FIRST STREET, SUITE 1100, MIAMI, FLORIDA 33131-2104 • TEL. (305) 358-1313 • FAX (305) 371-5826

CIVIL ACTION NO.: 301CV1115(AHN)

**RESPONSE**: The reinsurance agreement recently produced to Plaintiff (bates stamped numbers H08113-140).

Interrogatory No. 22: Identify the bases for the claim in your letter to McCulloch dated July 25, 2000, attached hereto as Exhibit C, that the Functional Capacities Evaluation was "due to an inability to obtain adequate medical documentation as well as care and treatment that made the necessity for this examination."

**RESPONSE**: The medical records in Hartford Life's possession related to treatment being rendered to Plaintiff, but it was felt that they were lacking in information supporting treatment and/or why treatment rendered.

Interrogatory No. 23: Identify all documents and oral and written communications related to your decision to require McCulloch to undergo an Independent Medical Examination.

**RESPONSE**: Documents bate-stamped: H 2664-2665, 3105-3106, 3103-3104, 4109, 4108, 4066, 2401, 2402, 2453, 2731-2733, 2741, 2743, and surveillance tapes, 2001-2006, 3163-3165, 4185-4189, 2702, 2463, 870-871, 874, 1465-1466, 1295-1297, 1303-1332, 3591, 3130-3134, 3126-3129, 3367, 147, 153-154, 150, 2539-2540, 195-196, 3001, 173, 113-114, 1397-1410, 1728, 1339, 1595, 2581-2584, 180, 1882-1883, 954, 950-951, 1294, 1461, 1880, 1463, 908, 2548-2550, 2546-2547. 2306-2311c, 2156, 2245, 3308, 2160, 1435, 1434, 3311, 1433, 3309, 3314, 3312, 3315-3316, 3304, 99, 1446, 2244, 3303, 2656-2657, 537-540, 542, 536, 535, 392, 533, 531-532, 1459, 543, 1334-1338, 1340-1373, 1393-1395, 4092-4097, 166-171, 958-959, 1582-1583, 1333, 1592, 1451-1452, 1589, 1454-1458, 1573-1575, 2666-2668, 128-131, 132-135, 143-144, 126-127, 4180-4181.

No substantive oral communications remembered beyond those embodied in the documents.

Interrogatory No. 24: Identify all documents and oral and written communications related to your decision to require McCulloch to participate in an interview with an investigator, including without limitation, all documents and oral communications upon which you based your statement that an interview with an investigator is part of McCulloch's "policy's continuing claims and proof of loss process" and constitutes an "examination" in your letter to McCulloch dated August 23, 2000, attached hereto as Exhibit D.

**RESPONSE**: Documents bate-stamped: H 2651, 3120, 3118, 3117, 3113, 2709, 2402, 2452, 2401, 2403, 2404, 40-54, 2731-2733, 2741, 2743 and surveillance tapes, 2001-2006, 3163-3165, 4185-4189, 2702, 2463, 870-871, 874, 1465-1466, 1295-1297, 1303-1332, 3591, 3130-3134, 3126-3129, 3367, 147, 153-154, 150, 2539-2540, 195-196, 3001, 173, 113-114, 1397-1410, 1728, 1339, 1595, 2581-2584, 180, 1882-1883, 954, 950-951, 1294, 1461, 1880, 1463, 908, 2548-2550,

-13-

GALLWEY GILLMAN CURTIS & VENTO, P. A.

200 SOUTHEAST FIRST STREET, SUITE 1100, MIAMI, FLORIDA 33131-2104 • TEL. (305) 358-1313 • FAX (305) 371-5826

CIVIL ACTION NO.: 301CV1115(AHN)

## CERTIFICATION

I hereby certify that I have reviewed the foregoing Better Answers to Interrogatories and and verify that they are true and accurate to the best of my knowledge and belief this _18_ day of _September_, 2002.

**Hartford Life and Accident Insurance Company**

By: _Kim S. Coke_

Its: _Senior Investigative Analyst_

Duly Authorized

STATE OF _____  :

COUNTY OF _____  : ss:
                                        :

On this _18_ day of _Sept._, 2002, before me the undersigned officer, personally appeared _Kim F Gabrielsen_, who acknowledged himself/herself to be the _Sr. Investigative Analyst_ of Hartford Life and Accident Insurance Company, and that he/she as such officer, being duly authorized so to do, executed the foregoing instrument for the purposes therein contained.

**IN WITNESS WHEREOF,** I hereunto set my hand.

_Louise Buchleitner_

Commissioner of the Superior Court
Notary Public
My Commission Expires: _03-09-03_

G:\CASES\HARTFORD\McCulloch\Discovery\Ans-Bttr to Int-2
27.0122        9-16-02        KDP:bb-mmb



OFFICIAL SEAL
LOUISE BUCHLEITNER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/09/03

-15-

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CANDI McCULLOCH, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 301CV1115 (AHN) |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY and EDUCATORS | : | |
| MUTUAL LIFE INSURANCE COMPANY, | : | |
| Defendants. | : | March 13, 2002 |

### DEFENDANT'S RESPONSES TO
### PLAINTIFF'S REQUEST FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the Plaintiff, Candi McCulloch ("McCulloch"), requests that Defendant Hartford Life and Accident Insurance Company ("Hartford"), within thirty (30) days of the service hereof, make admissions for the purpose of this action only, that each of the following statements is true:

1.    Admit that between October, 1995, and the present, McCulloch has undergone an intensive course of treatment in an attempt to minimize her pain and rehabilitate herself, including, but not limited to, consuming continually-prescribed medications such as Vicodin, Ultram, Oxycontin, Percocette, Neurontin and anti-depressants.

