STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2006 JAN 31  A 10: 09

DISTRICT COURT

| CANDI MCCULLOCH, | : |
| Plaintiff | : |
| | : |
| vs. | : CIVIL ACTION NO.: |
| | : 301CV1115 (AHN) |
| HARTFORD LIFE AND ACCIDENT | : |
| INSURANCE COMPANY and EDUCATORS | : |
| MUTUAL LIFE INSURANCE COMPANY, | : |
| Defendants | : |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS AND DISCOVERY RESPONSES

In addition to the objections below, Defendants reserve all objections to the form of the question or responsiveness of the answer made at the time of the deposition, and ask that the Court consider those objections as and when the testimony below is offered.

### DR. AMATO

| DESIGNATION | OBJECTION |
|---|---|
| 55:7-58:25; 61:5-65:6; 78:20-80:24 (relating to FCE) | Irrelevant. FRE 402. |
| 94:1-95:17 (re: impact of narcotic mediations on cognition) | Irrelevant. FRE 402. |

### DR. GARG

| DESIGNATION | OBJECTION |
|---|---|
| 62:22-64:3 (re: effect of "too many" medications) | Irrelevant (no evidence or testimony that Plaintiff is taking "too many" medications); lack of foundation (witness did not know how much medication she was taking). FRE 402. |

## DR. GARG

| DESIGNATION | OBJECTION |
|---|---|
| 78:23-79:11 (re whether "medical authorities" would want to know if an applicant for licensure is taking a "great amount" of Vicodin or Percocet) | Irrelevant; lack of foundation (no evidence or testimony Plaintiff was taking a "great amount" of Vicodin or Perocet; no evidence witness has knowledge re Florida or Connecticut licensure requirements). FRE 402; FRE 602. |
| 81:21-82:10 (re: impact of "a lot" of narcotic drugs) | Irrelevant; lack of foundation (no evidence or testimony that Plaintiff is taking "a lot" medications; witness did not know how much medication she was taking). FRE 402; FRE 692. |
| 82:11-16 (re: whether witness would want to know if her own doctor was taking "a lot" of Vicodin or own Percocet) | Irrelevant. FRE 402. |
| 82:17-83:7 (re: impact of "a lot" of narcotics on the witness's own doctor) | Irrelevant. FRE 402. |
| 87:21-90:14 (re: request for, definition of, and whether witness performed an FCE) | Irrelevant. FRE 402. |
| 118:6-16 (re: what "a lot of" people experience when in chronic paid) | Irrelevant. FRE 402. |
| 118:17-120:17 (re: whether Plaintiff suffered from depression or anxiety and whether she should have counseling or antidepressants) | Incompetent; lack of foundation (witness not qualified or designated as an expert on psychiatry, psychology, or mental health.) FRE 602, 701, 702; FRCP 26(a)(2)(A). |
| 147:7-154:21; 158:2-160:1 (re: whether witness or other provider performed Functional Capacities Evaluation ("FCE")). | Irrelevant. FRE 402. |
| 180:17-182 (re: what questions Hartford asked Dr. Garg) | Best Evidence: Hartford's questions to Dr. Garg are in writing (Garg Deposition Exh. 22n) and that writing is the best evidence of the questions Hartford asked. |
| 190:16-191:25 (re: whether witness personally knows any internist who works 16 hours/week) | Irrelevant. FRE 402 |

## KIM HUBER

| DESIGNATION | OBJECTION |
|---|---|
| 36:2-39:13 (re whether FCE was performed by Dr. Garg) | Irrelevant. FRE 402. |

