Westlaw.

Not Reported in F.Supp.2d                                                                                                   Page 1
Not Reported in F.Supp.2d, 1999 WL 33597331 (N.D.N.Y.)
**(Cite as: 1999 WL 33597331 (N.D.N.Y.))**

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
Edward J. MCEACHRON, as Guardian of Douglas H. McEachron, his ward; Douglas H. McEachron; and Howard J. McEachron, Plaintiffs,
v.
Shawn R. GLANS, Employee of Saratoga County Sheriff's Dept; James D. Bowen, Sheriff of Saratoga County; Saratoga County Sheriff's Department; County of Saratoga; and Town of Wilton, Defendants.
Howard J. MCEACHRON, as Guardian of Douglas H. McEachron, his ward; Douglas H. McEachron; and Edward J. McEachron, Plaintiffs,
v.
TOWN OF WILTON, Defendants.
**No. 98-CV-17 (LEK/DRH), 97-CV-885 (LEK/DRH).**

Filed Jan. 6, 1998.
Feb. 24, 1999.

Patricia McConnell, phv, Meyer, Suozzi Law Firm, Mineola, NY, William J. Cade, Cade, Saunders Law Firm, Albany, NY, for Edward J. McEachron, as Guardian of Douglas H. McEachron, his ward, plaintiff.

William J. Cade, for Douglas H. McEachron, consolidated plaintiff.

William J. Cade, for Howard J. McEachron, consolidated plaintiff.

John H. Pennock, Pennock, Breedlove Law Firm, Clifton Park, NY, for Shawn R. Glans, Employee of Saratoga County Sheriff's Dept., defendant.

Michael M. Emminger, Pacer, Buttridge Law Firm, Albany, NY, for James D. Bowen, Sheriff of Saratoga County, defendant.

Michael M. Emminger, for Saratoga County Sheriff's Department, defendant.

Michael M. Emminger, for County of Saratoga, defendant.

James M. Brooks, Office of James M. Brooks, Lake Placid, NY, for Town of Wilton, consolidated defendant.

Robert E. Ganz, Ganz, Wolkenbreit Law Firm, Albany, NY, for William Henderson, movant.

Robert E. Ganz, for Christopher Calder, movant.

Robert E. Ganz, for Upstate Neurology Consultants, LLP, movant.

John H. Pennock, Pennock, Breedlove Law Firm, Clifton Park, NY, for Shawn R. Glans, cross-claimant.

Michael M. Emminger, Pacer, Buttridge Law Firm, Albany, NY, Pennock, Breedlove Law Firm, Clifton Park, NY, for James D. Bowen, cross-claimant.

Michael M. Emminger, (See above), for Saratoga County Sheriff's Department, cross-claimant.

MEMORANDUM-DECISION AND ORDER

HOMER, Magistrate J.

**\*1** Presently pending is the motion of defendants for an order precluding the supplemental reports of two of plaintiffs' expert witnesses and the testimony of a treating physician concerning issues related to life expectancy and to conscious pain and suffering. For the reasons which follow, that motion is granted in part and denied in part.

I. Background

On March 28, 1996, a vehicle operated by plaintiff Douglas H. McEachron collided with a Saratoga County Sheriff's Department vehicle operated by defendant Shawn R. Glans on a road in the Town of Wilton. Douglas McEachron suffered catastrophic injuries and has remained comatose since the accident. In 1996, plaintiffs commenced an action against various Saratoga County defendants. That action was later dismissed on motion of the defendants. *McEachron v. Glans,* 983 F.Supp. 330 (N.D.N.Y.1997)(*"McEachron I"* ). Plaintiffs

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 1999 WL 33597331 (N.D.N.Y.)  
**(Cite as: 1999 WL 33597331 (N.D.N.Y.))**

Page 2

commenced a separate action against the Town of Wilton. *McEachron v. Town of Wilton,* No. 97-CV-885 (DRH)*("McEachron II"* ). After dismissal of *McEachron I,* plaintiffs commenced a third action against both the Saratoga County defendants and the Town of Wilton. *McEachron v. Glans,* No. 98-CV-17 (LEK/DRH)*("McEachron III"* ).

