UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI McCULLOCH | : CIVIL ACTION NO. 301CV1115(AHN) |
|     Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| HARTFORD LIFE AND ACCIDENT | : |
| INSURANCE COMPANY AND EDUCATORS | : |
| MUTUAL LIFE INSURANCE COMPANY | : |
|     Defendants. | : JANUARY 30, 2006 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
OBJECTION TO SUPPLEMENTAL REPORT OF DR. KETROSER
AND MOTION TO PRECLUDE TESTIMONY**

I. **INTRODUCTION**

At 7:04 pm on January 24, 2006 – less than two weeks before trial - defendants submitted what they characterized as a "Supplemental Report," by Dr. Ketroser. Plaintiff respectfully requests that the court preclude this untimely "Supplemental Report," and Dr. Ketroser's testimony on the topics discussed in that report, on the ground that the report is untimely and, as explained herein, improperly expands the scope of Dr. Ketroser's testimony and opinions beyond those previously disclosed.

II. **ARGUMENT**

   A. **LEGAL STANDARDS**

Pursuant to the Court's scheduling order, and Federal Rule of Civil Procedure 26(a)(2)(B), defendants were required to produce "a complete statement of all opinions to be expressed and the basis and reasons therefore" of their expert witnesses by August 30, 2003 at the latest. While the Federal Rules authorize a party to supplement its initial expert report, this authorization "is

1

not intended to provide an extension of the reporting deadline." McEachron v. Glans, 1999 WL 33597331 (N.D.N.Y. February 24, 1999) (attached).  A supplemental report may not address new issues, express opinions on evidence that was available at the time of the initial disclosure, or advance new theories.  Id., citing, F.R.C.P. 26(e)(1); Keener v. United States, 181 F.R.D. 639, 641 (D.Mont. 1998); Congressional Air Ltd. v Beech Aircraft Corp., 176 F.R.D. 513, 516 (D.Md. 1997); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998), cert. denied, 1999 WL 8053 (January 11, 1999) ("The purpose of supplementary disclosures is just that--to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline.").   Id.; Keener, supra; Congressional Air, Ltd., supra.

    Moreover, even where a party is permitted to submit a supplemental report, the federal rules require the party to disclose, at least 30 days prior to trial – which in this case was January 6, 2006 - "any additions or other changes" to the initial report.  F.R.C.P. 26(e)(1).  "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) **shall not**, unless such failure is harmless, be permitted to use as evidence at a trial . . . information not so disclosed." F.R.C.P. 37(c)(1) (emphasis added).

    In his case, the report is not a "supplemental" report authorized by Federal Rule 26(e)(1). Even if the report qualified as a "supplemental" report, there is no justification for defendants' failure to file the report in a timely fashion and their failure to do so is extremely prejudicial to plaintiff.

**B. THE REPORT IS NOT A "SUPPLEMENTAL" REPORT AUTHORIZED BY FEDERAL RULE 26(e)(1)**

Dr. Ketroser's new report is not a permissible "supplemental" report because it (1) contains opinions and raises new issues regarding documents that were available at the time of the initial report; and (2) advances new theories after the initial disclosure deadline. As the court in Congressional Air, supra, explained, such purported "supplementation" is impermissible because it constitutes a "trial by ambush," which "is precisely what the 1993 revision of the Federal Rules is attempting to eliminate." Id., at 516.

**1. DR. KETROSER'S RECENT REPORT DISCLOSES NEW OPINIONS AND ADDRESSES NEW ISSUES, BASED ON DOCUMENTS AVAILABLE AT THE TIME OF HIS INITIAL REPORT**

Dr. Ketroser's recently disclosed report contains opinions regarding the information contained in the following documents, all of which were not only available to Dr. Ketroser at the time of his initial report, but which he listed as documents within his possession at the time he wrote the initial report:

    a.   Opinions Regarding the Social Security Disability Award

In his initial report, Dr. Ketroser did not express any opinion on the Administrative Law Judge's ("ALJ") opinion awarding plaintiff social security disability benefits, although this decision was not only available to Dr. Ketroser at the time of his initial report, but he admittedly reviewed the decision before he wrote the initial report. In the new report, however, Dr. Ketroser attacks the ALJ's decision and conclusions. Dr. Ketroser did not opine on these subjects in his initial report and the there is no justification for his failure to do so.

3

      b.   <u>Opinions Regarding The Procedures Plaintiff Has Undergone</u>

In his initial report, Dr. Ketroser did not express any opinion on the epidural steriod injections, discogram, and intradiscal electrotherapy (IDET) that plaintiff underwent before the September 2003 report, which were documented in plaintiff's medical records and alleged in her First Amended Complaint, which Dr. Ketroser listed as a document that he reviewed prior to writing his report. In the new report, Dr. Ketroser opines regarding each of these procedures, including by expressing an opinion challenging the validity of the IDET as a "treatment modality." These are precisely the types of opinions that defendants were obligated to disclose to plaintiff in the initial report so that plaintiff would have sufficient time to obtain rebuttal opinions and evidence. There is no justification for Dr. Ketroser's failure to disclose these opinions in this initial report as the procedures, plaintiff's records regarding the procedures, and plaintiff's assertion that these procedures supported her claims in this case were all disclosed before Dr. Ketroser's initial report.[1]

      c.   <u>Untimely Rebuttal of The Expert Reports of Mary Fuller and Dr. Stanton</u>

Plaintiff disclosed the expert reports of Dr. Stanton and Mary Fuller before defendants submitted the initial expert report of Dr. Ketroser. Defendants were required to include opinions regarding these reports in their initial expert reports or, at a minimum, to submit any rebuttal reports within 30 days after receiving plaintiff's experts' reports. Dr. Ketroser did not address the reports of either of these individuals in his initial report. In the newly filed report, however, Dr. Ketroser includes opinions purporting to rebut statements contained in Dr. Stanton and Ms. Fuller's reports. This is a blatant attempt to file an untimely rebuttal report under the guise of a

---

[1] Furthermore, Dr. Ketroser failed to provide the data considered by him in forming his opinion challenging the IDET procedure, as required by F.R.C.P. 26 (a)(a)(B).

