UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CANDI MCCULLOCH, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:01CV1115 (AHN) |
| v. | : | |
| | : | |
| HARTFORD LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY and | : | |
| EDUCATORS MUTUAL LIFE | : | |
| INSURANCE COMPANY, | : | |
| | : | February 16, 2006 |
| Defendants. | : | |

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S AND EDUCATORS' MUTUAL LIFE INSURANCE COMPANY'S SECOND AMENDED COUNTERCLAIMS**

Hartford Life and Accident Insurance Company ("Hartford") and Educators Mutual Life Insurance Company ("Educators") (together "Counterclaim Plaintiffs") allege as follows:

**COUNT I (Fraud)**

1. On or about December 6, 1995, Plaintiff Candi McCulloch ("McCulloch") was insured under the Policy.

2. In order for McCulloch to be eligible for benefits under the Policy, she must be "Totally Disabled" as defined by the Policy.

3. McCulloch made numerous false representations to Hartford and Educators in order to induce them to approve her claim for disability benefits and to continue to pay these disability benefits. McCulloch's false representations include, but are not limited to the following:

  a. In her Application for Continuation of Disability Benefits, dated April 2, 1996, McCulloch represented to Educators that she was "very limited regarding ability to lift, sit at desk, bend, exercise, take care of kids, etc."

  b. In a December 15, 1997 letter to John Craft at Educators, McCulloch represented that she was suffering from chronic pain and was seeking treatment that had not reduced her pain.

  c. On July 18, 2000, McCulloch represented to Joseph Sterle at Hartford that she suffered from chronic pain and was unable to function in the workplace.

  d. In her January 18, 2000 Claimant Questionnaire, McCulloch represented to Hartford that her chronic pain "affects every aspect of my life and makes me unable to perform the duties of my specialty of internal medicine." She further stated that "the pain of my neck pathology restricts me in all activities."

  e. In her April 23, 2000 Personal Profile Evaluation, McCulloch represented to Hartford that she did not perform housework, that she does not perform lawn care, that she has difficulty sitting for extended periods of time, and that her pain limits and restricts all of her ordinary physical activities.

  f. On September 8, 2000, McCulloch represented to Hartford that she could not dance, that pain prevents her from returning to work, that she cannot perform any of the duties of her occupation, and that she is in constant pain.

  4. McCulloch knew these representations to be false when made, and made them with the intent to deceive Counterclaim Plaintiffs and to induce them to pay long-term disability benefits to her.

5. Disability benefits were paid to Plaintiff from October 3, 1995 until August 14, 2000 based on Counterclaim Defendant's representations to both Hartford and Educators that she was disabled when, in actuality, she was not, and, in fact, she has engaged in a fraudulent course of conduct to obtain disability benefits to which she was not entitled.

6. By reason of the foregoing, Counterclaim Plaintiffs seek to recover the long-term disability benefits paid to McCulloch under the policy. Pursuant to paragraph 10.3.4. of the Reinsurance Agreement between Hartford and Educators, Hartford is subrogated to Educators' rights to the extent of costs incurred by Hartford in connection with this lawsuit. Counterclaim Plaintiffs also seek to recover interest, costs and attorney's fees.

**COUNT II (Unjust Enrichment)**

7. Counterclaim Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 21 as though more fully set forth herein.

8. McCulloch was not entitled to receive long-term disability benefits for that period of time during which she was not Totally Disabled as defined by the Policy but was receiving long-term disability benefits.

9. McCulloch has wrongfully failed, refused and/or neglected to return the amounts due and owing, and Counterclaim Plaintiffs have been damaged as a result.

10. McCulloch has been unjustly enriched by virtue of her retention of disability benefits to which she was not entitled.

WHEREFORE, Counterclaim Plaintiffs respectfully request that this Court enter judgment in their favor, together with costs, legal fees and all further relief this Court deems just and proper.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD L.L.P.

By: _____
Barry A. Chasnoff (ct11762)
Roberta J. Benson (ct24407)
Jessica S. Taylor (ct24408)
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

- and -

Donald E. Frechette (ct 08930)
EDWARDS & ANGELL, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANTS
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY

## CERTIFICATION OF SERVICE

This is to certify that on the 10th day of February, 2006, a copy of Hartford Life And Accident Insurance Company's And Educators' Mutual Life Insurance Company's Second Amended Counterclaims was mailed, via facsimile and certified mail return receipt requested to:

Eliot B. Gersten
Gersten & Clifford
214 Main Street
Hartford, CT 06106

_____
Jessica Spangler Taylor

5868649                                                 5