Page 1

1                   UNITED STATES DISTRICT COURT

2                     DISTRICT OF CONNECTICUT

3                          (BRIDGEPORT)

4

5    CANDI MCCULLOCH,              )

6         Plaintiff,              )

7    VS.                          )   Case No. 3:01CV1115(AHN)

8    HARTFORD LIFE AND ACCIDENT)

9    INSURANCD COMPANY and        )

10   EDUCATORS MUTUAL LIFE        )

11   INSURANCE COMPANY,           )

12        Defendants.             )

13

14

15                                    ORIGINAL

16

17        DEPOSITION OF DR. JULIE STANTON, a witness called on

18   behalf of the Defendants, taken pursuant to the Connecticut

19   Rules of Civil Procedure, before Esmeralda Guzman, a

20   Certified Shorthand Reporter and Notary Public in and for

21   the Commonwealth of Massachusetts, taken at Hadley Family

22   Practice, 234 Russell Street, Hadley, Massachusetts, on

23   Monday, January 30, 2006, commencing at 1:43 p.m.

24

1    A.  Had she ever had a neurological exam that tested

2    her sensation in her buttocks?

3    Q.  Yes.

4    A.  I don't know.  You know, there's fifty pages in

5    here.  I probably have to go through everything to find

6    that.

7    Q.  So without looking through all her records --

8    A.  I don't remember.

9    Q.  So you don't know whether Dr. Norris's statement

10   is based on something that Dr. McCulloch told him about

11   having numbness in the buttocks or whether it was something

12   that was shown objectively in testing?

13   A.  I don't know.  I think you'd have to ask him.

14   Q.  Okay.  And the frequent position changes that

15   Dr. McCulloch would display in your office, obviously

16   that's movement that she controls.  Is that correct?

17   A.  Yes.

18   Q.  So you would not know for sure whether in fact she

19   actually needed to change her positions without just

20   believing what she was saying?

21   A.  Right.

22   Q.  Okay.  And then if we turn to the second page of

23   that social security document, under Roman numeral one, it

24   says, "Description of ranges of motion limitation, sensory,

1   you started treating Dr. McCulloch?

2       A.  Yes.

3       Q.  So the several weeks of bedrest, is that just

4   something she told you she experienced after having the

5   procedure?

6       A.  I don't remember if it's in the old records or if

7   she told me.  It could be in the old records.  I'd have to

8   look, but I don't remember.

9       Q.  But you would have no way of verifying she

10  actually had several weeks of bedrest after this procedure?

11      A.  No, no, but I know that that's an extremely

12  painful procedure and it's more painful than having

13  surgery.

14      Q.  Why is that?

15      A.  Because you're essentially burning someone's spine

16  and it takes a long time to heal.  So my knowledge of that

17  procedure is that it's very painful and it's not unusual

18  for people to have to be in bed for several weeks

19  recuperating and taking pain medication after that.

20      Q.  But are there some people who react to it better

21  and do not have that kind of recovery time?

22      A.  There could be.

23      Q.  Okay.  So but you don't know personally whether

24  she actually had to have several weeks of bedrest to

1    recover?

2        A.  Only what's in the records and what she told me.

3        Q.  Okay.  Actually, could you take a second and see

4    if you see anything in the records that indicate?

5            MR. CLIFFORD:  As it relates to what?

6        Q.  (By Ms. Taylor)  Whether the bedrest or the

7    increased pain medication.  Do you recall who did the IDET

8    procedure for her?

9        A.  Yeah.  Ronald Paasch.

10       Q.  And do you have --

11       A.  At Mercy Hospital in Springfield.

12       Q.  And do you have records from Dr. Paasch that

13   Dr. McCulloch --

14       A.  No.  I'll look.  I don't think so.  No, I can't

15   find it.

16       Q.  Okay.  So you don't see anything in her medical

17   records that indicated that she had to have several weeks

18   of bedrest and increased pain medication?

19       A.  No.

20       Q.  So based on that, do you think it was what she

21   told you that she had to have several weeks of bedrest?

22       A.  I don't remember.  No, I don't remember.  It was

23   too long ago for me to remember.

24       Q.  But based on the lack of medical records that

Page 112

1    COMMONWEALTH OF MASSACHUSETTS

2    HAMPDEN, SS.

3

4        I, Esmeralda Guzman, a Certified Shorthand

5    Reporter and Notary Public in and for the Commonwealth of

6    Massachusetts, do hereby certify that the foregoing

7    transcript of the deposition of Dr. Julie Stanton, having

8    previously been sworn on January 30, 2006, is true and

9    accurate to the best of my knowledge, skill, and ability.

10        I further certify that I am not a relative or

11   employee or attorney or counsel of any of the parties

12   hereto, nor am I a relative or employee of such attorney or

13   counsel; nor do I have any interest in the outcome or

14   events of this action.

