UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CANDI McCULLOCH<br>　　Plaintiff, | §<br>§<br>§ | CIVIL ACTION NO.:<br>301CV1115(AHN) |
| vs. | §<br>§ | |
| HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY AND<br>EDUCATORS MUTUAL LIFE<br>INSURANCE COMPANY<br>　　Defendants. | §<br>§<br>§<br>§<br>§ | March 28, 2006 |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION TO LIMIT ISSUES TO BE TRIED

On or about January 30, 2006, Plaintiff filed a "Motion to Limit Issues to be Tried." By way of an email received from Plaintiff's counsel after the March 23, 2006, pretrial hearing, Defendants learned that Plaintiff intends to pursue this Motion. While not entirely clear that a written response is necessary, out of an abundance of caution Defendants file this response.

**A.    EVIDENCE THAT PLAINTIFF WAS ABLE TO PERFORM THE MATERIAL AND SUBSTANTIAL DUTIES OF HER OCCUPATION AT ANY TIME SHE CLAIMED SHE COULD NOT IS RELEVANT AND ADMISSIBLE IN THIS CASE.**

Plaintiff seeks to preclude evidence and testimony on the issue of whether Plaintiff was able to perform the material duties of her occupation between October 1995 and August 2000. This evidence is and always has been relevant to this lawsuit (regardless of the Court's ruling on Defendants' counterclaim) because it goes directly to Plaintiff's credibility.[1] Evidence tending to undermine the credibility and veracity of any witness is virtually always relevant and admissible at trial. It is of heightened relevance in this case, in which Plaintiff seeks benefits for a claimed disability that is utterly without objective evidence – even in the view of Plaintiff's own experts

– and the existence of which depends entirely upon Plaintiff's word. In a nutshell, this entire case comes down to whether the Court as factfinder does or does not accept as truthful Plaintiff's assertion that she is in too much pain, or too impaired by medications, to work as an administrator or as an internist. Nothing could be more relevant to this inquiry than Plaintiff's nature for truth-telling in circumstances where she has a pecuniary interest.

Contrary to Plaintiff's argument, Defendants' intent to offer evidence of Plaintiff's ability to perform the duties of her occupation between October 1995 and August 2000 in no way "increases the documents and testimony to be presented by both sides," for the simple reason that these documents and this testimony have always been the central issue in the case. Plaintiff's Second Amended Complaint asserts that

> "Between October, 1995, and the present, McCulloch undertook an intensive course of treatment in an attempt to minimize her pain and rehabilitate herself, which included over 200 visits to orthopedic surgeons, neurosurgeons, neurologists, rheumatologists, pain management physicians, oral surgeons and primary care physicians, a doctor of osteopathy, physiatrists, five physical therapy establishments and other therapeutic care givers, including chiropractic, massage therapy, acupressure, acupuncture, Reiki and others. Additionally, McCulloch has had several invasive procedures including epidural steroid injections, discograms and intradiscal-electrotherapy, at great discomfort, in an attempt to diminish her pain.[2]

From October 1995 through August 2000 (and continuing to the present date), Plaintiff has represented to her insurers and doctors that she is unable to perform the material and substantial duties of her occupation. Defendants are entitled to offer evidence that these

---

[1] It is precisely for this reason – that the veracity of Plaintiff's statements to her doctors and insurers throughout the course of her claimed disability is highly relevant and admissible – that Plaintiff cannot claim to have been prejudiced in her conduct of discovery by a counterclaim based upon these statements.

[2] In addition, Plaintiff's inclusion of exhaustive medical records dating back to 1989 on her Exhibit List belies her contention that Defendants' intent to challenge the credibility of Plaintiff's representations in these records somehow "increases the documents in the case." As Plaintiff intends to offer testimony about these documents; the testimony she contends is somehow improperly "increased" consists of any rebuttal Defendants would offer. Plaintiff is not entitled to offer evidence while limiting Defendants' ability to offer and elicit rebuttal evidence.

statements were false, as such evidence bears upon Plaintiff's credibility. Plaintiff's retained expert opined that she has not been able to perform the duties of her occupation since October 199, and he relied upon that representation in reaching his opinion in the case; Defendants are entitled to challenge the bases for his opinion. To this day, Plaintiff continues to relate her medical history to treating physicians such as Dr. Stanton, who in turn rely upon that history to support their conclusions regarding the nature and extent of Plaintiff's limitations; Defendants are entitled to challenge the bases for those conclusions.

