UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI McCULLOCH | : CIVIL ACTION NO. |
| | : 301CV1115(AHN) |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| HARTFORD LIFE AND ACCIDENT | : |
| INSURANCE COMPANY AND EDUCATORS | : |
| MUTUAL LIFE INSURANCE COMPANY | : |
| Defendants. | : JANUARY 30, 2006 |

**PLAINTIFF'S OPPOSITION TO MOTION
TO EQUALIZE AND LIMIT TIME AND
MOTION TO LIMIT ISSUES TO BE TRIED**

I.  **INTRODUCTION**

Defendants have requested that the court limit the time for plaintiff's presentation of evidence to half of the time scheduled for trial. Defendants assert that this is necessary to ensure that they have sufficient time to present their "case in chief." Defendants, however, have caused the alleged conundrum of which they complain by, among other things, improperly expanding the scope of issues to be tried and by representing at the pre-trial conference setting the length of trial that their cases consisted solely of cross examination and 2-3 witnesses. As set forth herein, the court could easily resolve defendants' concerns by limiting the issues to be tried to those that are relevant to this lawsuit. Nevertheless, there is no justification for the court to try this case "on the clock."

II.    **THE COURT SHOULD LIMIT THE ISSUES TO BE TRIED**

    **A. THE COURT SHOULD PRECLUDE EVIDENCE AND TESTIMONY ON THE ISSUE OF WHETHER PLAINTIFF WAS ABLE TO PERFORM THE MATERIAL DUTIES OF HER OCCUPATION BETWEEN OCTOBER 1995 AND AUGUST 2000**

Plaintiff submitted her claim for disability benefits in October 1995. Educators accepted plaintiff's claim and paid her benefits between October 1995 and November 1999, after which Hartford continued to pay plaintiff benefits on Educators' behalf until October 2000. In October 2000, Hartford terminated plaintiff's benefits on the ground that "you no longer meet the Policy's definition of Totally [sic] Disability as of 8/14/00."

Both plaintiff's complaint and Hartford's counterclaim turn on one issue, and one issue alone – whether plaintiff no longer met her disability insurance policies definition of "Total Disability" as of August 14, 2000. Plaintiff has only sought damages for defendants' termination of her benefits as of October 2000. Hartford has only sought to recoup disability benefits paid to plaintiff between August and October 2000 – and only on the ground that plaintiff was no longer disabled during that time period. As Hartford itself acknowledged to the Court: "Hartford has consistently taken the position, both before and after the filing of this suit, that plaintiff did not meet the definition of Total Disability under the policy **as of August 14, 2000**, and Hartford is entitled to return of the payments made **after that date**." Hartford Opposition to Plaintiff's Motion for Summary Judgment, p.7.[1]

---

1    Notwithstanding these representations, plaintiff learned for the first time today in the course of exchanging proposed stipulations of issues of fact and law that Hartford is now seeking to expand its unjust enrichment claim to include the entire period of plaintiff's disability – including the 5 years during which Educators was paying plaintiff's disability benefits. Defending against this newly asserted claim will require plaintiff to present yet additional evidence regarding the relationship between Educators and Hartford to show, among other things, that Hartford did not suffer any detriment as a result of Educators' payment of disability benefits to plaintiff. If the court denies plaintiff's motion to limit the issues, plaintiff will seek permission to submit an amended list of exhibits and designation of discovery requests, and

2

Defendants' current assertion, that the issues in this case include whether plaintiff "has been *since submission of her claim*, unable to perform the material and substantial duties of her occupation" has dramatically, unnecessarily, and improperly, increased both the documents and testimony to be presented by both sides.

Both proving and defending against this assertion involves the submission of extensive medical and claim records,[2] and supporting lay witness, physician and expert testimony, covering a ten year period, which includes *five years during which plaintiff's entitlement to benefits is not even the subject of any claim in this action.*

Moreover, defendants have repeatedly admitted that plaintiff's pre-August 2000 medical records showed that she was unable to perform the material and substantial duties of her occupation. In January 13, 1998, Educators informed plaintiff by letter that "[i]n review of your file, it is clearly documented that you have sustained functional limitations which prevent you from performing the substantial requirements of your occupation." See Letter, attached as Exhibit A, hereto. In October 2000 termination letter, Hartford stated to plaintiff that the medical records that plaintiff provided to Educators showed that she was unable to perform the material and substantial duties of her occupation and that Hartford "should have" paid plaintiff benefits up until August 14, 2000. Finally, in discovery in this action, defendants *admitted* that plaintiff's medical records, at least through October 1996, "showed that she was unable to perform the material and substantial duties of her occupation."[3]

---

responses and deposition portions to respond to this new claim by Hartford.
2  To support their assertion that plaintiff was not disabled during the period prior to August 2000, defendants intend to seek admission of not only their claim files, but the pre-August 2000 claim file of another insurer, UNUM. Plaintiff estimates that this claim file comprises at least half of defendants' extensive exhibit list.
3  See Hartford's Better Answer to Plaintiff's First Interrogatories, No. 18 (identifying the records which "showed that McCulloch was unable to perform the material and substantial duties of her occupation")

3

The court should not allow defendants to retroactively challenge plaintiff's disability status, or require plaintiff to re-establish that she was disabled within the meaning of her policy during the period before August 2000. As the court in <u>Mutual Ben. Life Ins. Co. v. Lindenman</u>, 911 F.Supp. 619 (E.D.N.Y. 1995) so aptly observed, allowing an insurer to challenge its own determinations on the basis of evidence that it knew, or upon inquiry might have informed itself, "would open the door to infinite litigation." In this case, defendants are not able to point to any evidence of plaintiff's condition prior to August 2000, which defendants did not possess or upon inquiry might have possessed, at the time they wrote the October 2000 termination letter or responded to plaintiff's First Interrogatories.[4]

By limiting the issue to be tried to the question of whether plaintiff was no longer disabled on or after August 2000, the court will substantially reduce the evidence and testimony presented by both parties at trial and minimize, if not eliminate, defendants' concern that they will not have sufficient time to present their "case in chief."

