UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| CANDI McCULLOCH Plaintiff, | § § § | CIVIL ACTION NO.: 301CV1115(AHN) |
|---|---|---|
| vs. | § § | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND EDUCATORS MUTUAL LIFE INSURANCE COMPANY Defendants. | § § § § § | April 19, 2006 |

### DEFENDANTS' TRIAL BRIEF IN SUPPORT OF ADMISSIBILITY OF CERTAIN VIDEOTAPE EVIDENCE

Defendants ask the Court to admit Defendants' Exhibit D-5251, consisting of surveillance videotapes depicting the Plaintiff in February 1996, May 2000, and June 2000. This evidence bears directly on Plaintiff's claimed physical limitations as well as her credibility. Plaintiff argues the videotapes have not been properly authenticated and lack foundation, despite Plaintiff's admission in her deposition that the person depicted in the videotapes is indeed her.

The Second Circuit permits broad latitude in authenticating videotape evidence, recognizing that the threshold for authentication under Federal Rule of Evidence 901 is simply that the matter is what its proponent claims it to be – in this case, videotape of the Plaintiff. This threshold is not raised by the opposing party's wild speculation that the videotape might have been tampered with. In fact, videotape comes with considerably more indicia of reliability than audio recordings, which are routinely admitted on slimmer authentication than that here. Even if Plaintiff offered evidence (as opposed to mere conjecture) about the possibility of "editing," such properly goes to the weight, not the admissibility, of this evidence. Defendants respectfully

5903920 v1

request that the Court admit the May and June 2000 videotapes, and reconsider its ruling excluding the 19996 videotape.

## ARGUMENTS AND AUTHORITIES

### I.  COURTS ROUTINELY ADMIT RECORDED MEDIA ON THE BASIS OF SENSORY OBSERVATION.

Federal Rule of Evidence 901 provides in relevant part:

> (a) General Provision. the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims.

Because circumstances vary from case to case, there is no set of inflexible criteria in this circuit which must be satisfied in order to authenticate evidence. *United States v. Fuentes*, 563 F.2d 527, 532 (2d Cir.), *cert denied sub nom. Sansone v. United States*, 434 U.S. 959, 98 S.Ct. 491, 54 L.Ed. 2d 320 (1977). Rather, courts in the Second Circuit have applied Rule 901 in a pragmatic, common sense manner. *U.S. v. Ida*, No. S1 96 Cr. 430 (LAK), 1997 WL 122753 at *2 (N.D.N.Y. 1997).

For example, a photograph may be authenticated by someone other than the photographer. *Kleveland v. U.S.*, 345 F.2d 134, 137 (2d. Cir. 1965). It is sufficient that the witness merely recognize and identify the object depicted and testify that the photograph fairly and correctly represents it. *Id.* A "motion picture" is in essence a series of photographs; courts have recognized that, as with still photography, the reliability and accuracy of a motion picture may be established by testimony that it accurately reproduces the scene actually perceived by a witness. *Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 973-74 (2d Cir. 1985) (a motion picture or videotape may be authenticated on the same foundation as a still photograph); *see also* Strong, MCCORMICK ON EVIDENCE §214 (5th ed. 1999).

Specifically, a videotape may be properly authenticated by asking the witness if he or she recognizes, or can identify, the images depicted therein. *See, e.g., Carter v. City of New York*, No. 02 Civ. 8755 RHJ, 2004 WL 2181107 at *5 (n.5) (S.D.N.Y. 2004). In *Carter*, the court rejected the plaintiffs' contention that a videotape and certain photographs should be excluded from the court's review for alleged lack of authentication. The plaintiffs had authenticated these materials during their depositions when defense counsel showed each of the deponents the videotape and asked questions about them. The plaintiff/deponent's answers to the questions indicated that, based on personal knowledge, they recognized the images depicted therein as what they purported to be – in that case, depictions of the events of November 2, 2001. *Id.*

In fact, one who is involved in recorded events is arguably the witness *most* competent to authenticate the recording. *See U.S. v. Sovie*, No. 95-CR195(RSP), 1996 WL 31175 at *3 (N.D.N.Y. 1996). In *Sovie*, the court rejected defense counsel's request for additional analysis of tapes containing incriminating conversations, observing that counsel had all along had at his disposal the best source to determine whether the tapes were accurate: the defendant himself, who participated in the conversations.

Dr. McCulloch is competent to authenticate the videotapes comprising Defendants' Exhibit D-5251, and indeed she did so during her deposition of August 14, 2003. *See* Deposition of Candi McCulloch Vol. II, attached as Exhibit 1, at pp. 267 – 282. Defendants' counsel marked the videotapes in their entirety as an Exhibit to the deposition and then played portions of the tapes for Dr. McCulloch for purposes of authentication. She repeatedly testified not only that the

person depicted was her, but recognized and acknowledged details in the visual context.[1] The exhibit was retained by Dr. McCulloch's counsel. *See* Exhibit 1, Reporter's Note at p. 181.

