UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CANDI MCCULLOCH<br>    Plaintiff<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY and EDUCATORS<br>MUTUAL LIFE INSURANCE COMPANY,<br>    Defendants | CIVIL ACTION NO.:<br>301CV1115(AHN) |

## DEFENDANT EDUCATORS MUTUAL LIFE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Defendant, Educators Mutual Life Insurance Company's ("Educators"), by and through its undersigned counsel, files its responses to Plaintiff's, Candi McCulloch ("McCulloch") Request for Admissions and states:

    1.    Before Educators accepted plaintiff's claim for total disability benefits, Educators obtained and reviewed Dr. Steinberg's medical records regarding plaintiff during the period of August 1989 through October 1990. (Pl. Ex. 3)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

    2.    Before Educators accepted plaintiff's claim for total disability benefits, Educators obtained and reviewed Dr. Weinstein's medical records regarding plaintiff during the period of November 1990 through January 1991. (Pl. Ex. 4)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

    3.    Before Educators accepted plaintiff's claim for total disability benefits, Educators obtained and reviewed Dr. Porfiri's medical records regarding plaintiff during the period of February 1995 through October 1996. (Pl. Ex. 6(a)-(f))

5877166

1

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

    4.    Before Educators accepted plaintiff's claim for total disability benefits, Educators obtained and reviewed Dr. Musso's medical records regarding plaintiff during the period of March 1995 through October 1995. (Pl. Ex. 7)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

    5.    Before Educators accepted plaintiff's claim for total disability benefits, Educators obtained and reviewed the records regarding plaintiff's treatment at the Regional Physiotherapy Centre, Inc. during the period of April 1995 through May 1995. (Pl. Ex. 8)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

    6.    Before Educators accepted plaintiff's claim for total disability benefits, Educators obtained and reviewed Dr. Theofilo's medical records regarding plaintiff during the period of October 1995. (Pl. Ex. 9(a)-(b))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

    7.    Before Educators accepted plaintiff's claim for total disability benefits, Educators obtained and reviewed a completed Disability Statement front Dr. Theofilos. (Pl. Ex. 9(d))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

    8.    Before Educators accepted plaintiff's claim for total disability benefits, Educators obtained and reviewed the records regarding plaintiff's treatment at Central Palm Beach Physicians during the period of November 1995 through February 1996. (Pl. Ex. 10)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

9. Before Educators accepted plaintiff's claim for total disability benefits, Educators obtained and reviewed the medical records of Dr. Katzell regarding plaintiff during the period of December 1996 through February 1996. (Pl. Ex. 11(a)-(b))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

10. Before Educators accepted plaintiff's claim for total disability benefits, Educators obtained and reviewed the medical record of Dr. Santos regarding plaintiff during the period of February 1996. (Pl. Ex. 64(d))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

11. Before Educators accepted plaintiff's claim for total disability benefits, Educators obtained information from UNUM regarding plaintiff's claim for disability benefits with that insurance company.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

12. As of October 1994, Educators instructed its employees to contact the claimant's attending physician directly if additional medical information is needed to determine whether the claimant is unable to perform the material and substantial duties of her occupation.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects that this request is overly broad. Educators further objects to this request because it is vague and ambiguous. Finally, Educators objects to this request because it is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

Subject to the foregoing objections, denied.

13. As of October 1994, Educators instructed its employees to request additional information from claimant's attending physician if the medical records provided are not sufficient to show that the claimant is unable to perform the material and substantial duties of her occupation.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects that this request is overly broad. Educators further objects to this request because it is vague and ambiguous. Finally, Educators objects to this request because it is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

Subject to the foregoing objections, denied.

    14. As of October 1994, Educators instructed its employees to promptly request an independent medical evaluation when "previous claim or medical history indicated doubtful reliability of insured physician."

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects that this request is overly broad. Educators also objects to this request because the document speaks for itself. Finally, Educators objects to this request because it is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

Subject to the foregoing objections, admit.

