**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Educators objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

94. Educators would not have sent plaintiff a letter stating that "in review of your file, it is clearly documented that you have sustained functional limitations which prevent you from performing the substantial requirements of her occupation" if the medical records it had obtained was insufficient to show that plaintiff was unable to perform the material and substantial duties of her occupation.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Finally, Educators also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

95. Educators' January 13, 1998 statement that "in review of your file, it is clearly documented that you have sustained functional limitations which prevent you from performing the substantial requirements of your occupation" would reasonably lead plaintiff to believe that the evidence that Educators obtained was sufficient to show that plaintiff was totally disabled within the meaning of her disability policy during the period up to and including January 1998.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it cannot discern what Plaintiff did or did not believe. Educators further objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Educators objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

96. Educators' January 13, 1998 statement that "in review of your file, it is clearly documented that you have sustained functional limitations which prevent you from performing the substantial requirements of your occupation" would reasonably lead plaintiff to believe that it was not necessary for her to obtain additional examinations or medical records to show that she was totally disabled within the meaning of her disability policy during the period up to and including January 1998.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it cannot discern what Plaintiff did or did not believe. Further, Educators objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Educators objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

97. If Educators had communicated to plaintiff in January 1998 that the evidence was insufficient to show that she was totally disabled within the meaning of her disability policy, plaintiff could have obtained additional examinations and medical evaluations of her condition at that time.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

98. If Educators had communicated to plaintiff in January 1998 that the evidence showed that plaintiff was not totally disabled within the meaning of her disability policy, plaintiff could have obtained additional examinations and medical evaluations of her condition at that time.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Educators objects to this request on grounds that it is redundant of Request No. 97.

Subject to the foregoing objections, denied.

99. The evidence that Educators currently claims shows that plaintiff was not totally disabled within the meaning of her disability policy during the period between October 1995 and January 1998 was in Educators' possession on January 13, 1998.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

100. The medical records that Educators currently claims are insufficient to show that plaintiff was totally disabled within the meaning of her disability during the period between October 1995 and January 1998, were in Educators' possession on January 13, 1998.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

101. In July 1998, Educators obtained an independent medical review of plaintiff's records, which included claim information from UNUM's case file, from Dr. Stern at U.S. Medical Review. (Pl. Ex. 51(b)-(c))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

   102.   In October 1998, Educators obtained an updated independent medical review of plaintiff's records, from Dr. Stern at U.S. Medical Review. (Pl. Ex. 51(d)-(e))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

   103.   In November 1998, Educators obtained a statement from Dr. Walters regarding plaintiff's condition. (Pl. Exs. 15(b), 64(g))

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

   104.   Between January 1998 and August 1999, Educators conducted regular reviews of plaintiff's claim. (Pl. Ex. 61)

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

   105.   If Educators had determined, at any time during the period between January 1998 and August 1999, that the evidence it had obtained was not sufficient to show that plaintiff was totally disabled within the meaning of her disability policy, it would have requested that plaintiff supply additional information in support of her claim.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Educators objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

   106.   If the evidence that Educators had obtained was not sufficient to show that plaintiff was totally disabled within the meaning of her disability policy during the period between January 1998 and August 1999, Educators would have requested that plaintiff supply additional information in support of her claim.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Educators further objects to this request on grounds that it is redundant of Request No. 105. Finally, Educators objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

107. If Educators had determined, at any time during the period between January 1998 and August 1999, that the evidence it had obtained showed that plaintiff was not totally disabled within the meaning of her disability policy, it would not have continued to pay plaintiff total disability benefits during that time period.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Educators objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

108. If the evidence that Educators had obtained showed that plaintiff was not totally disabled within the meaning of her disability policy at any time during the period between January 1998 and August 1999, Educators would not have continued to pay plaintiff total disability benefits during that time period.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it calls for speculation is not the proper subject of a request for admission. Finally, Educators objects to this request because it is vague and ambiguous. Educators objects to this request on grounds that it is redundant of Request No. 108.

Subject to the foregoing objections, denied.

109. The medical records that Educators currently claims were insufficient to show that plaintiff was totally disabled within the meaning of her disability insurance policy during the period between January 1998 and August 1999 were in Educators' possession in August 1999.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

110. The evidence that Educators currently claims shows that plaintiff was not totally disabled within the meaning of her disability insurance policy during the period between January 1998 and August 1999, was in Educators' possession in August 1999.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

    111. During the entire time that Educators administered plaintiff's claim for total disability benefits, Educators never communicated to plaintiff that the evidence it obtained showed that plaintiff was not totally disabled within the meaning of her disability policy during the period between January 1998 and August 1999.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

    112. During the entire time that Educators administered plaintiff's claim for total disability benefits, Educators never communicated to plaintiff that the evidence it had obtained was insufficient to show that plaintiff was totally disabled within the meaning of her disability policy during the period between January 1998 and August 1999.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects to this request on grounds that it is redundant of Request No. 111.

Subject to the foregoing objections, denied.

