UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CANDI MCCULLOCH                               :
    Plaintiff                             :
                                              :
vs.                                           :    CIVIL ACTION NO.:
                                              :    301CV1115(AHN)
HARTFORD LIFE AND ACCIDENT                    :
INSURANCE COMPANY and EDUCATORS               :
MUTUAL LIFE INSURANCE COMPANY,                :
    Defendants                            :

---

## HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR ADMISSIONS

---

Defendant, Hartford Life and Accident Insurance Company ("Hartford Life"), by and

through its undersigned counsel, files its responses to Plaintiff's, Candi McCulloch

("McCulloch") Request for Admissions and states:

1.    During November 1999, Hartford received and reviewed the records contained in defendant Educators Mutual Life Insurance Company's ("Educators") claim file regarding plaintiff.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Further, Hartford objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

2.    The Educators' claim file that Harford received during November 1999 included Dr. Steinberg's medical records regarding plaintiff during the period of August 1989 through October 1990. (Pl. Ex. 3)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

3.     The Educators' claim file that Hartford received during November 1999 included Dr. Weinstein's medical records regarding plaintiff during the period of November 1990 through January 1991.  (Pl. Ex. 4)

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

4.     The Educators' claim file that Hartford received during November 1999 included Dr. Porfiri's medical records regarding plaintiff during the period of February 1995 through November 1998.  (Pl. Ex. 6(a)-(k))

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

5.     The Educators' claim file that Hartford received during November 1999 included Dr. Musso's medical records regarding plaintiff during the period of March 1995 through October 1995.  (Pl. Ex. 7(a)-(g))

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

6.     The Educators' claim file that Hartford received during November 1999 included the records regarding plaintiff's treatment at the Regional Physiotherapy Centre, Inc. during the period of April 1995 through May 1995.  (Pl. Ex. 8)

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

7.     The Educators' claim file that Hartford received during November 1999 included Dr. Theofilos' medical records regarding plaintiff during the period of October 1995.  (Pl. Ex. 9)

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

8.     The Educators' claim file that Hartford received during November 1999 included a completed Disability Statement from Dr. Theofilos dated November 14, 1995. (Pl. Ex. 9)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

9.     The Educators' claim file that Hartford received during November 1999 included the records regarding plaintiff's treatment at Central Palm Beach Physicians during the period of November 1995 through February 1996. (Pl. Ex. 10)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

10.    The Educators' claim file that Hartford received during November 1999 included the medical records of Dr. Katzell regarding plaintiff during the period of December 1996 through September 1997. (Pl. Ex. 11)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

11.    The Educators' claim file that Hartford received during November 1999 included the medical record of Dr. Santos regarding plaintiff during the period of February 1996.  (Pl. Ex. 64(d))

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.  Further, Hartford objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

12.    The Educators' claim file that Hartford received during November 1999 included plaintiff's records of treatment at RehabSystems during the period between March 1996 and August 1997. (Pl. Ex. 12)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, denied.

13.     The Educators' claim file that Hartford received during November 1999 included Dr. Slavin's records regarding plaintiff during the period between March 1996 and August 1997. (Pl. Ex. 5(a)-(o))

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, denied.

14.     The Educators' claim file that Hartford received during November 1999 included Dr. Upledger's records regarding plaintiff during the period between March 1996 and August 1997. (Pl. Ex. 13)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, denied.

15.     The Educators' claim file that Hartford received during November 1999 included the independent medical examination conducted by Dr. Wagner in March of 1997. (Def. Ex. 5130)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

16.     The Educators' claim file that Hartford received during November 1999 included the report of the independent medical examination conducted by Dr. Alshon. (Pl. Ex. 63(d))

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

17.     The Educators' claim file that Hartford received during November 1999 included Educators' case notes regarding plaintiff's claim. (Pl. Ex. 61)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objections, admit.

18.    The Educators' claim file that Harford received during November 1999 included the Long Term Disability Claim Form completed by Dr. Theofilos in November 1995. (Def. Ex. D-5070)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

19.    The Educators' claim file that Hartford received during November 1999 included the Long Term Disability Claim Employer's Statement dated November 15, 1995. (Def. Ex. D-5071)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

20.    The Educators' claim file that Hartford received during November 1999 included the Long Term Disability Claim Employee's Statement dated November 27, 1995. (Def. Ex. D-5072)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

21.    The Educators' claim file that Hartford received during November 1999 included the letter from Denise J. Kaufman to Ralph Campbell dated November 28, 1995. (Def. Ex. D-5074)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

22.    The Educators' claim file that Hartford received during November 1999 included the UNUM claim file that Educators had received from UNUM.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

23.    The UNUM claim file that Hartford received during November 1999 included file documentation by UNUM employees regarding plaintiff's claim for benefits from UNUM.  (Def. Exs. D-5084, 5085, 5088, 5090, 5092, 5095, 5102, 5107, 5111, 5113, 5122, 5128, 5134.)