**RESPONSE:**

As to Request No. 1, it is admitted that between October 1995 through at least the denial of the claim in November 2000, Plaintiff has been examined and/or treated by a number of different physicians and that during that time period she has been prescribed a number of medications. The remainder of the request is denied.

2.     Admit that in December, 1999, the Hartford, as the newly-appointed administrator of th policy issued by Educators Mutual Life Insurance Company ("Educators") contacted plaintiff an requested that she provide it with information regarding her disability, including a statement from he attending physician purportedly so that it could update its records regarding her disability.

**RESPONSE:**

As to Request No. 2, it is admitted that Hartford Life wrote to Plaintiff in December 1999, enclosing with the letter certain forms, all of which are written instruments that speaks for themselves. To the extent the request is inconsistent with the language of the letter or the forms, it is denied.

3.     Admit that, notwithstanding the conclusions by at least three physicians that McCulloch suffered from serious injury to her neck and back, The Hartford demanded that McCulloch undergo physical examinations, psychological examinations, and a Functional Capacities Evaluation.

**RESPONSE:**

As to Request No. 3, it is admitted that Hartford Life wrote to Plaintiff requesting that Plaintiff undergo certain examinations/evaluations and that the letter(s) is/are written instrument(s) that speak for itself/themselves. To the extent the request is inconsistent with the language of the letter(s), it is denied.

4.     Admit that, as of August, 2000, (as a direct result of injury or sickness), McCulloch was unable to perform the material and substantial duties of her occupation as it existed at the time her disability began in 1995.

**RESPONSE:**

- 2 -

HFD_99158_1/DFRECHETTE

As to Request No. 4, denied.

5.    Admit that, as of August, 2000, McCulloch was not working in any gainful occupation.

**RESPONSE:**

As to Request No. 5, while Hartford Life has no present information that Plaintiff was working in August 2000, discovery is just commencing and therefore, after reasonable inquiry, the information known or readily available is insufficient to enable Hartford Life to admit or deny.

6.    Admit that McCulloch's disability began while the insurance issued by Defendant Educator's was in force.

**RESPONSE:**

As to Request No. 6, Hartford Life admits that Defendant, Educators' subject policy of insurance was in effect when McCulloch made her initial claim for benefits.

7. Admit that as of August 2000, McCulloch was under the regular and direct care of a licensed physician other than a person in her family.

**RESPONSE:**

As to Request No. 7, it is admitted that, in 2000, McCulloch was examined and/or treated by several physicians.

8.    Admit that as of August, 2000, McCulloch no longer held any licences to practice her occupation.

**RESPONSE:**

As to Request No. 8, Hartford Life objects as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and further states that after reasonable inquiry, the information known or readily obtainable by Hartford Life is insufficient to enable it to admit or deny.

9.      Admit that as of August, 2000, McCulloch would not be able to perform the material and substantial duties of her occupation without licences issued by medical boards.

**RESPONSE:**

As to Request No. 9, it is admitted that on information and belief that in order to practice medicine a doctor must be licensed by the state in which they practice. Hartford Life objects as to the term "medical boards" as being vague, ambiguous and undefined. The remainder of the request is denied.

10.     Admit that as of August, 2000, in order to obtain licences needed to practice her profession, McCulloch would be required to disclose her medical history, including the consumption of continually-prescribed medications such as Vicodin, Ultram, Oxycontin, Percocette, Neurontin and anti-depressants.

**RESPONSE:**

As to Request No. 10, Hartford Life objects as being vague and overbroad, in that it does not specify what particular states Plaintiff is referring to. Further, after reasonable inquiry, based upon the information known or readily obtainable by Hartford Life, Hartford Life is unable to admit or deny whether Plaintiff has continually consumed the medications listed.

11.    Any and all requests, except to the extent specifically admitted hereinabove, are
denied.

**Defendant,**
**Hartford Life and Accident Insurance**
**Company**

Donald E. Frechette, Esq. (ct 08930)
Edwards & Angell, L.L.P.
90 State House Square, 9th Floor
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

## CERTIFICATE OF SERVICE

This is to certify that on March 13, 2002, a copy of the foregoing Notice of Serving Responses to Plaintiff's Request for Admissions were furnished by United States Mail, to Plaintiff in this case:

Eliot B. Gerstein, Esq. (Fed. Bar No. ct 05213)
Gerstein & Clifford
214 Main Street
Hartford, CT 06106
Phone: (860) 527-7044

Donald E. Frechette, Esq.

6