## KIM GABRIELSON

| DESIGNATION | OBJECTION |
|---|---|
| 115:1-23 (purpose for obtaining surveillance video from UNUM) | Irrelevant. FRE 402. |
| 140:5-141:4 (Gabrielson's and McGoldrick's conversation with UNUM) | Irrelevant. FRE 402. |
| 168:4-24 (re: reason for scheduling IME/FCE) | Irrelevant. FRE 402. |
| 235:22-236:20 (re: payment of Dr. Magana's fee to review video) | Irrelevant. FRE 402. |
| 251:21-252:22 (re: guidelines for requesting surveillance) | Irrelevant. FRE 402. |
| 268:5-16 (re: "missing" page from Dr. Porfiri statement) | Incomplete and misleading: the witness's complete testimony including 268:17 – 269:24, along with followup production provided by Hartford on [ ] (D-5153), makes clear the page was not missing. |
| 272:11-274:8 (whether Dr. Garg reviewed Dr. Porfiri's records) | Lack of foundation (witness testified she did not know whether Dr. Garg reviewed Dr. Porfiri's records). FRE 602. |

## JOHN MCGOLDRICK

| DESIGNATION | OBJECTION |
|---|---|
| 112:113 (re: purpose for meeting with UNUM) | Irrelevant. FRE 402. |

## JOSEPH STERLE

| DESIGNATION | OBJECTION |
|---|---|
| 10:9-15:9 (witness's conversations with Eliot Gersten, Pam Mormino and Jessica Taylor re: deposition and representation) | Irrelevant. FRE 402. |

**JOSEPH STERLE**

| DESIGNATION | OBJECTION |
|---|---|
| 49, 51-52 (re: process Sterle went through to select doctor to perform IME, conversations with Dr. Garg prior to IME) | Irrelevant. FRE 402. |
| 58 (re: price of IME) | Irrelevant. FRE 402. |
| 69-72 (re: clinical records received regarding Plaintiff and his review of Dr. Porfiri's records) | Irrelevant. FRE 402. |
| 76:16-78:11 (re: Plaintiff having good days and bad days) | Irrelevant. FRE 402. Lack of foundation (witness not qualified or designated as an expert to testify as to whether chronic pain patients have good days and bad days). FRE 602, 701, 702; FRCP 26(a)(2)(A). |
| 86:13-91:17 (re: whether Sterle would want to know whether his own doctor was taking narcotics and effects of narcotic medication on "mentation") | Irrelevant. FRE 402. |
| 92:18-95:6, 98:18-24 (purpose of IME, good days and bad days) | Irrelevant. FRE 402. Lack of foundation. FRE 602. |
| 111-112 (whether FCE was performed, payment to Dr. Garg) | Irrelevant. FRE 402. |
| 121:7-127:11 (whether FCE was performed, payment to Dr. Garg, whether asked Dr. Garg to determine whether video was on good day or bad day) | Irrelevant. FRE 402. |
| 133:5-23, 137:12-143:21, 145:1-149:21 (whether FCE was performed; Hartford's knowledge that no FCE performed, standard procedure after learning no FCE done) | Irrelevant. FRE 402. Lack of foundation (Sterle has no knowledge what Hartford did after learning no FCE performed). FRE 602. |
| 186:19-188:13 (responses of patients with chronic pain) | Incompetent. FRE 402. Lack of foundation (witness not qualified or designated as an expert to testify as to responses of patients with chronic pain). FRE 602, 701, 702; FRCP 26(a)(2)(A). |

## KEN WASNOCK

| DESIGNATION | OBJECTION |
|---|---|
| 61:11-66:24 (re: Educators selling off professional disability business, reasons for selling off business, including policy language) | Irrelevant. FRE 402. |

## PAUL MEYER (REBUTTAL)

| DESIGNATION | OBJECTION |
|---|---|
| 134:12-136:11 (re: Columbia/HCA being under criminal investigation for Medicare reimbursements) | Irrelevant. FRE 402. |
| 156:19-158:21 (re: physicians taking narcotics) | Irrelevant (complete excerpt demonstrates witness was referring to other unidentified physicians who are habitual abusers). FRE 402. Lack of foundation (witness not qualified or designated as an expert to testify as to the effects of narcotic medication). FRE 602, 701, 702; FRCP 26(a)(2)(A). |