In an order filed October 8, 1998, *McEachron II* and *McEachron III* were consolidated for all purposes pursuant to Fed.R.Civ.P. 42(a) with *McEachron III* designated as the "Lead Case" and *McEachron II* as the "Member Case." Docket No. 19. [FN1] A Uniform Pretrial Scheduling Order ("UPSO") pursuant to Fed.R.Civ.P. 16(b) had been entered in *McEachron II* on January 12, 1998 which established a schedule for completion of the case. Docket No. 6 (*McEachron II* ). On October 7, 1998, a conference was held with the district court during which the deadlines in the UPSO were extended. Defendants were directed to serve any expert reports on or before November 30, 1998, discovery was to be completed on or before January 15, 1999, dispositive motions were to be filed on or before February 1, 1999, and the trial was scheduled to commence on March 8, 1999. Docket No. 19 & Docket No. 12 (*McEachron II* ). The district court's amendments of the UPSO made no adjustment in the deadline for disclosure of rebuttal expert witnesses by the plaintiffs. *See* UPSO, ¶ 6(a)(4) (rebuttal expert witnesses must be disclosed no later than thirty days prior to the close of discovery). Thus, plaintiffs were required to disclose any rebuttal experts on or before December 15, 1998.

> FN1. Unless otherwise indicated, references are to the docket for *McEachron III.*

Defendants served their expert witness report prior to November 30, 1998. After December 15, 1998, plaintiffs sought leave to serve a rebuttal expert report and a telephone conference was held with counsel for all parties on December 29, 1998. Although disclosure was untimely under the UPSO, leave was granted plaintiffs to serve a rebuttal expert report on or before January 11, 1999. Docket No. 12 (*McEachron II* ). Plaintiffs then served defendants with *two* rebuttal expert reports, defendants requested preclusion on the ground that the service of two reports exceeded the leave granted plaintiffs, and conferences were held with counsel on January 28 and February 2, 1999. Following those conferences, an order was entered limiting plaintiffs to one rebuttal expert witness and plaintiffs elected to serve the rebuttal expert witness report of Dr. Strauss. Docket No. 49.

*2 Thereafter, plaintiffs served supplemental expert reports for Mark Dentinger, M.D., and William Burke, Ph.D. Both supplemental reports addressed the issues of life expectancy and conscious pain and suffering. In a letter to defendants' counsel dated February 4, 1999, plaintiffs also advised that an unidentified treating physician would also be testifying as to Douglas McEachron's life expectancy and conscious pain and suffering. At a conference with counsel for all parties on February 9, 1999, plaintiffs identified the treating physician as Dr. Sullivan. Presently pending is defendants' motion to preclude (1) the supplemental reports of Drs. Dentinger and Burke, and (2) the testimony of Dr. Sullivan as to life expectancy and conscious pain and suffering.

II. Discussion  
A. Supplemental Expert Witness Reports  
Defendants contend that the supplemental expert reports were both improper in content and untimely. As to their content, it appears from the record that plaintiffs timely served expert reports for both Drs. Dentinger and Burke. The report of Dr. Dentinger addressed both life expectancy and conscious pain and suffering. The report of Dr. Burke addressed only conscious pain and suffering. These experts reexamined Douglas McEachron on or about January 30 and 31, 1999 and then supplemented their original reports based on these examinations.

An expert witness may properly supplement a report "to include information thereafter acquired...." Fed.R.Civ.P. 26(e)(1). A supplemental report may not, however, address new issues not contained in the original report. *See Keener v. United States,* 181 F.R.D. 639, 641 (D.Mont.1998); *Congressional Air. Ltd. v. Beech Aircraft Corp.,* 176 F.R.D. 513, 516 (D.Md.1997); *see also Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 324 (5th Cir.1998), *cert. denied,* ___ S.Ct. ___, 1999 WL 8053 (Jan 11., 1999) ("The purpose of supplementary disclosures is just that--to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline."). Here, the supplemental report of Dr. Dentinger in all respects and that of Dr. Burke as to conscious pain and suffering properly supplemented their original reports on those issues based on the January 1999 examinations. However, Dr. Burke's supplemental report improperly addressed for the first time the issue of life expectancy. Therefore, defendants' motion to preclude the supplemental report of Dr. Dentinger is denied on this ground, the motion as to

Not Reported in F.Supp.2d    Page 3
Not Reported in F.Supp.2d, 1999 WL 33597331 (N.D.N.Y.)
**(Cite as: 1999 WL 33597331 (N.D.N.Y.))**

Dr. Burke is denied as to that portion of his supplemental report addressing the issue of conscious pain and suffering, and the motion as to Dr. Burke is granted as to that portion of his supplemental report addressing the issue of life expectancy.