4

supplemental report, which the court should not permit. Equant v. Integrations Services, Inc. v. United Rentals (North America), Inc., 217 F.R.D. 113 (D.Conn. 2003) (JBA).

        d.   Opinion Regarding Myofacial Pain Syndrome

Plaintiff's expert, Dr. Arnold, opined in his initial report that plaintiff suffered from myofacial pain syndrome. Dr. Ketroser admittedly had this report at the time he submitted his *initial* report in August 2003, but failed to address this diagnosis in any way. In his new report, however, Dr. Ketroser not only challenge the diagnosis, but purports to opine regarding the scientific validity of this syndrome. There is no justification for Dr. Ketroser's failure to include this opinion in his initial report and plaintiff is severely prejudiced by the failure to disclose this challenge sooner, so that she could prepare rebuttal evidence and testimony on this topic.

    **2.   DR. KETROSER'S REPORT ADVANCES NEW THEORIES**

In addition to expressing opinions on topics never previously disclosed, Dr. Ketroser's new report advances an entirely new theory and new opinions based on the new theory. Specifically, Dr. Ketroser now advances the theory that there are only three "categories" of "reasons to give activity restrictions," and expresses the new opinion that pain is not a legitimate basis for a restriction on activity. This new theory and opinion is not based on any evidence, nor does it purport to be based on any evidence, that was not available to Dr. Ketroser at the time of his initial report. Disclosing this new theory and opinions based thereon less than 2 weeks before trial is highly prejudicial to plaintiff as plaintiff has not had time to develop rebuttal evidence and testimony, or even to inquire whether this theory has any scientific basis whatsoever or is simply an idea that Dr. Ketroser developed for the defendant in this case.

Moreover, Dr. Ketroser's newly disclosed theory and opinions are, in reality, improper legal conclusions – *viz*. that an individual can only be found to be "unable to perform the

5

material and substantial duties" of her occupation within the meaning of the disability policy by presenting objective evidence of an actual physical limitation, and that pain is not sufficient to render an individual disabled within the meaning of the insurance policy.  Not only is the interpretation and application of the policy terms a question of law for the Court, and not only was Dr. Ketroser never disclosed as a legal expert, but this court and the Second Circuit have specifically rejected Dr. Ketroser's newly disclosed theory and opinions as a matter of law.  See e.g. Durr v. Metropolitan Life Ins. Co. 15 F.Supp.2d 205 (D.Conn. 1998) (GLG); Quigly v. UNUM Life Ins. Co. of America, No. 3:02CV1083 (D.Conn. October 12, 2004) (DJS) (rejecting the assertion that the claimant's physician had no basis to restrict activities based on subjective complaints of pain, and that subjective complaints, in the absence of objective evidence of etiology of the disabling systems, was insufficient to establish a right to disability insurance payments, stating that "[t]he Court of Appeals for the Second Circuit has stated the following with respect to the relevance of a claimant's complaints of pain:  'It has long been the law of this Circuit that the subjective element of pain is an important factor to be considered in determining disability. Mimms v. Heckler, 750 F.2d 180, 185 (2d Cir. 1984). While a district court . . . is not required to accept such complaints as credible, . . . **it cannot dismiss complaints of pain as legally insufficient evidence of disability**. . . .' Connors v. Connecticut General Life Ins. Co., 272 F.3d 127, 136 (2d Cir. 2001) (citations omitted)").

6

**B.    EVEN IF THE REPORT WAS A "SUPPLEMENTAL" REPORT WITHIN THE MEANING OF THE FEDERAL RULES, IT IS UNTIMELY AND PREJUDICIAL**

The Court should preclude defendants from presenting the supplemental report and the opinions contained therein even if the report was a supplemental report within the meaning of F.R.C.P. 26(e)(1) because there is no justification for defendants' failure to submit the report earlier, and its admission would be highly prejudicial to plaintiff for the reasons set forth above. See McEachron, supra; F.R.C.P. 37(c)(1).

```
                                        PLAINTIFF,
                                        CANDI MCCULLOCH



                                  By    /s/    John J. Robacynski
                                        John J. Robacynski
                                        Fed. Bar No. (ct15636)
                                        GERSTEN CLIFFORD & ROME, LLP
                                        214 Main Street
                                        Hartford, CT   06106
                                        (860) 527-7044
                                        Her Attorney
```

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was faxed and mailed, via regular U.S. Mail, postage prepaid, on February 1, 2006 to all counsel and pro se parties of record, as follows:

Roberta J. Sharp, Esq.
Jessica Spangler Taylor, Esq.
Barry A. Chasnoff, Esq.
Akin Gump Strauss Hauer & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205
*Tel: 210-281-7146*
*Fax: 210-224-2035*

Donald E. Frechette, Esq
Joshua L. Milrad, Esq.
Charles F. Gfeller, Esq.
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
*Tel: (860) 525-5065*
*Fax: (860) 527-4198*

                                              /s/     John J. Robacynski

                                                  John J. Robacynski