15        IN WITNESS WHEREOF, I have hereunto set my hand

16   and seal this 31st day of January 2006.

17

18                              *Esmeralda Guzman*

19                              ESMERALDA GUZMAN

20

21   My Commission Expires:

22   February 11, 2011

23

24

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

```
- - - - - - - - - - - - - - - - -X
CANDI McCULLOCH,                   :
                PLAINTIFF          :
                                   :
VS.                                :
                                   :
HARTFORD LIFE AND ACCIDENT         :
INSURANCE COMPANY and EDUCATORS    :
MUTUAL LIFE INSURANCE COMPANY,     :
                DEFENDANTS         :
- - - - - - - - - - - - - - - - -X
```

Civil Action No. 3:01 CV 1115 (AHN)



COPY




           Deposition of LLOYD SABERSKI,
M.D., taken at the offices of Yale-New
Haven Medical at Long Wharf, 150 Sargent
Drive, New Haven, Connecticut, before
Clifford Edwards, LSR, Connecticut License
No. SHR.407, a Professional Shorthand
Reporter and Notary Public, in and for the
State of Connecticut on January 27, 2006,
at 10:16 a.m.



       DEL VECCHIO REPORTING SERVICES, LLC
        PROFESSIONAL SHORTHAND REPORTERS
               117 RANDI DRIVE
             MADISON, CT  06443

HARTFORD            NEW HAVEN            STAMFORD

1  initial intake is she's retired, and I did not

2  pursue it further.

3      Q    So you don't have any knowledge other than

4  what's in your notes?

5      A    No.

6      Q    And your knowledge about whether she works

7  or doesn't work or her work history, that's all --

8  your only basis for that is what she's told you in

9  exam?

10     A    In history.

11     Q    In history?

12     A    Yes.

13     Q    Between the time that Dr. McCulloch first

14  came to you and the present day, have you been able

15  to reduce the medications that she's taking for

16  pain?

17     A    Well, I can't recall the details of my

18  care but, in general, I believe we have stabilized

19  them and put her on a structured program.

20         I, again, I would have to check my list.

21     Q    Let me refer you to a section of your

22  records entitled "Meds" and -- I'll wait for you to

23  have a chance to find that.

24     A    Well, what's stated there has been updated

25  June 13, 2005.

1    front of you?

2         A    Yes.

3              I have the most recent printout and the

4    first.

5         Q    If you wouldn't mind, Doctor, turn to the

6    discussions and the appointments in January and

7    February of 2004.

8         A    Okay.

9         Q    And you might want to take a moment --

10   what I want to ask you about is her complaint to you

11   of some -- in that time period, of some pain with

12   her coccyx.

13             Is that the correct pronunciation?

14        A    Yes.

15        Q    Tailbone.

16             Right?

17        A    Yes.

18        Q    And do you recall that general subject,

19   that she had come to you at one point and complained

20   of some problems with her coccyx?

21        A    I have no recollection whatsoever other

22   than what's in my notes.

23        Q    Do you want to take a moment and review

24   your notes, because I do have a question about that.

25             And it goes back to my hypothetical, but

1   about your assessments, you make those at the time.

2       Correct?

3   A   Yes.

4   Q   So if the records are in there, we can

5   assume that if it says x-ray is negative for

6   fracture, indeed you sent her for an x-ray and it

7   was negative for fracture.

8       Is that fair?

9   A   Yes.

10  Q   Okay.  Now, prior to that x-ray, you had

11  advised Dr. McCulloch that here are the things we

12  can do.  We can do an x-ray and we can do an

13  internal rectal exam.

14      And I note -- and I guess you can

15  certainly double-check your notes to confirm this --

16  but following the negative x-ray, there's no further

17  mention of this complaint.

18  A   That is correct.

19      I mean, I would have to read my whole

20  notes, but I believe that's correct.

21  Q   It doesn't come up again?

22  A   Correct.

23  Q   In the absence of that continuing

24  complaint, I note that, as a physician, you don't

25  say to Dr. McCulloch, "We really need to do that

CERTIFICATE

1

2        I hereby certify that I am a Notary Public,

3    in and for the State of Connecticut, duly

4    commissioned and qualified to administer oaths.

5        I further certify that the deponent named in

6    the foregoing deposition was by me duly sworn, and

7    thereupon testified as appears in the foregoing

8    deposition; that said deposition was taken by me

9    stenographically in the presence of counsel and

10   reduced to typewriting under my direction, and the

11   foregoing is a true and accurate transcript of the

12   testimony.

13       I further certify that I am neither of

14   counsel nor attorney to either of the parties to

15   said suit, nor am I an employee of either party to

16   said suit, nor of either counsel in said suit, nor

17   am I interested in the outcome of said cause.

18       Witness my hand and seal as Notary Public

19   this ___30th___ day of __January_____ , 2006.

20

21

22       _____

23       Clifford Edwards

24       Notary Public

25   My commission expires:  9/30/2006