Plaintiff relies upon statements by Educators and Hartford in the course of administering Plaintiff's claim as somehow estopping Defendants from offering evidence that Plaintiff's statements to these insurers were false. This amounts to the ludicrous argument that once an insurer evinces in writing that it has been fooled, it may not thereafter offer evidence that the statements and representations it fell for were indeed false. If that were the case, any false statement, once believed, would become inadmissible to show the speaker's propensity for falsehoods. One who commits fraud may not claim to have "detrimentally relied" upon its victim's having been taken in.

Plaintiff's reliance upon discovery requests and Defendants' responses is equally misplaced. In a gross mischaracterization, Plaintiff asserts that Hartford "*admitted* that plaintiff's medical records, at least through October 1996, 'showed that she was unable to perform the material and substantial duties of her occupation,'" citing Hartford's response to Interrogatory No. 18. Pltf. Motion to Limit at p. 3 (emphasis in original). Plaintiff's Interrogatory No. 18 (which is not a request to admit) asked Hartford to

> Identify the "evidence submitted" that "showed that" McCulloch was "unable to perform the material and substantial duties of her occupation" as stated on page 3 of [Hartford's] letter to McCulloch dated November 17, 2000.

By its terms, this request merely seeks the evidence Hartford was referring to in its November 17, 2000 letter – not the evidence developed in discovery in this case or intended to be offered at trial.

### B.   EVIDENCE THAT PLAINTIFF WAS OR IS GAINFULLY EMPLOYED AT ANY TIME SHE CLAIMED SHE WAS NOT IS RELEVANT AND ADMISSIBLE IN THIS CASE.

Plaintiff also seeks to exclude testimony that would show that Plaintiff is or was gainfully employed at any time, arguing that it "is not an issue in this case, nor has it ever been." For the same reasons set forth above, Plaintiff's view of the issues in the case is myopic. At the outset, this is a claim for total disability benefits under a policy whose definition of total disability includes "The member is not working in any gainful occupation." Plaintiff has the burden of proving that she is entitled to benefits under the policy and thus must unquestionably prove that she has not been working in any gainful occupation for any period of time she seeks to recover benefits.

Moreover, the representation that she was, in fact, unemployed is thus an implicit part of each and every claim for disability benefits Plaintiff has made since October 1995. Again, evidence of Plaintiff's nature for truth-telling in circumstances where she has a pecuniary interest is highly relevant and admissible; evidence of the veracity of those statements should be admitted at trial.

Contrary to Plaintiff's argument, Hartford's November 17, 2000, letter terminating Dr. McCulloch's benefits does not define the admissible evidence at trial. The business environment in which claims decisions are adjudicated, and communicated, is entirely distinct from the strictures of the Federal Rules of Evidence. Hartford's personnel did not have access to years of discovery relating to Plaintiff's credibility; more importantly, their role was to communicate a claim decision based on evidence supporting that decision in their possession at the time – not to challenge the insured's credibility before a neutral factfinder.

Plaintiff again mischaracterizes the discovery in this case in an effort to limit the evidence that may be offered by Defendants. Plaintiff's Request for Admission No. 5 asked: Hartford to "Admit that, *as of August, 2000*, McCulloch was not working in any gainful occupation." (Emphasis added.) By its terms, this request relates to a specific point in time (August 2000); Hartford responded on March 13, 2002, that it had "no present information that Plaintiff was working *in August 2000*, discovery is just commencing and therefore, after reasonable inquiry, the information known or readily available is insufficient to enable Hartford Life to admit or deny." (Emphasis added.) A party has a duty to supplement a request for admission only to the extent the additional or corrective information has not otherwise been made known to the other parties during the discovery process. F.R.C.P. 26(e). All the evidence upon which Hartford intends to rely at trial has been produced to Plaintiff.

For the foregoing reasons, Defendants respectfully ask the Court to deny Plaintiff's Motion to "Limit Issues to be Tried." Evidence that Plaintiff has been able to perform the material and substantial duties of her profession, or that she has been gainfully employed, at any time she has represented to her treating physicians or insurers that she could not bears directly upon her credibility when she makes the same representations to this Court.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD L.L.P.

By: *Roberta J Benson*
Barry A. Chasnoff (ct11162)
Roberta J. Benson (ct24407)
Jessica S. Taylor (ct24408)
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

- and -

Donald E. Frechette (ct 08930)
EDWARDS & ANGELL, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANTS
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent via *Overnight Mail* to the following attorney on the 28th day of March, 2006:

Eliot B. Gersten
Gersten Clifford & Rome, LLP
214 Main Street
Hartford, CT 06106
Phone (860) 527-7044
Facsimile (860) 527-4968

ROBERTA J. BENSON