### B. THE COURT SHOULD PRECLUDE EVIDENCE AND TESTIMONY ON THE ISSUE OF WHETHER PLAINTIFF WAS OR IS GAINFULLY EMPLOYED

Despite defendants' claim to the contrary, whether plaintiff is or was gainfully employed is not an issue in this case, nor has it ever been. Defendants did not assert that plaintiff is or was gainfully employed either in their letter terminating plaintiff's benefits, in their affirmative defense, or in their discovery responses. In plaintiff's first set of requests to admit, plaintiff requested that defendants admit that she was not gainfully employed as of August 2000. Defendants responded that they had no evidence that would support a denial of that request to

---

(attached hereto as Exhibit B); Plaintiff's Exhibit List (describing the records to which Hartford referred in its response to Interrogatory 18).
4 If defendants did point to such evidence, the court should, at minimum, limit defendants' presentation to

4

admit. See Answer to Request to Admit No. 5, attached hereto as Exhibit C. Defendants never supplemented that response. The draft motion to equalize and limit time was the first time that defendants ever gave plaintiff notice that of their position that her employment was an issue in this case and, despite plaintiff's renewed inquiry, have failed to identify any evidence to support that plaintiff was gainfully employed during the relevant period. For these reasons, the court should preclude evidence and testimony on this issue. Fed.R.Civ.P.37(c)(1) (party is obligated to supplement discovery responses when it obtains information that renders its original response incorrect; failure to do so bars the use of evidence not so disclosed.); Doubleday & Co., Inc. v. Curtis, 763 F.2d 495, 503 (2nd Cir. 1985) ("Rule 8(c) provides: 'In pleading to a preceding pleading, a party shall set forth affirmatively ... waiver, and any other matter constituting an avoidance or affirmative defense. The rule is intended to notify a party of the existence of certain issues, and its mandatory language has impelled us to conclude that a party's failure to plead an affirmative defense bars its invocation at later stages of the litigation.")

### III. THE COURT SHOULD DENY THE MOTION TO "EQUALIZE" TIME

It would not be reasonable or equitable to allocate equal time to both parties. First, it is defendants' insistence that plaintiff establish that she has been disabled within the meaning of her policy for the past 10 years, and its challenge to the sufficiency of the medical records that plaintiff submitted during the first 5 years of her disability, that is primarily responsible for the length of time and number of witnesses plaintiff requires to prove her case.

Second, the defendants are directly responsible for the alleged shortage in allocated trial timed. At the pretrial conference in which the length of trial was set, defendants did not represent to the court that they needed "equal time" to present their "case in chief." To the

---

that evidence.

contrary, while plaintiff informed the court that she would have at least 6-8 witnesses, defendants' claimed that their case consisted simply of cross examination and 2-3 witnesses. The court based the length of time set for trial on these representations. Plaintiff's current estimate of the length of time she will need is consistent with the pretrial representations, as plaintiff's estimate of 6.5 days for her case includes the time for defendants' cross examination of plaintiff's witnesses. The court should not force plaintiff to suffer the consequence of defendants' failure to accurately estimate the time they required.

Finally, the court should permit plaintiff more time than defendants to present evidence because plaintiff bears the burden of proof. Plaintiff has waited 6 years to have her day in court. Her disability arises from chronic pain, the proof of which requires presentation of a complex medical history, and supporting testimony by both lay, medical, and expert witnesses. Plaintiff's credibility is a key element in the review of the evidence and plaintiff intends to show that many of the treating providers have examined her, as well as others who have observed her over this period of time of her chronic pain, substantiate her complaints. Moreover, the fact that Hartford has filed a counterclaim and that defendants, as well, have included voluminous medical records in their exhibit list, is not an indication that defendants require equal time. Other than the damages element, the elements of Hartford's counterclaim are identical to defendants' special defenses, and almost all of the medical records cited in both parties' list are the same and will be taken up within the estimated 6 1/2 days for plaintiff to present her case and defendants' cross examination.[5]

---

[5] The extensive facts that plaintiff proposed for stipulation to defendants to which defendants refer as evidence of the number of factual issues in this case, are simply a list of the dates of plaintiff's treatment with medical providers during the past ten years. These are not facts in addition to the medical records.

PLAINTIFF,
CANDI McCULLOCH

By_____
Eliot B. Gersten, Esq.
Fed. Bar No. ct05213
GERSTEN CLIFFORD & ROME, LLP
214 Main Street
Hartford, CT  06106
(860) 527-7044
Her Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was faxed and mailed, via regular U.S. Mail, postage prepaid, on January 30, 2006 to all counsel and pro se parties of record, as follows:

Roberta J. Sharp-Benson, Esq.
Jessica Spangler Taylor, Esq.
Barry A. Chasnoff, Esq.
Akin Gump Strauss Hauer & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, TX  78205
*Tel:  210/281-7146*
*Fax:  210/224-2035*

Donald E. Frechette, Esq.
Joshua L. Milrad, Esq.
Charles F. Gfeller, Esq.
Edwards & Angell, LLP
90 State House Square
Hartford, CT  06103
*Tel:  860/525-5065*
*Fax:  860/527-4198*

_____
Eliot B. Gersten