**B.    DR. MCCULLOCH MAY NOT KEEP THE COURT FROM VIEWING VIDEOTAPE SHE HAS ADMITTED DEPICTS HER ACTIVITIES BY UNSUPPORTED SPECULATION ABOUT "EDITING."**

One seeking to exclude evidence under Rule 901 may not "raise the bar" by mere conjecture about the theoretical possibility of tampering. In *Fuentes*, for example, the government built a considerable portion of its criminal drug case on tape recorded conversations between "Hugo," a government informant who was wearing a wire, and the defendants. 563 F.2d at 529. Hugo disappeared a month before trial and was not available to testify. *Id.* The Second Circuit agreed that this was no impediment to the government's ability to authenticate the tapes, noting that there is no requirement that the tapes be put in evidence through the person who made the recording or through a contemporaneous witness to the recording. *Id.* at 532. It also rejected defendants' assertion that the recordings were inadmissible due to the possibility of tampering: "Aside from being completely speculative, it is hard to believe that Hugo could have effectively changed the character of a running conversation by turning the device on and off *without such attempts being immediately obvious to those present as well as to anyone listening to the tape.*" *Id.* (emphasis added); *see U.S. v. Morrison*, 153 F.3d 34, 56 (2d Cir. 1998) (contents of conversations on challenged audio tapes were coherent and flowed logically, making it improbable that any material was added or deleted); *U.S. v. Sovie*, No. 95-CR195(RSP), 1996 WL 31175 at *3 (N.D.N.Y. 1996) (noting that tape recordings contained no suspicious breaks in meaning indicating erasures or other tampering).

---

[1] Defendants' Exhibit D-5251 includes only videotape from dates in which Dr. McCulloch unequivocally testified that it was her depicted.

Video recordings are even less susceptible to tampering than the audio tapes admitted in *Fuentes* and *Morrison*: a running time counter depicts the hours, minutes, and seconds and is permanently recorded (and displayed) on the magnetic tape. Visual images are arguably more distinctive than audio, and a videotape provides a visual "context" that is absent from an audio recording.

Where "no well-founded accusation of impropriety or inaccuracy is made, testimony as to authentication is sufficient." *Louis Vuitton*, 765 F.2d at 974; *see also Fuentes*, 563 F.2d at 532 (dismissing defendant's allegations of tampering as specious and holding that "had [defendant] so desired, he could have called an expert to examine the tapes for evidence of tampering."). As the First Circuit has observed,

> We are not blind to the susceptibility of tape [and video] recordings to 'sinister forces,' even within the federal government. However, the government made out a prima facie case, by clear and convincing evidence, that the tapes [are] what it said they [are]. If [defendants] really suspect[ ] tampering…they could have engaged an expert to examine the tapes and rebut the government's proof. . . ..
> The tapes are not inadmissible merely because one can conjure up hypothetical possibilities that tampering occurred.

*United States v. Cortellesso,* 663 F.2d 361, 364 (1st Cir.1981) (citations omitted).

The videotapes in question have been in Plaintiff's possession, through discovery in this case, for years. Plaintiff has offered no evidence of editing, and most importantly has offered no evidence that the images depicted on these videotapes *are not what Defendants' claim* – namely, moving pictures of the Plaintiff – the standard for authentication under Rule 901. To the contrary, Plaintiff stipulates that she is the person shown in the video.

Even if Plaintiff had offered evidence, or the videotapes themselves raised some indicia of editing or unreliability, such questions go to the weight and not the admissibility of the evidence. *See United States v. Knohl*, 379 F.2d 427, 440-41 (2d Cir.), cert denied, 389 U.S.973 (1967) (district court had discretion to admit recordings into evidence and the jury, after hearing

testimony and arguments relative to the reliability and accuracy of the tape and under proper instructions from the court, reached its own conclusion on that issue); *United States v. Hanna*, No. S1 94 CR 116 (RPP), 1995 WL 66616 at *4 (S.D.N.Y. 1995) (holding that the jury had the opportunity to weigh whether a government agent had tampered with the tapes). Once admitted, Plaintiff may challenge the reliability of the videotapes through any credible rebuttal evidence she may have to offer on that point. Indeed, Plaintiff has already challeged the weight to be given these videotapes, and thus opened the door to their admission. On direct examination, she testified that an object shown to her by her attorney was an object she was carrying in the video. Plaintiff may not now exclude the better evidence of what she was carrying nearly six years ago.

The videotapes are highly relevant. Plaintiff is not entitled to filter the relevant evidence on the basis of her judgment (or speculation) as to what is reliable. It is precisely the role of the Court, as factfinder, to hear, see, and weigh the evidence. Defendants respectfully ask that the Court admit D-5251.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD L.L.P.

By: *[signature]*
Barry A. Chasnoff (ct11162)
Roberta J. Benson (ct24407)
Jessica S. Taylor (ct24408)
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

- and -

Donald E. Frechette (ct 08930)
EDWARDS & ANGELL, LLP
90 State House Square
Hartford, CT 06103

Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANTS
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was hand delivered to the following attorney on the 19th day of April, 2006:

| Eliot B. Gersten<br>Gersten Clifford & Rome, LLP<br>214 Main Street<br>Hartford, CT 06106<br>Phone (860) 527-7044<br>Facsimile (860) 527-4968 | |

_____
ROBERTA BENSON