    15. As of October 1994, Educators instructed its employees to promptly request an independent medical evaluation when "prognosis or frequency of treatment appears inconsistent with nature of physical or mental impairment."

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects that this request is overly broad. Educators also objects to this request because the document speaks for itself. Finally, Educators objects to this request because it is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

Subject to the foregoing objections, admit.

    16. As of October 1994, Educators instructed its employees to promptly request an independent medical evaluation when "activities of employee appear incompatible with degree of impairment normally expected from the injury or disease described by attending physician."

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects that this request is overly broad. Educators also objects to this request because the document speaks for itself. Finally, Educators objects to this request because it is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

Subject to the foregoing objections, admit.

    17. As of October 1994, Educators instructed its employees to promptly request an independent medical evaluation when "medical complications do not appear to be supported by objective findings, i.e. results of x-ray examinations, laboratory studies, electrocardiograms, etc."

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects that this request is overly broad. Educators also objects to this request because the document speaks for itself. Finally, Educators objects to this request because it is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

Subject to the foregoing objections, admit.

   18.   As of October 1994, Educators instructed its employees to promptly request an independent medical evaluation when the "attending physician is unable to furnish a clear explanation of the effects of physical or mental impairment on employee's job duties."

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects that this request is overly broad. Educators also objects to this request because the document speaks for itself. Educators also objects to this request because the document speaks for itself. Finally, Educators objects to this request because it is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

Subject to the foregoing objections, admit.

   19.   As of October 1994, Educators instructed its employees to "permit attending physician an opportunity to clarify questionable features and furnish whatever additional evidence is needed to complete your medical documentation" because "good results may frequently be expected when attending physician is informed of our concern over continuing disability, reported activities of the patient, apparent lack of sufficient medical evidence required under our LTD contract to justify continued benefit payment, etc."

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects that this request is overly broad. Educators also objects to this request because the document speaks for itself. Finally, Educators objects to this request because it is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

Subject to the foregoing objections, admit.

   20.   On March 21, 1996, Educators accepted plaintiff's claim for long term disability benefits retroactive to October 1995, less a 180 day waiting period.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

   21.   Educators could have requested that plaintiff undergo an independent medical examination before it accepted plaintiff's claim for long term disability benefits if it had determined that plaintiff's records were insufficient to show that she was unable to perform the material and substantial duties of her occupation as it existed at the time of her disability.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Finally, Educators objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

22. Educators did not request that plaintiff undergo an independent medical examination before it accepted plaintiff's claim for long term disability benefits in March 1996.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

23. If there were questionable features in plaintiff's record, Educators could have requested that plaintiff's attending physician clarify those questionable features.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Finally, Educators objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

24. If Educators needed additional medical documentation in order to accept plaintiff's claim for long term disability benefits, Educators could have requested that plaintiff furnish additional evidence to support her claim for long term disability benefits.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Finally, Educators objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

25. Educators did not request that plaintiff's attending physician clarify questionable features in plaintiff's record or furnish whatever additional evidence Educators needed to complete plaintiff's medical documentation before it accepted plaintiff's claim for long term disability benefits in March 1996.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

26. Educators would not have accepted plaintiff's claim for long term disability benefits if it had determined that the medical records were insufficient to show that plaintiff was totally disabled within the meaning of her disability insurance policy.

5877166

6

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Finally, Educators objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

27. Educators would not have accepted plaintiff's claim for long term disability benefits if her medical records were not sufficient to show that she was totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Educators also objects that this request is redundant to Request 26.

Subject to the foregoing objections, denied.

28. Educators would not have accepted plaintiff's claim for long term disability benefits if it had determined that her medical records showed that she was not totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Hartford further objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Educators objects that this request is redundant of Request Nos. 26 and 27.

Subject to the foregoing objections, denied.

29. Educators would not have accepted plaintiff's claim for long term disability benefits if her medical records showed that she was not totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Hartford further objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Educators further objects that this request is redundant to Request 26 and 27.