    113. During the entire time that Educators administered plaintiff's claim for total disability benefits, Educators never communicated to plaintiff that it had obtained any evidence that showed that plaintiff was not totally disabled within the meaning of her disability policy at any time since she submitted her claim.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

    114. If Educators had communicated to plaintiff at any time that the medical records it had obtained was insufficient to show that she was totally disabled within the meaning of her disability policy, plaintiff could have obtained additional examinations and medical evaluations of her condition at that time.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects to this request on grounds that it assumes facts not in evidence. Finally, Educators objects to this request on grounds that it calls for speculation is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

    115.    If Educators had communicated to plaintiff at any time that the evidence it had obtained showed that she was not totally disabled within the meaning of her disability policy at that time, plaintiff could have obtained additional examinations and medical evaluations of her condition at that time.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects to this request on grounds that it assumes facts not in evidence. Educators also objects to this request on grounds that it is redundant of Request No. 114. Finally, Educators objects to this request on grounds that it calls for speculation is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

    116.    There is no test or examination that plaintiff can undergo today to establish her functionality in the past.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Finally, Educators objects because this request calls for expert testimony.

Subject to the foregoing objections, Educators cannot admit or deny this request because it calls for expert testimony.

    117.    There is no test or examination that plaintiff can undergo today to establish her levels of pain in the past.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Finally, Educators objects because this request calls for expert testimony.

Subject to the foregoing objections, Educators cannot admit or deny this request because it calls for expert testimony.

    118.    Throughout its administration of plaintiff's claim, Educators independently reviewed and evaluated plaintiff's medical and treatment records.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects that this request is overly broad.

Subject to the foregoing objections, denied.

119. Throughout its administration of plaintiff's claim, Educators required plaintiff to furnish objective, clinical evidence that she was, and remained, totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

120. Throughout the administration of plaintiff's claim, Educators never communicated to plaintiff that she was required to show that she was unable to perform each and every one of the material duties of her occupation in order to meet her policy's definition of "totally disabled."

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

121. Throughout the administration of plaintiff's claim, Educators never communicated to plaintiff that the evidence it obtained was insufficient to show that plaintiff was entitled to total disability benefits because it failed to show that she was unable to perform each and every one of the material and substantial duties of her occupation.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

122. Throughout the administration of plaintiff's claim, Educators never communicated to plaintiff that the evidence it obtained showed that plaintiff was not entitled to total disability benefits because it showed that she was able to perform one or more of the material and substantial duties of her occupation.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

123.  Throughout the administration of plaintiff's claim, Educators never communicated to plaintiff that it considered her occupation to be anything other than internal medicine physician.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

124.  The Educators' employees that administered plaintiff's claim were qualified to determine whether plaintiff was entitled to total disability benefits within the meaning of her policy.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, admit.

125.  The Educators' employees that administered plaintiff's claim were qualified to determine whether the evidence that Educators obtained showed that plaintiff was unable to perform the material and substantial duties of her occupation.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, admit.

126.  Educators has not obtained any evidence pertaining to plaintiff's ability to perform the material and substantial duties of her occupation during the period between October 1995 and August 1999 that it did not have in its possession as of August 1999.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, denied.

127.  Educators did not rely on plaintiff's subject complaints of pain to determine that plaintiff was totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

128. Educators was not justified in relying on plaintiff's subjective complaints of pain to determine that plaintiff was totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, denied.

129. Plaintiff did not have reason to know that Educators would rely on her subjective complaints of pain to determine that plaintiff was totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request on grounds that it cannot discern what Plaintiff did or did not believe. Finally, Educators objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

130. None of the evidence in the Educators' claim file regarding plaintiff shows that plaintiff was not totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, denied.

131. None of the evidence in the UNUM claim file regarding plaintiff that Educators' obtained shows that plaintiff was not totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, denied.

132. Under the terms of plaintiff's disability insurance policy, an individual who, because of injury or sickness requiring the regular care of a physician, is able to perform some but not all of the material duties of her regular occupation or profession, and is working, is entitled to the full monthly amount for total disability as long as the individual is not earning more than 19.9% of her indexed pre-disability earnings.

**RESPONSE:** Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous and calls for a legal conclusion. Finally, Educators objects on grounds that the policy speaks for itself.

Subject to the foregoing objections, denied.

133.   Under the terms of plaintiff's disability insurance policy, an individual who, because of injury or sickness requiring the regular care of a physician, is able to do all of the substantial and material duties of her regular occupation or profession, but for less than full time, and is working, is entitled to the full monthly amount for total disability as long as the individual is not earning more than 19.9% of her indexed pre-disability earnings.

**RESPONSE**: Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous and calls for a legal conclusion. Finally, Educators objects on grounds that the policy speaks for itself.

Subject to the foregoing objections, denied.

134.   Educators has never required an individual who was not working to show that he or she was unable to perform *any* of the material and substantial duties of her occupation at *any* time, in order to qualify for total disability benefits.

**RESPONSE**: Educators objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Educators also objects to this request because it is vague and ambiguous. Educators further objects to this request because it is overly broad. Finally, Educators objects to this request because it is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses asserted in this matter.

Subject to the foregoing objections, denied.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD L.L.P.

By: *(signature)*
Barry A. Chasnoff (ct11162)
Roberta J. Benson (ct24407)
Jessica S. Taylor (ct24408)
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

- and -

Donald E. Frechette (ct 08930)
EDWARDS & ANGELL, LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 525-5065
Facsimile: (860) 527-4198

ATTORNEYS FOR DEFENDANTS
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent *Facsimile and Certified U.S. Mail, Return Receipt Requested* to the following attorney on the 27th day of March, 2006:

Eliot B. Gersten
Gersten Clifford & Rome, LLP
214 Main Street
Hartford, CT 06106
Phone (860) 527-7044
Facsimile (860) 527-4968


　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　ROBERTA J. BENSON