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

24.    The UNUM claim file the Hartford received during November 1999 included the letter from UNUM denying plaintiff's claim.  (Def. Ex. D-5121)

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

25.    The UNUM claim file the Hartford received during November 1999 included the correspondence between UNUM and Dr. Musso dated April 12, 1996.  (Def. Exs. D-5114, 5115)

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

26.    The UNUM claim file the Hartford received during November 1999 included the correspondence between UNUM and Dr. Katzell dated April 18, 1996 AND April 19, 1996. (Def. Exs. D-5117, 5118).

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

27.    The UNUM claim file the Hartford received during November 1999 included the summary of UNUM's surveillance of plaintiff.  (Def. Ex. D-5096, D-5098, D-5112, D-5120).

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

28.    The UNUM claim file that Hartford received during November 1999 included copies of the correspondence between UNUM and Clifford Hertz.  (Def. Exs. D-5056, 5063, 5075, 5116)

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

29.    The UNUM records that Hartford obtained did not show that plaintiff was able to perform any of the material and substantial duties of her former position at any time.

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, denied.

30.    The Educators' claim file that Hartford received during November 1999 included a January 13, 1998 letter from Educators to plaintiff stating that "in review of your file, it is clearly documented that you have sustained functional limitations which prevent you from performing the substantial requirements of your occupation."  (Pl. Ex. 50(d))

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.  Further, Hartford objects to this request on grounds that the document speaks for itself.

Subject to the foregoing objections, admit.

31.    The Educators' claim file that Hartford received during November 1999 included documentation relating to the July 1998 independent medical review of plaintiff's records by Dr. Stern at U.S. Medical Review.  (Pl. Ex. 51(a)-(c))

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

32.    The Educators' claim file that Hartford received during November 1999 included the October 1998 independent medical review of plaintiff's records by Dr. Stern at U.S. Medical Review.  (Pl. Ex. 51(d)-(e))

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

33.    The Educators' claim file that Hartford received during November 1999 included the November 5, 1998 statement from Dr. Walters regarding plaintiff's condition.  (Pl. Ex. 64(g)).

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

34.    The Educators' claim file that Hartford received during November 1999 included the January 10, 1996 statement by Dr. Porfiri regarding plaintiff's condition.  (Pl. Ex. 64(b)).

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

35.    The Educators' claim file that Hartford received during November 1999 included the January 16, 1996 statement by Dr. Musso regarding plaintiff's condition.  (Pl. Ex. 64(c))

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

36.    The Educators' claim file that Hartford received during November 1999 included the June 26, 1996 letter from Dr. Katzell regarding plaintiff's condition.  (Pl. Ex. 64(e))

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

37.    The Educators' claim file that Hartford received during November 1999 included the December 16, 1997 letter from Dr. Porfiri regarding plaintiff's condition.  (Pl. Ex. 64(f))

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

38.    During its administration of plaintiff's claim, Hartford never informed plaintiff that the medical records submitted to Educators were not sufficient to show that plaintiff was totally disabled within the meaning of her disability insurance policy during the period between October 1995 and November 1999.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

39.    During its administration of plaintiff's claim, Hartford never informed plaintiff that the evidence in Educators claim file showed that plaintiff was not totally disabled within the meaning of her disability insurance policy during the period between October 1995 and November 1999.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

40.    Plaintiff stopped working on October 3, 1995 as a result of a disability caused by chronic shoulder and neck pain after a fall while skiing in March 1995.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Further, Hartford objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

41.    On November 17, 2000, Hartford stated in a letter to plaintiff "your claim file reflects you stopped working on 10/3/95 as a result of a disability caused by chronic shoulder and neck pain after a fall while skiing in March 1995."

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Further, Hartford objects to this request on grounds that the document speaks for itself.

Subject to the foregoing objections, admit.