## DR. CARINE PORFIRI (REBUTTAL)

| DESIGNATION | OBJECTION |
|---|---|
| 108:23-109:15 (re: whether Percocet or Vicodin could impair cognition) | Lack of foundation (witness admits she does not know the pharmacology of Percocet or Vicodin). FRE 602, 701, 702; FRCP 26(a)(2)(A). |
| 112:13-113:7 (testimony re cognitive effects of taking narcotic pain medication at any dose) | Lack of foundation (witness admits she does not know the pharmacology of Percocet or Vicodin). FRE 602, 701, 702; FRCP 26(a)(2)(A). |

## OBJECTIONS TO DESIGNATIONS OF DISCOVERY RESPONSES

1.   <u>Plaintiff's First Request for Admissions to Defendant Hartford Life and Accident Insurance Company</u>: Defendant objects to the proposed offer into evidence of Plaintiff's Requests for Admission. Plaintiff's "requests" (as opposed to any responses to those requests) are irrelevant, of no probative value, and not admissible for any purpose under the Federal Rules of Evidence. FRE 402, 801.

2.  <u>Plaintiff's First Set of Interrogatories to Hartford served on November 26, 2001, numbers 1, 2, 4, 5, 6, 7, 8, 9, 10, 13, 18, 20, 21, 22, 23</u>. Defendant objects to the proposed offer into evidence of Plaintiff's Interrogatories standing alone. Plaintiff's interrogatories (as opposed to any responses to those requests) are irrelevant, of no probative value, and are not admissible for any purpose under the Federal Rules of Evidence. FRE 402, 801.

3.  <u>Defendant Hartford's March 13, 2002 Responses to Plaintiff's First Set of Interrogatories and Requests for Production, responses to interrogatory numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 13, 18, 20, 21, 22, 23</u>. Answers to interrogatories may be used *to the extent permitted by the rules of evidence.* FRCP 33(c).

> Interrogatory 1 ("name, address, and position of all persons who provided information for the answering of these interrogatories"): Irrelevant. FRE 402.
>
> Interrogatory 2 ("Identify all documents and oral communications related to Educator's [sic] acceptance of McCulloch's October, 1995 claim for disability"): Irrelevant. FRE 402. The issue for trial is whether, based on all the admissible evidence, McCulloch is, and has been since the time of submission of her claim, entitled to benefits under the policy – *not* what documents and communications Educators considered in making its decision.
>
> Interrogatory 3 ("Identify each and every person who participated in the adjudication of McCulloch's claim for Long Term Disability benefits under the Policy between 1995 to date"): Irrelevant. FRE 402. The question of who participated in the adjudication of McCulloch's claim is irrelevant to the issue for trial: whether McCulloch is, and has been since the time of submission of her claim, entitled to benefits under the Policy.
>
> Interrogatory 4 ("For each individual identified [in response to Interrogatory 3], describe in detail the nature of that person's participation in the adjudication of McCulloch's claim for Long Term Disability benefits under the Policy"): Irrelevant. FRE 402. The nature of each person's participation in the adjudication of McCulloch's claim is irrelevant to the issue for trial: whether McCulloch is, and has been since the time of submission of her claim, entitled to benefits under the Policy.
>
> Interrogatory 5 ("Identify all documents and oral communications related to your statement that "Plaintiff treated with a variety of medical providers from October, 1995 to on or about September 2000" in paragraph 8 of [Defendants'] Answer to the Complaint"): Irrelevant. FRE 402. Whether or not Plaintiff "treated with a variety of medical providers in this time frame" is irrelevant to whether she is and was able to perform the material and substantial duties of her occupation; Hartford's response to a request to identify documents relating to this issue is even less relevant.