As to timeliness, the supplemental reports were served prior to February 8, 1999. Under Fed.R.Civ.P. 26(e)(1), which incorporates by reference Rule 26(a)(3), such supplemental reports must be served at least thirty days before the commencement of trial. *Grassi v. Information Resources, Inc.,* 63 F.3d 596, 603 (7th Cir.1995); *Gem Realty Trust v. First Nat'l Bank of Boston,* No. Civ.-93-606, 1995 WL 136874, at *1 (D.N.H. Mar. 27, 1995). At that time the trial was scheduled to commence on March 8, 1999. The service of the supplemental reports by plaintiffs was, therefore, timely.

**\*3** Defendants have requested leave to depose Drs. Dentinger and Burke on their supplemental reports and, if necessary, to supplement the reports of their own experts or serve the reports of new experts. Good cause appearing for that request, the UPSO is hereby amended as follows:

1. The depositions of Drs. Dentinger and Burke concerning their supplemental reports shall be completed on or before March 26, 1999;

2. Defendants shall serve the supplemental report of any of its expert witnesses or the reports of any expert witnesses in response to the supplemental reports of Drs. Dentinger or Burke on or before April 30, 1999;

3. The depositions of any expert witnesses whose reports are served pursuant to paragraph 2 above shall be completed on or before May 21, 1999; and

4. The date for commencement of trial is hereby adjourned to June 21, 1999 at 9:30 a.m. in Albany.

### B. Treating Physician

Early in the discovery phase, plaintiffs responded to a discovery demand from defendants by identifying approximately twelve physicians who had rendered treatment to Douglas McEachron and whom plaintiffs might call as witnesses at trial. The medical records for all such treatments were also provided. Dr. Sullivan was identified by plaintiffs among the treating physicians and the medical records of his treatments were provided. It appears from the conference on February 9, 1999 that the medical records from Dr. Sullivan made no reference to opinions concerning Douglas McEachron's life expectancy or his conscious pain and suffering. Defendants did not seek to depose Dr. Sullivan prior to the close of discovery and plaintiffs did not otherwise identify Dr. Sullivan as an expert witness.

After the orders of December 30, 1998 and February 2, 1999 limiting plaintiffs to one expert witness on the issue of life expectancy, and after service of the supplemental reports of Drs. Dentinger and Burke, plaintiffs advised defendants in a letter dated February 4, 1999 that an unnamed treating physician would offer testimony concerning Douglas McEachron's life expectancy and his conscious pain and suffering. On February 9, 1999, that physician was identified for the first time as Dr. Sullivan. Defendants have moved to preclude Dr. Sullivan from testifying as to Douglas McEachron's life expectancy and conscious pain and suffering.

The testimony of a treating physician is not governed by the disclosure requirements of Fed.R.Civ.P. 26(a) or the UPSO provisions for expert witnesses as to matters within the normal scope of the physician's treatment of the patient. *See Salas v.. United States,* 165 F.R.D. 31, 33 (W.D.N.Y.1995); *but see* N.D.N.Y.L.R. 26.3 ("If a treating physician is expected to be called as a witness, he or she must be identified in accordance with the timetable provided in the Uniform Pretrial Scheduling Order or other court order.") (effective Jan. 1, 1999); UPSO, ¶ 6(a)(4) (encouraging but not requiring production of report from treating physician who will be called to testify at trial in same manner as for other expert witnesses). There is no question that plaintiffs timely identified Dr. Sullivan as a treating physician who might be called as a witness at trial. The question presented here is whether that testimony may include his opinions on Douglas McEachron's life expectancy or conscious pain and suffering.