Subject to the foregoing objections, denied.

30. Educators would not have accepted plaintiff's claim for long term disability benefits if plaintiff's medical records did not contain objective, clinical evidence that plaintiff was unable to perform any of the material and substantial duties of her occupation at any time.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Hartford further objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

31. By accepting plaintiffs' claim for total disability benefits in March 1996, Educators represented to plaintiff that the evidence it had obtained was sufficient to show that she was totally disabled within the meaning of her disability insurance policy during the period of October 1995 through March 1996.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Finally, Educators objects to this request on grounds that it assumes facts not in evidence.

Subject to the foregoing objections, denied.

32. By accepting plaintiffs' claim for total disability benefits in March 1996, Educators represented to plaintiff that it was not necessary for plaintiff to submit additional evidence to show that she was totally disabled within the meaning of her disability insurance policy during the period of October 1995 through March 1996.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Finally, Educators objects to this request on grounds that it assumes facts not in evidence.

Subject to the foregoing objections, denied.

33. Plaintiff's disability insurance policy with Educators did not require plaintiff to furnish additional proof that she was totally disabled within the meaning of her disability insurance policy during the period of October 1995 through March 1996, after Educators accepted plaintiff's claim for total disability benefits in March 1996.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Finally, Educators objects on grounds that the policy speaks for itself.

Subject to the foregoing objections, denied.

34. If Educators had informed plaintiff in March 1996 that the records submitted were insufficient to show that plaintiff was totally disabled within the meaning of her disability insurance policy during the period of October 1995 through March 1996, plaintiff could have obtained additional examinations and medical evaluations of her condition at that time.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects to this request on grounds that it assumes facts not in evidence. Finally, Educators objects to this request on grounds that it calls for speculation.

Subject to the foregoing objections, denied.

35. During the entire time that Educators administered plaintiff's claim for total disability benefits, Educators never communicated to plaintiff that her medical and treatment records were insufficient to show that she was totally disabled within the meaning of her disability insurance policy during the period of October 1995 through March 1996.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, admit.

36. During the entire time Educators administered plaintiff's claim for total disability benefits, Educators never communicated to plaintiff that her medical and treatment records showed that she was not totally disabled within the meaning of her disability insurance policy during the period of October 1995 through March 1996.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects this request on grounds it is redundant of Request No. 35.

Subject to the foregoing objections, admit.

37. The evidence that Educators currently claims shows that plaintiff was not totally disabled within the meaning of her disability insurance policy between October 1995 and March 1996, was in Educators' possession in March 1996 when it accepted plaintiff's claim for total disability benefits.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects to this request on grounds that it assumes facts not in evidence.

Subject to the foregoing objections, denied.

38. The medical records that Educators currently claims are insufficient to show that plaintiff was totally disabled within the meaning of her disability insurance policy between October 3, 1995 and March 1996, were in Educators' possession in March 1996 when it accepted plaintiff's claim for benefits.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects to this request on grounds that it assumes facts not in evidence.

Subject to the foregoing objections, denied.

39. On or about May 7, 1996, Educators received the report of an independent medical examination conducted by Dr. Alshon at Educators' request. (Pl. Ex. 63)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

40. Educators did not inform plaintiff that the report of the independent medical examination conducted by Dr. Alshon was insufficient to show that she was totally disabled within the meaning of her disability insurance policy as of May 1996.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford further objects to this request because it is vague and ambiguous.

Subject to the foregoing objection, denied.

41. If Educators had informed plaintiff in May 1996 that the report of the independent medical examination conducted by Dr. Alshon was insufficient to show that plaintiff was totally disabled within the meaning of her disability insurance policy as of May 1996, plaintiff could have obtained additional examinations and medical evaluations of her condition at that time.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Educators objects to this request on grounds that it assumes facts not in evidence.

Subject to the foregoing objections, denied.