42.    The statement by Hartford that "your claim file reflects you stopped working on 10/3/95 as a result of a disability caused by chronic shoulder and neck pain after a fall while skiing in March 1995" would reasonably lead plaintiff to believe that the evidence in plaintiff's claim file was sufficient to show that plaintiff was totally disabled within the meaning of her disability insurance policy in October 1995.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects because it cannot discern what Plaintiff did or did not believe. Hartford further objects to this request because it is vague

and ambiguous. Hartford also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Hartford objects to this request on grounds that the document speaks for itself.

Subject to the foregoing objections, denied.

43.    Hartford would not have stated that plaintiff's claim file reflected that she stopped working as a result of a disability caused by chronic shoulder and neck pain after a fall while skiing in March 1995 if the evidence in plaintiff's claim file showed that plaintiff did not stop working as a result of a disability caused by chronic shoulder and neck pain after a fall while skiing in March 1995.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford further objects to this request on grounds that it assumes facts not in evidence, and is vague and ambiguous. Finally, Hartford objects to this request on grounds that it calls for speculation.

Subject to the foregoing objections, denied.

44.    Pursuant to plaintiff's disability insurance policy's definition of Totally Disabled, plaintiff became entitled to long term disability benefits as the evidence submitted at the time of her claim for disability benefits showed that she was unable to perform the material and substantial duties of her occupation.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request on grounds that it assumes facts not in evidence. Hartford further objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Hartford objects on grounds that the policy speaks for itself.

Subject to the foregoing objections, denied.

45.    On November 17, 2000, Hartford stated in a letter to plaintiff "pursuant to the Policy's definition of Totally Disabled, you became entitled to LTD benefits as the evidence submitted showed that you were unable to perform the material and substantial duties of your occupation."

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Further, Hartford objects to this request on grounds that the document speaks for itself.

Subject to the foregoing objections, admit.

46.    The statement by Hartford that "pursuant to the Policy's definition of Totally Disabled, you became entitled to LTD benefits as the evidence submitted showed that you were unable to perform the material and substantial duties of your occupation" would reasonably lead plaintiff to believe that the evidence in plaintiff's claim file was sufficient to show that plaintiff was unable to perform the material and substantial duties of your occupation in October 1995.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request because it is vague and ambiguous. Hartford further objects to this request on grounds that it cannot discern what Plaintiff did or did not believe. Finally, Hartford objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

47.    Hartford would not have stated that "pursuant to the Policy's definition of Totally [sic] Disabled, you became entitled to LTD benefits as the evidence submitted showed that you were unable to perform the material and substantial duties of your occupation," if the evidence submitted showed that plaintiff was able to perform the material and substantial duties of her occupation at the time of her claim for disability benefits.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request because it is vague and ambiguous. Hartford further objects to this request on grounds that it assumes facts not in evidence. Finally, Hartford objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

48.    Hartford would not have stated that "pursuant to the Policy's definition of Totally [sic] Disabled, you became entitled to LTD benefits as the evidence submitted showed that you were unable to perform the material and substantial duties of your occupation" if the evidence submitted did not show that plaintiff was unable to perform the material duties of her occupation.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Further, Hartford objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

49.     As of August 14, 2000, plaintiff no longer met the definition of "total disability" contained in her disability policy with Educators.

**RESPONSE**: Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, Hartford admits that Plaintiff did not meet the definition of "total disability" on August 14, 2000.

50.     On November 17, 2000, Hartford stated in a letter to plaintiff that "It is our determination that you no longer meet the Policy's definition of Totally [sic] Disability as of 8/14/00, and as such your claim has been terminated."

**RESPONSE**: Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request on grounds that the document speaks for itself.

Subject to the foregoing objections, admit.

51.     Hartford would not have stated that "It is our determination that you no longer meet the Policy's definition of Totally [sic] Disability as of 8/14/00" if the evidence in its file showed that plaintiff never met her insurance policy's definition of totally disabled.

**RESPONSE**: Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects that this request is vague and ambiguous. Hartford also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

52.     Hartford would not have stated that "It is our determination that you no longer meet the Policy's definition of Totally [sic] Disability as of 8/14/00" if the evidence showed that plaintiff was capable of performing the material and substantial duties of her occupation at any time before August 14, 2000.

**RESPONSE**: Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission. Finally, Hartford objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, Hartford cannot admit or deny this request because it calls for it to speculate what it would have done in response to unknown circumstances.

53.    As of November 17, 2000, Hartford had obtained a completed claimant questionnaire from plaintiff.  (Pl. Ex. 51B)

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

54.    As of November 17, 2000, Hartford had obtained a completed attending physician statement from Dr. Porfiri.  (Pl. Ex. 51(c))

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

55.    As of November 17, 2000, Hartford had obtained videotapes of surveillance of plaintiff conducted by UNUM between January and April of 1996.  (Def. Ex. D-5251)

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, denied.