Interrogatory 6 ("Identify all documents and oral communications related to your statement that 'Plaintiff provided medical records in support of her claim that she was injured in an auto accident in or about February 2000' in paragraph 12 of [Defendants'] Answer to the Complaint"): Irrelevant. FRE 402. Whether or not Plaintiff was injured in an auto accident, and what documents she may or may not have submitted to support that claim, are irrelevant to whether she is and was able to perform the material and substantial duties of her occupation.

Interrogatory 8 ("Identify all facts upon which you based your determination that 'Plaintiff was not entitled to long-term disability benefits as of August 14, 2000' as stated in paragraph 19 of [Defendants'] Answer to the Complaint and in [Hartford's] letter to McCulloch dated November 17, 2000..."): Irrelevant. FRE 402. The issue for trial is whether, based on all the admissible evidence, McCulloch is, and has been since the time of submission of her claim, entitled to benefits under the policy – *not* what documents and communications Hartford based its original determination on.

Interrogatory 9 ("Describe all facts upon which you based your claim that plaintiff is 'obligated to return to Hartford the long-term disability benefits paid between August and October 2000,' as stated in paragraph 19 of [Defendants'] Answer to the Complaint and in [Hartford's] letter to McCulloch dated November 17, 2000"): Irrelevant. FRE 402. The issue for trial is whether, based on all the admissible evidence, McCulloch is entitled to retain the benefits paid, – *not* the facts in Hartford's knowledge at the time of its statement of November 17, 2000.

Interrogatory 13 ("Describe your relationship with Asha Garg, M.D.. . ."): Irrelevant. FRE 402.

Interrogatory 18 ("Identify the 'evidence submitted' that 'showed that' McCulloch was 'unable to perform the material and substantial duties of her 'occupation' as stated on page 3 of [Hartford's] letter to McCulloch dated November 17, 2000. . ."): Irrelevant. FRE 402. The issue for trial is whether, based on all the admissible evidence, Plaintiff was and is unable to perform the material and substantial duties of her occupation – *not* the evidence submitted to Hartford as of November 17, 2000.

Interrogatory 20 ("Identify any document which serves as a policy book for underwriting claims, investigating claims, review of claims, or otherwise describes the claim handling process and evaluation of any personnel involved in the review of claims"): Irrelevant. FRE 402. Hartford's claim handling procedures and documents relating thereto are not at issue in this case.

Interrogatory 21 ("Identify any document which describes the relationship between Defendant Educators and Defendant Hartford, including any assignments or indemnities"): Irrelevant. FRE 402.

Interrogatory 22 ("Identify the bases for the claim in your letter to McCulloch dated July 25, 2000. . .that the Functional Capacities Evaluation was 'due to an inability to obtain adequate medical documentation as well as care and treatment that made the necessity for

this examination'"): Irrelevant. FRE 402. Hartford's request for an FCE is not at issue in this case.

Interrogatory 23 ("Identify all documents and oral and written communications related to your decision to require McCulloch to undergo an Independent Medical Exam"): Irrelevant. FRE 402. Hartford's request for an IME is not at issue in this case.

4.  <u>Defendant Hartford's Better Answers to Plaintiff's First Interrogatories dated September 20, 2002, answers to interrogatory numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 13, 18, 20, 21, 22, 23</u>. See above.

5.  <u>Defendant Hartford's Responses to Plaintiff's Request for Admissions dated March 13, 2002, response to request numbers 1-10</u>.

   Request for Admission 2: Hartford's admission that it "wrote to Plaintiff in December 1999, enclosing with the letter certain forms," is irrelevant to any fact issue of consequence to the determination of this action, and is additionally superseded by, and irrelevant in light of Hartford's further response to this Request on August 26, 2002. FRE 402.

   Request for Admission 3: Hartford's admission that it "wrote to Plaintiff requesting that Plaintiff undergo certain examinations/evaluations" is irrelevant to any fact issue of consequence to the determination of this action, and is additionally superseded by, and irrelevant in light of Hartford's further response to this Request on August 26, 2002. FRE 402.