**\*4** A treating physician may properly testify at trial to matters which occurred within the normal scope of treatment. *See Heller v. Shaw Indus., Inc.,* No. 97-1735, ___ F.3d ___, 1999 WL 44822, at *18 n. 8 (3d Cir. Feb. 3, 1999); *Litman v. George Mason Univ.,* 5 F.Supp.2d 366, 378 (E.D.Va.1998). Because treatment ordinarily includes determinations of the cause of injuries and the patient's prognosis, the testimony of a treating physician as to opinions on such issues will generally be permitted. *See Shapardon v. West Beach Estates,* 172 F.R.D. 415, 416-17 (D.Haw.1997). However, where the opinion of a treating physician derives from information or concerns matters obtained outside the scope of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 4
Not Reported in F.Supp.2d, 1999 WL 33597331 (N.D.N.Y.)
**(Cite as: 1999 WL 33597331 (N.D.N.Y.))**

treatment, a treating physician may become subject to the report requirement of Rule 26(a)(2)(B) and, if a report is not timely served, such opinion testimony of a treating physician may be precluded. *Id.; Salas v. United States,* 165 F.R.D. 31, 33 (W.D.N.Y.1995). "The determining issue is the scope of the proposed testimony." *Wreath v. United States,* 161 F.R.D. 448, 449 (D.Kan.1995).

Here, plaintiffs propose to question Dr. Sullivan *inter alia* concerning Douglas McEachron's life expectancy and conscious pain and suffering. Defendants' motion presents the issues whether such testimony derives from observations by Dr. Sullivan during his treatment of Douglas McEachron or from other sources, and whether Dr. Sullivan's opinions on those issues occurred within the normal scope of his treatment of Douglas McEachron. Dr. Sullivan has not yet been deposed in these cases. Thus, the record does not indicate the source of Dr. Sullivan's opinions on those issues. Moreover, while the recollection of counsel at the February 9 conference was that the records of Dr. Sullivan's treatment of Douglas McEachron contain no references to any observations related to life expectancy or conscious pain and suffering, those records have not been reviewed or provided here. A determination of the propriety of Dr. Sullivan's testimony as to life expectancy and conscious pain and suffering cannot be made on the present record.

Given the adjourned trial date established herein, sufficient time now exists for the deposition of Dr. Sullivan to be taken and for the records to be reviewed to determine if they contain any reference to life expectancy or conscious pain and suffering. Accordingly, because the present record is inadequate to determine defendants' motion and because adequate time now exists before trial to establish that record, defendants' motion to preclude Dr. Sullivan from testifying as to his opinions on Douglas McEachron's life expectancy and conscious pain and suffering is denied without prejudice to renewal after the deposition of Dr. Sullivan and the review of medical and any other appropriate records.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that:

1. The motion of defendants to preclude the supplemental expert report of Dr. Dentinger is DENIED;

*5 2. The motion of defendants to preclude the supplemental expert report of Dr. Burke is GRANTED as to the issue of life expectancy and DENIED as to the issue of conscious pain and suffering;

3. The motion of defendants to preclude the testimony of Dr. Sullivan as to life expectancy and conscious pain and suffering is DENIED without prejudice; and

4. The UPSO is amended as follows:

A. The depositions of Drs. Dentinger and Burke concerning their supplemental reports shall be completed on or before March 26, 1999;

B. Defendants are granted leave to take the deposition of Dr. Sullivan on or before March 26, 1999;

C. Defendants shall serve the supplemental report of any of its expert witnesses or the reports of any expert witnesses in response to the supplemental reports of Drs. Dentinger or Burke on or before April 30, 1999;

D. The depositions of any expert witnesses whose reports are served pursuant to paragraph 2 above shall be completed on or before May 21, 1999;

E. The date for commencement of trial is hereby adjourned to June 21, 1999 at 9:30 a.m. in Albany; and

F. The UPSO, as amended, remains in full force and effect in all other respects.

IT IS SO ORDERED.

Not Reported in F.Supp.2d, 1999 WL 33597331 (N.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 1:98cv00017 (Docket) (Jan. 06, 1998)

• 1:97cv00885 (Docket) (Jun. 24, 1997)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.