42. On or about September 26, 1996, Educators learned that UNUM had denied plaintiff's claim for disability benefits with that insurance company.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

43. On or about February 27, 1997, Educators discussed UNUM's investigations of plaintiff's claim for benefits with a UNUM representative.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

44. On or about February 27, 1997, a UNUM representative disclosed to Educators the information that UNUM had obtained regarding plaintiff's employment prior to, and at the time of, plaintiff's claim for disability benefits.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Finally, Educators objects that this request is overly broad.

Subject to the foregoing objections, denied.

45. On or about February 27, 1997, a UNUM representative disclosed to Educators that UNUM had conducted surveillance of plaintiff between January and April 1996.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

46. On or about February 27, 1997, a UNUM representative described to Educators the activities depicted in the surveillance of plaintiff.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

47. On or about August 14, 1997, UNUM provided its claim file to Educators. (Def. Ex. D-5134)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

48. The UNUM claim file provided to Educators in August 1997 included the claim file documentation of UNUM employees regarding plaintiff's claim for benefits from UNUM. (Def. Exs. D-5084, 5085, 5088, 5090, 5092, 5095, 5102, 5107, 5111, 5113, 5122, 5128, 5134.)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

49. The UNUM claim file provided to Educators in August 1997 included the videotapes of surveillance conducted by UNUM (Def. Ex. D-5251).

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

50. The UNUM claim file provided to Educators in August 1997 included the letter from UNUM denying plaintiff's claim. (Def Ex. D-5121)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

51. The UNUM claim file provided to Educators in August 1997 included the correspondence between UNUM and Dr. Musso dated April 12, 1996. (Def. Exs. D-5114, 5115)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

52. The UNUM claim file provided to Educators in August 1997 included the correspondence between UNUM and Dr. Katzell dated April 18, 1996 and April 19, 1996. (Def. Exs. D-5117, 5118).

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

53. The UNUM claim file provided to Educators in August 1997 included the summary of the surveillance of plaintiff. (Def. Ex. D-5096, D 5098, D-5112, D-5120).

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

54. The evidence that Educators received from UNUM did not show that plaintiff was able to perform any of the material and substantial duties of her former position at any time.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, denied.

55. If the evidence that Educators received from UNUM showed that plaintiff was able to perform any of the material and substantial duties of her occupation at any time, Educators would have terminated plaintiff's benefits.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it calls for speculation.

Subject to the foregoing objections, denied.

56. Educators did not inform plaintiff that the information it received from UNUM showed that plaintiff was not totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

57. If Educators had informed plaintiff in August 1997 that the information it had received from UNUM showed that plaintiff was not totally disabled within the meaning of her disability, plaintiff could have obtained additional examinations and medical evaluations of her condition at that time.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects to this request on grounds that it assumes facts not in evidence and is not the proper subject of a request for admission. . Finally, Educators objects to this request on grounds that it calls for speculation.

Subject to the foregoing objections, denied.

58. During the entire time that Educators administered plaintiff's claim for total disability benefits, Educators never communicated to plaintiff that her medical and treatment records were not sufficient to show that she was totally disabled within the meaning of her disability during the period of March 1996 to August 1997.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

59. During the entire time that Educators administered plaintiff's claim for total disability benefits, Educators never communicated to plaintiff that the evidence it had obtained showed that plaintiff was not totally disabled within the meaning of her disability during the period of March 1996 to August 1997.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

60. As of September 3, 1997, Educators had obtained Dr. Katzell's medical records regarding plaintiff during the period between March 1996 and August 1997. (Pl Ex. 11(b)-(f))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

61. As of September 3, 1997, Educators had obtained Dr. Porfiri's medical records regarding plaintiff during the period between March 1996 and August 1997. (Pl. Ex. 6(e)-(h))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

62. As of September 3, 1997, Educators had obtained plaintiffs records of treatment at RehabSystems during the period between March 1996 and August 1997. (Pl, Ex, 12)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, denied.