56.    As of November 17, 2000, Hartford obtained Dr. Porfiri's records regarding plaintiff during the period between November March 1999 and April 2000.  (Pl. Ex. 6(1)-(m))

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

57.    As of November 17, 2000, Hartford had obtained Dr. Walters' records regarding plaintiff during the period between June 1999 and May 2000.  (Pl. Ex 15(c)-(i))

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

58.    As of November 17, 2000, Hartford had obtained the records of plaintiff's treatment with Cailin Cammann between October 1998 and October 2000.  (Pl. Ex. 16)

**RESPONSE:**  Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

59.    As of November 17, 2000, Hartford had obtained Dr. Columbe's records regarding plaintiff during the period between July 1999 and May 2000.  (Pl. Ex. 17)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, denied.

60.    As of November 17, 2000, Hartford obtained Dr. Norris's records regarding plaintiff during the period of June 2000.  (Pl. Ex. 18(a)-(c))

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

61.    As of November 17, 2000, Hartford obtained Dr. Grabel's records regarding plaintiff during the period of July 2000.  (Pl. Ex. 19)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

62.    As of November 17, 2000, Hartford had obtained Dr. Magana's records regarding plaintiff during the period of July 2000.  (Pl. Ex. 20)

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, admit.

63.    As of November 17, 2000, Hartford had obtained Dr. Baker's records regarding plaintiff during the period of 1998-2000.  (Pl. Ex. 29).

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.

Subject to the foregoing objection, denied.

64.     Hartford did not, at any time during its administration of plaintiff's claim, inform plaintiff that her medical records were not sufficient to show that was totally disabled within the meaning of her disability insurance policy during the period between October 3, 1995 and August 1999.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.   Hartford also objects to this request because it is vague and ambiguous.   Finally, Hartford objects to this request on grounds that it is redundant of Request No. 39.

Subject to the foregoing objections, denied.

65.     Hartford did not, at any time during its administration of plaintiff's claim, inform plaintiff that her medical records were not sufficient to show that she was totally disabled within the meaning of her disability insurance policy during the period between August 1999 and August 13, 2000.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.   Hartford also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

66.     Hartford did not, at any time during its administration of plaintiff's claim, inform plaintiff that the evidence showed that plaintiff was not totally disabled within the meaning of her disability insurance policy during the period between October 3, 1995 and August 1999.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.   Hartford also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

67.     Hartford did not, at any time during its administration of plaintiff's claim, inform plaintiff that the evidence showed that plaintiff was not totally disabled within the meaning of her disability insurance policy during the period between August 1999 and August 13, 2000.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.  Hartford also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

68.    If Hartford had communicated to plaintiff in November 1999 that her records were insufficient to show that she was totally disabled within the meaning of her disability insurance policy, plaintiff could have obtained additional examinations and medical evaluations of her condition at that time.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.  Hartford also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.  Finally, Hartford objects to this request on grounds that it assumes facts not in evidence.

Subject to the foregoing objections, denied.

69.    If Hartford had communicated to plaintiff in November 1999 that the evidence showed that plaintiff was not totally disabled within the meaning of her disability insurance policy, plaintiff could have obtained additional examinations and medical evaluations of her condition at that time.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.  Hartford also objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.  Finally, Hartford objects to this request on grounds that it assumes facts not in evidence.

Subject to the foregoing objections, denied.

70.    There is no test or examination that plaintiff can undergo today to establish her functionality in the past.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.  Hartford also objects to this request because it is vague and ambiguous.  Hartford further objects to this request on the ground that it calls for expert opinion.

Subject to the foregoing objections, Hartford cannot admit or deny this request because it calls for expert testimony.

71.    There is no test or examination that plaintiff can undergo today to establish her levels of pain in the past.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.  Hartford also objects to this request because it is vague and ambiguous.  Hartford further objects to this request on the ground that it calls for expert opinion.

Subject to the foregoing objections, Hartford cannot admit or deny this request because it calls for expert testimony.

72.     Throughout its administration of plaintiff's claim, Hartford independently reviewed and evaluated plaintiff's medical and treatment records.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.   Hartford also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

73.     Throughout the administration of plaintiff's claim, Hartford never communicated to plaintiff that she was required to show that she was unable to perform any of the material and substantial duties of her occupation at any time, in order to meet her policy's definition of "totally disabled."