   Request for Admission 8: Hartford objected to this Request (to admit that as of August 2000, McCulloch no longer held any licenses to practice her occupation) as irrelevant, and further stated the information known or readily obtainable by Hartford was insufficient to enable Hartford to admit or deny. This response is not admissible for any purpose under the Federal Rules of Evidence.

   Request for Admission 9: Hartford's admission that, on information and belief a doctor must be licensed by the state in which he or she practices in order to practice medicine is irrelevant to any fact of consequence to determination of this case. FRE 402.

   Request for Admission 10: Hartford objected to this Request (to admit that as of August, 2000, in order to obtain licenses McCulloch would be required to disclose her medical history) as irrelevant, and further stated the information known or readily obtainable by Hartford was insufficient to enable Hartford to admit or deny. This response is not admissible for any purpose under the Federal Rules of Evidence.

6.   <u>Defendant Hartford's August 26, 2002 Further Responses to Plaintiff's Request for Admissions, response to request numbers 2, 3, 6, and 7</u>.

> Request for Admission 2: Hartford's admission that it "contacted McCulloch and requested that she provide Hartford Life with information regarding her disability, including a statement from her attending physician . . . in order to obtain updated records regarding her claim for disability benefits" is irrelevant to any fact issue of consequence to the determination of this action. FRE 402.

> Request for Admission 3: Hartford's admission that it "at the time Hartford Life requested that McCulloch undergo a physical examination and a functional capacity evaluation at least three physicians had reported that McCulloch had reported that McCulloch had a serious condition to her neck and back," [denying that McCulloch's physicians concluded she suffered from a "serious injury"] is irrelevant to any fact issue of consequence to the determination of this action. FRE 402.

7.   <u>Defendant Hartford's February 10, 2003 First Supplemental Response to Plaintiff's First Set of Interrogatories, supplemental response to interrogatory number 25</u>. For the reasons set forth in paragraphs 5 and 6 above, Hartford's response identifying documents relied upon to deny these admissions is irrelevant to any fact of consequence to determination of this action.

8.   <u>Defendant Educators October 13, 2002 Answers and Objections to Plaintiff's Requests for Admissions, response to request number 2</u>. Educators' admission that it "sent Plaintiff's original claim file to Hartford" is irrelevant to any fact of consequence to determination of this action. FRE 402.

9.   <u>Defendant Educators' Rule 56(a)(2) Statement in Opposition to Plaintiff's Motion for Summary Judgment, ¶ 24</u>. Educators' Rule 56 statement that Dr. Garg did not perform an FCE, and that Hartford learned this on September 28, 2000, is is irrelevant to any fact of consequence to determination of this action. FRE 402.

10.  <u>Defendants' Amended Answer with Affirmative Defenses and Counterclaims dated November 26, 2001</u>. Defendants object to the offer of their Answer for any purpose not contemplated by the Federal Rules of Evidence.

11. <u>Defendants' Second Amended Answer with Affirmative Defenses and Counterclaims dated February 28, 2005</u>. Defendants object to the offer of their Answer for any purpose not contemplated by the Federal Rules of Evidence.

AKIN GUMP STRAUSS HAUER & FELD L.L.P.

By: *Roberta J. Benson*
Barry A. Chasnoff (ct11162)
Roberta J. Benson (ct24407)
Jessica S. Taylor (ct24408)
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

AND

Donald E. Frechette (ct 08930)
EDWARDS & ANGELL, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANTS
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY AND
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY

## CERTIFICATION OF SERVICE

This is to certify that on the 30th day of January, 2006, a copy of DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS AND DISCOVERY RESPONSES was mailed, *Via Facsimile and Overnight Mail* to:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106

*Roberta J. Benson*
Roberta J. Benson
Jessica Spangler Taylor