63. As of September 3, 1997, Educators had obtained Dr. Slavin's records regarding plaintiff during the period leading up to and including August 1997. (Pl. Ex. 5(a)-(o))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Finally, Educators objects that this request is overly broad.

Subject to the foregoing objections, admit.

64. As of September 3, 1997, Educators had obtained Dr. Upledger's records regarding plaintiff during the period between March 1996 and August 1997. (Pl. Ex. 13)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, denied.

65. As of September 3, 1997, Educators had obtained a copy of UNUM's case file regarding plaintiff. (Def. Ex. D-5134)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

66. As of September 3, 1997, Educators had obtained a copy of correspondence between UNUM and Clifford Hertz. (Def. Exs. D 5056, 5063, 5075, 5116)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

67. As of September 3, 1997, Educators had obtained a copy of the Long Term Disability Claim Form completed by Dr. Theofilos for UNUM in November 1995. (Pl. Ex. 9(c))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

68. As of September 3, 1997, Educators had obtained a copy of the Long Term Disability Claim, Employer's Statement dated November 15, 1995. (Def. Ex. D-5071)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

69. As of September 3, 1997, Educators had obtained a copy of the Long Term Disability Claim, Employee's Statement dated November 27, 1995. (Def. Ex. D-5072)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

70. As of September 3, 1997, Educators had obtained a copy of the letter from Denise J. Kaufman to Ralph Campbell dated November 28, 1995. (Def. Ex. D-5074)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

71. As of September 3, 1997, Educators had obtained a copy of a report of an independent medical examination conducted by Dr. Wagner in March of 1997. (Def. Ex. D-05130)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

    72.    On September 3, 1997, Educators did not have objective, clinical evidence of a disabling condition on plaintiff's claim beyond August 31, 1997.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

    73.    On September 3, 1997, Educators sent plaintiff a letter in which it stated that it did not have "objective, clinical evidence of a disabling condition on your claim beyond 8/31/97. We have made requests for updated medical information from Dr. Jeffrey Katzell and Dr. John Upledger. Once we receive the updated medical information requested from those doctors, we will evaluate your claim for the consideration of disability benefits beyond 8/31/97." (Pl. Ex. 50(a))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that the document speaks for itself.

Subject to the foregoing objections, admit.

    74.    The evidence that Educators currently claims shows that plaintiff was not totally disabled within the meaning of her disability policy between March 1996 and August 1997, was in Educators' possession on September 3, 1997.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

    75.    The medical records that Educators currently claims are insufficient to show that plaintiff was totally disabled within the meaning of her disability policy between March 1996 and August 1997, were in Educators' possession on September 3, 1997.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

    76.    The statement that Educators did not have "objective, clinical evidence of a disabling condition on your claim beyond 8/31/97" would reasonably lead plaintiff to believe that the records that Educators obtained provided "objective, clinical evidence of a disabling condition" up until, and including, August 31, 1997.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it cannot discern what Plaintiff did or did not believe. Finally, Educators objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

77. The statement that Educators did not have "objective, clinical evidence of a disabling condition on your claim beyond 8/31/97" would reasonably lead plaintiff to believe that it was not necessary for plaintiff to obtain additional evidence to show that she was totally disabled within the meaning of her disability policy during the period before August 31, 1997.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it cannot discern what Plaintiff did or did not believe. Finally, Educators objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

78. The statement that Educators "will evaluate your claim for the consideration of disability benefits beyond 8/31/97" would reasonably lead plaintiff to believe that it was not necessary for her to obtain additional evidence to show that she was totally disabled within the meaning of her disability policy during the period before August 31, 1997.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it cannot discern what Plaintiff did or did not believe. Finally, Educators objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

79. Between September 1997 and January 1998, Educators obtained Dr. Katzell's record regarding plaintiff dated September 11, 1997. (Pl. Ex. 11(g))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

80. Between September 1997 and January 1998, Educators obtained Dr. Porifir's record regarding plaintiff dated November 11, 1997. (Pl. Ex. 6(i))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