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.   Hartford also objects to this request because it is vague and ambiguous.  Finally, Hartford objects on grounds that the policy speaks for itself.

Subject to the foregoing objections, denied.

74.     Throughout the administration of plaintiff's claim, Hartford never communicated to plaintiff that the evidence it obtained was insufficient to show that plaintiff was entitled to total disability benefits because it failed to show that she was unable to perform any of the material and substantial duties of her occupation at any time.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.  Hartford also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

75.     Since November 17, 2000, Hartford has not obtained any evidence pertaining to plaintiff's ability to perform the material and substantial duties of her occupation during the period between October 1995 and August 1999 that it did not have in its possession as of November 17, 2000.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.   Hartford also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

76. Since November 17, 2000, Hartford has not obtained any evidence pertaining to plaintiff's ability to perform the material and substantial duties of her occupation during the period between August 1999 and August 2000 that it did not have in its possession as of November 17, 2000.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

77. As June 21, 2004, Hartford was seeking to recover in its counterclaim only the disability benefits paid to plaintiff between August 14, 2000 and October 31, 2000.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

78. As of June 21, 2004, plaintiff's argument in support of her motion for summary judgment on Hartford's counterclaim, that she was somehow denied the opportunity to present evidence to support her claim of disability prior to August 14, 2000 was moot, because Hartford was not seeking to recover disability payments made to plaintiff prior to August 14, 2000 in its counterclaim.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

79. Hartford did not rely on plaintiff's subject complaints of pain to determine that plaintiff was totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

80.     Hartford was not justified in relying on plaintiff's subjective complaints of pain to determine that plaintiff was totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

81.     Plaintiff did not have reason to know that Hartford would rely on her subjective complaints of pain to determine that plaintiff was totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request because it is vague and ambiguous. Hartford further objects to this request on grounds that it calls for speculation and is not the proper subject of a request for admission.

Subject to the foregoing objections, denied.

82.     None of the evidence in the Educators' claim file regarding plaintiff that Hartford received shows that plaintiff was not totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

83.     None of the evidence in the UNUM claim file that Educators' obtained shows that plaintiff was not totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

84.     None of the evidence that Hartford obtained from UNUM shows that plaintiff was not totally disabled within the meaning of her disability insurance policy.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery. Hartford also objects to this request because it is vague and ambiguous.

Subject to the foregoing objections, denied.

85.    Under the terms of plaintiff's disability insurance policy, an individual who, because of injury or sickness requiring the regular care of a physician, is able to perform some but not all of the material duties of her regular occupation or profession, and is working, is entitled to the full monthly amount for total disability as long as the individual is not earning more than 19.9% of her indexed pre-disability earnings.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.   Hartford also objects to this request because it is vague and ambiguous and calls for a legal conclusion.  Finally, Hartford objects on grounds that the policy speaks for itself.

Subject to the foregoing objections, denied.

86.    Under the terms of plaintiff's disability insurance policy, an individual who, because of injury or sickness requiring the regular care of a physician, is able to do all of the substantial and material duties of her regular occupation or profession, but for less than full time, and is working, is entitled to the full monthly amount for total disability as long as the individual is not earning more that 19.9% of her indexed pre-disability earnings.

**RESPONSE:** Hartford objects to this request on grounds that the discovery deadline has passed and Plaintiff is not entitled to further discovery.   Hartford also objects to this request because it is vague and ambiguous and calls for a legal conclusion.  Finally, Hartford objects on grounds that the policy speaks for itself.

Subject to the foregoing objections, denied.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD L.L.P.


By: _Roberta J Benson_
Barry A. Chasnoff (ct 1162)
Roberta J. Benson (ct24407)
Jessica S. Taylor (ct24408)
300 Convent Street, Suite 1500
San Antonio, Texas  78205
Telephone:  (210) 281-7000
Telecopier: (210) 224-2035

- and -

Donald E. Frechette (ct 08930)
EDWARDS & ANGELL, LLP
90 State House Square
Hartford, CT 06103
Phone:  (860) 525-5065
Facsimile: (860) 527-4198


ATTORNEYS FOR DEFENDANTS
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and
EDUCATORS MUTUAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent *Facsimile and Certified U.S.*

*Mail, Return Receipt Requested* to the following attorney on the _27th_ day of March, 2006:

Eliot B. Gersten
Gersten Clifford & Rome, LLP
214 Main Street
Hartford, CT 06106
Phone (860) 527-7044
Facsimile (860) 527-4968

ROBERTA J. BENSON