81. Between September 1997 and January 1998, Educators obtained a letter from Dr. Porfiri regarding plaintiff's condition, dated December 16, 1997. (Pl. Ex. 64(f))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

82. On January 13, 1998, Educators sent plaintiff an update regarding payment on her claim in which it stated that, on the basis of its review of the updated medical information received, it had determined that plaintiff continued to be entitled to Total Disability benefits under the Policy. (Pl. Ex. 50(e), (f))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

83. Educators would not have continued to pay plaintiff total disability benefits in January 13, 1998 if it had determined that the evidence it had obtained showed that plaintiff was able to perform any of the material and substantial duties of her occupation at any time during the period leading up to January 13, 1998.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Educators objects to this request on grounds that it assumes facts not in evidence.

Subject to the foregoing objections, denied.

84. Educators would not have continued to pay plaintiff total disability benefits in January 13, 1998 if the evidence it had obtained showed that plaintiff was able to perform any of the material and substantial duties of her occupation at any time during the period leading up to January 13, 1998.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Educators objects to this request on grounds that it is redundant of Request No. 83. Finally, Educators objects to this request on grounds that it assumes facts not in evidence.

Subject to the foregoing objections, denied.

85. Educators would not have continued to pay plaintiff total disability benefits in January 13, 1998 if it had determined that plaintiff had failed to provide objective, clinical evidence of a disabling condition on her claim between September 1997 and January 1998.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Educators objects to this request on grounds that it assumes facts not in evidence.

Subject to the foregoing objections, denied.

86. Educators would not have continued to pay plaintiff total disability benefits in January 13, 1998 if plaintiff's medical records did not provide objective, clinical evidence of a disabling condition on her claim during the period between September 1997 and January 1998.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Educators objects to this request on grounds that it is redundant of Request No. 85. Finally, Educators objects to this request on grounds that it assumes facts not in evidence.

Subject to the foregoing objections, denied.

87. Educators' January 13, 1998 determination that plaintiff continued to be entitled to disability benefits would reasonably lead plaintiff to believe that the medical and treatment records submitted between September 1997 and January 1998 were sufficient to show that plaintiff was totally disabled within the meaning of her disability policy between September 1997 and January 1998.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it cannot discern what Plaintiff did or did not believe. Finally, Educators objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

88. Educators' January 13, 1998 determination that plaintiff continued to be entitled to disability benefits would reasonably lead plaintiff to believe that it was not necessary for her to obtain or submit additional records to show that she was totally disabled within the meaning of her disability policy during the period before January 1998.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it cannot discern what Plaintiff did or did not believe. Finally, Educators objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

89. On January 13, 1998, Educators sent plaintiff a letter in which it stated that "in review of your file, it is clearly documented that you have sustained functional limitations which prevent you from performing the substantial requirements of your occupation." (Pl. Ex. 50(d))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that the document speaks for itself.

Subject to the foregoing objections, admit.

90. The records in Educators file regarding plaintiff in January 13, 1998, clearly documented that plaintiff sustained functional limitations which prevented her from performing the substantial requirements of her occupation.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

91. Educators would not have sent plaintiff a letter stating that "in review of your file, it is clearly documented that you have sustained functional limitations which prevent you from performing the substantial requirements of your occupation" if it had determined that the evidence it had obtained showed that plaintiff was able to perform any of the material and substantial duties of her occupation at any time.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

92. Educators would not have sent plaintiff a letter stating that "in review of your file, it is clearly documented that you have sustained functional limitations which prevent you from performing the substantial requirements of your occupation" if the evidence it had obtained showed that plaintiff was able to perform the material and substantial duties of her occupation.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Educators objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

93. Educators would not have sent plaintiff a letter stating that "in review of your file, it is clearly documented that you have sustained functional limitations which prevent you from performing the substantial requirements of your occupation" if it had determined that the medical records it had obtained was insufficient to show that plaintiff was able to perform the material and substantial duties of her occupation.